E-FILED
Tuesday, 04 October, 2005 02:16:00 PM
Clerk, U.S. District Court, ILCD

**FILED**

OCT 0 4 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES LEE GREEN** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) **05- 2222** |
| | ) |
| **V.** | ) |
| | ) |
| **ILLINOIS POWER COMPANY, Veta Rudolph Lieke,** | ) |
| **William "Bill" Pray, George Aufmuth, Myron Kumler,** | ) |
| **Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh** | ) |
| **International Brotherhood of Electrical Workers (IBEW)** | ) |
| **And Travelers Insurance of Illinois** | ) |
| | ) |
| **Defendants** | ) |

**The cause of action in this case raises an issue of federal law. Equitable relief sought.**

## PLAINTIFF, CHARLES GREEN'S COMPLAINT

**Plaintiff**
Charles Green
520 Monterey
**Danville, Illinois 61832**
**217-446-1724**

**Defendant**
Illinois Power Company, Rod Hilburn William "Bill" Pray, George Aufmuth, Myron
Kumler, Ken Justice, Veta Rudolph Lieke, Mike Crandall and Francis Walsh
**500 South 27th Street**
**Decatur Illinois 62521-2200**

Travelers Insurance of Illinois
**PO Box 3205**
**Naperville, Illinois 60566-3205**
**1-800-842-6172**

International Brotherhood of Electrical Workers (IBEW)
301 E. Spruce Street
Springfield Illinois 62703

## I.    INTRODUCTION:

II.    Come now the Pro Se Plaintiff, Charles Green, Pursuant to Federal rules of civil Procedure and CDIL-LR for his Complaint the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C 1983, U.S. CONSTITUTION  (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C. §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g, Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c),. In that he was subjected to discriminatory practices.

1. This is a civil action arising under the laws of the United States regulating commerce. Specifically, this is an action brought in furtherance of a certain act of Congress guaranteeing to employees protection against discriminatory treatment in employment because of race, color, religion, sex or national origin and protection against individual rights govern by the U.S. Constitution...

2. Charles Green is filing a complaint against Illinois Power Company.  In addition to the corporation's liability, corporate officers and agents may be judged personally liable for their criminal conduct therefore Plaintiff am filing against the individuals involved as well

3. The participating officer or agent consciously promoted the illicit act. Plaintiff has reason to believe that Illinois Power has ordered a subordinate to commit a crime or silently acquiescing to another's commission of a crime.  This makes most the officers or agents personally liable for the crime.

2

4. Illinois Power's act or omission is "intentional or malicious" for purposes of allowing an injured employee to bring a tort action against his employer.

5. Illinois Power had knowledge of the facts or intentionally disregards facts that create a high probability of injury to Charles Green and: (a) deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to Charles Green; or (b) deliberately proceeds to act with indifference to the high probability of injury to Charles Green. See cases 01-2090, GREEN I and GREEN II.

6. Nature of the Action. This is an employment discrimination case by an Illinois Power Company employee alleging an intentional pattern and practice and a continuing series of retaliatory, discriminatory and harassing conduct with malice and reckless indifference against plaintiff and creating a hostile environment for which plaintiff is to work because of his race and because having complained about unlawful discrimination and participated in formal proceedings to protest such unlawful discrimination.

7. This is also an action under the common law of Illinois assault and false light, intentional infliction of emotional distress.

8. This is also an action governed by the OSHA Act, Whistle Blowers Act, Title VII of the Civil Rights Act and the United States Constitution Amendments 1,5,6,7,8,13 and 14.

9. This is also an action involving constructive demotion, violation of affirmative action policies, violation of Collective Bargaining Agreement between the International Brotherhood of Electrical Workers (IBEW) and Defendant Illinois Power Company

3

policies and procedures, abuse of discretion due to prejudice, perjury, fraud and/or false swearing, misrepresentation, seniority system.

10. This is an action where Plaintiff is claiming front pay, punitive damages, compensatory damages, pain and suffering, damages due to fraud and any other damages that this court feels is appropriate.

11. This is an action against defendant for abusive conduct and trying to cover it up by committing perjury, false swearing, involves fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, due process or other misconduct of an adverse party, and the deprivation of plaintiff's liberties and due process.

**12.** Plaintiff, Charles Green, is an adult, African-American male and has resided within the confines of Vermilion County, at all times pertinent to the foregoing proceeding.

**13. Discrimination in Promotion: Illinois power policies are not applied uniformly or fairly. The Company's written and unwritten policies and practices regarding promotions do not require posting of all positions, but allow "management nomination," which amounts to little more than word of mouth recommendations, and other closed procedures, including the use of a high-potential list. Even positions that are posted on the computerized job posting system may contain a notation that an internal candidate has already been identified.**

14. Jobs are filled without being posted, candidates are hand picked in advance, and supervisors who make hiring decisions disregard manipulate scores in order to ensure that their favorites are chosen. As a result of this kind of discrimination, African-Americans, including Charles Green are denied the opportunity to advance to the same

4

level and at the same rate as equally qualified Caucasian employees. For example but not limited to, as Plaintiff recall Mike Mumm, and Rod Hilburn, Caucasians received a promotion where the position was not posted.

15. "Glass Ceiling." At Illinois Power African-American employees including Charles Green experience a "glass ceiling" or a barrier to equal opportunity advancement. Few African-Americans, including Charles Green advance to senior levels in the Company, especially when compared to the significant representation of African-Americans, including Charles Green among salaried employees.

16. "Glass Walls." Not only do barriers exist for African-American employees including Charles Green seeking upward advancement within the Company, but similar barriers virtually segregate the Company into divisions where African-American leadership is acceptable, and divisions where it is not.

17. African-Americans, including Charles Green in senior positions are concentrated in less powerful and non-revenue-generating areas.

18. The Human Resources Division and the External Affairs Department (a community relations office in the Corporate Affairs Division) account for a significant amount of African-American senior management officials in the corporate headquarters, while high-level positions of significant influence in divisions such as Global Marketing, Finance, Information Systems and Technical Operations (purchasing and production-related activities) have virtually all Caucasian employees. Charles Green has applied for positions in the Information Systems Department for years and continues to be denied these positions and less qualified white employees are hired for example Mike Driskel.

5

19. Charles Green or no other African-American has been selected to serve on committees within the substation department to help enhance their career especially during reengineering and creating new positions.

20. Reengineering efforts by Illinois Power usually exclude African-Americans and eliminate them from but not limited to filling newly created positions.

21. This discrimination represents a continuous company-wide pattern and practice, rather than a series of isolated incidents.

22. Defendant's written and unwritten policies and practices regarding evaluation, compensation and promotion subject the named Plaintiff to ongoing disparate treatment.

23. Illinois Power actions constitute a continuing violation of the rights of the named Plaintiff and have been ongoing for over ten years.

24. Illinois Power Company's management, hiring supervisor, the interview team and members of human resources have been trained on the collective bargaining agreement between the IBEW and Illinois Power Company, Illinois Power Company's policies and procedures, Affirmative action policies, guidelines, behavior's to avoid and exhibit which prohibit harassment, discrimination, fraud and other violations.

25. Management, the hiring supervisor, the interview team and members of human resources reason for denying Charles Green the same opportunities as other candidates is pretext and unworthy of credence and the real reason was race discrimination, retaliation, harassment, compounded with pre-selection process in favor of white employees.

6

26. According to Illinois Power Company's policies, procedures and guidelines it is the responsibility of; Management, the hiring supervisor, the interview team and members of human resources to make sure that the rules, policies, procedures and guidelines are enforced fairly, consistently and in conformance with federal laws including but not limited to Title VII of the Civil Rights Act of 1964 and the United States Constitution to allow all job candidates and employees the opportunity to advance, grow, to be trained, treated with respect, to work in a safe, non-hostile environment free from harassment, retaliation and discrimination.

27. That within the time prescribed by 42 U.S.C. Section 2000e-5 the Plaintiff, Charles Green, did cause to have filed with the Equal Employment Opportunity Commission [hereafter"EEOC"] a charge of civil rights violation against Illinois Power, which charge was filed with the EEOC and this proceeding is being filed within ninety days of the issuance of a Notice of Right to Sue mailed on or about February 23, 2001.

II.    JURISDICTION

28. Plaintiff, Charles Green, commenced his employment with Illinois Power on or about January 7, 1991 and has been employed continuously since that time by it. Charles Green has been employed at its Champaign and Danville, Illinois service area since about June of 1992. This Court has jurisdiction pursuant to _____

29. Charles Green had filed two other charges with the EEOC (EEOC Charge #210971056) on January 6, 1997 against Illinois Power Company and on November 28, 1997 (EEOC Charge #210980600) against Illinois Power Company and the International Brotherhood of Electrical Workers, Local 51, 301 E. Spruce Street, Springfield Illinois. Each of the previous charges were issued a Dismissal and Notice

7

of Rights and later dismissed in the United States District Court, Central District of Illinois, and Urbana Illinois against Illinois Power Company.

