E-FILED
Tuesday, 22 November, 2005 01:12:11 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES LEE GREEN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) 05-2222 |
| | ) |
| V. | ) |
| | ) |
| ILLINOIS POWER COMPANY, Veta Rudolph Lieke, | ) |
| William "Bill" Pray, George Aufmuth, Myron Kumler, | ) |
| Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh | ) |
| International Brotherhood of Electrical Workers (IBEW) | ) |
| Local 51 And Travelers Insurance of Illinois | ) |
| | ) |
| Defendants | ) |

**The cause of action in this case raises an issue of federal law. Equitable relief sought.**

**CERTIFICATE OF SERVICE**

Plaintiff, Charles Green certify that he served a second copy of Waiver of Service of Summons to Myron Kumler through his attorney as requested by letter that is attached to Filing. Document was mailed by US mail first class.

Respectfully submitted by,

_____

**Plaintiff**
Charles Green
Pro se
520 Monterey
Danville, Illinois 61832
217-446-1724
November 21, 2005

TO:  Charles Green
_____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I,  Myron Kumler_____, acknowledge receipt of your request
      (DEFENDANT NAME)

that I waive service of summons in the action of   Charles Green v. Illinois Power Company  ,
                                                                (CAPTION OF ACTION)

which is case number _____ in the United States District Court
                              (DOCKET NUMBER)

for the   _____Central_____ District of _____Illinois_____ .

   I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

   I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after ____10/4/2005____ ,
                                                                                                                                  (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.


_____                    _____
      (DATE)                                               (SIGNATURE)

                Printed/Typed Name: _____

                       As _____ of _____
                              (TITLE)              (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

   A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

CHARLES A. WERNER
CHRISTOPHER T. HEXTER*
MARILYN S. TEITELBAUM*
JAMES I. SINGER*
SALLY E. BARKER
ARTHUR J. MARTIN*
DEAN L. CHRISTIANSON*
RHONA S. LYONS
LORETTA K. HAGGARD*
GEORGE O. SUGGS
STACEY A. ASCHEMANN*
DAVID J. JEROME*
CHRISTOPHER N. GRANT*
NANCY M. WATKINS
MARLIN D. MAXWELL*
COLLEEN JOERN VETTER*
MATTHEW B. LEPPERT*
JAMES C. CHOSTNER
PATRICK K. SHINNERS

LAW OFFICES

SCHUCHAT, COOK & WERNER
THE SHELL BUILDING, SECOND FLOOR
1221 LOCUST STREET
SAINT LOUIS, MISSOURI 63103-2364

314  621-2626
FAX: 314  621-2378

STANLEY R. SCHUCHAT
(1914 - 1979)

JAMES K. COOK
OF COUNSEL

*also licensed in Illinois

November 16, 2005

Charles Green
520 Monterey
Danville, IL 61832

Re:  <u>Charles Lee Green v. Illinois Power, et al.</u>, Cause No. 05-2222

Dear Mr. Green:

You sent a Waiver of Service of Summons to Dominic Rivara for Defendant "International Brotherhood of Electrical Workers (Dominic Rivara)" in the above-referenced matter. It appears from your pleadings that you intended to sue and serve Local 51 of the International Brotherhood of Electrical Workers. I hereby waive service of summons for Local 51 IBEW only. I do not represent and am not authorized to represent or waive service of summons for the International Brotherhood of Electrical Workers. The International Brotherhood of Electrical Workers is a separate entity from Local 51, IBEW .

Sincerely,

Arthur J. Martin

AJM:bh
Enclosure
cc:  Dom Rivara

279211.WPD

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE FOR SUMMONS

TO: (A) Myron Kumler

as (B) Supervisor of (C) Illinois Power Company

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) Central District of Illinois and has been assigned docket number (E) 05-2222.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with the request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 4th day of October, 2005.

Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A -- Name of individual defendant (or name of officer or agent of corporate defendant)
B -- Title, or other relationship of individual to corporate defendant
C -- Name of corporate defendant, if any
D -- District
E -- Docket number of action
F -- Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

This form was electronically produced by Elite Federal Forms, Inc.