E-FILED
Monday, 28 November, 2005 01:47:36 PM
Clerk, U.S. District Court, ILCD

FILED

OCT - 7 2002

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **CHARLES LEE GREEN,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 02-CV-2097 |
| ) | |
| **ILLINOIS POWER COMPANY,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

On April 24, 2002, Plaintiff, Charles Lee Green, filed a pro se Complaint (#1) against Defendant, Illinois Power Company. The Complaint is 78 pages long and includes 522 numbered paragraphs and 29 counts. On August 5, 2002, Illinois Power filed a Motion to Dismiss (#13) and a Memorandum of Law in Support (#14) with attached documents. On August 19, 2002, Green filed a Response to the Motion to Dismiss (#19) and a Memorandum of Law in Support (#20). This court has carefully reviewed Illinois Power's Motion and Green's Response. Following this court's careful consideration of the arguments of the parties, Illinois Power's Motion to Dismiss (#13) is GRANTED. Green's Complaint (#1) is dismissed with prejudice.

## FACTS

### I. BACKGROUND

Green, an African-American, has been employed by Illinois Power since 1991, and he remains employed there. During the past five years, Green has filed several discrimination lawsuits against Illinois Power. These cases have been resolved in favor of Illinois Power.

In <u>Green v. Illinois Power Co.</u>, Case No. 97-2148, Green filed a pro se Complaint alleging employment discrimination based on race. The parties consented to have the case heard by



EXHIBIT A

(21)

Magistrate Judge David G. Bernthal. On August 14, 1998, Judge Bernthal granted Illinois Power's motion for summary judgment. Judge Bernthal noted that Illinois Power presented evidence that it had valid, nondiscriminatory reasons for denying Green the positions Green was seeking. Judge Bernthal then concluded that Green failed to produce evidence in support of his claims of discrimination which would justify denying Illinois Power's motion for summary judgment. Judgment was therefore entered in favor of Illinois Power. Green appealed Judge Bernthal's decision. On April 26, 1999, the Seventh Circuit Court of Appeals entered an Order which agreed with Judge Bernthal's reasoning and affirmed his decision. The Court specifically stated that Illinois Power's "reasons for denying Green these positions–the requirements of collective bargaining agreements, excessive absenteeism and lack of experience–are legitimate and non-discriminatory. Although Green argues these reasons are pretextual, he has offered no evidence to support his contention." Green v. Illinois Power Co., 175 F.3d 1019 (7th Cir. 1999) (unpublished opinion), cert. denied, 528 U.S. 1159 (2000).

In Green v. Illinois Power, Case No. 99-2126, Green filed a Complaint against Illinois Power and the International Brotherhood of Electrical Workers, Local 51 (IBEW).[1] Green was represented by an attorney, John A. Baker. Green alleged that Illinois Power discriminated against him on the basis of race and retaliated against him because of his complaints of discrimination. Green also alleged that IBEW discriminated against him by failing to process his grievances. Illinois Power filed a Motion to Dismiss. On December 23, 1999, Judge Bernthal filed a Report and Recommendation. Judge Bernthal recommended dismissing Green's Complaint against Illinois Power with prejudice. Judge Bernthal concluded that Green's claims were either time-barred or

---

[1] This case was originally filed in Springfield as Case No. 99-3114. It was subsequently transferred to Urbana.

were issue-precluded based upon the judgment on Green's complaint in Case No. 97-2148. Judge Bernthal also recommended awarding Illinois Power the attorneys' fees and costs it incurred in bringing its motion to dismiss. Judge Bernthal stated, "an award of fees is particularly appropriate because [Green] blatantly abused the system by bringing the exact same claims that were previously resolved against him." On February 29, 2000, this court entered an Order which accepted Judge Bernthal's recommendation that the claims against Illinois Power be dismissed with prejudice. This court determined, however, that further briefing was necessary on the issue of an award of attorneys' fees and costs. This court subsequently entered an Order which awarded Illinois Power attorneys' fees in the amount of $11,225 and costs in the amount of $903.[2] On November 1, 2001, Green's attorney moved to withdraw from the case, stating that Green had refused to fully cooperate with his counsel in compiling discovery responses. Green's attorney was allowed to withdraw on December 3, 2001. On January 7, 2002, this court entered an Order which granted IBEW's Motion to Dismiss based upon Green's failure to comply with a court order compelling Green to comply with discovery requests. Accordingly, because IBEW was the only remaining defendant, the case was terminated.

