29426/01267/JMG/MAA

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES LEE GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-2222 |
| | ) |
| ILLINOIS POWER COMPANY, VETA RUDOLPH LIEKE, WILLIAM "BILL" PRAY, GEORGE AUFMUTH, MYRON KUMLER, KEN JUSTICE, ROD HILBURN, MIKE CRANDALL, FRANCIS WALSH, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS (IBEW), and TRAVELERS INSURANCE OF ILLINOIS, | ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

### MOTION TO DISMISS

NOW COMES defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, f/k/a TRAVELERS INDEMNITY COMPANY OF ILLINOIS (hereinafter referred to as "Travelers"), incorrectly sued as TRAVELERS INSURANCE OF ILLINOIS, by its attorneys, Cassiday, Schade & Gloor, and moves this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint against it on the grounds that said complaint fails to state a claim upon which relief can be granted. In support thereof, Travelers states as follows:

1.     On October 4, 2005, plaintiff filed the instant complaint which he characterizes as "an employment discrimination case." (Plaintiff's Complaint at page 3, paragraph 6). Plaintiff has named as defendants his employer, Illinois Power Company, as well as current and former employees of Illinois Power Company whom he alleges have engaged in an "intentional pattern and practice and continuing series of retaliatory, discriminatory and harassing conduct with

malice and reckless indifference against plaintiff and creating a hostile environment for which plaintiff is to work because of his race and because of having complained about unlawful discrimination and participated in formal proceedings to protest such unlawful discrimination." (Id.)

2. Plaintiff has also named Travelers as a defendant to this action but has failed to include any allegations against Travelers. In fact, the only time that Travelers is mentioned in the complaint is in the caption, wherein Travelers is named as a defendant.

3. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court may dismiss a complaint for a failure to state a claim upon which relief can be granted.

4. On a motion to dismiss, the allegations of the complaint, as well as the reasonable inferences to be drawn therefrom, are taken as true. Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir. 1991). However, the court need not strain to find inferences favorable to the plaintiff which are not apparent on the face of the complaint. Coates v. Illinois State Board of Education, 559 F.2d 445, 447 (7th Cir. 1977).

5. While federal notice pleading allows for a generous reading of a complaint, in order to resist a motion to dismiss, the complaint must at least set out facts sufficient to outline the basis of the claim. Panaras v. Liquid Carbonic Industries, Corp., 74 F.3d 786 (7th Cir. 1996). The court should inquire into whether relief against a party is possible under a set of facts that could be established. M. Daniels v. USS Agri-Chemicals, 965 F.2d 376, 381 (7th Cir. 1992), citing, Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir. 1992). "This approach is consistent with the purpose of the complaint under a notice pleading system, which is 'to advise the other party of the event being sued upon.'" M. Daniels, at 381, citing Charles Wright & Arthur Miller, Federal Practice and Procedure, §1202 at 69.)

6. Plaintiff has not set forth facts sufficient to outline the basis of a claim against Travelers nor has he requested relief from Travelers. See e.g., Eisenbart v. State of Wisconsin, 993 F.2d 1549 (7th Cir. 1993)(court dismissed claims against County of Racine on its own motion as there were no allegations against the County, and it could not be sued simply because it employed the defendant commissioner); Hunt v. Washington, 25 F.3d 1053 (7th Cir. 1994)(claims against four defendants in the context of claim under 42 U.S.C. § 1983 were dismissed because the pro se complaint contained no allegations against them).

WHEREFORE, Travelers Property Casualty Company of America, f/k/a, Travelers Indemnity Company of Illinois, respectfully requests that this Court grant its motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that said Complaint fails to state a claim upon which relief can be granted.

Respectfully Submitted,

CASSIDAY, SCHADE & GLOOR LLP

By:  /s/ Bradford A. Burton
One of the Attorneys for Travelers Property Casualty Company of America f/k/a Travelers Indemnity Company of Illinois, incorrectly sued as Travelers Insurance of Illinois

CASSIDAY, SCHADE & GLOOR LLP
20 North Wacker Drive, Suite 1040
Chicago, Illinois 60606
(312) 641-3100

6796379