E-FILED
Monday, 05 December, 2005  04:54:38 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES LEE GREEN, | ) |
| Plaintiff, | ) Case No: 05 CV 02222 |
| v. | ) The Honorable Michael P. McCuskey |
| ILLINOIS POWER COMPANY, et al, | ) |
| Defendants. | ) |

**DEFENDANTS ILLINOIS POWER COMPANY, VETA LUEKE, WILLIAM PRAY, GEORGE AUFMUTH, KEN JUSTICE, ROD HILBURN, MIKE CRANDALL, MYRON KUMLER AND FRANCIS WALSH'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, MOTION TO STRIKE AND MOTION FOR SANCTIONS**

Defendants Illinois Power Company, Veta Lueke, William Pray, George Aufmuth, Ken Justice, Rod Hilburn, Mike Crandall, Myron Kumler and Francis Walsh (collectively, the "IPC Defendants"), by and through their attorneys, move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint brought against them in its entirety for failure to state a claim upon which relief may be granted. Said Defendants further move that to the extent the Complaint asserts claims which have been previously determined, are time-barred, seek relief under Title VII but are outside the scope of a timely EEOC charge or are asserted against Individual Defendants, or seek relief under statutes or other authorities which do not permit an action against the IPC Defendants, such dismissal be with prejudice.

Additionally, the IPC Defendants move, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike the "motions" set forth at the end of the Complaint as procedurally defective and unwarranted.

Finally, the IPC Defendants move that Plaintiff be sanctioned for filing a Complaint which directly violates this Court's Order dated October 7, 2002. They request that the Court enter an Order limiting Plaintiff's ability to file future pleadings without the Court's express permission and satisfaction of other conditions as the Court deems appropriate. The IPC Defendants further request that the Court award them their attorneys' fees and costs in responding to the Complaint.

In support of their Motions, the IPC Defendants state as follows:

1. This is the fifth action which Plaintiff has commenced against Illinois Power Company and the second time that Plaintiff has attempted to sue some of the Individual Defendants[1] alleging, among other things, violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. and 42 U.S.C. § 1981.

2. Plaintiff filed the above-captioned Complaint on October 4, 2005. As shown in the accompanying memorandum, the instant suit is primarily based on allegations made in Plaintiff's four previous suits – all of which terminated in Illinois Power Company's favor.

3. In its order in Green IV dismissing the claims there asserted with prejudice, the Court concluded by admonishing Plaintiff that any future filings had to contain a "short and plain statement" of the claims, be based on claims that had not been previously litigated, be properly administratively exhausted and not be time-barred.

4. Plaintiff's current Complaint should be dismissed as it fails to meet the requirements delineated in this Court's October 7, 2002 Order.

---

[1] In his complaint in a previous action, ("Green IV"), Plaintiff set forth allegations about Veta Lueke, Ken Justice, George Aufmuth, Myron Kumler and Rod Hillburn and referred to George Aufmuth and Rod Hillburn as "defendants" in certain counts. However, in that case Plaintiff only named Illinois Power Company in the caption of the complaint and only served Illinois Power Company.

5.     The current 64-page Complaint is also legally deficient in numerous other ways. The Complaint contains no reference to two of the individual named Defendants, Mike Crandall and Francis Walsh, and thus fails to state a claim against them.[2] Plaintiff cites statutes and other references without explaining how they apply to this action or provide him with any sort of relief and without alleging any supporting facts. Such allegations fail to state any claim upon which relief may be granted.

6.     The Complaint mainly consists of allegations and claims that have been or could have been previously adjudicated by this Court. Many of the allegations are taken verbatim from his previous complaints in Green IV and Green III. The accompanying chart (attached as Exhibit A) illustrates how Plaintiff has merely repeated, nearly verbatim, allegations from Green III and Green IV into his complaint in Green V. All allegations and claims, specifically Counts I-V, VII-XVII and XXIV as shown in the attached Exhibit A, which are reiterations of prior complaints are properly dismissed under the doctrines of issue and claim preclusion.

7.     The bulk of Plaintiff's discrimination claims are not based upon or do not arise out of the allegations in the EEOC charge which allegedly serves as the predicate for this proceeding.

8.     In addition, Plaintiff's Complaint is replete with claims for which there is no right of action, no private right of action, no right of action against non-state actors, or no right of action against individuals. Indeed, as far as the action against the Individual Defendants in this matter, Plaintiff appears to have included persons in the caption of his Complaint against whom he has asserted no claims at all. In addition, certain individuals appear to be – at most – witnesses to some of the incidents discussed by Plaintiff and not proper defendants.

---

[2] Plaintiff did mention Mike Crandall in his complaint in Green III as someone who received a job for which Plaintiff applied.

