IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES LEE GREEN, ) | |
| ) | |
| Plaintiff, ) | Case No: 05 CV 02222 |
| ) | |
| v. ) | The Honorable Michael P. McCuskey |
| ) | |
| ILLINOIS POWER COMPANY, et al, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS ILLINOIS POWER COMPANY, VETA LUEKE, WILLIAM PRAY, GEORGE AUFMUTH, KEN JUSTICE, ROD HILBURN, MIKE CRANDALL, MYRON KUMLER AND FRANCIS WALSH'S MEMORANDUM IN SUPPORT OF THEIR MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT, TO STRIKE, AND FOR SANCTIONS**

This complaint initiates Plaintiff Green's fifth federal lawsuit against his employer, Illinois Power Company ("IPC"). His immediately preceding lawsuit included allegations against most of the individual defendants affiliated with IPC who are named in this proceeding.[1]

This Court has either dismissed or granted summary judgment against Plaintiff in each of his previous suits. Indeed, this Court found one of Plaintiff's previous suits so lacking in merit that it levied sanctions against Plaintiff to cover IPC's attorneys' fees and costs. The Court has also admonished Plaintiff that any future complaints must "include a 'short and plain statement' of the claims, as required by Rule 8(a) of the Federal Rules of Civil Procedure," "be based upon allegations which have not already been ruled on by this court," "if brought pursuant to Title VII, be based upon allegations which have been included in a timely EEOC charge" and not be time-barred.

---

[1] Plaintiff's complaint in Green IV, Case No. 99-3114, included allegations about Veta Lueke, Ken Justice, Myron Kumler, George Aufmuth and Rod Hilburn and referred to Messrs. Aufmuth and Hillburn as "defendants" in certain counts.

Despite these sanctions and admonishments, Plaintiff has filed a complaint in which every claim violates at least one, and sometimes all, of the rules laid out by the Court. Indeed, the bulk of this Green complaint is a wholesale repetition of Green IV. Moreover, a number of the claims in Plaintiff's most recent filing are facially deficient since they are based on statutes containing either no private right of action at all, no right of action against non-state actors, or no right of action against individuals. Similarly, the motions included within the complaint are wholly without merit and procedurally deficient.

The Green V complaint is clearly frivolous and vexatious. Accordingly, for the reasons discussed below, IPC and the individual Defendants affiliated with IPC, Ms. Lueke and Messrs. Pray, Aufmuth, Justice, Hilburn, Crandall, Kumler and Walsh ("the Individual Defendants"; collectively "the IPC Defendants"), respectfully request that: this Court dismiss Plaintiff's complaint (with prejudice as appropriate); strike the "motions" made in Plaintiff's complaint, and appropriately sanction Plaintiff for his contumacious conduct, including an award to them of attorneys' fees and costs.

## **PROCEDURAL BACKGROUND**

A brief recitation of the procedural history of Plaintiff's litigious behavior is telling. Plaintiff filed his first pro se complaint against IPC ("Green I") on July 17, 1997. See Green I Complaint (attached as Exhibit 2).[2] Plaintiff alleged that, in 1996, he was wrongly denied Shift Technician positions and an Electronic Technician position. Plaintiff also alleged that his former supervisor granted a white co-worker more generous leaves of absence. This Court granted

---

[2] The attachment of Plaintiff's previous complaints and this Court's orders does not convert this motion into a motion for summary judgment. One of the IPC Defendants' primary arguments is that Plaintiff's claims are largely barred by issue and claim preclusion. These are proper grounds for a Fed. R. Civ. P. 12(b)(6) motion to dismiss. See Collins v. Illinois, 125 Fed.Appx. 723, 727, 2005 WL 545638, at 3 (7th Cir. Mar. 4, 2005) (all unpublished opinions are collectively attached as Exhibit 12). The prior pleadings and orders are attached only for the Court's convenience.

2

IPC's motion for summary judgment on August 14, 1998, holding that Plaintiff's leaves of absence claim was time-barred and that Plaintiff had no evidence that IPC's asserted reasons for its decisions were pretext for discrimination. See Aug. 14, 1998 Order (attached as Exhibit 3). Plaintiff appealed. On April 26, 1999, the Seventh Circuit affirmed this Court's ruling.

