E-FILED

Monday, 05 December, 2005  06:50:47 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

**FILED**

AUG 1 4 1998

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES GREEN, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **Case No. 97-2148** |
| ILLINOIS POWER CORPORATION, | ) | |
| an Illinois corporation, | ) | |
| Defendant. | ) | |

## O R D E R

Now before the Court is Defendant Illinois Power's ("IP") Motion for Summary Judgment (#86). The Court has considered the submissions of the parties. For reasons explained below, the Motion is **GRANTED**.

### I. Introduction

This is an action brought by Charles Green alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 and 2000e-5. Plaintiff's discernable claims are: (1) that he was wrongly denied shift technician positions at two IP power plants; (2) that he was wrongly denied an electronic technician position; and (3) that his former supervisor was more generous in allowing leaves of absence for his white coworker. In his response to the motion for summary judgment, Plaintiff alleges that this list is not exhaustive. He contends that he has revealed a discriminatory pattern on the part of Defendant. As any other instances of discrimination that may comprise this "pattern" have not been specifically argued in the pleadings, they will not be considered by this Court.

IP seeks resolution of these claims through the entry of summary judgment. It argues that Green fails to establish a prima facie case on any of the claims. It also contends that it had a non-discriminatory business reason for denying Green the jobs at issue. As for Plaintiff's claims of discrimination by his supervisor in regard to leaves of absence, it is asserted that claim is time-barred. In the alternative, IP argues that Plaintiff is simply incorrect in his factual assessment of the leave policy and implementation.

Exhibit 3

(105)

## II. Summary Judgment Standard

Federal Rule of Civil Procedure 56 outlines the procedures for motions for summary judgment. Rule 56(c) states that such a motion will be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." An issue is genuine if a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it could affect the outcome of the case. *Anderson*, 477 U.S. at 248.

The moving party bears the burden of informing the court of its basis for seeking summary judgment. *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986). However, where the nonmoving party will bear the burden of proof at trial, the nonmoving party must indicate the specific facts from sources beyond the pleadings that establish a genuine issue for trial. *Celotex*, 477 U.S. at 324.

Courts must construe pro se complaints liberally. *Black v. Rieth-Riley Construction Co., Inc.*, 957 F.Supp. 177, 180 (S.D.Ind. 1997). The allegations of the pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Unless it is "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,'" the plaintiff should have the opportunity to offer supporting evidence, however in artfully his or her allegations are pleaded. *Haines*, 404 U.S. at 520-521. On the other hand, procedural mistakes of those who proceed without an attorney are not always forgiven. *McNeil v. United States*, 508 U.S. 106, 113 (1993). While the summary judgment materials of a pro se plaintiff will be looked at with an "understanding eye," he or she must still present evidence that there is a genuine dispute of material facts. *Black*, 957 F.Supp. at 180. Pro se plaintiffs are held to the same standard for rules of evidence and procedure as those represented by counsel. *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

2

"When acting on a motion for summary judgment the judge considers only evidence that would be admissible at trial." *Gustovich v. A.T.&T. Communications, Inc.*, 972 F.2d 845, 849 (7th Cir. 1992). In order to ensure veracity and reliability, supporting materials intended to establish issues of fact in a summary judgment proceeding must be identified by affidavit or otherwise made admissible in evidence. *Friedel v. City of Madison*, 832 F.2d 965, 970 (7th Cir. 1987). Unless documents are authenticated, they are of no use in tending to prove or disprove the existence of a material question of fact. *Powers v. Runyon*, 974 F.Supp. 693, 696 (S.D.Ind. 1997). Self-serving statements absent any factual foundation do not suffice in meeting this burden. *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995). "[A] statement merely indicating that a purported affidavit is based upon 'information and belief' is insufficient." *Powers*, 974 F.Supp. at 696. An affidavit stating that the attached document is a "true and correct copy" is an inadequate foundation for authentication purposes. *Beyene v. Coleman Security Services, Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988).

