E-FILED
Monday, 05 December, 2005 06:51:35 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

MAY 26 1999

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 99-3114 |
| | ) |
| ILLINOIS POWER COMPANY and | ) |
| THE INTERNATIONAL | ) |
| BROTHERHOOD OF ELECTRICAL | ) |
| WORKERS, LOCAL 51, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, CHARLES GREEN, and for his causes of action against the

Defendants, ILLINOIS POWER COMPANY [hereafter "ILLINOIS POWER"] and THE

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 51 [hereafter

the "IBEW"], states as follows:

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States

Code, Sections 1331 and 1337, together with Title 42, United States Code, Section 2000e-5.

This is a civil action arising under the laws of the United States regulating commerce.

Specifically, this is an action brought in furtherance of a certain act of Congress guaranteeing to

employees protection against discriminatory treatment in employment because of race, color,

religion, sex or national origin.

The venue of this Court to entertain the issues raised in this case is appropriate by virtue

of Title 28, United States Code, Section 1391(b) since both ILLINOIS POWER and the IBEW

Exhibit 4

engage in business activities within the judicial district of this Court and the claims giving rise to the above captioned proceeding did occur within the judicial district of this Court.

### ·COUNT I

For his first cause of action against ILLINOIS POWER, the Plaintiff, CHARLES GREEN, states as follows:

1. That ILLINOIS POWER is a corporation incorporated in the state of Illinois engaging in the business of providing utility service to consumers. It is a wholly owned subsidiary of Illinova Corporation.

2. That at all times pertinent to this proceeding ILLINOIS POWER did in connection with its business enterprise employ individuals to engage in manufacturing, transporting, selling, receiving, handling or otherwise working on or dealing in goods, products or services that have been moved in or produced for commerce and in an industry affecting commerce.

3. That ILLINOIS POWER has in each of twenty or more calendar weeks in the current or preceding calendar year employed twenty or more employees in connection with its business enterprises and constitutes an employer as that term is used in 42 U.S.C. Section 2000e(b).

4. That the Plaintiff, CHARLES GREEN, is an African-American male and has resided within the confines of Vermilion County, Illinois at all times pertinent to the foregoing proceeding

5. That within the time prescribed by 42 U.S.C. Section 2000e-5 the Plaintiff, CHARLES GREEN, did cause to have filed with the Equal Employment Opportunity Commission [hereafter "EEOC"] a charge of civil rights violation against ILLINOIS POWER.

This proceeding is being filed within ninety days of the issuance of a Notice of Right to Sue mailed February 26, 1999.

6.      That the Plaintiff, CHARLES GREEN, was at all times relevant to the above proceeding an employee of ILLINOIS POWER and in that connection had employment responsibilities with its Danville, Illinois service area as a substation electrician.

7.      That the Plaintiff, CHARLES GREEN, commenced his employment with ILLINOIS POWER on or about January 7, 1991 and has been employed continuously since that time by it.  CHARLES GREEN has been employed at its Danville, Illinois service area since about June of 1992.

8.      That on or about July 11, 1996 ILLINOIS POWER announced that there were immediate openings for the position of Shift Technician at its Baldwin, Illinois and Wood River, Illinois plants.

9.      That the Plaintiff, CHARLES GREEN, applied in a timely manner for the positions of Shift Technician at both the Baldwin, Illinois plant and the Wood River, Illinois plant.

10.      That the Plaintiff, CHARLES GREEN, was qualified for those positions. Despite his qualifications, however, the Plaintiff, CHARLES GREEN, was refused the opportunity to take the POSS test which is required as a precondition for those positions. Additionally, CHARLES GREEN was denied the opportunity to interview for those positions.

11.      That the individuals who were selected for the Station Shift Technician positions were all Caucasian males.  Most of the successful applicants for the Station Shift Technician positions were not employees of ILLINOIS POWER and were less experienced and less qualified for those positions than the Plaintiff, CHARLES GREEN.

**Page 3 of 19**

12. That with respect to the positions described in paragraph 8 the Plaintiff, CHARLES GREEN, by virtue of his training, background and experience was well qualified to hold those positions and it was consistent with his career goals and objectives.

13. That notwithstanding the application made by the Plaintiff, CHARLES GREEN, for the positions described in paragraph 8 and his qualifications for those positions, he was not afforded an opportunity to take the POSS test, was not offered an opportunity to interview for the positions and was not offered any of the positions. Rather the positions were given exclusively to Caucasian males most of whom were not ILLINOIS POWER employees and who by virtue of their training were less qualified for the positions than the Plaintiff, CHARLES GREEN.

14. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, CHARLES GREEN, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 in that he was passed over for positions for which he was well-qualified in favor of less qualified Caucasian males.

15. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, CHARLES GREEN, suffered monetary damage through the loss of salary and benefits together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits. He also lost employment advancement opportunities with ILLINOIS POWER which were consistent with his career goals and objectives.

WHEREFORE, the Plaintiff, CHARLES GREEN, respectfully requests that this Court enter judgment in his favor and against ILLINOIS POWER, and provide the following relief:

(a) Enter a declaratory judgment determining that the actions complained of in this

complaint are unlawful in violation of the provisions of 42 U.S.C. § 2000e-2 and issue a

mandatory injunction against ILLINOIS POWER, to take affirmative steps to ensure that

ILLINOIS POWER and all individuals working under it at ILLINOIS POWER to refrain from

engaging in any actions with respect to the Plaintiff, CHARLES GREEN, which are prohibited

under the terms of the aforesaid Act;

       (b)     Issue a mandatory injunction directing ILLINOIS POWER to appoint the Plaintiff,

CHARLES GREEN, to a position of employment at ILLINOIS POWER of Station Shift

Technician which at the time of trial he would have held but for the discriminatory conduct

complained of in this complaint with all employment duties, responsibilities, salaries, benefits and

rights attendant to that position;

       (c)     Award the Plaintiff, CHARLES GREEN, damages sufficient to compensate him

for economic losses suffered as a result of the denial of career advancement opportunities as

alleged in this complaint;

       (d)     Award the Plaintiff, CHARLES GREEN, compensatory and exemplary damages

to the extent permitted by law;

       (e)     Assess against ILLINOIS POWER the costs and expenses incurred by the Plaintiff,

CHARLES GREEN, in maintaining the above captioned proceeding together with the reasonable

attorney fees incurred by him in prosecuting the above captioned cause; and

       (f)     Provide such other relief as the Court deems to be equitable and just.

THE PLAINTIFF, CHARLES GREEN, RESPECTFULLY REQUESTS THAT ALL

ISSUES RAISED IN THIS COUNT WHICH MAY BY LAW BE PROPERLY TRIED

BEFORE A JURY BE TRIED BY A JURY.

## COUNT II

For his second cause of action against ILLINOIS POWER, the Plaintiff, CHARLES GREEN, states as follows:

16. That ILLINOIS POWER is a corporation incorporated in the state of Illinois engaging in the business of providing utility service to consumers and is a wholly owned subsidiary of Illinova Corporation.

17. That at all times pertinent to this proceeding ILLINOIS POWER did in connection with its business enterprise employ individuals to engage in manufacturing, transporting, selling, receiving, handling or otherwise working on or dealing in goods, products or services that have been moved in or produced for commerce and in an industry affecting commerce.

18. That ILLINOIS POWER has in each of twenty or more calendar weeks in the current or preceding calendar year employed twenty or more employees in connection with its business enterprises and constitutes an employer as that term is used in 42 U.S.C. Section 2000e(b).

19. That the Plaintiff, CHARLES GREEN, is an adult, African-American male and has resided within the confines of Vermilion County, Illinois at all times pertinent to the foregoing proceeding

20. That within the time prescribed by 42 U.S.C. Section 2000e-5 the Plaintiff, CHARLES GREEN, did cause to have filed with the Equal Employment Opportunity Commission [hereafter "EEOC"] a charge of civil rights violation against ILLINOIS POWER. This proceeding is being filed within ninety days of the issuance of a Notice of Right to Sue mailed February 26, 1999.

21. That the Plaintiff, CHARLES GREEN, was at all times relevant to the above proceeding an employee of ILLINOIS POWER and in that connection, had employment responsibilities with its Danville, Illinois service area as a substation electrician.

22. That the Plaintiff, CHARLES GREEN, commenced his employment with ILLINOIS POWER on or about January 7, 1991 and has been employed continuously since that time by it. CHARLES GREEN has been employed at its Danville, Illinois service area since about June of 1992.

23. That in December of 1996 the Plaintiff, CHARLES GREEN, filed a charge of discrimination against ILLINOIS POWER with both the Illinois Department of Human Rights and the Federal Equal Employment Opportunity Commission alleging that he had been discriminated against because of his race in that he had been passed over in the past for promotions.

