For MOK - No Transmission Information Available in on
04/14/00  FRI 13:46 FAX 217 373 5855    JUDGE McCUSKEY                    ☒002

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

FILED

FEB 29 2000

JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES GREEN, | ) |
| Plaintiff, | ) |
| v. | ) No. 99-2126 |
| ILLINOIS POWER COMPANY and THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 51 | ) |
| Defendants. | ) |

ORDER

This matter is before the court on Defendant's Illinois Power's ("IP") Motion to Dismiss Plaintiff's claims against it (#8-1) and its requests for fees and costs (#8-2). On December 23, 1999, the Magistrate Judge entered a Report and Recommendation (#16), recommending that the Motion to Dismiss be granted in full and that Plaintiff be ordered to reimburse Defendant IP for its attorney's fees and costs in obtaining dismissal of Plaintiff's claims. On January 7, 2000, Plaintiff objected to portions of the Report and Recommendation, but conceded that dismissal of a portion of his complaint was appropriate. On January 21, 2000, Defendant IP filed its response to Plaintiff's objection.

Accordingly, the court has carefully conducted a <u>de novo</u> review of this matter. In doing so, the court considered all the relevant filings by the parties regarding the original motion, the Magistrate's Report and Recommendation, Plaintiff's objections, and the relevant case law. Based on this review, the court accepts the Report and Recommendation of the Magistrate Judge as to Defendant IP's Motion to Dismiss. It therefore dismisses Counts I-III of Plaintiff's complaint with

Exhibit 6

For MOK - No Transmission Information Available  in on line [0]  for MOK * Pg 3/5
04/14/00  FRI 13:46 FAX 217 373 5855    JUDGE McCUSKEY                               ☒003

prejudice.

However, the court does not accept at this time the Magistrate's recommendation that Plaintiff be ordered to pay Defendant IP's fees and costs. Although Defendant did request fees and costs in its motion to dismiss, it did not specify under what authority it was doing so. There are several avenues by which a prevailing defendant can seek fees and costs, and each entails its own standards. See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978) (citing 42 U.S.C. § 2000e-5(k)) (allowing prevailing defendant to recover attorney's fees from plaintiff when action is "frivolous, unreasonable, or without foundation"); Durr v. Inter-County Title Co. of Illinois, 14 F.3d 1183, 1187 (7th Cir. 1994) (quoting Fed. R. Civ. P. 11, which "requires all parties who file a complaint in federal court, to make sure 'that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry [the complaint] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law....' "); Kotsilieris v. Chalmers, 966 F.2d 1181, 1183 (7th Cir. 1992) (citing 28 U.S.C. § 1927) (stating that "[a]ny attorney ...who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct").

Here, however, Defendant did not specify under which rule or statute it seeks fees and costs; nor did it provide citation to case law authorizing reimbursement under the particular circumstances presented in this case. Accordingly, the court will deny Defendant IP's request at this time without prejudice. If Defendant wishes to renew its request, it may do so in a fully-briefed petition setting forth relevant authority supporting its position. This petition should specify the particular fees and costs that Defendant IP is requesting so that Plaintiff may properly respond, and so that the court will

04/14/00 FRI 13:46 FAX 217 373 5855   JUDGE McCUSKEY      ☒004

have adequate information from which to reach a decision.

## CONCLUSION

Defendant IP's Motion to Dismiss (#8-1) is GRANTED. Accordingly, Plaintiff's Counts I-III are DISMISSED with prejudice and Defendant IP is terminated as a party. However, Defendant IP's request for attorney's fees and costs is DENIED without prejudice (#8-2). If Defendant IP seeks to renew that request, it shall file a fully-briefed petition within fourteen days of the date of this order.

ENTERED this 29th day of February, 2000.

_Michael P. McCuskey_
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE

DOCKET NO.      99-2126

DOCKET NAME:    Green v. IL Power

MINUTE ENTRY:   The Court has been notified that Defendant, Illinois Power Company, was inadvertently not sent a copy of the Court's Order of February 29, 2000. In that order, Illinois Power was terminated as a party and given fourteen days to renew their request for attorney's fees and costs. Therefore, defendant, Illinois Power, has until April 28, 2000, to file a fully-briefed petition for attorney's fees and costs.

Cc:    all parties

MPM:mb

Date:   April 14, 2000

*(Defense Counsel notified via telephone and facsimile)*