30. My charge (EEOC Charge #210A10574) was dismissed, That immediately after the EEOC's dismissal, Illinois Power filled the Predictive Maintenance position with another Caucasian ( Joe Van Valey), which led Plaintiff to file another charge with the Illinois Department of Human Rights (Charge # 2001SF0441) on March 1, 2001. Plaintiff have received my right to sue from Illinois Department of Human Rights and the EEOC for this charge #204SF2476, this is one of the main focus and reason for this complaint.

COUNT I

31. For his first cause of action, against the named Defendants. This is an action against defendant for abusive conduct and trying to cover it up by committing perjury, false swearing, involves fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, due process or other misconduct of an adverse party, and the deprivation of plaintiff's liberties and due process. The Plaintiff, Charles Green, states as follows:

32. The cause of action in this case raises an issue of federal law. Equitable relief sought.

33. Plaintiff incorporates by reference the allegations and/or facts set forth in the preceding paragraphs of this Complaint as though set forth at length herein.

34. That Plaintiff was but not limited to being subjected to different terms and conditions on or about August 29, 2000, because of retaliation and the named defendant lied in a legal proceeding(s) to cover it up.

PRIMA FACIE ALLEGATIONS

8

35. That Plaintiff had filed two other charges with the EEOC within recent past.

36. That in August 2000, Plaintiff had applied for the position of Predictive Maintenance Technician. On August 29, 2000, just subsequent to my acceptance of the position, Illinois Power subjected Plaintiff to different terms and conditions in that certain incentives that accompany the Predictive Maintenance technician were removed or changed. Plaintiff was told for instance that Plaintiff would not be allowed to take a company vehicle home daily.

37. That the different terms and conditions of August 29, 2000 were not implemented upon other comparatives that accepted identical similar position. Therefore the terms and conditions of the denial of company vehicle use followed my formal charges within such period of time as to raise the inference of retaliatory motivation.

COUNT II

38. The cause of action in this case raises an issue of federal law. Equitable relief sought.

39. For his second cause of action, against the named defendants This is an action against defendant for abusive conduct and trying to cover it up by committing perjury, false swearing, involves fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, due process or other misconduct of an adverse party, and the deprivation of plaintiff's liberties and due process. The Plaintiff, Charles Green, states as follows:

40. Plaintiff incorporates by reference the allegations and/or facts set forth in the preceding paragraphs of this Complaint as though set forth at length herein.

41. That Plaintiff was but not limited to being subjected to different terms and conditions on August 29, 2000, because of race, black.

9

42. Paragraphs one through two hundred-nine is incorporated by reference as if set forth directly herein.

### PRIMA FACIE ALLEGATIONS

43. That Plaintiff is black. And resides in Vermilion County Illinois

44. That Plaintiff was well qualified for the position of Predictive Maintenance Technician.

45. That on August 29, 2000, just subsequent to my acceptance of the position. Illinois Power subjected Plaintiff to different terms and conditions in that certain incentives that accompany the Predictive Maintenance Technician were removed or changed. Plaintiff was told for Instance that Plaintiff would not be allowed to take a company vehicle home daily.

46. That Roy Northcutt, who is Caucasian, applied for and accepted the Predictive Maintenance Technicians and just subsequent to the EEOC issuing Plaintiff a right to sue letter Joe Van Valey, who is also Caucasian applied for and accepted the Predictive Maintenance Technicians. Illinois Power did not implement changes to those positions subsequent to their acceptance. However the defendant lied under oath to cover up the illegal discriminatory activities.

47. Plaintiff was told for Instance that Plaintiff would not be allowed to take a company vehicle home daily. Because of the above-cited discriminatory practice based on my race, Plaintiff had no alternative but to resign from the position on September 1, 2000.

48. Plaintiff was but not limited to force to resign on September 1, 2000, because of discriminatory practice based upon race, black.

49. The acts by Defendant resulted in constructive demotion.

10

50. That Plaintiff was well qualified for the position of Predictive Maintenance Technician.

51. That Plaintiff was forced to resign on September 1, 2000, because of discriminatory practice based upon race, black

52. That Roy Northcutt and Joe Van Valey, both of whom are Caucasian, were not subject to discriminatory practice culminating in their resignations from their positions as Predictive Maintenance Technicians.

53. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C 1983, U.S. CONSTITUTION (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C. §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g, Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c),. In that he was subjected to discriminatory practices.

54. That as a direct and proximate result of the fraudulent acts, retaliatory and discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits.

COUNT III.

55. The cause of action in this case raises an issue of federal law. Equitable relief sought.

56. Plaintiff incorporates by reference the allegations and/or facts set forth in the preceding paragraphs of this Complaint as though set forth at length herein.

57. For his fourth cause of action, against the named defendant This is an action against defendant for abusive conduct and trying to cover it up by committing perjury, false swearing, involves fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, due process or other misconduct of an adverse party, and the deprivation of plaintiff's liberties and due process. The Plaintiff, Charles Green, states as follows:

58. Myron Kumler, Rod Hilburn, George Aufmuth, Ken Justice and/or Veta Rudolph Lieke participated in and/or committed perjury, fraud and/or false swearing in regard to case FMCS NO. 011128-02729 –A which deprived plaintiff of due process and his liberties.

COUNT IV.

59. The cause of action in this case raises an issue of federal law. Equitable relief sought.

60. Plaintiff incorporates by reference the allegations and/or facts set forth in the preceding paragraphs of this Complaint as though set forth at length herein.

61. For his fourth cause of action, against Defendant, Plaintiff, Charles Green, states as follows:

62. The defendant failed to take affirmative steps to illustrate that it was truly an equal opportunity employer and to comply with its affirmative Action policy to fill but not limited to the High tech, Underutilized positions and employment opportunities for example but not limited to Information networking customer support specialist Position, Notification Number INFO000106 from 1994-1995; Underutilized

12

Specialist, senior specialist Position, Notification Number ETNS000103, electronic

technician positions, Predictive maintenance technician position, with black candidates

during the time in which Plaintiff had an active position interest notification form on

file,

63. Defendant failed to take affirmative steps to illustrate that it was truly an equal

opportunity employer and to comply with its affirmative Action policy to Provide

health care, process workers compensation benefits fairly, process family medical

leave benefits fairly

64. Defendant failure to follow their own personnel policies and procedures involving

Charles Green in filling positions, training opportunities, committee opportunities that

he has applied for has deprived plaintiff of advancement opportunities within Illinois

Power Company.

65. That by virtue of the conduct described in the preceding paragraphs the Plaintiff,

Charles Green, was the recipient of discriminatory treatment in employment because

of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C

1983, U.S. CONSTITUTION (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331

and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C.

§1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g,

Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c),. In that he was

subjected to discriminatory practices.

COUNT V.

66. The cause of action in this case raises an issue of federal law. Equitable relief sought.

13

67. For his fifth cause of action, against the named defendant Plaintiff, Charles Green, states as follows:

68. Plaintiff incorporates by reference the allegations and/or facts set forth in the preceding paragraphs of this Complaint as though set forth at length herein.

69. For his eighth cause of action, against the named Defendants. This is an action against defendant for abusive conduct and trying to cover it up by committing perjury, false swearing, involves fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, due process or other misconduct of an adverse party, and the deprivation of plaintiff's liberties and due process. The Plaintiff, Charles Green, states as follows: he was subjected to Civil rights violation.

70. Plaintiff has reason to believe that the named defendants conspired to discriminate against him.

71. Plaintiff has reason to believe that the named defendants conspired to retaliate against him.

72. Plaintiff has reason to believe that the named defendants conspired to deny him medical treatment.

73. Plaintiff has reason to believe that the named defendants conspired to lie under oath and cause him to be denied due process.

74. Plaintiff has reason to believe that the named defendants conspired to deny him family medical leave.

75. Plaintiff has reason to believe that the named defendants conspired to cause him bodily harm or even death.

76. Defendant is involved in corruption of justice against Plaintiff.

14

77. Defendant conspired to corrupt justice against Plaintiff.

78. Plaintiff has reason to believe that the named defendants conspired to discriminate against him.

79. Plaintiff has reason to believe that the named defendants conspired to create an unsafe work environment for him.

80. Plaintiff has reason to believe that the named defendants conspired to create hostile work environment

81. Plaintiff has reason to believe that the named defendants conspired to harass him.

PRIMA FACIE ALLEGATIONS

82. That Plaintiff is black.

83. I requested training not only to enhance my skills and/or to make Plaintiff more marketable for future job openings.

84. I was denied these training opportunities for example but not limited to electricity class DOS, Stress management class and spray license certification class because of my race.

85. I was told, for instance that Plaintiff would not retain the information.

86. Plaintiff is entitled to the same training opportunities as his Caucasian coworkers however, Plaintiff is denied these opportunities.

87. Plaintiff is entitled to the same medical opportunities as his Caucasian coworkers however, Plaintiff is denied these opportunities.