In Green v. Illinois Power, Case No. 01-2090, Green filed a pro se Complaint against Illinois Power alleging 25 counts of race discrimination, retaliation, and hostile work environment in violation of Title VII. This court granted Illinois Power's motion to dismiss Counts 16 through 25 because those claims were time-barred, outside the scope of the Equal Employment Opportunity Commission (EEOC) charge or precluded by previous litigation. On December 26, 2001, Green filed a motion seeking to amend his Complaint and submitted a lengthy document entitled "Plaintiff's Amended Complaint, Jury Demand, Supplemental Pleading and Joinder of Parties."

---

[2] This court recently entered an Order which clarified that Illinois Power may collect the award of attorneys' fees and costs jointly from Green and his attorney.

3

This document comprised 72 pages, included 51 counts and had 490 numbered paragraphs. On January 23, 2002, this court entered an Order which denied Green's motion. This court noted that, in a number of the paragraphs in Green's proposed Amended Complaint, Green was attempting "to re-litigate claims he brought in previous cases involving [Illinois Power], cases which have been dismissed." This court further noted that Green was also asserting claims that had previously been dismissed in that case. This court stated that it did not believe that Illinois Power "should be forced to pour over this complicated, voluminous and confusing document to determine the viability of Plaintiff's claims." Green filed two other motions to amend his Complaint which were also denied. On September 23, 2002, this court entered an Order which granted Illinois Power's motion for summary judgment. This court carefully considered Green's remaining claims and concluded that Green did not present this court with sufficient evidence to create of genuine issue of material fact on any of the claims. This included Green's claim that the terms of his employment changed after he accepted a new position as a Preventive Maintenance Technician, his claims that he was not interviewed for four positions he applied for and his claims that he was subjected to a hostile work environment, including one claim that a derogatory remark rose to the level of discrimination. Judgment was therefore entered in favor of Illinois Power and the case was terminated.

## II. CURRENT CASE

On April 24, 2002, Green filed a "Complaint, Motions and Jury Demand (#1). In the body of the Complaint, Green refers to various individuals as "parties." However, Illinois Power was the only Defendant named in the caption of the Complaint and was apparently the only Defendant served with summons.[3] Green also filed a 15-page Memorandum of Law in Support of Complaint, Motions

---

[3] Illinois Power actually signed a Waiver of Service of Summons (#8).

4

and Jury Demand (#3) and Exhibits (#4). The exhibits included an arbitrator's award dated February 18, 2002. On August 5, 2002, Illinois Power filed a Motion to Dismiss (#13) and a Memorandum in Support (#14) with attached exhibits. The exhibits are all documents which are part of the public record in Green's previous cases. On August 19, 2002, Green filed his Response to Illinois Power's Motion to Dismiss (#19) and a Memorandum of Law in Support (#20).

ANALYSIS

I. STANDARD FOR MOTION TO DISMISS

A complaint is properly dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure "if looking only at the pleadings, taking all facts alleged by the plaintiff to be true, and construing all inferences in favor of the plaintiff, the plaintiff fails to state a claim upon which relief can be granted." Pleva v. Norquist, 195 F.3d 905, 911 (7th Cir. 1999). However, the court need not ignore facts in the complaint that undermine the plaintiff's case. Cervantes v. FCC Nat'l Bank, 2000 WL 283973, at *3 (N.D. Ill. 2000), citing Hamilton v. O'Leary, 976 F.2d 341, 343 (7th Cir. 1992). Moreover, in giving pleadings a liberal construction, a court is not required to accept legal conclusions alleged or inferred from the pleaded facts. Nelson v. Monroe Reg'l Med. Ctr., 925 F.2d 1555, 1559 (7th Cir. 1991); Adusumilli v. Discover Fin. Servs., Inc., 1999 WL 286289, at *2 (N.D. Ill. 1999). "In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment." Anderson v. Simon, 217 F.3d 472, 474-75 (7th Cir. 2000), citing Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994).