3

9. Finally, Plaintiff includes improper motions in his Complaint. Plaintiff asks that this Court issue sanctions, appoint counsel, and reconsider and vacate the arbitration decision of Edward P. Archer. Plaintiff provides no new support for these requests and they remain just as improper as when this Court previously denied them in Plaintiff's Green IV complaint.

10. Plaintiff's initiation of this action without complying or attempting to comply with the Court's prior order demonstrates contumacy warranting sanctions. Not only has Plaintiff defied the Court's proper authority, which itself should be sanctioned, but in doing so he has imposed a significant burden on Illinois Power Company and the named Individual Defendants as well as the Court.

11. Despite devoting many hours to the effort of deciphering the garble which constitutes the current Complaint, said Defendants still find it impossible to delineate what claim and against whom is being asserted in each Count. Neither the IPC Defendants nor this Court should be required to pick apart 64 pages of rhetoric in order to determine whether there is any meaningful new allegation.

12. Neither should the IPC Defendants be burdened with the costs of relitigating that which has been previously adjudicated, nor should the Court's limited resources be wasted on duplicative claims.

Accordingly, and for the reasons set forth in their accompanying memorandum, the IPC Defendants request that this Court dismiss Plaintiff's Complaint, with prejudice as appropriate, and strike all of the "motions" that Plaintiff makes in his Complaint. In addition, said Defendants request that this Court enter appropriate filing restrictions that will require a motion from Plaintiff for leave to file any additional pleadings and any other conditions that the Court

deems appropriate. Finally, the IPC Defendants respectfully request that this Court award them the attorneys' fees and costs expended in responding to this frivolous and vexatious Complaint.

Dated: December 5, 2005                    Respectfully submitted,
                                                 ILLINOIS POWER COMPANY, VETA LUEKE, WILLIAM PRAY, GEORGE AUFMUTH, KEN JUSTICE, ROD HILBURN, MIKE CRANDALL, MYRON KUMLER AND FRANCIS WALSH

                                                 By: s/ Veronica L. Spicer
                                                      One of their Attorneys

OF COUNSEL:
Danuta Bembenista Panich, Bar No. 3121980
dpanich@mayerbrownrowe.com
Kim A. Leffert, Bar No. 6192947
kleffert@mayerbrownrowe.com
Veronica L. Spicer, Bar No. 6274243
vspicer@mayerbrownrowe.com
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL  60606
(312) 782-0600
(312) 701-7711 – Facsimile

**Exhibit A: Comparison of Counts in Green V (Current Case) with
Claims Alleged in Green IV (Case No. 02-2097) and Green III (Case No. 01-2090)**

| Claim in Green V | Corresponding Paragraphs in Green IV Complaint | Corresponding Paragraphs in Green III Complaint |
|---|---|---|
| Count I, ¶¶32-37 | Count I, ¶¶217-221 | Count I, ¶¶30-33 |
| Count II, ¶¶38, 40-54 | Count II, ¶¶222, 224-230; Count III, ¶¶234-235, 238, 239, 241, 243-244 | Count II, ¶¶34-40; Count III, ¶¶44-48, 50-51 |
| Count III, ¶¶55-56, 58 | Count IV, ¶¶245, 248 | |
| Count IV, ¶¶59-62, 64 | Count V, ¶¶249-253 | Count XVI, ¶¶168-169; Count XVII, ¶¶172, 175-176; Count XX, ¶207; Count XXIV, ¶¶240-241 |
| Count V, ¶¶66-68, 82-86 | Count VIII, ¶¶263-4, 267-272 | Count XXV, ¶¶245, 247-251 |
| Count VII, ¶¶110-117 | Count XII, ¶¶298-305 | |
| Count VIII, ¶¶119-127 | Count XIV, ¶¶316-323, 325 | |
| Count IX, ¶¶129-135 | Count XV, ¶¶326-332 | |
| Count X, ¶¶137-141, 146 | Count XVI, ¶¶337-340, 343 | Count XI, ¶119 |
| Count XI, ¶¶148-162 | Count XIX, ¶¶367-375; Count XX, ¶¶382-383; Count XXI, ¶¶392-395 | |
| Count XII, ¶¶164-170, 172-174 | Count XXII, ¶¶388-389, 405-410 | |
| Count XIII, ¶¶176-179, 184-86 | Count XXIV, ¶¶413-418 | |
| Count XIV, ¶¶188-196 | Count XXV, ¶¶419-427 | |
| Count XV, ¶¶198-203 | Count XXVI, ¶¶428-433 | |
| Count XVI, ¶¶205-214 | Count XXVII, ¶¶434-443 | |
| Count XVII, ¶¶217-219, 221-222 | Count XXVIII, ¶¶ 444-446, 449-450 | |
| Count XXIV, ¶¶300-316 | Count XXIX, ¶¶451-466 | |