Undeterred, Plaintiff found counsel and again sued IPC on May 26, 1999. This time he added his union, the International Brotherhood of Electrical Workers, Local 51 ("Local 51"), as a co-defendant ("Green II"). See Green II Complaint (attached as Exhibit 4). Plaintiff alleged claims of race discrimination, retaliation, and a pattern and practice of race discrimination against IPC. These claims all focused on the same jobs as were at issue in Green I, although Plaintiff now alleged that he had applied for Electronic Technician positions in 1992, 1994, 1995 and 1996. Since the EEOC charge underpinning Green II had not been filed until November 28, 1997, the bulk of Plaintiff's claims against IPC were time-barred. See Dec. 23, 1999 Report and Recommendation (attached as Exhibit 5) and Feb. 29, 2000 Order (attached as Exhibit 6). The Court further held that IPC was entitled to judgment on Plaintiff's remaining claims since they were the same as the claims in Green I and thus precluded. The Court awarded IPC its fees and costs in "obtaining a dismissal of claims that never should have been filed." Dec. 23, 1999 Report and Recommendation at 12 (Ex. 5).

Despite the fact that this Court had twice rejected his claims, Plaintiff proceeded to file another complaint on April 17, 2001 ("Green III"). Green III contained allegations that Plaintiff was wrongly denied certain positions, that the terms and conditions of a position changed after he accepted it, and that Plaintiff was subject to a racially hostile work environment. See Green III Complaint (attached as Exhibit 7). This Court dismissed 9 of Plaintiff's 25 counts as time-barred, outside the scope of the EEOC charge or precluded by previous litigation. See Oct. 25,

2001 Report and Recommendation (attached as Exhibit 8) and Sept. 23, 2002 Order (attached as Exhibit 9). IPC was awarded summary judgment as to the remaining counts since Plaintiff failed to properly show that he suffered an adverse employment action, that he was qualified for the positions that he allegedly sought, that these positions remained open after he was not transferred to them or that his workplace was hostile.

Green again attempted to sue IPC and Local 51 pro se by filing a 78-page complaint with 29 counts on April 25, 2002 ("Green IV"). See Green IV Complaint (attached as Exhibit 10). Green added individual claims against Rod Hillburn and George Aufmuth, and made various allegations against Veta Lueke, Ken Justice and Myron Kumler, each of whom is named a defendant in this case. Green IV essentially restated Green III. Plaintiff claimed that he had been wrongly denied certain positions, promotions and training, that the terms and conditions of a position changed after he accepted it and that he was subject to a racially hostile work environment. As with Green's other complaints, Green IV was replete with claims that were incomprehensible, had previously been adjudicated, had not been administratively exhausted, and were time-barred. See Oct. 7, 2002 Order (attached as Exhibit 11). For these reasons, this Court dismissed Plaintiff's complaint in Green IV with prejudice.

In Green IV, Plaintiff also moved to vacate a labor arbitration decision that had arisen under the collective bargaining argument. The Court rejected Plaintiff's position, holding that he lacked standing to challenge the award since he failed to bring a breach of fair representation claim against his union. The Court also found meritless the various other motions in Plaintiff's Green IV complaint, including motions for sanctions and appointment of counsel. The Court concluded by admonishing Plaintiff that any future filings had to contain a "short and plain statement" of the claims, be based on claims that had not been previously litigated, be properly

administratively exhausted and not be time-barred. As shown below, the instant Complaint that Plaintiff filed on October 4, 2005 ("Green V") clearly fails to meet these standards.

## LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint is properly dismissed if "looking only at the pleadings, taking all the facts alleged by the plaintiff to be true, and construing all inferences in favor of the plaintiff, the plaintiff fails to state a claim upon which relief can be granted." Pleva v. Norquist, 195 F.3d 905, 911 (7th Cir. 1999). See also Miller v. United States, No. 00-4009, 2000 WL 1141597, at *2 (C.D. Ill. June 5, 2000) (quoting Grzan v. Charter Hospital, 104 F.3d 116, 119 (7th Cir.1997) ("If the plaintiff's claim as pled . . . is 'without legal consequence,' dismissal is proper.")). Although federal notice-pleading allows for a liberal reading of a complaint, the complaint must at least set out facts sufficient to delineate the claim's basis if it is to withstand a motion to dismiss. Panaras v. Liquid Carbonic Indus., Corp. et al., 74 F.3d 786, 792 (7th Cir. 1996).

Because the few facts set forth in Plaintiff's lengthy Complaint are insufficient to state a claim under any legal theory, and because the Complaint fails to satisfy Rule 8's requirements, the Complaint must be dismissed as a matter of law. Further, as discussed below, because it is impossible for Plaintiff to succeed under any set of facts for the majority of his claims, Defendants ask that those claims be dismissed with prejudice.