### III. Local Rule 7.1

It should first be noted that Plaintiff Green failed to comply with the requirements of Local Rule 7.1(2) for the Central District of Illinois. This rule requires the nonmoving party file a Response to Statement of Undisputed Facts, a separate document numerically responding to each of the undisputed facts filed with the Motion for Summary Judgment by either admitting or contesting the enumerated facts. If the nonmoving party contests a fact, it must state the rationale for the contention and cite to affidavits or discovery materials that suggest the fact is disputed. As a result, all the facts in movant's Statement of Undisputed Facts are deemed admitted true. CDIL-LR 7.1(4). *See also Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994). Given Plaintiff's failure to satisfy Local Rule 7.1, the facts offered by IP in its Statement of Undisputed Facts are considered true for purposes of this motion for summary judgment.

### IV. Leave of Absence Claim Time-barred

IP argues that the claim alleging discrimination by Green's former supervisor Rodney Hilburn in allowing leaves of absence is barred by limitations. Mr. Hilburn was Plaintiff's

3

supervisor until 1996. (Hilburn Aff. #86). Mr. Green did not file charges with the EEOC until December 30, 1996, at least 364 days after Mr. Hilburn had ceased being Mr. Green's supervisor. (Green Dep. Ex.2 #86 ). Under 42 U.S.C. § 2000e-5(e), a claimant has 300 days to file a Title VII claim with the EEOC from the date of the occurrence. *See Vore v. Indiana Bell Telephone Co.*, 32 F.3d 1161, 1162-1163 (7th Cir. 1994). Given the statute and the absence of any argument to the contrary from Mr. Green, the leave of absence claim is barred since the evidence suggests more than three hundred days elapsed between the last possible act of discrimination and the filing of the claim with the EEOC.

### V. Disparate Treatment

All that remains are Plaintiff's claims regarding the denial of the positions of shift technician and electronic technician. When the alleged racial discrimination is based on a claim of disparate treatment, a plaintiff must offer proof of intentional discrimination. *Eiland v. Trinity Hospital*, 1998 WL 416884, *3 (7th Cir.). Intent may be proved by direct or indirect evidence. *Eiland*, 1998 WL 416884 at *3. Direct evidence requires no presumptions or inferences. *Id.* When relying on indirect evidence, the plaintiff must establish a prima facie case and prove it by a preponderance of the evidence. *Kirk v. Federal Property Management Corp.*, 22 F.2d 135, 138 (7th Cir. 1994). A plaintiff can establish a prima facie case by showing four things:

> (1) that the plaintiff belongs to a protected group; (2) that the plaintiff performed the job satisfactorily, applied for the new job, and was qualified for the new job; (3) that the plaintiff was rejected despite the plaintiff's qualifications; and (4) that the employer hired someone outside the protected group.

*Kirk*, 22 F.2d at 138. The burden of production then shifts to the defendant to show some nondiscriminatory, legally-sufficient explanation for the challenged employment decision. *Id.* If the defendant can meet this burden, the plaintiff must prove that the offered reasons are pretext for discrimination. *Id.* The ultimate burden of persuasion, however, remains with the plaintiff throughout this analysis. *Id.*

Even if Plaintiff Green could establish a prima facie case of intentional discrimination, Plaintiff could not prevail on his claims. "Where the defendant has done everything that would be

4

required of him if the plaintiff had properly made out a prima facie case, whether the plaintiff really does so is no longer relevant." *United States Postal Serv. Bd. of Governors v. Aikens*, 103 S.Ct. 1478, 1482 (1983). IP has carried its burden of providing this Court with the nondiscriminatory reasons for its relevant employment decisions and Plaintiff has failed to offer any evidence that these reasons are pretextual.