24. That subsequent to the time that he filed his charge of discrimination with the Department of Human Rights and the Equal Employment Opportunity Commission supervisors of the Plaintiff, CHARLES GREEN, began making comments to his co-workers concerning his actions in initiating his civil rights claim.

25. That on or about July 11, 1996 ILLINOIS POWER announced that there were immediate openings for the position of Shift Technician at its Baldwin, Illinois and Wood River, Illinois plants.

26. That the Plaintiff, CHARLES GREEN, applied for the positions of Shift Technician at both the Baldwin, Illinois plant and the Wood River, Illinois plant.

27. That the Plaintiff, CHARLES GREEN, was qualified for those positions. Despite his qualifications, the Plaintiff, CHARLES GREEN, was refused the opportunity to take

the POSS test which is a required precondition for those positions. Additionally, CHARLES GREEN was denied the opportunity to interview for those positions.

28. That the positions of Station Shift Technician were filled on or about January 6, 1997 and on or about April 28, 1997.

29. That the people who were selected for the Station Shift Technician positions were all Caucasian males. Most successful applicants for the Station Shift Technician positions were not employees of ILLINOIS POWER and did not have the experience or the qualifications of the Plaintiff, CHARLES GREEN. Additionally, none of the successful candidates for the Station Shift Technician positions had previously filed a charge of discrimination against ILLINOIS POWER nor had they complained about discrimination at ILLINOIS POWER.

30. That with respect to the positions described in paragraph 24 the Plaintiff, CHARLES GREEN, by virtue of his training, background and experience was well qualified to hold those positions and it was consistent with his career goals and objectives.

31. That notwithstanding the application made by the Plaintiff, CHARLES GREEN, for the positions described in paragraph 24 and his qualifications for those positions, he was not afforded an opportunity to take the POSS test, was not offered an opportunity to interview for the positions and was not offered any of the positions. Rather the positions were given exclusively to Caucasian males most of whom were not ILLINOIS POWER employees and who by virtue of their training were less qualified for the positions than the Plaintiff, CHARLES GREEN. Additionally, none of the applicants who were given the position of Station Shift Technician had previously filed a complaint against ILLINOIS POWER alleging discrimination nor had they previously complained about discrimination at ILLINOIS POWER.

Page 8 of 19

32.    That by virtue of the conduct described in the preceding paragraphs the Plaintiff, CHARLES GREEN, was the recipient of discriminatory treatment in employment because he was retaliated against for previously filing a charge of discrimination against ILLINOIS POWER in violation of 42 U.S.C. § 2000e-3(a) in that he was passed over for positions for which he was well-qualified in favor of individuals who were less qualified and had less experience than did the Plaintiff, CHARLES GREEN. Additionally, the successful applicants for those positions had not previously filed a charge of discrimination or complained about discrimination against ILLINOIS POWER.

33.    That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, CHARLES GREEN, suffered monetary damage through the loss of salary and benefits together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits. He also lost employment advancement opportunities with ILLINOIS POWER which were consistent with his career goals and objectives.

WHEREFORE, the Plaintiff, CHARLES GREEN, respectfully requests that this Court enter judgment in his favor and against ILLINOIS POWER, and provide the following relief:

(a)    Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 42 U.S.C. § 2000e-3 and issue a mandatory injunction against ILLINOIS POWER, to take affirmative steps to ensure that ILLINOIS POWER and all individuals working under it at ILLINOIS POWER to refrain from engaging in any actions with respect to the Plaintiff, CHARLES GREEN, which are prohibited under the terms of the aforesaid Act;

(b)    Issue a mandatory injunction directing ILLINOIS POWER to appoint the Plaintiff,

CHARLES GREEN, to a position of employment at ILLINOIS POWER of Station Shift Technician which at the time of trial he would have held but for the discriminatory conduct complained of in this complaint with all employment duties, responsibilities, salaries, benefits and rights attendant to that position;

(c)    Award the Plaintiff, CHARLES GREEN, damages sufficient to compensate him for economic losses suffered as a result of the denial of career advancement opportunities as alleged in this complaint;

(d)    Award the Plaintiff, CHARLES GREEN, compensatory and exemplary damages to the extent permitted by law;

(e)    Assess against ILLINOIS POWER the costs and expenses incurred by the Plaintiff, CHARLES GREEN, in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by him in prosecuting the above captioned cause; and

(f)    Provide such other relief as the Court deems to be equitable and just.