88. Plaintiff is entitled to the same job biding opportunities as his Caucasian coworkers however, Plaintiff is denied these opportunities.

15

89. Plaintiff is entitled to the same opportunities in regard to family medical leave as his Caucasian coworkers however, Plaintiff is denied these opportunities.

90. Plaintiff is entitled to the same opportunities regarding workers compensation as his Caucasian coworkers however Plaintiff is denied these opportunities.

91. Plaintiff is entitled to the same job posting opportunities as his Caucasian coworkers however, Plaintiff is denied these opportunities.

92. Plaintiff is entitled to the same safe working environment as his Caucasian coworkers.

93. Plaintiff is entitled to the same opportunities in regard to a non-hostile work environment as his Caucasian coworkers however, Plaintiff is denied these opportunities.

94. Plaintiff is entitled to the same opportunities in regard to duty of care as his Caucasian coworkers however, Plaintiff is denied these opportunities.

95. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C 1983, U.S. CONSTITUTION (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C. §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g, Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c),. In that he was subjected to discriminatory practices.

## COUNT VI

96. The cause of action in this case raises an issue of federal law. Equitable relief sought.

16

97. Plaintiff incorporates by reference the allegations and/or facts set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

98. For his tenth cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

99. Plaintiff's complaint is against Illinois Power Company. In addition to the corporation's liability, corporate officers and agents may be judged personally liable for their criminal conduct therefore Plaintiff am filing against the individuals involved as well.

100.    The participating officer or agent consciously promoted the illicit act. Plaintiff has reason to believe that Illinois Power has ordered a subordinate to commit a crime or silently acquiescing to another's commission of a crime. This makes most the officers or agents personally liable for the crime.

101.    Illinois Power's act or omission is "intentional or malicious" for purposes of allowing an injured employee to bring a tort action against his employer.

102.    Illinois Power had knowledge of the facts or intentionally disregards facts that create a high probability of injury to Charles Green and: (a) deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to Charles Green; or (b) deliberately proceeds to act with indifference to the high probability of injury to Charles Green.

103.    Charles Green feels that Illinois Power and its employees were liable for his injuries by reason of their intentional and malicious acts and/or omissions.

104.    Charles Green also feels that Illinois Power was liable for his injuries by reason of its negligence.

17

105.    Charles Green Feels that Illinois power should be held liable in quasi-
contract to process Charles Green's request for workers compensation claim in good
faith and according to its usual procedures,

106.    The abusive conduct of the Defendant is in question and all issues and
claims outside the scope of this charge are actionable and shall be treated as one.
Plaintiff has filed grievances but not limited to these issues and the IBEW and
Illinois Power Company has failed to process them, in violation.

107.    Their Breach of contract and their negligence has caused plaintiff harm,
where plaintiff was denied due process and plaintiff is entitled to relief from but not
limited to the IBEW and Illinois Power Company.

108.    And all Claims new and old involving Charles Green and Illinois Power are
subject to equitable tolling and are actionable. See case # 01-2090, GREEN I and
GREEN II.

109.    That by virtue of the conduct described in the preceding paragraphs the
Plaintiff, Charles Green, was the recipient of discriminatory treatment in
employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative
Action Policies, U.S.C 1983, U.S. CONSTITUTION (AMENDMENT
1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367,
42 U.S.C. §1981a, 42 U.S.C. §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C.
§1981a(b)(3), 42 U.S.C. §1983, 706g, Restatement (Second) of Torts §
908(2)(1979), 42 U.S.C. §1981a(c),. In that he was subjected to discriminatory
practices.

18

COUNT VII

110.    The cause of action in this case raises an issue of federal law. Equitable relief
sought.

111.    Plaintiff incorporates by reference the allegations and/or facts set forth in the
preceding paragraphs of the Complaint as though set forth at length herein.

112.     For his twelfth cause of action, against but not limited to Illinois Power, the
Plaintiff, Charles Green, states as follows:

113.    Illinois Power policies and procedures have placed emphasis on experience
and higher education. However, when a black employee has a higher education or
experience or both the rules changes when placing employees in positions.

114.    For example if a black employee has more education for a particular position
than the Caucasian employee but the Caucasian employee has experience, not
necessarily more experience than the black employee then the Caucasian is placed in
the position as illustrated throughout these pleadings.

115.    For example but not limited to Plaintiff was denied Information technology
specialist positions although Plaintiff had more education and experience. And the
positions were given to less-qualified white employees, for example but not limited
to Mike Driskel.

116.    Plaintiff also had a higher education than the Caucasian employees who were
placed in, but not limited to the predictive maintenance technician position,
electronic technician position, Electric training Specialist, training administrator
position and the manager training center position.

117.    These acts by defendant have a disparate impact on blacks. The abusive conduct of the Defendant is in question and should all issues and claims outside the scope of this charge are actionable and shall be treated as one.

118.    That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C 1983, U.S. CONSTITUTION (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C. §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g, Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c),. In that he was subjected to discriminatory practices.

COUNT VIII

119. The cause of action in this case raises an issue of federal law. Equitable relief sought.

120. Plaintiff incorporates by reference the allegations and/or facts set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

121. For his fourteenth cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

122. Defendants is engaged In a pre-selection of a job candidate in favor of white employees, in violation of its own procedures requiring fair consideration of qualified applicants, is undeniably relevant to the question of discriminatory intent, and operates to discredit the employer's proffered explanation for its employment decisions.

20

123.  Improper selection procedures relevant to determination that employer's nondiscriminatory explanation is unworthy of belief.

124.  For example but not limited to Defendant denied Plaintiff an interview for the Electric training specialist position the position was not filled however the defendant re-posted the position and cut-and-paste the job responsibilities into the Position Description Questionnaire to favor a pre-selected candidate who happens to be Caucasian.

125.  All of Plaintiff's performance reviews have been satisfactory.  If there were reasons to discipline Plaintiff these issues would have been discussed in the performance evaluation.

126.  Management, the hiring supervisor did not review Plaintiff performance evaluations and/or resume, failed to interview Plaintiff for the position.

127.  Defendant intentionally retaliated and discriminated against plaintiff with malice and reckless indifference for filing prior charges, exercising his first amendment rights (freedom of speech and Press) through their own open door and complaint procedures and for filing prior charges, grievances and complaints.

128.  That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C 1983, U.S. CONSTITUTION (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C. §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g,

21

Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c),. In that he was

subjected to discriminatory practices.

COUNT IX

129.  The cause of action in this case raises an issue of federal law. Equitable relief

sought.

130.  Plaintiff incorporates by reference the allegations and/or facts set forth in the

preceding paragraphs of the Complaint as though set forth at length herein.

131.  For his fifteenth cause of action, against but not limited to Illinois Power, the

Plaintiff, Charles Green, states as follows:

132.  Plaintiff has exercised his first amendment rights through defendants own open door

policy and through electronic mail.

133.  Plaintiff also filed prior grievances, complaints with the EEOC and charges of

discrimination with the federal courts.

134.  For filing these complaints, grievances and charges Plaintiff has been target for

discrimination by defendants.

135.  Where plaintiff has been retaliated against and denied opportunities for example but

not limited to those listed in the preceding paragraphs.

136.  That by virtue of the conduct described in the preceding paragraphs the Plaintiff,

Charles Green, was the recipient of discriminatory treatment in employment because

of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C

1983, U.S. CONSTITUTION (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331

and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C.

§1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g,

22

Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c),. In that he was
subjected to discriminatory practices.

COUNT X

137. The cause of action in this case raises an issue of federal law. Equitable relief
     sought.

138. Plaintiff incorporates by reference the allegations and/or facts set forth in the
     preceding paragraphs of the Complaint as though set forth at length herein.

139. For his ninth cause of action, against but not limited to Illinois Power, the Plaintiff,
     Charles Green, states as follows:

140. Defendant acted unreasonable and failed to comply with title VII where but not
     limited to the conduct of the defendant is in question.

141. Plaintiff was subjected to disparate treatment, different terms and conditions which
     resulted into constructive demotion causing harm to plaintiff in that it violated his civil
     rights that are guaranteed to him under the 5th, 13th and 14th amendment to the
     constitution the United States of America and because of these continuous violations
     plaintiff has been subjected to a hostile work environment.

142. African Americans for example but not limited t Charles Green who follow policies
     and participate in and/or file a complaint and/or grievances after they feel that their
     rights have been violated are targeted for discrimination.

143. Bryan Moers read in a journal that an employee was fired for using the word
     "NIGGARDLY" in a memo, knowing this he felt that it was okay for him to stand up
     and yell the word out in a company meeting. Charles green recommended that Bryan
     be discharged; Bryan is still working for Illinois Power.

23

144.  Other incidents includes hanging a noose in one of Illinois Power company rooms and prominently displayed on one of the dumpsters located on Illinois Power Property "White Power" and the letters "KKK".