II. ILLINOIS POWER'S MOTION TO DISMISS

Illinois Power argues that Green's Complaint should be dismissed because: (1) the entire

5

Complaint, like the Amended Complaint he attempted to file in Case No. 01-2090, is voluminous and confusing and does not comply with Rule 8 of the Federal Rules of Civil Procedure which requires a "short and plain statement of the claim;" (2) many of the counts in the Complaint contain very similar, if not identical, claims that this court refused to allow to be filed in Case No. 01-2090; (3) some of the counts contain the same claims as those included in the Complaint in Case No. 01-2090; (4) Green failed to file an EEOC charge regarding many of the claims; (5) many of the claims are clearly time-barred; and (6) a number of claims appear to be those previously litigated in Case No. 97-2148 and Case No. 99-2126. In addition, Illinois Power notes that Green has included motions in his Complaint. He has moved for joinder of claims, for appointment of counsel, to vacate an arbitration award, to reopen previously litigated cases, for sanctions and for a change of venue. Illinois Power argues that Green does not have standing to challenge the arbitration award and has not provided a valid basis for this court to grant any of the motions. Illinois Power asked that this court dismiss Green's Complaint with prejudice.

This court first notes that the Complaint filed by Green in this case is cumbersome, repetitive and often incomprehensible. It is very difficult to discern exactly what Green's claims are and whether the claims have been, or should have been, included in his earlier filings. This court notes that Green has essentially conceded in his Response that his Complaint in this case contains the same claims that he tried to file in Case No. 01-2090. Generally, Green's Complaint alleges that (1) he was wrongly denied various positions, promotions and training opportunities, (2) the terms and conditions of a position, the Predictive Maintenance Technician (PMT) position,[4] were changed after

---

[4] Green has sometimes referred to this position as the "Preventive" Maintenance Technician position. Illinois Power states that it has no position of Preventive Maintenance Technician but does have a position of Predictive Maintenance Technician. Illinois Power states that it assumes that Green is referring to the Predictive Maintenance Technician position. This

6

he accepted it and (3) certain discriminatory treatment rose to the level of a hostile work environment based on race. Following this court's careful review, it concludes that all of the claims included in the Complaint have previously been raised and rejected, are clearly time-barred or were never included in an EEOC charge. See Cervantes, 2000 WL 283973, at *3, *5 n.5 (dismissal under Rule 12(b)(6) is appropriate when the allegations in the complaint show that the plaintiff did not file an EEOC charge within the 300-day limit and when the claims are not reasonably related to the plaintiff's EEOC charges). Therefore, this court agrees with Illinois Power that these claims must be dismissed with prejudice. This court concludes, however, that Green's attempt to vacate the arbitrator's award has not been previously raised and warrants further discussion.

On September 8, 2000, Green filed a grievance against Illinois Power with IBEW contending that Illinois Power changed the terms and conditions of its PMT position to discriminate against him because of his race and to retaliate against him because of his prior claims of racial discrimination. Pursuant to the terms of the collective bargaining agreement between Illinois Power and IBEW, the grievance was submitted to final and binding arbitration. On December 12, 2001, the grievance was heard by Arbitrator Edward P. Archer. On February 18, 2002, Archer issued a decision which denied the grievance. Archer carefully considered IBEW's arguments but concluded that Illinois Power was given discretion in its agreement with the IBEW and had a sound business reason for denying Green the benefit he thought he would get if he accepted the PMT position.

This court notes that it also considered this claim by Green in ruling on Illinois Power's summary judgment motion in Case No. 01-2090. This court stated:

> Green claims that Illinois Power altered some of the benefits

---

position will be referred to by this court as the PMT position.

of his new position. It does not appear from the record, however, that the benefits Green refers to were in fact guaranteed aspects of the job that Illinois Power took away from him.

Illinois Power has provided a copy of the agreement between Illinois Power and [IBEW] Local 51 concerning the PMT position in the northern region, authenticated by an affidavit from [George] Aufmuth. The agreement provides, in relevant part, that the successful candidate for the northern region would be required to live within the Bloomington, Champaign, and Decatur areas, and the position was to be established in the headquarters of whichever area the candidate lived. "This employee *may* be assigned to start and finish his/her day at home or at a motel where he/she is staying overnight and may be assigned a Company vehicle for use in the performance of his/her duties" (emphasis added).