## ARGUMENT

**I.    Plaintiff's Complaint Must Be Dismissed In Its Entirety Since It Does Not Contain A Short And Plain Statement Of His Claims**

Plaintiff has filed a meandering 64-page Complaint that is a conscious violation of both this Court's Order in Green IV and the Federal Rules of Civil Procedure. Despite the admonishment that any future cases must "include a 'short and plain statement' of the claims, as

required by Rule 8(a) of the Federal Rules of Civil Procedure," Oct. 7, 2002 Order at 12, Plaintiff's Complaint contains nothing of the sort. Indeed, in large part, it duplicates the complaint that was the subject of this Court's October 7, 2002 Order and which compelled the Court to issue its admonition. Plaintiff's failure to comply with Rule 8(a) is not a mere technical violation. Justice certainly does not require that this Court or the IPC Defendants spend any further resources attempting to divine the legal theories and factual allegations underpinning Plaintiff's Complaint.

Under Fed. R. Civ. P. 8(a), "[a] pleading which sets forth a claim for relief … shall contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Pro se litigants are subject to the pleading requirements of Rule 8(a). Courts can and should dismiss pro se complaints that fail to comply with Rule 8(a), even though pro se complaints are evaluated liberally. See Devore v. County of Jefferson, No. 96-1214, 1997 WL 14789, at *2 (7th Cir. Jan. 9, 1997). In Devore, for example, plaintiff cited "several substantive constitutional provisions that he claims the various defendants violated, but fail[ed] to state in what manner they did so." Id. Plaintiff has followed a similar course of action here, stating the Defendants are subject to suit under such varied authorities as constitutional amendments and the Restatement (Second) of Torts, while failing to provide any intelligible factual allegations for his claims. For example, a number of Plaintiff's counts contain the following boilerplate "legal theory" paragraph:

> That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C. § 1983, U.S. Constitution (Amendment 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. § 1981, 28 U.S.C. §1367, 42 U.S.C. § 1981a, 42 U.S.C. § 1981a(a), 42 U.S.C. § 1981a(b)(1), 42 U.S.C. § 1981a(b)(3), 42 U.S.C. § 1983, 706g, Restatement

>(Second) of Torts § 908(2)(1979), 42 U.S.C. § 1981a(c),. In that he was subjected to discriminatory practices.

Similarly, Plaintiff has concluded the enumerated counts in his Complaint by stating

>That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of their own personnel policies and procedures Affirmative Action Policies, ICC order, Affliate Rules, U.S.C. 1983, 13th, 14th, 5th, 7th, 6th, 4th and 8th Amendment to the U.S. Constitution, 28 U.S.C. § 1367, 42 U.S.C. § 2000e-2, 706(g)  That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C. 1983, U.S. Constitution (Amendment 1, 5, 6, 7, 8, 9, 13, 14), 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. § 1981, 28 U.S.C. § 1367, 28 U.S.C. § 1981a, 42 U.S.C. § 1981a(a), 42 U.S.C. § 1981a(b)(1), 42 U.S.C. § 1981a(b)(3), 42 U.S.C. § 1983, 706g, Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. § 1981a(c), National Labor relations act, 49 Stat. 449, as amended 29U.S.C. 151 et seq,. FRCP 60 Landrum-Griffin Act 29 U.S.C. 411(a). 42 U.S.C. 2000e-5(k) (1988 ed., Supp.III) and 42 U.S.C. sec. 1997e(e) and 48 Stat 1064, USC, Title 28, former §723c (now §2072)), 301(b) of the Labor Management Relations Act, OSHA Act, Title 18, Part I, Chapter 79, section 1621, 42 U.S.C.S. § 1985, Title 18 U.S.C. §4, 2, 241, 242, 245, 246, 1505, 1515, Title 42 U.S.C. § 1961. Definition, Title 42 USC § 1962, 1964, 1965 and 1986 in that he was subjected to discriminatory practices depriving Plaintiff of his liberties.[3]

Aside from reciting these constitutional amendments, statutes and provisions in this boilerplate paragraph, Plaintiff has failed to elucidate exactly how he believes that these amendments, statutes and provisions provide any basis for legal relief.  Likewise, while naming Mike Crandall and Francis Walsh as defendants, Plaintiff has made no allegations against them at all.[4]

Plaintiff here cannot claim ignorance of Rule 8(a)'s pleading requirements, given his previous experience and the orders issued by this Court.  Despite this Court's Order, Plaintiff

---

[3] This paragraph was also in the complaint in Green IV.  Compare Green IV Complaint, ¶ 465 with Green V Complaint, ¶ 315.
[4] Plaintiff mentioned Mike Crandall as someone who received a job for which Plaintiff applied in Green III.

filed a complaint that is nearly identical in rambling language and scope to the complaint that this Court found deficient under Rule 8(a). For these reasons, Plaintiff's Complaint should be dismissed in its entirety. See Moyer v. Glen F. Hultz, No. 05-3039, 2005 WL 2994328, at *2 (C.D. Ill. Nov. 8, 2005) (pro se claims dismissed due to failure to give defendants fair notice of claims and grounds upon which they rested); Terpening v. Brett, 222 F.Supp.2d 1135, 1138 (C.D. Ill. 2002) (pro se complaint dismissed due to failure to contain sufficient allegations to allow defendants to reasonably answer or to state a cause of action).