As for the electronic technician position, IP was contractually obligated not to consider Green. Plaintiff is a member of the International Brotherhood of Electrical Workers ("IBEW"), Local 51. (Green Dep. pg. 59). IP has a collective bargaining agreement with Local 51 distinct from its combined agreement with Locals 309/702. (Febus Aff. ¶¶ 10-11). The electronic technician position sought by Green was governed by the contract with Locals 309/702. (Green Dep. pg. 59). The terms of that agreement required the following: the position go to the most senior, qualified Locals 309/702 member with substation experience; if no applicant met those requirements, the position go to the most senior, qualified 309/702 member generally; and if no applicant met those requirements, the position would be open to non 309/702 employees. (Febus Aff. pgs. 33-36). As no qualified member with substation experience wanted the job, it was given to an otherwise qualified 309/702 member who happened to be white. (Robinson Aff. ¶ 17). Green contends this candidate did not have the required two-year electronics degree and is therefore not qualified. However, this candidate's education exceeded the minimum requirements established in the IBEW contract. (Robinson Aff. ¶¶ 18-23).

In contrast, both shift technician positions required IP to hire from qualified Local 51 candidates. (Green Dep. pg. 60). Green applied for transfer to the Baldwin facility and was rejected based on a history of excessive absenteeism. (Dodson Aff. ¶¶ 9-13). Two other employees, both white, were likewise rejected due to absenteeism although they actually had less absenteeism than Green. (Dodson Aff. ¶ 12). Absenteeism is a legitimate, nondiscriminatory factor in evaluating current or future employees. *Lindeman v. Mobil Oil Corp.*, 141 F.3d 290, 297-298 (7th Cir. 1998).

5

Defendant claims Plaintiff was quickly removed from consideration for the Wood River Power Station because he lacked comparable power plant experience. (Rasor Aff. ¶ 12). Plaintiff's past experience with a power plant was with a small hydro-electric plant. (Green Dep. pg. 173-174). The Wood River Power Station is a large coal-fired industrial generation plant. (Rasor Aff. ¶ 12). While Green claims to have superior skills based on experience and military training than the individuals hired for the Wood River and Baldwin positions, he provides no factual support for such a statement. Self-serving statements cannot be substituted for facts in attempting to prove a genuine issue of material fact. Therefore, even if Plaintiff could establish his prima facie case, he has not established a genuine issue as to pretext necessary to defeat Defendant's offering of nondiscriminatory reasons for its hiring decisions.

## VI. Conclusion

In his response (#92) to this Motion for Summary Judgment, Plaintiff states that "[i]f judgment should be granted it should be granted for the Plaintiff Charles Green." However, Plaintiff has failed to offer any evidence to justify denying the motion for summary judgment. To defeat Defendant's Motion for Summary Judgment, Green had to produce evidence to justify his belief that IP's hiring decisions were pretextual. Having failed to properly assert any facts that would allow a reasonable jury to decide in his favor, Green has not satisfied this burden. Therefore, Defendant's Motion for Summary Judgment (#86) is **GRANTED** and Defendant's Motion to Strike Plaintiff's Response (#97) is **MOOTED**.

ENTER this ____14th____ day of August, 1998.

_____
DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE

AO 450 (Rev. 5/85) Judgment in a Civil Case

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

**FILED**

AUG 1 4 1998

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## JUDGMENT IN A CIVIL CASE

**CHARLES GREEN,**
*Plaintiff,*

vs.                                                          *Case Number: 97-2148*

**ILLINOIS POWER CORPORATION,**
and Illinois corporation,
                *Defendants.*

☐ *JURY VERDICT.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.*

☒ *DECISION BY THE COURT.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.*

IT IS ORDERED AND ADJUDGED that judgment entered in favor of the defendants and against the plaintiff. Case terminated.  The parties are to bear their own costs.

ENTER this 14th day of August , 1998.

JOHN M. WATERS, CLERK

*Karen Wynn*

BY: DEPUTY CLERK

8-14-98

(106)

Z 044 794 128

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

| | |
|---|---|
| Sent to | |
| Street & Number | |
| Post Office, State, & ZIP Code | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | |

PS Form 3800, April 1995