THE PLAINTIFF, CHARLES GREEN, RESPECTFULLY REQUESTS THAT ALL ISSUES RAISED IN THIS COUNT WHICH MAY BY LAW BE PROPERLY TRIED BEFORE A JURY BE TRIED BY A JURY.

## COUNT III

For his third cause of action against ILLINOIS POWER, the Plaintiff, CHARLES GREEN, states as follows:

34.    That ILLINOIS POWER is a corporation incorporated in the state of Illinois engaging in the business of providing utility service to consumers. It is a wholly owned subsidiary of Illinova Corporation.

35.    That at all times pertinent to this proceeding ILLINOIS POWER did in connection with its business enterprise employ individuals to engage in manufacturing, transporting, selling, receiving, handling or otherwise working on or dealing in goods, products or services that have been moved in or produced for commerce and in an industry affecting commerce.

36.    That ILLINOIS POWER has in each of twenty or more calendar weeks in the current or preceding calendar year employed twenty or more employees in connection with its business enterprises and constitutes an employer as that term is used in 42 U.S.C. Section 2000e(b).

37.    That the Plaintiff, CHARLES GREEN, is an adult, African-American male and has resided within the confines of Vermilion County, Illinois at all times pertinent to the foregoing proceeding.

38.    That within the time prescribed by 42 U.S.C. Section 2000e-5 the Plaintiff, CHARLES GREEN, did cause to have filed with the Equal Employment Opportunity Commission [hereafter "EEOC"] a charge of civil rights violation against ILLINOIS POWER, which charge was filed with the EEOC and this proceeding is being filed within ninety days of the issuance of a Notice of Right to Sue mailed February 26, 1999.

39.    That the Plaintiff, CHARLES GREEN, was at all times relevant to the above proceeding an employee of ILLINOIS POWER and in that connection, had employment responsibilities with its Danville, Illinois service area as a substation electrician.

40.    That the Plaintiff, CHARLES GREEN, commenced his employment with ILLINOIS POWER on or about January 7, 1991 and has been employed continuously since that time by it. CHARLES GREEN has been employed at its Danville, Illinois service area since about

**Page 11 of 19**

June of 1992.

41.     That on or about July 11, 1996 ILLINOIS POWER announced that there were immediate openings for the position of Shift Technician at its Baldwin, Illinois and Wood River, Illinois plants.

42.     That the Plaintiff, CHARLES GREEN, applied for the positions of Shift Technician at both the Baldwin, Illinois plant and the Wood River, Illinois plant.

43.     That the Plaintiff, CHARLES GREEN, was qualified for those positions. That despite his qualifications, the Plaintiff, CHARLES GREEN, was refused the opportunity to take the POSS test which is required as a precondition for that position. Additionally, CHARLES GREEN was denied the opportunity to interview for those positions.

44.     That the people who were selected for the Station Shift Technician positions were all Caucasian males. Most of the successful applicants for the Station Shift Technician positions were not employees of ILLINOIS POWER and did not have the experience or the qualifications for the position of the Plaintiff, CHARLES GREEN.

45.     That with respect to the positions described in paragraph 40 the Plaintiff, CHARLES GREEN, by virtue of his training, background and experience was well qualified to hold those positions and it was consistent with his career goals and objectives.

46.     That notwithstanding the application made by the Plaintiff, CHARLES GREEN, for the positions described in paragraph 40 and his qualifications for those positions, he was not afforded an opportunity to take the POSS test, was not offered an opportunity to interview for the positions and was not offered any of the positions. Rather the positions were given exclusively to Caucasian males most of whom were not ILLINOIS POWER employees and who

by virtue of their training were less qualified for the positions than the Plaintiff, CHARLES GREEN.

47.    That throughout his employment with ILLINOIS POWER the Plaintiff, CHARLES GREEN, along with other African-American employees at ILLINOIS POWER, has been the recipient of discriminatory treatment because of his race. In this respect ILLINOIS POWER:

(a) Passed over the Plaintiff, CHARLES GREEN, for the position of substation electronic technician for which he applied in or around January of 1992. The Plaintiff, CHARLES GREEN, was not afforded the opportunity to apply for this position and it was ultimately awarded to a Caucasian male who was less qualified and had no seniority for the position;

(b)    Passed over the Plaintiff, CHARLES GREEN, for the position of substation electronic technician which was posted on or around October 10, 1994. The Plaintiff, CHARLES GREEN, applied for that position and despite his qualifications for that position was not given the opportunity to interview for that position. The position was ultimately awarded to a Caucasian male who was less qualified and had less seniority than the Plaintiff, CHARLES GREEN.