145.  Subsequent to the EEOC dismissing Charles Green's charge (204SF2476) which resulted in this complaint defendant displayed a rebel flag in the Danville Illinois hazel street substation.

146.  Plaintiff for example but not limited to preceding Counts and paragraphs was a recipient of a hostile environment in those defendants intentionally and continuously subjected him to discriminatory acts.

147.  That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C 1983, U.S. CONSTITUTION (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C. §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g, Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c),. In that he was subjected to discriminatory practices.

COUNT XI

148.  The cause of action in this case raises an issue of federal law. Equitable relief sought.

149.  Plaintiff incorporates by reference the allegations and/or facts set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

24

150. For his nineteenth cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

151. Illinois Power policies and procedures have placed emphasis on administering policies and procedures consistently and fairly for all employees.

152. Policies are administered in favor of whites and the rules are changed when they administered to black employees.

153. For example but not limited to the absence policy or policy on tardiness was administered different for plaintiff than it was for white employees.

154. I applied for a position and Defendant claim that Plaintiff had a high absence record therefore denied Plaintiff other employment opportunities such as but not limited to promotions and transfers.

155. White employees in the same or similar situation are treated differently for example but not limited to Chris Thoms, Cheryl krutsinger, Eldrige Dolan (Dooney), Patrick Doan were not denied employment opportunities such as but not limited to promotions and transfers although their absence record were higher than plaintiff. See exhibit 12-14.

156. The abusive conduct of the Defendant is in question and is subject to equitable tolling and all issues and claims outside the scope of this charge are actionable and shall be treated as one.

157. Defendant fraudulent acts have caused plaintiff harm for example but not limited to Defendant claimed that for example but not limited to plaintiff had missed over 200 hours of work per year therefore he was denied employment opportunities. See exhibit 12-14

25

158.  Plaintiff has never missed over 200 hours in any given year.  Therefore plaintiff was misrepresented and placed in a false light by defendant.  See exhibit 12-14.

159.  These are barriers, walls and or glass ceilings intentionally set up by Defendants.

160.  These barriers exclude blacks from being promoted and part of the new organization.

161.  For example but not limited to Dan Morrison requested that Plaintiff be placed on the Substation Performance Team Plaintiff's name was rejected however Roy Northcutt was placed on the team as well as George Aufmuth (who are both Caucasian) which resulted in promotions for them.

162.  These acts by defendant have a disparate impact on blacks.  Plaintiff has also given direct evidence.  This court must infer that plaintiff was intentionally harassed, retaliated and discriminated against.

163.  That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C 1983, U.S. CONSTITUTION  (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C. §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g, Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c),. In that he was subjected to discriminatory practices.

COUNT XII

164.  The cause of action in this case raises an issue of federal law. Equitable relief sought.

26

165. Plaintiff incorporates by reference the allegations and/or facts set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

166. For his Twenty third cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

167. Defendant has discriminated against plaintiff in the terms and conditions of plaintiff's employment because of plaintiff's race, because plaintiff opposed unlawful discrimination by defendant, and because plaintiff participated in the administrative process of enforcing the prohibitions against employment discrimination, all in violation of Title II of the civil rights Act of 1964, as amended by the civil rights Act of 1991 and the U.S. Constitution..

168. By intentional placing plaintiff in fear of imminent physical harm. For example but not limited to after plaintiff stated that he would begin the process of correcting defendants error involving the predictive maintenance position, approximately one week later the winch line on his substation failed. The winch line has a breaking capacity of over fifty thousand pounds.

169. Plaintiff has reason to believe that in retaliation defendant caused the winch line to fail as a threat and to do bodily harm and/or even cause death.

170. Plaintiff has been told that one black employee has been killed while working with Illinois Power Company and plaintiff does not want to be the next one.

171. Plaintiff is in constant fear of his life.

172. The abusive conduct of the Defendant is in question and is subject to equitable tolling and all issues and claims outside the scope of this charge are actionable and shall be treated as one.

27

173. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of their own personnel policies and procedures Affirmative Action Policies, U.S.C 1983, 13th, 14th, 5th, 7th, 6th, 4th and 8th Amendment to the U.S Constitution, 42 U.S.C. § 2000e-2, 706(g) in that he was subjected to discriminatory practices depriving plaintiff of his liberties.

174. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits.

175. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C 1983, U.S. CONSTITUTION (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C. §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g, Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c),. In that he was subjected to discriminatory practices.

COUNT XIII

176. The cause of action in this case raises an issue of federal law. Equitable relief sought.

28

177. Plaintiff incorporates by reference the allegations and/or facts set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

178. For his twenty fourth cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

179. By continuously, intentionally and recklessly disseminating or allowing to be disseminated allegations about plaintiff to individuals with no reason to know of such statements, and with the knowledge that the statements untruthfully suggest that plaintiff is a problem employee or that plaintiff is lazy, or that plaintiff demonstrated an inability to adequately perform the duties of his position and is incompetent, Defendant tortuously placed plaintiff in false light, and defendant is liable under Law.

180. Defendant has also filed with the credit reporting agencies placing Plaintiff in false light.

181. Defendant never warned plaintiff that his credit report will be subject to these illegal filings by Defendant this is in violation.

182. Plaintiff has never failed to pay Illinois Power for electric or gas usage.

183. Plaintiff Credit will be damage for a period of seven years because of the conduct of defendant.

184. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of their own personnel policies and procedures Affirmative Action Policies, U.S.C 1983, 13th, 14th, 5th, 7th, 6th, 4th and 8th Amendment to the U.S Constitution, 28 U.S.C. § 1367, 42 U.S.C. § 2000e-2, 706(g) in that he was subjected to discriminatory practices depriving plaintiff of his liberties.

29

185. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of retaliatory treatment in employment because of his race and for protesting against unlawful acts by defendant in violation of their own personnel policies and procedures Affirmative Action Policies, U.S.C 1983, 13th, 14th, 5th, 7th, 6th, 4th and 8th Amendment to the U.S Constitution, 28 U.S.C. § 1367, 42 U.S.C. § 2000e-2, 706(g) in that he was subjected to discriminatory practices depriving plaintiff of his liberties.

186. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits.

187. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C 1983, U.S. CONSTITUTION (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C. §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g, Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c),. In that he was subjected to discriminatory practices.

COUNT XIV

188. The cause of action in this case raises an issue of federal law. Equitable relief sought.

30

189. Plaintiff incorporates by reference the allegations and/or facts set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

190. For his twenty fifth cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

191. Once black employees reach a certain level for example but not limited to seniority or competence Defendant intentionally changes the rules and/or process in favor of white employees.

192. For example but not limited to, plaintiff applied for electric training specialist, electronic technician position where he had reached a certain level of competence.

193. For example but not limited to plaintiff receiving a two-year electronics technician degree and/or completing training classes.

194. Defendant intentionally changed the rules and/or the process in favor of white employees and plaintiff was denied the positions. For example but not limited to one of the electronics technician positions was given to Chris Thoms.

195. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of their own personnel policies and procedures Affirmative Action Policies, U.S.C 1983, 13th, 14th, $5^{th,}$ 7th, 6th, 4th and 8th Amendment to the U.S Constitution, 28 U.S.C. § 1367, 42 U.S.C. § 2000e-2, 706(g) in that he was subjected to discriminatory practices depriving plaintiff of his liberties.

196. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career

31

goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits.

197. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C 1983, U.S. CONSTITUTION (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C. §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g, Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c),. In that he was subjected to discriminatory practices.

COUNT XV

198. The cause of action in this case raises an issue of federal law. Equitable relief sought.

199. Plaintiff incorporates by reference the allegations and/or facts set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

200. For his twenty sixth cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

201. I was told by Rod Hilburn that Defendant was ordered by the ICC to place employees back in the Danville are to provide better response time to allow for better customer service.

202. In the summer of 2001 Defendant intentionally but not limited to Isolated, discriminated, harassed and retaliated against plaintiff and did not for example but not limited to place plaintiff (a substation electrician) back in the Danville area.

32

203. However all other departments who affect external customer service were placed back in the Danville area.

204. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C 1983, U.S. CONSTITUTION (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C. §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g, Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c),. In that he was subjected to discriminatory practices.

COUNT XVI

205. The cause of action in this case raises an issue of federal law.

206. Plaintiff incorporates by reference the allegations and/or facts set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

207. For his twenty seventh cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

208. Occupational Safety and Health Administration (OSHA) in the winter of 2001 cited defendant.

209. In the summer of 2001 Defendant intentionally but not limited to Isolated, discriminated, harassed and retaliated against plaintiff for participating and/or filing a complaint with OSHA against defendant and did not for instance but not limited to place plaintiff (a substation electrician) back in the Danville area.

33

210. However all other departments who affect external customer service were placed back in the Danville area.

211. Plaintiff has reason to believe that Defendants action were intentionally because plaintiff participated and/or filed a complaint with OSHA.

212. Plaintiff also has reason to believe that he was placed in a false light and denied other opportunities by defendant because plaintiff for participated and/or filed a complaint with OSHA against defendant.

213. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of their own personnel policies and procedures Affirmative Action Policies, ICC order, Affiliate Rules, U.S.C 1983, 13th, 14th, 5th, 7th, 6th, 4th and 8th Amendment to the U.S Constitution, OSHA Act, Whistle blowers Act, 28 U.S.C. § 1367, 42 U.S.C. § 2000e-2, 706(g) in that he was subjected to discriminatory practices depriving plaintiff of his liberties.

214. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits.

215. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C 1983, U.S. CONSTITUTION (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331

34

and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C.

§1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g,

Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c),. In that he was

subjected to discriminatory practices.

COUNT XVII

216. HOSTILE WORK ENVIRONMENT:

217. The cause of action in this case raises an issue of federal law. Equitable relief

sought.

218. Plaintiff incorporates by reference the allegations and/or facts set forth in the

preceding paragraphs of the Complaint as though set forth at length herein.

219. For this cause of action, against but not limited to Illinois Power, the Plaintiff,

Charles Green, states as follows:

220. Charles Green reason to believe that he has been subjected to a hostile work

environment through but not limited to discrimination, retaliation, attempts to do

bodily harm or even cause death, harassment, denied training opportunities, applying

different standards of employment, denied opportunities to serve on substation

committees, and being placed in a false light and other employees knew of the abusive

conduct.

221. That by virtue of the conduct described in the preceding paragraphs the Plaintiff,

Charles Green, was the recipient of discriminatory treatment in employment because

of his race in violation of their own personnel policies and procedures Affirmative

Action Policies, ICC order, Affiliate Rules, U.S.C 1983, 13th, 14th, 5th, 7th, 6th, 4th and

8th Amendment to the U.S Constitution, OSHA Act, Whistle blowers Act, 28 U.S.C. §

35

1367, 42 U.S.C. § 2000e-2, 706(g) in that he was subjected to discriminatory practices depriving plaintiff of his liberties.

222. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits.

223. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C 1983, U.S. CONSTITUTION (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C. §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g, Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c),. In that he was subjected to discriminatory practices.

COUNT XVIII

224. The cause of action in this case raises an issue of federal law. Equitable relief sought.

225. Plaintiff incorporates by reference the allegations and/or facts set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

226. For this cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

227. Denial of benefits: July 2003 because of Plaintiff's race, Black

228. Prima Facie allegations

229. Plaintiff is Black.

230. Plaintiff's job performance as a substation electrician met Defendant's standards.
Plaintiff was hired by Defendant on January 7, 1991.

231. In July 2003 Plaintiff injured his leg during normal working hours. Plaintiff
immediately notified his supervisor William "Bill" Pray (non-black), Plaintiff was
diagnosed with for example but not limited to bruised bones and the doctor chosen by
defendant recommended therapy sessions.

232. No non discriminatory reason was given for the denial of medical treatment by
Defendant.

233. Plantiff attended a couple of therapy sessions until therapy sessions were denied by
Defendant.

234. Medical treatment was denied.

235. A similar situated non-black, employee for example but not limited to Rick Collins
was treated differently under similar circumstances.

236. That by virtue of the conduct described in the preceding paragraphs the Plaintiff,
Charles Green, was the recipient of discriminatory treatment in employment because
of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C
1983, U.S. CONSTITUTION  (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331
and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C.
§1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g,
Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c),. In that he was
subjected to discriminatory practices.

COUNT XIX

237. The cause of action in this case raises an issue of federal law. Equitable relief
   sought.

238. Plaintiff incorporates by reference the allegations and/or facts set forth in the
   preceding paragraphs of the Complaint as though set forth at length herein.

239. For this cause of action, against but not limited to Illinois Power, the Plaintiff,
   Charles Green, states as follows:

240. Denial of benefits: July 2003 in RETALIATION FOR OPPOSING UNLAWFUL
   DISCRIMINATION

PRIMA FACIE ALLEGATIONS

241. Plaintiff engaged in a protected activity by filling a complaint and/or participating in
   an investigation opposing that which plaintiff reasonably and in good faith believed to
   be unlawful discrimination based on race (black).

242. In July 2003 Plaintiff injured his leg during normal working hours. Plaintiff
   immediately notified his supervisor William "Bill" Pray (non-black), Plaintiff was
   diagnosed with for example but not limited to bruised bones and the doctor chosen by
   defendant recommended therapy sessions.

243. No non-discriminatory reason was given for the denial of medical treatment by
   Defendant.

244. Plantiff attended a couple of therapy sessions until therapy sessions were denied by
   Defendant.

245. The adverse action followed my protected activity within such a period of time as to
   raise an inference of retaliatory motivation.

38

246. Medical treatment was denied.

247. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C 1983, U.S. CONSTITUTION (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C. §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g, Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c),. In that he was subjected to discriminatory practices.

COUNT XX

248. This cause of action in this case raises an issue of federal law. Equitable relief sought.

249. Plaintiff incorporates by reference the allegations and/or facts set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

250. For this cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

251. PLAINTIFF WAS SUBJECTED TO DIFFERENT TERMS AND CONDITIONS OF EMPLOYMENT FROM 2000 TO 2003 BECAUSE OF HIS RACE, BLACK.

252. Prima Facie allegations

253. Plaintiff race is Black.

254. Plaintiff's job performance as a substation electrician met Defendant's standards. Plaintiff was hired by Defendant on January 7, 1991.

255. From 2000 to 2003 Plaintiff was subjected to unequal terms and conditions of employment in that when defendant reopened their Danville Illinois facility, Plaintiff was not included in the move.

256. On a regular basis plaintiff drove from his home in Danville Illinois to defendants Champaign Illinois facility and then back to Danville to work.

257. Similarly situated Caucasian electricians were treated differently under similar circumstances.

258. According to Defendant and the ICC Illinois Commerce commission employees were to be placed back in the Danville area for better response time.

259. It is clear that plaintiff response time would suffer having to drive to Champaign to pick up his work vehicle and then report to his work location back in Danville.

260. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C 1983, U.S. CONSTITUTION  (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C. §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g, Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c),. In that he was subjected to discriminatory practices.

COUNT XXI

261. This cause of action in this case raises an issue of federal law. Equitable relief sought.

40

262. Plaintiff incorporates by reference the allegations and/or facts set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

263. For this cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

264. PLAINTIFF WAS SUBJECTED TO DIFFERENT TERMS AND CONDITIONS OF EMPLOYMENT FROM 2000 TO 2003 IN RETALIATION FOR OPPOSING UNLAWFUL DISCRIMINATION.

265. Prima Facie allegations

266. Plaintiff race is Black.

267. Plaintiff's job performance as a substation electrician met Defendant's standards. Plaintiff was hired by Defendant on January 7, 1991.

268. From 2000 to 2003 Plaintiff was subjected to unequal terms and conditions of employment in that when defendant reopened their Danville Illinois facility, Plaintiff was not included in the move.

269. On a regular basis plaintiff drove from his home in Danville Illinois to defendants Champaign Illinois facility and then back to Danville to work.

270. Similarly situated Caucasian electricians were treated differently under similar circumstances.

271. According to Defendant and the ICC Illinois Commerce commission employees were to be placed back in the Danville area for better response time.

272. It is clear that plaintiff response time would suffer having to drive to Champaign to pick up his work vehicle and then report to his work location back in Danville.

273. The adverse action followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

274. Plaintiff was physically and mentally scarred by defendants decision.

275. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C 1983, U.S. CONSTITUTION (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C. §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g, Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c),. In that he was subjected to discriminatory practices.

COUNT XXII

276. This cause of action in this case raises an issue of federal law. Equitable relief sought.

277. Plaintiff incorporates by reference the allegations and/or facts set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

278. For this cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

279. PLAINTIFF WAS SUBJECTED TO A REDUCTION IN PAY IN OCTOBER 2003 BECAUSE OF HIS RACE, BLACK.

280. Prima Facie allegations

281. Plaintiff race is Black.

42

282. Plaintiff's job performance as a substation electrician met Defendant's standards.
    Plaintiff was hired by Defendant on January 7, 1991.

283. subsequent to plaintiff case was dismissed he was allowed back in the Danville area.
    October 2003 Plaintiff was the only substation electrician that had to take a reduction
    in pay in order to be reassigned to the Danville Illinois facility.

284. The reason by defendant was that my position was created.

285. Similar situated electrician, non black did not have to take a reduction in pay when
    they were reassigned to the Danville Illinois facility.

286. That by virtue of the conduct described in the preceding paragraphs the Plaintiff,
    Charles Green, was the recipient of discriminatory treatment in employment because
    of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C
    1983, U.S. CONSTITUTION (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331
    and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C.
    §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g,
    Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c),. In that he was
    subjected to discriminatory practices.

COUNT XXIII

287. This cause of action in this case raises an issue of federal law. Equitable relief
    sought.

288. Plaintiff incorporates by reference the allegations and/or facts set forth in the
    preceding paragraphs of the Complaint as though set forth at length herein.