Green asserts in his response to the summary judgment motion that working from home, driving a company vehicle, and taking the company vehicle home daily were incentives built into the PMT position. The evidence Green cites in support of this contention, however, does not appear to bolster his position, and it certainly is not enough to create a genuine issue of material fact as to the terms of the position. Given the discretion the agreement gave Illinois Power regarding permitting employees to take company

vehicles home, Green cannot establish that Illinois Power materially altered the terms of his new job. As such, he has not demonstrated that he suffered a materially adverse employment action, a requirement for both his discrimination and his retaliation claims. Illinois Power is therefore entitled to summary judgment on the counts relating to the PMT position.

In his Complaint (#1) in this case, Green has included many allegations regarding the arbitration hearing before Archer. Green has also included a Motion To Reconsider and Vacate Decision and Award by Edward P. Archer. Green alleges that Aufmuth, and other witnesses at the arbitration hearing, gave false testimony.[5] Green argues that the arbitrator's award must be vacated because "the award was procured by corruption, fraud or other undue means." Green also alleges that the award should be vacated because the arbitrator "failed to mention possible conflict of interest."

Illinois Power argues that, to the extent that this portion of the Complaint can be considered an action to vacate the arbitrator's award, Green does not have standing to bring such an action.

Judicial review of a labor-arbitration decision pursuant to a collective bargaining agreement is very limited. Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001). The Seventh Circuit has noted that arbitration awards are binding, and efforts to upset these awards are discouraged. Bonds v. Coca-Cola Co., 806 F.2d 1324, 1326 (7th Cir. 1986). It is well settled that employees lack standing to challenge, modify or confirm an arbitration award because, when employees are represented by a union, they are not parties to either the collective bargaining

---

[5] Green indicates in his Complaint that the witnesses who gave false testimony should be fined or imprisoned (for not more than five years).

9

agreement or any union-company arbitration. Cleveland v. Porca Co., 38 F.3d 289, 296-97 (7th Cir. 1994). An exception to this general rule "allows employees to challenge or confirm a union-company arbitration award but only if the employees state a claim for a Section 301 fair representation case and the challenge or confirmation is integral to the case." Cleveland, 38 F.3d at 297, quoting Martin v. Youngstown Sheet & Tube Co., 911 F.2d 1239, 1244 (7th Cir. 1990) (emphasis in original). Because Green has not stated a fair representation claim against the IBEW, he lacks standing to challenge the arbitration award in this case. Cleveland, 38 F.3d at 297; see also Hubert v. Board of Tr. of Cmty. Coll. Dist. No. 508, 1999 WL 285927, at *9 (N.D. Ill. 1999); Hollins v. U.S. Postal Serv., 645 F. Supp. 735, 736-39 (N.D. Ill. 1986).

In his Response to Illinois Power's Motion to Dismiss, Green argues that he can properly challenge the arbitrator's award based upon 9 U.S.C. § 10. This section of the Federal Arbitration Act (FAA) states that a district court may vacate an arbitration award "[w]here the award was procured by corruption, fraud, or undue means." 9 U.S.C. § 10(a)(1). However, when the arbitration award is created by virtue of a collective bargaining agreement, recourse is to the Labor Management Relations Act (LMRA), not the FAA. See Cleveland, 38 F.3d at 296 n.5; Martin, 911 F.2d at 1244; Ridge v. U.S. Postal Serv., 154 F.R.D. 182, 185 (N.D. Ill. 1992). Employee appeals of arbitration decisions must be brought under § 301 of the LMRA, and only then if a breach of the Union's duty of fair representation can be shown. Ridge, 154 F.R.D. at 185.

Based upon the case law cited, this court agrees with Illinois Power that Green lacks standing to challenge the arbitrator's award in this case and further agrees that this claim must be dismissed. Moreover, this court notes that the arbitrator's decision is consistent with this court's determination of Green's claim regarding the PMT position in Case No. 01-2090.