**II.    The Majority Of The Complaint Must Be Dismissed With Prejudice Due To The Bar Of Issue And Claim Preclusion.**

Even if Plaintiff had not violated Fed. R. Civ. P. 8(a) and this Court's 2002 Order, the vast majority of Plaintiff's claims should nonetheless be dismissed with prejudice on the grounds of issue and claim preclusion.[5] The law is clear that a plaintiff may not raise the same legal theories and factual allegations that have been or could have been previously litigated. See Collins, 125 Fed.Appx. at 727, 2005 WL 545638, at *3 (claims and facts that had been previously litigated were properly dismissed). In addition, a party will be precluded from litigating a claim if it could have been raised in an earlier action. This Court admonished Plaintiff in its October 7, 2002 Order to only file a complaint "based upon allegations which have not already been ruled upon by this court." It is patently obvious that Plaintiff has violated this Court's Order since the bulk of his current complaint was clearly cut and pasted from his Complaint in Green IV with little alteration. Indeed, allegations regarding certain positions that Plaintiff did not receive in Green IV and Green V are also present in Green I (shift technician and electronic technician), Green II (same) and Green III (preventive maintenance technician).

---

[5] As this Court noted in its October 7, 2002 Order, a number of Plaintiff's previously asserted claims are also defective because Plaintiff did not include them in his EEOC charges or they were time-barred. Because issue and claim preclusion so clearly applies to these claims, however, Defendant will not separately address each possible reason that Plaintiff's claims are legally defective.

8

### A. Issue Preclusion Prohibits Plaintiff From Re-Alleging Previously Adjudicated Claims

Issue preclusion (otherwise known as collateral estoppel), prohibits a party from re-litigating previously decided matters. Under this doctrine, "an issue may not be litigated if the following conditions are met: (1) the issue sought to be precluded is the same as that involved in a prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was represented in the prior action." Adair v. Sherman, 230 F.3d 890, 893 (7th Cir. 2000).

The vast majority of allegations in the Green IV complaint have been repeated, nearly verbatim, in the current Complaint. Thus, it requires little analysis to determine that the issues presented here were actually litigated in a prior action.[6] There is also no dispute that Plaintiff's claims in the previous litigation were essential to the final judgment as it is clear from the Court's Order in Green IV that all of Plaintiff's claims were carefully considered. Obviously Plaintiff was involved in both actions. Because all of the conditions for issue preclusion are met, all of the repleaded claims are barred.

The same conclusion must be reached with regard to claims which appear in a rearranged or rephrased format. For example, Plaintiff has added an allegation of perjury against certain individuals to a few of his claims. This perjury assertion was a standalone claim in Green IV (Count IV). Plaintiff has also added a "legal theory" paragraph, previously asserted in Green IV, Count III, to certain claims in Green V.[7] Rearranging legal theories does not change the fact that

---

[6] For the convenience of the Court, a chart setting forth those counts with allegations that are either identical or substantially similar to those that Plaintiff has previously pled is attached as Exhibit 1. Any minor differences between the allegations in the Green IV and V complaints are noted in the chart as well. A version of this chart that does not include this explanatory information is attached to the IPC Defendants' Motion to Dismiss Plaintiff's Complaint, Motion to Strike and Motion for Sanctions as Exhibit A.

[7] The legal theory paragraph is quoted above at pp. 6-7.

Plaintiff is merely restating his previously adjudicated claims. Plaintiff cannot avoid issue preclusion by merely re-ordering his lengthy list of claims.

Similarly, the new Count XVII is simply a rephrasing of Plaintiff's old claims. Compare ¶ 220 of the current Complaint alleging that Defendants attempted to cause Plaintiff bodily harm or death to Green IV Complaint ¶408. The current Complaint also alleges that Plaintiff suffered denial of training opportunities (Green IV Complaint ¶266), the application of different standards of employment (Green IV Complaint ¶229), denial of opportunities to serve on a substation committee (Green IV Complaint ¶391), and being placed in a false light (Green IV Complaint ¶416). Finally, it alleges that Plaintiff was subjected to abusive conduct (Green IV Complaint ¶365). Shuffling previously adjudicated allegations into a new order does not avoid issue preclusion.

Counts XX and XXI, in which Plaintiff alleges certain claims based on IPC's failure to transfer him to the Danville substation, are further examples of the pleading game played by Plaintiff. This claim appeared as Counts XXVI and XXVII in Green IV. Compare Green V Complaint ¶¶ 255 and 268 with Green IV Complaint ¶¶ 432 and 438.[8] These Counts, just like the others which merely reiterate previously adjudicated claims, are barred.

### B. Claim Preclusion Prohibits Plaintiff From Alleging Claims That Could Have Been Adjudicated In Previous Complaints

Plaintiff adds an introductory paragraph to Counts I, II and III of the current Complaint; these counts are otherwise identical to Counts I, II and IV respectively in Green IV. The new

---

[8] Plaintiff attempts to breathe life into this previously adjudicated claim by alleging that IPC did not transfer Plaintiff between 2000 and 2003, since an action in 2003 would not necessarily be precluded by Plaintiff's earlier complaints. Yet Plaintiff cites no new facts about IPC's alleged decision to not transfer Plaintiff. The mere fact that IPC did not change a prior decision does not revive a claim that has been adjudicated. It remains clear that the Danville substation transfer claim has already been adjudicated and thus is barred.

10

introductory paragraph does not add any new facts, it merely adds (or attempts to add), new legal theories to some of Plaintiff's claims.[9] The paragraph states as follows:

> This is an action against defendant for abusive conduct and trying to cover it up by committing perjury, false swearing, involves fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, due process or other misconduct or an adverse party, and the deprivation of plaintiff's liberties and due process.

To the extent that Plaintiff now attempts to stretch these legal theories to fit other previously alleged facts, such a maneuver is impermissible under the doctrine of claim preclusion. Under the doctrine of claim preclusion, "prior litigation acts as a bar not only to those issues which were raised and decided in the earlier litigation but also to those issues *which could have been raised in that litigation*." Car Carriers, Inc. v. Ford Motor Co., 789 F.2d 589, 593 (7th Cir. 1986). Claim preclusion applies if there is 1) "an identity of the parties or their privies, 2) an identity of the causes of action, and 3) a final judgment on the merits." Id. at 595 n.9. Each of these factors is met here.

Plaintiff and Defendants IPC, Aufmuth and Hillburn were the same in both Green IV and Green V. The remaining Individual Defendants, Ms. Lueke and Messrs Justice, Kumler, Pray, Crandall, and Walsh, stand in privity, since their joinder in this proceeding clearly stems from their employment at IPC. Thus, the first requirement is satisfied. The second factor is also easily met. When claims arise "out of a single core of operative facts," claim preclusion applies. Car Carriers, Inc., 789 F.2d at 593. Plaintiff's attempts to recast the same facts from Green IV into new claims in Green V by changing his legal theories is therefore without merit. Finally, because Green IV ended in dismissal on the merits in Defendants' favor, the third requirement for claim preclusion is satisfied.

---

[9] Moreover, this paragraph is also present – almost verbatim – in the introductory section of Plaintiff's Green IV complaint (¶ 22).

11

In sum, all claims in Plaintiff's current Complaint that were or could have been alleged previously should be dismissed under either the doctrines of issue or claim preclusion. Issue preclusion clearly bars any claim that is cut and pasted from one of Plaintiff's previously adjudicated complaints. Issue preclusion also bars any previously adjudicated claim that Plaintiff has merely rearranged or rephrased. Finally, any claim that arises out of the same facts that formed the basis of Plaintiff's previous complaints is barred due to claim preclusion.

### III. Those Claims Which Are Not Subject To Issue Or Claim Preclusion Are Still Legally Infirm

Ultimately, only a few counts of the current Complaint appear to contain any new allegations at all. And even so, these allegations are either coupled with, or contain, such confusing rhetoric that it almost impossible for the defendants to ascertain what claim is being alleged. See Vicom, Inc., V. Harbridge Merchant Services, Inc., 20 F.3d 771, 775 (7th Cir. 1994) (Not only does Rule 8 require a short and plain statement of the claims, but a complaint must also, at a minimum, be intelligibly sufficient to allow the court and opposing party to ascertain what claims are being alleged). However, as best that can be read, Count IV, ¶63 and Count V contain some allegations regarding issues with Plaintiff's health care, worker's compensation benefits and family medical leave benefits. Count VI also raises the issue of worker's compensation benefits. An issue regarding a July 2003 injury that is raised in Plaintiff's EEOC charge is the subject of Count XVIII and XIX. Count XIII, ¶¶180-182 and 184 raise issues with regard to Plaintiff's credit report and payment of his electric bill. Counts XXII and XXIII deal with an alleged reduction in pay in October 2003. Finally, Plaintiff cites three

incidents in support of a hostile work environment claim that do not explicitly appear on the face of his other complaints.[10]

While these allegations may be making their first appearance in this proceeding, they do not prevent the wholesale dismissal of this Complaint. The "new" allegations, like the Complaint generally, are still wholly unintelligible and thus subject to dismissal for failure to comply with F.R.C.P. 8(a)'s requirement of a "short and plain statement." These claims must also be dismissed to the extent they assert a Title VII claim but were not included in Plaintiff's EEOC charge, are time-barred, rely on a statute that does not provide a private right of action against a non-state actor, or, in the case of the Individual Defendants, rely on a statute which does not permit a claim against an individual.

### A.     Discrimination Claims Outside Of The EEOC Charge Should Be Dismissed

In order to properly bring a race discrimination or retaliation claim pursuant to Title VII of the Civil Rights Act of 1964, the allegations must be included in or grow out of the underlying EEOC charge. Ajayi v. Aramark Business Services, Inc., 336 F.3d 520, 527 (7th Cir. 2003) (age discrimination claims not exhausted by EEOC charge alleging national origin discrimination). This Court specifically admonished Plaintiff in its October 7, 2002 Order that any future cases brought pursuant to Title VII must "be based upon allegations which have been included in a timely EEOC charge." Despite the Court's admonition and long established Title VII law, Plaintiff has alleged a hostile work environment claim which bears no relationship to the EEOC charge.[11] Indeed, the EEOC Charge that supports and is attached to the Complaint asserts race

---

[10] Aside from the factual allegations and legal theories summarized above, the remaining portions of these counts are mere restatements of allegations from Plaintiff's earlier complaints.

[11] The hostile environment claim is apparently based on (1) an employee's alleged use of the word "niggardly" (¶143) (an allegation which was included in Green III and therefore may not be raised again here in any event), (2) a noose hanging outside an Illinois Power Company room (¶144); (3) "White Power" and "KKK" sprayed on a dumpster located on Illinois Power Company property (¶144); and (4) a rebel flag being displayed in the Hazel Street Substation of Illinois Power Company's Danville office (¶145).

13

discrimination and retaliation allegedly arising from improper treatment for an injury in July 2003 and a pay reduction in October 2003.

In order for a claim not expressly stated in an EEOC charge to be administratively exhausted, the claim must be "like or reasonably related to the EEOC charges" and the claim must be something that "could develop from the EEOC investigation into the original charges." Harper v. Godfrey Co., 45 F.3d 143, 148 (7th Cir. 1995). To the extent that any of the four alleged incidents are even timely, they clearly are not "like or reasonably related" to the July 2003 bruised bones incident or the October 2003 reduction in pay described in the EEOC charge. Plaintiff has thus failed to exhaust his administrative remedies with respect to the hostile environment claim and it should be dismissed.

  **B.**  **Claims Based On Legal Theories Without A Right Of Action Should Be Dismissed With Prejudice As Legally Deficient**

While Defendants are, in large part, unable to discern the factual underpinnings for many of the alleged causes of action pled by Plaintiff, a number of the constitutional amendments, statutes and other legal provisions he cites carry no right of action, no private right of action or no private right of action against non-state actors. These claims should be dismissed with prejudice.

As an initial matter, Plaintiff has purported to bring suit under some statutes that contain no right of action at all. In particular, 42 U.S.C. §§1981a, 1981a(a) and 1981a(b)(1) are only damages provisions for Section 1981 claims. 42 U.S.C. § 1981a(b)(3) is just an enumerated paragraph and 42 U.S.C. §1981a(c) only deals with jury trials. There are a number of other statutes and provisions cited by Plaintiff that clearly bestow no right of action at all.[12]

---

[12] These include Fed. R. Civ. P. 60, 42 U.S.C. § 1997e(e) (suits by prisoners), 28 U.S.C. § 2072 (rules of procedure and evidence), 48 Stat. 1064 (regulation of wire and radio communication), 42 U.S.C. § 1961 (Water Resources Research Act), 42 U.S.C. § 1962 (statement of Congressional intent for Water Resources Research Act), 28 U.S.C. §

Further, certain statutes cited by Plaintiff do not permit a private action by individuals. The Occupational Safety and Health Act, 29 U.S.C. § 651, for example, does not include a private right of action. See Fletcher v. United Parcel Service, Local Union 705, 155 F. Supp. 2d 954, 957 (N.D. Ill. 2001). Also, Plaintiff's attempt to bring a claim of perjury against IPC and the named Individual Defendants is moot as Illinois law does not recognize a civil perjury action.[13] See Parks v. Neuf, 218 Ill. App. 3d 427, 429 (1991).

Plaintiff has also brought suit under United States constitutional amendments and certain statutes that do not contain a private right of action against non-state actors, such as IPC or the Individual Defendants. Specifically, even though Plaintiff attempts to bring suit pursuant to the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth Thirteenth and Fourteenth Amendments to the United States Constitution, "[a]s a general rule, the conduct of private parties lies beyond the Constitution's scope." See Air Line Pilots Ass'n, Int'n. v. Dep't of Aviation of City of Chicago, 45 F.3d 1144, 1149 (7th Cir.1995). Similarly, Plaintiff cites 42 U.S.C. § 1983 in his complaint, although "a private corporation does not act under color of state law and thus cannot be held liable under 42 U.S.C. § 1983." See Pusch v. Social Sec. Admin., 811 F.Supp. 383, 387 (C.D.Ill. 1993). Accordingly, all of these claims must be dismissed with prejudice.

The same conclusion applies to the extent that Plaintiff seeks to assert a Title VII claim against any of the Individual Defendants.[14] No such claim will lie since "supervisors are not

---

1331 (jurisdictional statute), 28 U.S.C. § 1332 (jurisdictional statute), and 28 U.S.C. § 1367 (jurisdictional statute); 18 U.S.C. § 1515 (definitions), and Restatement (Second) of Torts. Plaintiff also cited a number of statutes that could not even be located. See 28 U.S.C. § 723c, 42 U.S.C. § 1964, and 42 U.S.C. § 1965.

[13] Plaintiff has also cited other statutes that only apply to criminal proceedings, such as 18 U.S.C. § 1621 (perjury), 42 U.S.C. § 1985 (conspiracy), 18 U.S.C. § 4 (misprison of felony); 18 U.S.C. § 2, 18 U.S.C. § 241 (conspiracy), 18 U.S.C. § 242 (deprivation of rights), 18 U.S.C. § 245 (federally protected activities), 18 U.S.C. § 246 (deprivation of relief benefits), 18 U.S.C. § 1505 (obstruction of proceedings) and 42 U.S.C. § 1986 (action for neglect to prevent).

[14] In addition to the fact that individuals are not liable under Title VII, Plaintiff's claims are clearly also infirm since he fails to assert facts upon which these individuals might be found liable. As discussed in Section V(A) below, Plaintiff's Complaint fails to allege exactly what factual and legal theories support a finding of liability as to the Individual Defendants.

liable in their individual capacities under Title VII." Worth v. Tyer, 276 F.3d 249, 262 (7th Cir. 2001).

### IV.  The "Motions" Included In The Complaint Should Be Stricken As Procedurally Defective

At the end of his Complaint, Plaintiff brings a number of "motions" that are clearly procedurally improper.  Specifically, Plaintiff has requested sanctions and appointment of counsel and moved this Court to reconsider and vacate the arbitration decision of Edward P. Archer.  Plaintiff's argument for sanctions in Green V is the exact same argument that he made in Green IV.  Compare Green V Complaint, ¶¶427-435 with Green IV Complaint, ¶¶493-501.  This Court held in Green IV that Plaintiff "has not shown that there is any basis for awarding sanctions against Illinois Power in this case," and there is no reason the outcome should now be any different.  Oct. 7, 2002 Order at 11.  As far as the appointment of counsel, as in Green IV, Plaintiff has again failed to inform this Court why counsel should be appointed.  Based on the apparent lack of merit to Plaintiff's claims in Green V, Defendants submit that there is again no reason for a different outcome here.

Plaintiff's argument that this Court should reconsider and vacate the Archer Arbitration Award is also identical to the argument that Plaintiff made (and this Court rejected) in Green IV.  Compare Green V Complaint, ¶¶411-423 with Green IV Complaint, ¶¶477 with 489.  As this Court previously held, Plaintiff lacks standing to challenge the award since he failed to bring a breach of fair representation claim against his union.  Plaintiff's latest Complaint does not rectify this deficiency – and would be well outside the six month statute of limitations for such claims.  See Pokuta v. Inter'l Ass'n of Machinists and Aerospace Workers, District Lodge 142, 158 F.Supp.2d 850, 854 (N.D.Ill. 2001) ("A duty of fair representation claim must be filed within six months after the plaintiff discovers or should have discovered the acts constituting the alleged

breach of duty."). Thus, Plaintiff's request should either be denied or these allegations stricken from Plaintiff's Complaint.

## V.    This Court Should Sanction Plaintiff

Based on Plaintiff's manifest unwillingness to heed this Court's orders and to file only those complaints that have a good faith basis in the law, filing restrictions and monetary sanctions are warranted in this matter.

### A.    Filing Restrictions Should Be Imposed On Plaintiff

This Court admonished Plaintiff in its October 7, 2002 Order to only file a complaint based on claims that have not already been adjudicated, that were not time-barred, that were properly included in an EEOC charge as necessary and that included a "short and plain statement" of the claims. This Court stated that "failure to heed this court's warning may result in an order barring [Plaintiff] from filing any future lawsuits, letters, pleadings, or motions unless he first obtains leave of this court to file a given document." Oct. 7, 2002 Order at 13. Such a motion would have to be either signed by a licensed attorney or accompanied by a memorandum of law in support of Plaintiff's claims that certifies "that the claims the plaintiff wishes to present are new and have never before been raised in any court and are not barred by the statute of limitations." Oct. 7, 2002 Order (quoting Pusch, 811 F. Supp. at 387). Defendants respectfully suggest that, in light of Plaintiff's most recent filing, the time for such an order has arrived.

Such an order is even more appropriate due to Plaintiff's attempt to use claims alleged against his employer in an attempt to bring certain current and former Illinois Power Company employees – against whom he has no legal claims – into these actions. Plaintiff merely makes factual allegations showing that these individuals might be witnesses to certain incidents. An examination of the paragraph involving these individuals shows that Plaintiff in fact makes no

legal claims against them. See Complaint ¶¶201 and 407 (Rod Hilburn); 231 and 242 (William Pray); and 353, 354, 357-361 (Veta Lueke, Ken Justice, Myron Kumler and Rod Hilburn). Even worse, aside from naming Mike Crandall and Francis Walsh in the caption of his Complaint, Plaintiff makes no factual allegations involving these individuals at all. An order that might stem such abusive conduct is certainly an appropriate response to Plaintiff's latest filing.

### B.    Payment Of Attorneys' Fees And Costs Are Warranted In This Action

As this Court also noted in its October 7, 2002 Order, attorneys' fees and costs were previously awarded to IPC because Plaintiff's complaint in Green II (Case No. 99-2126) was based on "the exact same claims that were previously resolved against him." Oct. 7, 2002 Order at 12. Just as this Court awarded fees as a sanction in Green II, fees should also be awarded here. The vast majority of Plaintiff's claims are merely cut and pasted straight out of one of the four previous complaints for which this Court entered judgment in Defendants' favor. In light of Plaintiff's clear violation of the Federal Rules of Civil Procedure and this Court's previous admonishment, Defendants are more than entitled to their attorneys' fees and costs associated with responding to Plaintiff's latest complaint. As the Seventh Circuit has stated, "a prevailing defendant is entitled to costs and attorneys' fees if the plaintiff either brought suit in subjective bad faith or the action was 'frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" Adusumilli v. Swedish Covenant Hosp., No. 01 CV 5404, 2002 WL 171965, at *8 (N.D. Ill. Feb. 4, 2002). This standard is clearly met here.

### CONCLUSION

Because the current Complaint blatantly defies this Court's prior directive and is primarily a rehash of what has already been litigated, Defendant IPC and the Individual

Defendants respectfully submit that the Complaint must be dismissed and/or stricken in its entirety, and Plaintiff should be sanctioned so as to prevent further abuse of the judicial system and waste of the Defendants' resources.

Dated:  December 5, 2005                    Respectfully submitted,

ILLINOIS POWER COMPANY, VETA LUEKE, WILLIAM PRAY, GEORGE AUFMUTH, KEN JUSTICE, ROD HILBURN, MIKE CRANDALL, MYRON KUMLER, AND FRANCIS WALSH

By: s/ Veronica L. Spicer
       One of their Attorneys

OF COUNSEL:

Danuta Bembenista Panich, Bar No. 3121980
dpanich@mayerbrownrowe.com
Kim A. Leffert, Bar No. 6192947
kleffert@mayerbrownrowe.com
Veronica L. Spicer, Bar No. 6274243
vspicer@mayerbrownrowe.com
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL  60606
(312) 782-0600
(312) 701-7711 – Facsimile