(c)    Passed over the Plaintiff, CHARLES GREEN, for the position of substation electronic technician which was posted on or about January 9, 1995. The Plaintiff, CHARLES GREEN, applied for that position and despite his qualifications for that position was not given the opportunity to interview for that position. The position was ultimately awarded to a Caucasian male who was less qualified and had less seniority than the Plaintiff, CHARLES GREEN.

(d)    Passed over the Plaintiff, CHARLES GREEN, for two substation electronic technician positions which were posted on or about April 10, 1996. The Plaintiff, CHARLES

Page 13 of  19

GREEN, applied for those positions and despite his qualifications for those positions was not given the opportunity to interview for either position. The positions were ultimately awarded to two Caucasian males who were less qualified and had less seniority than the Plaintiff, CHARLES GREEN.

48. That ILLINOIS POWER has repeatedly discriminated against the Plaintiff, CHARLES GREEN, as well as discriminating against other African-American employees and has thus established a pattern and practice of discriminating against African-American employees.

49. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, CHARLES GREEN, and other African-American employees of ILLINOIS POWER have been the recipient of discriminatory treatment in employment because of race in violation of 42 U.S.C. § 2000e-2 in that they have been passed over for positions for which they have been well-qualified in favor of less qualified Caucasian males.

50. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, CHARLES GREEN, suffered monetary damage through the loss of salary and benefits together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits. He also lost employment advancement opportunities with ILLINOIS POWER which were consistent with his career goals and objectives.

WHEREFORE, the Plaintiff, CHARLES GREEN, respectfully requests that this Court enter judgment in his favor and against ILLINOIS POWER, and provide the following relief:

(a)    Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 42 U.S.C. § 2000e-2 and issue a mandatory injunction against ILLINOIS POWER, to take affirmative steps to ensure that

ILLINOIS POWER and all individuals working under it at ILLINOIS POWER to refrain from engaging in any actions with respect to the Plaintiff, CHARLES GREEN, which are prohibited under the terms of the aforesaid Act;

(b)     Issue a mandatory injunction directing ILLINOIS POWER to appoint the Plaintiff, CHARLES GREEN, to a position of employment at ILLINOIS POWER of Station Shift Technician which at the time of trial he would have held but for the discriminatory conduct complained of in this complaint with all employment duties, responsibilities, salaries, benefits and rights attendant to that position;

(c)     Award the Plaintiff, CHARLES GREEN, damages sufficient to compensate him for economic losses suffered as a result of the denial of career advancement opportunities as alleged in this complaint;

(d)     Award the Plaintiff, CHARLES GREEN, compensatory and exemplary damages to the extent permitted by law;

(e)     Assess against ILLINOIS POWER the costs and expenses incurred by the Plaintiff, CHARLES GREEN, in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by him in prosecuting the above captioned cause; and

(f)     Provide such other relief as the Court deems to be equitable and just.

THE PLAINTIFF, CHARLES GREEN, RESPECTFULLY REQUESTS THAT ALL ISSUES RAISED IN THIS COUNT WHICH MAY BY LAW BE PROPERLY TRIED BEFORE A JURY BE TRIED BY A JURY.

**COUNT IV**

For his first cause of action against the Defendant IBEW, the Plaintiff, CHARLES

**Page 15 of 19**

GREEN, states as follows:

50.    That the IBEW is a labor organization engaged in an industry affecting commerce and is the authorized representative for collective bargaining purposes of the Plaintiff, CHARLES GREEN, and the certified representative of more than twenty-five other employees of ILLINOIS POWER pursuant to the provisions of the National Labor Relations Act.

51.    That at all times relevant to this proceeding the Plaintiff, CHARLES GREEN, was a member in good standing of the IBEW and an employee of ILLINOIS POWER.

52.    That the Plaintiff, CHARLES GREEN, is an adult, African-American male and has resided within the confines of Vermilion County, Illinois at all times pertinent to the foregoing proceeding.

53.    That within the time prescribed by 42 U.S.C. Section 2000e-5 the Plaintiff, CHARLES GREEN, did cause to have filed with the EEOC a charge of civil rights violation against the IBEW, which charge was filed with the EEOC and this proceeding is being filed within ninety days of the issuance of a Notice of Right to Sue mailed February 26, 1999.

54.    That on May 6, 1995 the IBEW entered into a Collective Bargaining Agreement (hereafter "CBA") with ILLINOIS POWER setting forth the wages, terms and conditions of employment of certain employees of ILLINOIS POWER. The Plaintiff, CHARLES GREEN, is covered under the provisions of the CBA.

55.    That Section VI of the CBA provides a mechanism for employees to transfer to other ILLINOIS POWER locations.

56.    That CHARLES GREEN made a transfer request pursuant to the terms of Section VI of the CBA and said request was denied by ILLINOIS POWER.

57.    That the refusal of ILLINOIS POWER to honor the transfer request of the Plaintiff, CHARLES GREEN, constituted a breach of the CBA.

58.    That the Plaintiff, CHARLES GREEN, filed five grievances dated December 12, 1996; March 4, 1997; April 15, 1997; April 20, 1997; and April 20, 1997 against his employer, ILLINOIS POWER, with the IBEW. Included among these grievances was one which maintained that ILLINOIS POWER had violated the transfer provisions of Section VI of the CBA. CHARLES GREEN fully expected that IBEW would pursue said grievances.

59.    That on or about December 18, 1997 the Plaintiff, CHARLES GREEN, was informed in writing that the IBEW would not process any of the aforementioned grievances. Therefore, the IBEW allowed the breach of ILLINOIS POWER to go unrepaired.

60.    That the IBEW processed other equally meritorious grievances and grievances which had less merit of other Caucasian members which maintained that ILLINOIS POWER had breached provisions of the CBA.

61.    That by virtue of the conduct described in the preceding paragraphs the Plaintiff, CHARLES GREEN, was the recipient of discriminatory treatment by a labor organization because of his race in violation of 42 U.S.C. § 2000e-2 in that his grievances concerning a breach of a CBA were not processed and that other equally or less meritorious grievances concerning breaches of the CBA which were maintained by Caucasian employees were processed by the IBEW.

62.    That as a direct and proximate result of the discriminatory treatment described above, the Plaintiff, CHARLES GREEN, suffered damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives as

Page 17 of 19

well as lost salary and benefits, mental anguish, inconvenience, and the loss of enjoyment of life.

WHEREFORE, the Plaintiff, CHARLES GREEN, respectfully requests that this Court enter judgment in his favor and against the IBEW, and provide the following relief:

(a)     Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 42 U.S.C. § 2000e-2 and issue a mandatory injunction against the IBEW, to take affirmative steps to ensure that the IBEW and all individuals working under it at the IBEW refrain from engaging in any actions with respect to the Plaintiff, CHARLES GREEN, which are prohibited under the terms of the aforesaid Act;

(b)     Award the Plaintiff, CHARLES GREEN, damages sufficient to compensate him for economic losses suffered as a result of the denial of career advancement opportunities as alleged in this complaint;

(c)     Award the Plaintiff, CHARLES GREEN, compensatory and exemplary damages to the extent permitted by law;

(d)     Assess against the IBEW the costs and expenses incurred by the Plaintiff, CHARLES GREEN, in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by him in prosecuting the above captioned cause; and

(e)     Provide such other relief as the Court deems equitable and just.

THE PLAINTIFF, CHARLES GREEN, RESPECTFULLY REQUESTS THAT ALL ISSUES RAISED IN THIS COUNT WHICH MAY BY LAW BE PROPERLY TRIED BEFORE A JURY BE TRIED BY A JURY.

CHARLES GREEN

By: _____
His Attorney

James P. Baker
217 East Monroe, Suite 202
Springfield, Illinois 62701
(217) 522-3445

UNITED STATES POSTAGE $00.370 JUN 02 99
0510 9 1471
MAILED FROM ZIP CODE 62701

**James P. Baker Law Office**
217 EAST MONROE, SUITE 202
SPRINGFIELD, ILLINOIS 62701

LAW OFFICES
**JAMES P. BAKER**
SUITE 202
217 EAST MONROE STREET
SPRINGFIELD, ILLINOIS 62701

DECATUR IL
JUN
14
1989
USPS

Postage Due

CERTIFIED

Z 597 915 519

MAIL

LAW OFFICES
JAMES P. BAKER
SUITE 202
217 EAST MONROE STREET
SPRINGFIELD, ILLINOIS 62701

TO:

LEAH MANNING STETZNER
REGISTERED AGENT
ILLINOIS POWER COMPANY
500 SOUTH 27TH STREET
DECATUR, ILLINOIS 62525

FIRST CLASS MAIL



MAILED FROM ZIP CODE 6 2 7 0 1