289. For this cause of action, against but not limited to Illinois Power, the Plaintiff,
    Charles Green, states as follows:

43

290. PLAINTIFF WAS SUBJECTED TO A REDUCTION IN PAY IN OCTOBER 2003
    FOR OPPOSING UNLAWFUL DISCRIMINATION

291. Prima Facie allegations

292. Plaintiff race is Black.

293. Plaintiff's job performance as a substation electrician met Defendant's standards.
    Plaintiff was hired by Defendant on January 7, 1991.

294. Plaintiff engaged in a protected activity by filling a complaint and/or participating in
    an investigation opposing that which plaintiff reasonably and in good faith believed to
    be unlawful discrimination based on race (black).

295. In October 2003, Plaintiff had to take a reduction in pay to be reassigned to
    Defendant's Danville Illinois facility.

296. The reason given by defendant for plaintiff reduction in pay was that the position
    was created.

297. Plaintiff was already working in Danville as a substation electrician.

298. The adverse action followed my protected activity within such a period of time as to
    raise an inference of retaliatory motivation.

299. That by virtue of the conduct described in the preceding paragraphs the Plaintiff,
    Charles Green, was the recipient of discriminatory treatment in employment because
    of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C
    1983, U.S. CONSTITUTION  (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331
    and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C.
    §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g,

44

Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c),. In that he was

subjected to discriminatory practices.

COUNT XXIV

300. The cause of action in this case raises an issue of federal law. Equitable relief

sought.

301. Plaintiff incorporates by reference the allegations and/or facts set forth in the

preceding paragraphs of the Complaint as though set forth at length herein.

302. For this cause of action, against but not limited to Illinois Power, the Plaintiff,

Charles Green, states as follows:

303. CONTINUING VIOLATION:       Defendant policies and procedures clearly

indicates that Defendant's policies and procedures, federal and state laws involving

employment activities will continue to be an on going part of managers and

supervisors training.

304. Defendant's Affirmative action policies clearly states that the Affirmative Action

policy is a formal order and should be carried out and followed by all employees.

305. The Constitutional rights of plaintiff as enumerated in the preceding paragraphs were

clearly established at the time of the violations.

306. Defendant management and supervisors as well as plaintiff's coworkers knew, or in

the exercise of their duties should have known, of Plaintiff's constitutional rights.

307. Plaintiff being subjected to intentional discrimination, harassment and retaliatory

acts by defendant for the exercise of constitutional rights violates 42 U.S.C. §1983 in

that it constitutes a deprivation of rights, privileges and immunities secured by the

constitution.

308. Defendants are engaged in a continuous pattern and practice of discrimination against plaintiff for example but not limited to those acts of discrimination listed in preceding paragraphs.

309. These abusive discriminatory acts by Defendants has caused Plaintiff harm where he has suffered with stress causing pains throughout his body, Lack of sleep, loss of work, enjoyment of life, vacation time, sick leave, loss of family continuity, overtime, pleasure, sleep, lack of concentration causing injuries on the job. Defendant and worrying about being injured or killed by other employees on the job.

310. Defendants have failed to give a nondiscriminatory reason for their conduct and/or negligence.

311. This pattern and practice of discrimination by Defendants against plaintiff are intentional discrimination and continuous in violation of Civil Rights Act of 1964, Title VII and the constitution, their own personnel policies and procedures, and their Affirmative Action Policies and plaintiff is entitled to compensatory and punitive damages, front pay, in addition to equitable relief available under prior law. 42 U.S.C. § 1981a(a), 42 U.S.C. § 1983, 706g. See Plaintiff's Supplemental pleadings, exhibit 1-34.

312. Punitive damages may be awarded since the plaintiff demonstrated that the defendant engaged in a discriminatory practice with malice and with reckless indifference to the federally protected rights of an aggrieved individual. 42 U.S.C. § 1981a(b)(1) and 42 U.S.C. § 1981a(b)(3).

313. Plaintiff is also entitled to relief do to negligence. 42 U.S.C. § 1983 and Civil Rights Act of 1991. See Exhibit 1-5. The abusive conduct of the Defendant is in question and claims outside the scope of this charge are actionable and shall be treated as one.

314. Plaintiff will need additional discovery time since some of the evidence is in the sole possession of the individual Defendants, Illinois Power and the IBEW.

315. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of their own personnel policies and procedures Affirmative Action Policies, ICC order, Affiliate Rules, U.S.C 1983, 13th, 14th, 5th, 7th, 6th, 4th and 8th Amendment to the U.S Constitution, 28 U.S.C. § 1367, 42 U.S.C. § 2000e-2, 706(g) That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C 1983, U.S. CONSTITUTION (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C. §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g, Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c), National Labor relations act, 49 Stat. 449, as amended 29U.S.C. 151 et seq,. FRCP 60 LANDRUM-GRIFFIN ACT 29 U.S.C. 411 (A). 42 U.S.C. 2000e-5(k) (1988 ed., Supp.III) and 42 U.S.C. sec. 1997e(e) and 48 Stat 1064, USC, Title 28, former § 723c (now § 2072)), 301 (b) of the Labor Management Relations Act, OSHA Act and Whistle Blowers Act. Title 18, Part I, Chapter 79, section 1621, 42 USCS § 1985, Title 18 U.S.C. § 4, 2, 241, 242, 245, 246, 1505, 1515, Title 42 USC § 1961. Definition, Title 42 USC §

1962, 1964, 1965 and 1986 in that he was subjected to discriminatory practices depriving plaintiff of his liberties.

316. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits. See case #01-2090 Charles Green v. Illinois Power Company.

## UNDISPUTED FACTS AND AFFIRMATIVE DEFENSES:

317. Charles Green was Sanction in case No 99-2126.

318. Case No. 99-2126 was a case involving but not limited to retaliation and discrimination.

319. This Case involves but not limited to perjury, fraud and/or false swearing.

320. Perjury, fraud and/or false swearing are greater crimes than Charles Green defending his honor by filing a complaint involving but not limited to discrimination.

321. Defendant conspired to corrupt justice.

322. Charles Green was Sanction in case No 99-2126 in a case where he attempted to correct what he felt were illegal activities.

323. Defendant committed perjury fraud in prior cases involving Charles Green and Illinois Power Company

324. Defendant Committed fraud in prior cases involving Charles Green and Illinois Power Company.

325. Illinois power has filed a lawsuit against Charles Green.

48

326. Illinois Power's lawsuit against Charles Green has placed him in a false light and damaged his credit report.

327. Charles Green should have been placed back in the Danville area to perform substation maintenance duties with all the other employees who were placed at the Tilton Illinois Center.

328. Subsequent to the EEOC dismissing Charles Green's charge (204SF2476) which resulted in this complaint defendant displayed a rebel flag in the Danville Illinois hazel street substation.

329. Defendant has been trained on EEO policies at Illinois Power Company.

330. Defendant failed to process Plaintiff's Family Medical Leave Act forms.

331. Defendant failed to process Plaintiff's workers compensation forms fairly.

332. Defendant intentionally failed to process Plaintiff's Family Medical Leave Act forms.

333. Defendant intentionally failed to process Plaintiff's Family Medical Leave Act forms.

334. Because the Defendant denied plaintiff workers compensation he was denied medical treatment.

335. Defendant discriminatory practices are intentional and continuous.

336. Those employees that Plaintiff claims discriminated against him are still employed at Illinois Power.

337. Those employees that Plaintiff claims discriminated against him were promoted.

338. Those employees that Plaintiff claims discriminated against him were never disciplined.

339. I was interviewed for the predictive maintenance position and given a test.

340. During the interview Plaintiff was told that the successful candidate would be able to drive the company vehicle to his place of residence daily.

341. For example if the employees is reporting to an area over 60 miles from his home he would be required to drive to the location stay in a hotel for the week and return on Friday to his home residence.

342. George Aufmuth was aware that Charles Green had filed for example but not limited to prior Grievances, EEOC complaints prior to 1999.

343. George Aufmuth participated in for example but not limited to the grievance process for at least one of the grievances prior to 1999.

344. George Aufmuth knew of and/or participated in for example but not limited to the Court proceeding involving Case No. 97-2148 prior to 1999.

345. George Aufmuth was aware that Charles Green resided in the Danville area before 1999.

346. While Charles Green was residing in Danville, George Aufmuth hired Charles Green into an electronic technician position prior to 1999.

347. When an electronic technician position is open in the substation department within local 51 the job is posted in each area within the Local.

348. After the closing date for example of an electronic technician position the posting is removed and each area is to send the posting to Management, the hiring supervisor.

349. Management, the hiring Supervisor for example George Aufmuth is to evaluate the returned job postings that he received from each area for the electronic technician positions.

50

350. Charles Green has resided in Danville Since 1992 and has applied for several electronic technician positions between 1992 and 1998.

351. While Charles Green worked in the Danville area he would on occasion contact George Aufmuth on issues involving but not limited to possible malfunctioning relays and other electronic devices located in the Danville area.

352. George Aufmuth stated under oath that he was unaware that Charles Green resided in the Danville area prior to the time when Charles Green applied for the predictive maintenance position and accepted it...

353. Veta Rudolph, Ken Justice, George Aufmuth, Myron Kumler and Rod Hilburn were witnesses for Illinois Power Company at the arbitration hearing concerning the predictive maintenance position.

354. Veta Rudolph, Ken Justice, George Aufmuth, Myron Kumler and Rod Hilburn knew of and/or participated in at least one of the grievance process concerning Charles Green prior to Charles Green accepting the predictive maintenance position.

355. George Aufmuth stated under oath that he was unaware that Charles Green had filed for example but not limited to prior Grievances, EEOC complaints prior to the time when Charles Green applied for the predictive maintenance position and accepted it.

356. George Aufmuth stated under oath that he was unaware that Charles Green resided in the Danville area prior to the time when Charles Green applied for the predictive maintenance position and accepted it

357. Veta Rudolph, Ken Justice, George Aufmuth, Myron Kumler and Rod Hilburn knew of and/or participated in at least one of the charges filed in the District Court

51

concerning Charles Green and Illinois Power Company prior to Charles Green accepting the predictive maintenance position.

358. Veta Rudolph, Ken Justice, George Aufmuth, Myron Kumler and/or Rod Hilburn Knew that at least one of Illinois power witnesses was committing perjury and/or fraud at the arbitration hearing involving the predictive maintenance position.

359. Veta Rudolph, Ken Justice, George Aufmuth, Myron Kumler and Rod Hilburn were aware of Case No. 97-2148, Illinois Power Company vs. Charles Green.

360. Defendant for example Veta Rudolph, Ken Justice, George Aufmuth, Myron Kumler and/or Rod Hilburn has been trained on Illinois Power Company EEO policies.

361. Defendant for example Veta Rudolph, Ken Justice, George Aufmuth, Myron Kumler and/or Rod Hilburn knows that training on Illinois Power Company EEO policies is mandatory for all of its employees.

362. Fraudulent statements are in violation of Illinois Power Company's personnel policies.

363. Whoever procures another to commit any perjury is guilty of subornation of perjury, and shall be fined under this title or imprisoned not more than five years, or both. Proof beyond a reasonable doubt under this section is sufficient for conviction.

364. George Aufmuth stated that he contacted human resources because a minority (black) employee had applied for the predictive maintenance position.

365. George Aufmuth only contacted human resources after Charles Green was constructively demoted from the predictive maintenance position.

366. George Aufmuth never stated that he contacted human resources when Caucasian employees applied for the position of predictive maintenance.

52

367. As Plaintiff recall George Aufmuth stated that it is standard practice for him to contact human resources when a minority applies for a position.

368. If this was standard practice he should have contacted human resources for all positions that Charles Green applied for when he was the hiring supervisor which could have eliminated past lawsuits.

369. George Aufmuth told Plaintiff before the arbitration hearing that he made this decision on his own to deny Plaintiff the opportunity to drive the company vehicle to my place of residence (hotel or Home).

370. George Aufmuth knew that Plaintiff resided in Danville before 1999.

371. George Aufmuth was responsible for hiring collective bargaining unit employees in Illinois Power Company's substation department.

372. Perjury is when a person, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the U.S. authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or in any declaration, certificate, verification, or statement under penalty of perjury, willfully subscribes as true any material matter which he does not believe to be true; 18 USC.

373. George Aufmuth testified under oath before an Arbitrator at least one particular statement was false; and he knew at the time that the testimony was false.

374. A new hearing should be ordered, on the basis of the Illinois Power counsel's use of perjured testimony.

53

375. Illinois Power Company's counsel knew the case included perjured testimony.

376. Illinois Power Company's counsel and witnesses knew, or should have known, of the perjury.

377. Because of the perjured testimony Charles Green has been deprived of due process and there is a very strong likelihood that the false testimony could have affected the judgment of the Arbitrator.

378. Because of the perjured testimony Charles Green is being deprived of due process and there is a very strong likelihood that the false testimony could affect the judgment of the Court.

379. Management, an employee's immediate supervisor the hiring supervisor, the interview team and members of human resources reason for denying Charles Green the same opportunities as other candidates is pretext and unworthy of credence and the real reason was race discrimination, retaliation, harassment, compounded with pre-selection process in favor of white employees. See MSJ 62-72, Deposition of Charles Green pages 155-169 Affidavit of Wanda Cruz

380. According to Illinois Power Company's policies, procedures and guidelines it is the responsibility of; Management, the hiring supervisor, the interview team and members of human resources to make sure that the rules, policies, procedures and guidelines are enforced fairly, consistently and in conformance with federal laws including but not limited to Title VII of the Civil Rights Act of 1964 and the United States Constitution to allow all job candidates and employees the opportunity to advance, grow, to be trained, treated with respect, to work in a safe, non-hostile

54

environment free from harassment, retaliation and discrimination. See MSJ 62-72, Deposition of Charles Green pages 155-169 Affidavit of Wanda Cruz.

381. Bryan Moews, Caucasian stated the he had read in a journal that an employee was fired for using the word "NIGGARDLY" in a memo, knowing this however; he felt that it was okay for him to stand up and yell the word out in a company meeting.

382. Bryan knew what kind of response he would get from his actions.

383. Charles Green responded stating that if he felt so strongly about using this word, why he doesn't walk down the street of Fair Oaks apartment complex and yells that word out. Fair Oaks is a housing project consisting of majority black residence.

384. Charles Green recommended confidentially by way of email to George Burnett and Mike Mumm that Bryan be discharged.

385. Bryan is still working for Illinois Power.

386. Defendant is involved in corruption of justice against Plaintiff.

387. Defendant conspired to corrupt justice against Plaintiff.

388. After Plaintiff injured his leg Defendant told him that there main concern was to get him well.

389. After Plaintiff injured his arms Defendant told him that there main concern was to get him well.

390. After Plaintiff injured his hands Defendant told him that there main concern was to get him well.

391. Plaintiff was forced to drive excessive miles to and from work and while working.

392. Plaintiff was forced to drive excessive miles to and from work and while working in a defective truck for years.

393. Plaintiff was forced to drive excessive miles to and from work and while working in a defective truck that the defendant knew was defective for years.

394. Defendant knew that constant vibration on the hands may cause damage to a person's body for example but not limited to driving a defective truck that vibrates and pulls to one side or the other will cause carpal tunnel.

395. Subsequent to driving a defective truck for several years Plaintiff was diagnosed with carpal tunnel in his hands and arms.

396. The Illinois Commerce Commission, ICC, apparently felt that Not having employees permanently placed in the Danville Illinois area was not providing the best response time to customers therefore ordered Illinois Power to place the Danville employees back in the Danville area.

397. Plaintiff was told this by Rod Hilburn.

398. Defendants initial response to the ICC's request was that employees from each department involved with providing service to customers was placed back in the Danville service area except for Substation.

399. Defendant stated that all employees needed were place back in the Danville Illinois area to perform the work that was in Danville Illinois area.

400. Plaintiff continued to work in the Danville Illinois area although he was not placed in the area.

401. Substation employees from Decatur Illinois area and Champaign Illinois would assist plaintiff in performing work located in the Danville Illinois area.

402. Illinois Power Company's counsel and witnesses knew, or should have known, of the perjury in case 01-2090 and 97-2148.

403. Subsequent to Charles Green filing a complaint involving Rod Hilburn, he was rewarded and promoted to manager.

404. Subsequent to Charles Green filing a complaint involving Mike Mumm, he was rewarded and promoted to manager.

405. Subsequent to Charles Green filing a complaint involving George Aufmuth, he was rewarded and promoted to manager.

406. Subsequent to Charles Green filing a complaint involving Jeff Hall, he was rewarded and promoted to manager.

407. Subsequent to Charles Green filing a complaint involving Rod Hilburn, George Aufmuth. Mike Mumm and Jeff Hall, Charles Green was targeted for discrimination to date.

408. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C 1983, U.S. CONSTITUTION  (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C. §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g, Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c),. In that he was subjected to discriminatory practices.

## REQUEST FOR JURY TRIAL/JURY DEMAND:

409. Plaintiff request that all matters in this complaint that can be tried by a jury be tried by a jury.  Plaintiff Demand a trial by jury on all issues.  This case is a matter of public interest.

**REQUEST FOR COUNSEL:**

410. Since Charles Green can not detect these little errors which seem to prejudice him and deprive him of his liberties and due process even when it is no fault of his, Charles Green also request counsel from this court.

**MOTION TO RECONSIDER AND VACATE DECISION AND AWARD BY EDWARD P. ARCHER**

411. Charles Green is requesting that this court reconsider and vacate the decision and award by Edward P. Archer for the following reasons:

412. In the arbitration preceding all witness swore under oath to tell the truth.

413. Illinois Power Company's witness for example but not limited to George Aufmuth testified under oath before an Arbitrator at least one particular statement was false; and he knew at the time that the testimony was false.

414. A new hearing should be ordered, on the basis of the Illinois Power counsel's use of perjured testimony.

415. Illinois Power Company's counsel had to know the case included perjured and fraudulent testimony.

416. Illinois Power Company's counsel and witnesses knew, or should have known, of the perjury.

417. Because of the perjured testimony Charles Green has been deprived of due process and there is a very strong likelihood that the false testimony could have affected the judgment of the Arbitrator.

418. Plaintiff request that this court reconsider and vacate the arbitrator's decision because of the perjured testimony by Illinois Power Company's witness.

58

419.  This court may also look at Illinois Power company's Motion for summary judgment and affidavits filed along with Illinois Power company's motion for summary judgment in case No. 97-2148 Charles Green v, Illinois Power company, AKA Illinova.

420.  A court may vacate a decision for fraud or perjury. See FRCP 60. And Uniform arbitration Act § 12 which state upon application of a party, the court shall vacate an award where: the award was procured by corruption, fraud or other undue means.

421.  Plaintiff request that this court also reconsider and vacate arbitrate decision because of new evidence.

422.  Plaintiff request that this court reconsider and vacate arbitration decision because Arbitrator failed to mention possible conflict of interest.

423.  Plaintiff request that this court reconsider and vacate the arbitrator's decision due to errors by the clerk's office. See FRCP 60, FRCP 77 and FRCP 79.

## ATTORNEY CLIENT PRIVILEGE

424.  Plaintiff is being represented Pro se and claims attorney client privilege. Plaintiff has also requested that this court appoint him counsel.

425.  MOTION TO REOPEN CASE NO. 97-2148 AND 99-2126.

426.  Plaintiff request that this court reopen Case No 97-2148 and Case No. 99-2126 due to new evidence, because of Illinois Power Company's violation of the affirmative action policies, seniority system, breach of contract, fraud, pre-selection of candidates in favor of Caucasians, fraud and perjury.

## SANCTIONS:

427.  Charles Green also requests that this court sanction each person and/or entity that knew of these fraudulent statements and failed to report it to the proper authorities.

428.  Charles Green also requests that this court sanction Illinois Power Company and each person and/or entity that knew of these fraudulent statements and aloud the witnesses to commit perjury.

429.  Charles Green also requests that this court sanction to the full extent of the law against Illinois Power Company and each person and/or entity who have participated in these continuous violations of Title VII of the Civil Rights Act against Charles Green in favor of Caucasian employees.

430.  Charles Green also requests that this court sanction to the full extent of the law against Illinois Power Company and each person and/or entity who have participated in these continuous violations of the United States Constitution against Charles Green in favor of Caucasian employees.

431.  Charles Green also requests that this court sanction to the full extent of the law against Illinois Power Company and each person and/or entity who have participated in these continuous violations of the seniority system against Charles Green in favor of Caucasian employees.

432.  Charles Green also requests that this court sanction to the full extent of the law against Illinois Power Company and each person and/or entity who have participated in these continuous violations of Illinois Power Company's Affirmative Action Policy against Charles Green in favor of Caucasian employees.

433.  Charles Green also requests that this court sanction to the full extent of the law against Illinois Power Company and each person and/or entity who have participated

in these continuous violations of the Collective Bargaining Agreement between the IBEW and Illinois Power Company against Charles Green in favor of Caucasian employees.

434. Charles Green also requests that this court sanction to the full extent of the law against Illinois Power Company and each person and/or entity who have participated in these continuous violations of the 1st, 5th, 6th, 7th, 13th, 14, amendment to the United States Constitution against Charles Green in favor of Caucasian employees depriving plaintiff of but not limited to his liberties, rights and due process.

435. Charles Green also requests that this court sanction to the full extent of the law against Illinois Power Company and each person and/or entity who have participated in these continuous violations of the 1st, 5th, 6th, 7th, 13th, 14, amendment to the United States Constitution Illinois Power Company policies and procedures, Title VII against Charles Green in favor of Caucasian employees depriving plaintiff of but not limited to his liberties, rights and due process and tried to cover it up by making false statements.

**JUDGMENT:**

Wherefore, the Plaintiff, Charles Green, respectfully requests that this Court enter judgment in his favor and against Defendant and provide the following relief:

(a) Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 42 U.S.C. § 2000e-2 and issue a mandatory injunction against Illinois Power, to take affirmative steps to ensure that Illinois Power and all individuals working under it at Illinois Power to refrain from

engaging in any actions with respect to the Plaintiff, Charles Green, which are
prohibited under the terms of the aforesaid Act; (Civil Rights Act of 1964);

(b) Enter a declaratory judgment determining that the actions complained of in this
complaint are unlawful in violation of the provisions of the 1st, 5th, 6th, 7th, 8th, 9th, 13th,
and 14th Amendment and issue a mandatory injunction against Illinois Power, to take
affirmative steps to ensure that Illinois Power and all individuals working under it at
Illinois Power to refrain from engaging in any actions with respect to the Plaintiff,
Charles Green, which are prohibited under the terms of the aforesaid United States
Constitution;

(c) Enter a judgment against defendant and award Plaintiff, Charles Green, hedonic
damages for loss of enjoyment of life resulting from these wrongful acts to the
maximum extent permitted by law;

(d) Enter a judgment against defendant and award Plaintiff, Charles Green, front pay to the
maximum extent permitted by law;

(e) Enter a judgment against each named defendant and award Plaintiff, Charles Green,
damages sufficient to compensate him for economic losses suffered as a result of the
denial of career advancement opportunities as alleged in this complaint;

(f) Enter a judgment against each named defendant and award Plaintiff, Charles Green,
compensatory, punitive damages and exemplary damages to the maximum extent
permitted by law;

(g) Assess against Illinois Power the costs and expenses incurred by the Plaintiff, Charles
Green, in maintaining the above captioned proceeding together with the reasonable
attorney fees incurred by him in prosecuting the above captioned cause; and

(h) Enter a judgment against each named defendant and provide such other relief as the Court deems to be equitable and just.

(i) Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 42 U.S.C. § 2000e-2 and issue a mandatory injunction against Illinois Power, to take affirmative steps to ensure that Illinois Power and all individuals working under it at Illinois Power to refrain from engaging in any actions with respect to , Charles Green, which are prohibited under the terms of the aforesaid Act; (Civil Rights Act of 1964);

(j) Enter a judgment against Illinois Power and each named witness for Illinois Power company and award Charles Green, hedonic damages for loss of enjoyment of life resulting from these wrongful acts to the maximum extent permitted by law;

(k) Enter a judgment against Illinois Power and each named witness for Illinois Power company and award Charles Green, front pay to the maximum extent permitted by law;

(l)  Enter a judgment against Illinois Power and each named witness for Illinois Power company and award Charles Green, damages sufficient to compensate him for economic losses suffered as a result of the denial of career advancement opportunities as alleged in this complaint;

(m)Enter a judgment against Illinois Power Company each named witness and award Charles Green, compensatory, punitive damages and exemplary damages to the maximum extent permitted by law;

(n) Assess against Illinois Power the costs and expenses incurred by , Charles Green, in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by him in prosecuting the above captioned cause; and

(o) Enter a judgment against Illinois Power and each named witness for Illinois Power

Company and provide such other relief as the Court deems to be equitable and just.

(p) Enter a judgment against Illinois Power and vacate arbitrator's decision and provide

such other relief as the Court deems to be equitable and just.

(q) Charles Green also requests that this court enter a judgment against Illinois Power

Company to punish to the full extent of the law each person and/or entity who knew of

these fraudulent statements and aloud the witnesses to commit perjury.

Respectfully submitted by,

Charles L. Green
Pro se
520 Monterey
Danville, IL. 61832
Date: October 4, 2005

64

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES LEE GREEN** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | )_____ |
| | ) |
| **V.** | ) |
| | ) |
| **ILLINOIS POWER COMPANY, Veta Rudolph Lieke,** | ) |
| **William "Bill" Pray, George Aufmuth, Myron Kumler,** | ) |
| **Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh** | ) |
| **International Brotherhood of Electrical Workers (IBEW)** | ) |
| **And Travelers Insurance of Illinois** | ) |
| | ) |
| **Defendants** | ) |

**The cause of action in this case raises an issue of federal law. Equitable relief sought.**

**PLAINTIFF, CHARLES GREEN'S EXHIBITS IN SUPPORT OF MOTION FOR LEAVE OF COURT TO FILE COMPLAINT AND PLAINTIFF, CHARLES GREEN'S COMPLAINT**

Exhibit 1      Dismissal and notice of Rights
Exhibit 2      charge # 21BA401318

Respectfully submitted by,

**Plaintiff**
Charles Green
Pro se
**520 Monterey**
**Danville, Illinois 61832**
**217-446-1724**
**October 4, 2005**