### III. MOTIONS INCLUDED IN COMPLAINT

This court also agrees with Illinois Power that the other motions included in Green's Complaint are frivolous and must be denied. Green has requested "joinder of claims." This court agrees with Illinois Power that this request makes absolutely no sense. Green has also requested appointment of counsel. This court agrees with Illinois Power that Green has not shown that he is indigent and has not provided adequate reasons for this court to appoint counsel in this matter. In addition, Green has requested that this court reopen previously litigated cases. There is no basis for granting this relief. Green has also requested sanctions. Green has not shown that there is any basis for awarding sanctions against Illinois Power in this case.

Finally, Green has included a motion for change of venue. It is clear that what Green is actually seeking is this court's recusal from the case. The only reason given by Green for his request is this court's prior rulings against him and in favor of Illinois Power. The recusal statute requires any "justice, judge or magistrate of the United States" to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Seventh Circuit has stated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Matter of Huntington Commons Assocs., 21 F.3d 157, 158 (7th Cir. 1994), quoting Liteky v. United States, 510 U.S. 540, 555 (1994). The Court noted that adverse rulings should be appealed, they do not form the basis of a recusal motion. Huntington Commons Assocs., 21 F.3d at 158. Accordingly, Green's Motion for Change of Venue is denied.[6]

### IV. FUTURE FILINGS

This court notes that Green has filed four cases in this court against his current employer,

---

[6] This court notes that it has also denied Green's motion for recusal in Case No. 01-2090.

11

Illinois Power, all of which have been terminated in favor of Illinois Power. In addition, this court has already awarded attorneys' fees and costs to Illinois Power in Case No. 99-2126 based upon Green's "bringing the exact same claims that were previously resolved against him." Green has nonetheless continued to file lawsuits making the same or substantially similar claims. This court now admonishes Green that any future case he files in this court must meet the following criteria: (1) it must be based upon allegations which have not already been ruled on by this court; (2) it must be based upon allegations which are not time-barred; (3) it must, if brought pursuant to Title VII, be based upon allegations which have been included in a timely EEOC charge; and (4) it must include a "short and plain statement" of the claims, as required by Rule 8(a) of the Federal Rules of Civil Procedure.

This court notes that "[f]rivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders." Adusumilli v. Swedish Covenant Hosp., 2002 WL 171965, at *7 (N.D. Ill. 2002), quoting United States ex rel. Verdone v. Circuit Court for Taylor County, 73 F.3d 669, 671 (7th Cir. 1995). Accordingly, "[a] court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court." Lysiak v. C.I.R., 816 F.2d 311, 313 (7th Cir. 1987); Adusumilli, 2002 WL 171965, at *7. Therefore, if Green fails to comply with this court's warning, this court will strongly consider entering an order barring Green from filing any future lawsuits, letters, pleadings, or motions unless he first obtains leave of this court to file a given document. See Pusch v. Soc. Sec. Adm., 811 F. Supp. 383, 387 (C.D. Ill. 1993). The order would further provide as follows:

>Any motions for leave to file must either: (a) be prepared and filed by a licensed attorney or (b) if filed by the plaintiff pro se, must be accompanied by a memorandum of law in support of the plaintiff's claims. The memorandum must include an affidavit certifying that the claims the plaintiff wishes to present are new and have never before been raised in any court [and] are not barred by the statute of limitations.

Pusch, 811 F. Supp. at 387.

IT IS THEREFORE ORDERED THAT:

(1) Illinois Power's Motion to Dismiss (#13) is GRANTED. Green's Complaint (#1) is dismissed with prejudice.

(2) This case is terminated.

(3) Green is admonished that any future case he files in this court must meet the following criteria: (1) it must be based upon allegations which have not already been ruled on by this court; (2) it must be based upon allegations which are not time-barred; (3) it must, if brought pursuant to Title VII, be based upon allegations which have been included in a timely EEOC charge; and (4) it must include a "short and plain statement" of the claims. Green is further admonished that failure to heed this court's warning may result in an order barring Green from filing any future lawsuits, letters, pleadings, or motions unless he first obtains leave of this court to file a given document.

ENTERED this __7th__ day of __October__, 2002.

_____
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE