E-FILED
Monday, 05 December, 2005 06:53:00 PM
Clerk, U.S. District Court, ILCD

RECEIVED
APR 23 2001
LEGAL SERVICES

FILED
APR 17 2001
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES L. GREEN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 01-2090 |
| | ) |
| ILLINOIS POWER CORPORATION, | ) |
| An Illinois Corporation, | ) |
| | ) |
| Defendant | ) |

PRO SE COMPLAINT AGAINST EMPLOYMENT DISCRIMINATION, UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e-2 AND 2000e-5

COMPLAINT AND DEMAND FOR JURY TRIAL

Charles L. Green
Plaintiff-Appellant, Pro se
520 Monterey
Danville Illinois 61832
(217) 446-1724

Counsel for Illinois Power Co.
500 South 27th Street
Decatur Illinois 62525
(217) 425-6198

Exhibit 7

Come now the Plaintiff, Charles Green, and for his causes of action against the Defendants, Illinois Power Company (hereafter "Illinois Power"), states as follows:

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code, Sections 1331 and 1337, together with Title 42, United States Code, Section 2000e-5. This is a civil action arising under the laws of the United States regulating commerce. Specifically, this is an action brought in furtherance of a certain act of Congress guaranteeing to employees protection against discriminatory treatment in employment because of race, color, religion, sex or national origin. The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, Section 1391(b) since Illinois Power is engage in business activities within the judicial district of this Court and the claims giving rise to the above captioned proceeding did occur within the judicial district of this Court.

2. That Illinois Power is a corporation incorporated in the state of Illinois engaging in the business of providing utility service to consumers.

3. That I filed a charge with the Equal Employment Opportunity Commission (EEOC), Chicago District Office, District Director 500 West Madison Street, Suite 2800, Chicago Illinois 60661-2511 on or about November 3, 2000 (EEOC Charge #210A10574) against Illinois Power. I had filed two other charges with the EEOC (EEOC Charge #210971056) on January 6, 1997 against Illinois Power Company and on November 28, 1997 (EEOC Charge #210980600) against Illinois Power Company and the International Brotherhood Of Electrical Workers, Local 51, 301 E. spruce Street, Springfield Illinois. Each of the previous

charges were issued a Dismissal and Notice of Rights and later dismissed in the United States District Court, Central District of Illinois, Urbana Illinois against Illinois Power Company.

4. The above case in paragraph three against the international Brotherhood of Electrical Workers is on going.

5. That my current charge (EEOC Charge #210A10574) was dismissed and issued a Dismissal and Notice of Rights on January 23, 2001 by the EEOC, Chicago District Office by John P. Rowe, District Director 500 West Madison Street, Suite 2800, Chicago Illinois 60661-2511. A copy of Dismissal and Notice of Rights is attached to this Complaint and Jury Demand.

6. That the Equal Employment Opportunity Commission reasons for dismissing the charge are; The Commission issues the following determination: Based upon the commission's investigation, the Commission is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

7. That my current charge (EEOC Charge #210A10574) was dismissed and issue a Dismissal and Notice of Rights on January 23, 2001 by the EEOC, Chicago District Office by John P. Rowe, District Director. Immediately after the EEOC's dismissal, Illinois Power filled the Preventive Maintenance position with another Caucasian ( Joe Van Valey).

8. That immediately after the EEOC's dismissal, Illinois Power filled the Preventive Maintenance position with another Caucasian ( Joe Van Valey), which led me to file another charge with the Illinois Department of Human Rights (Charge # 2001SF0441) on March 1, 2001. I am waiting to hear from the Department of Human Rights for the next step.

## PARTIES

9. That at all times pertinent to this proceeding Illinois Power did in connection with its business enterprise employ individuals to engage in manufacturing, transporting, selling, receiving, handling or otherwise working on or dealing in goods, products or services that have been moved in or produced for commerce and in an industry affecting commerce.

10. That Illinois Power has in each of twenty or more calendar weeks in the current or preceding calendar year employed twenty or more employees in connection with its business enterprises and constitutes an employer as that term is used in 42 U.S.C. Section 2000e(b).

11. That the Plaintiff, Charles Green, is an adult, African-American male and has resided within the confines of Vermilion County, Illinois at all times pertinent to the foregoing proceeding.

12. That within the time prescribed by 42 U.S.C. Section 2000e-5 the Plaintiff, Charles Green, did cause to have filed with the Equal Employment Opportunity Commission [hereafter "EEOC"] a charge of civil rights violation against Illinois Power, which charge was filed with the EEOC and this proceeding is being filed within ninety days of the issuance of a Notice of Right to Sue mailed on or about February 23, 2001.

13. That the Plaintiff, Charles Green, was at all times relevant to the above proceeding an employee of Illinois Power and in that connection, had employment responsibilities with its Champaign, Illinois service area as a substation electrician.

14. That the Plaintiff, Charles Green, commenced his employment with Illinois Power on or about January 7, 1991 and has been employed continuously since that time by it. Charles Green has been employed at its Champaign and Danville, Illinois service area since about June of 1992.

## FACTS

15. That the Plaintiff, Charles Green, was at all times of his employment in good standings.

16. That Illinois Power has never had any reason to discipline Charles Green involving violations of company policies and procedures including labor agreements, which includes performance and absenteeism.

17. That Charles Green has a two year electronics technician degree, a one year Computer Programming Midrange/Mainframe certificate, a one year Computer Programming Small Computers certificate, a one year certificate in Data Entry.

18. That Illinois Power's policy is to interview the top five candidates for an open position.

19. That after research the Illinois Power Company creates three positions. The positions were Substation Preventive Maintenance Manager and two Substation Preventive Maintenance Technicians, one technician in the southern region and one in the northern region. The Technician positions are governed by the agreement between the company and the Union in each area/region. Although the positions are the same and are represented by different Unions each technician reports to the same manager (George Aufmuth) who is responsible for hiring employees to fill the two positions.

20. That some of the incentives were you work from your home, get a company vehicle, and you are allowed to take the vehicle home daily. These incentives were in the agreement made by the company and the Local Unions involved.

21. That one of the qualifications for the position is, the candidate must have been a Journeyman Substation Electrician for at least three years. I have been a Journeyman Substation Electrician for over three years therefore I qualify for the technician position.

22. That the Positions were posted. A Caucasian employee filled the manager position.

23. That a Caucasian employee accepted the southern technician position according to the Local Union rules that govern it and was allowed all the incentives within the agreement.

24. That I, a black employee, according to the Local Union rules that govern it accepted the northern position. The manager begins to change the rules and denied me, the black employee, some of the same incentives that were within the Local agreement the white employee received after accepting the position.

25. That I told the company that I would begin the process to correct this error by filing a grievance. The company insisted on denying me the same opportunities as the Caucasian employee.

26. That approximately one week later mysteriously a one-inch winch line rated at about 50,000 pound breaking capacity, broke, causing the lifting hook from the substation bucket truck to fall off. Fortunately the hook missed me.

27. That according to a rope manufacturer who analyzed the rope (Yale Cordage, Inc., 26 Morin Street, Biddeford, ME 04005), the whip lock was missing from the rope where the lifting hook was. The whip lock prevents the splice from moving.

28. That the Occupational Safety and Health Administration (OSHA), 2918 Willow Knolls Road, Peoria, Illinois 61614 is investigating the issue with the rope Complaint No. 20327290. Waiting for results.

29. That the proposal for the electronic technician position dated 1988 in its entirety was mutually agreed upon and approved by the International Brotherhood of Electrical workers and Illinois Power Company in 1999.

**COUNT I**

For his first cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows:

30. That I was subjected to different terms and conditions on or about August 29, 2000, because of retaliation.

## PRIMA FACIE ALLEGATIONS

31. That I had filed two other charges with the EEOC within recent past.

32. That in August 2000, I had applied for the position of Preventive Maintenance Technician. On August 29, 2000, just subsequent to my acceptance of the position, Illinois Power subjected me to different terms and conditions in that certain incentives that accompany the Preventive Maintenance technician were removed or changed. I was told for instance that I would not be allowed to take a company vehicle home daily.

33. That the different terms and conditions of August 29, 2000 were not implemented upon other comparatives that accepted identical similar position. Therefore the terms and conditions of the denial of company vehicle use, followed my formal charges within such period of time as to raise the inference of retaliatory motivation.

## COUNT II

34. For his second cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows:

35. That I was subjected to different terms and conditions on August 29, 2000, because of race, black.

36. Paragraphs one through seventeen are incorporated by reference as if set forth directly herein.

## PRIMA FACIE ALLEGATIONS

37. That I am black.

38. That I was well qualified for the position of Preventive Maintenance Technician.

39. That on August 29, 2000, just subsequent to my acceptance of the position. Illinois Power subjected me to different terms and conditions in that certain incentives that accompany the Preventive Maintenance Technician were removed or changed. I was told for Instance that I would not be allowed to take a company vehicle home daily.

40. That Roy Northcut, who is Caucasian, applied for and accepted the Preventive Maintenance Technicians and just subsequent to the EEOC issuing me a right to sue letter Joe Van Valey, who is also Caucasian applied for and accepted the Preventive Maintenance Technicians. Illinois Power did not implement changes to those positions subsequent to their acceptance.

## COUNT III

41. For his Third cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows:

42. That I was forced to resign on September 1, 2000, because of discriminatory practice based upon race, black.

43. Paragraphs one through twenty-two are incorporated by reference as if set forth directly herein

## PRIMA FACIE ALLEGATIONS

44. That I am black.

45. That I was well qualified for the position of Preventive Maintenance Technician.

46. That I was forced to resign on September 1, 2000, because of discriminatory practice based upon race, black

47. That on August 29, 2000, just subsequent to my acceptance of the position. Illinois Power subjected me to different terms and conditions in that certain incentives that accompany the Preventive Maintenance Technician were removed or changed. I was told for Instance that I

would not be allowed to take a company vehicle home daily. Because of the above-cited discriminatory practice based on my race, I had no alternative but to resign from the position on September 1, 2000.

48. That Roy Northcut and Joe Van Valey, both of whom are Caucasian, were not subject to discriminatory practice culminating in their resignations from their positions as Preventive Maintenance Technicians.

49. That with respect to the positions described in paragraph 17 the Plaintiff Charles Green, by virtue of his training, background and experience was well qualified to hold those positions and it was consistent with his career goals and objectives.

50. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 in that he subjected to discriminatory practices.

51. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits.

**COUNT IV**

52. For his fourth cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows:

53. That I was forced to resign on September 1, 2000, because of discriminatory practice based upon race, black.

54. Paragraphs one through fifty-three are incorporated by reference as if set forth directly herein.

## PRIMA FACIE ALLEGATIONS

55. That I am black.

56. That I was well qualified for the position of Preventive Maintenance Technician.

57. That I was forced to resign on September 1, 2000, because of discriminatory practice based upon race, black.

58. That on August 29, 2000, just subsequent to my acceptance of the position, Illinois Power subjected me to different terms and conditions in that certain incentives that accompany the Preventive Maintenance Technician were removed or changed. I was told for Instance that I would not be allowed to take a company vehicle home daily. Because of the above-cited discriminatory practice based on my race, I had no alternative but to resign from the position on September 1, 2000.

59. That Larry Kraft, John Wilson and Patrick Doan, all of whom are Caucasian, were not subject to discriminatory practice culminating in their resignations from their positions as Foreman.

60. That with respect to the positions described in paragraph 56 the Plaintiff Charles Green, by virtue of his training, background and experience was well qualified to hold those positions and it was consistent with his career goals and objectives.

61. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 in that he was subjected to discriminatory practices based upon race, black.

62. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits.

**COUNT V**

63. For his fifth cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows:

64. That I was subjected to different terms and conditions on or about August 29, 2000, because of retaliation.

65. Paragraphs one through sixty-four are incorporated by reference as if set forth directly herein.

**PRIMA FACIE ALLEGATIONS**

66. That I had filed two other charges with the EEOC within recent past.

67. That in August 2000, I had applied for the position of Preventive Maintenance Technician. On August 29, 2000, just subsequent to my acceptance of the position, Illinois Power subjected me to different terms and conditions in that certain incentives that accompany the Preventive Maintenance technician were removed or changed. I was told for instance that I would not be allowed to take a company vehicle home daily.

68. That the different terms and conditions of August 29, 2000 were not implemented upon other comparatives that accepted similar positions. Therefore the terms and conditions of the denial of company vehicle use, followed my formal charges within such period of time as to raise the inference of retaliatory motivation.

69. That Larry Kraft, John Wilson and Patrick Doan, all of whom are Caucasian, were not subject to discriminatory practice culminating in their resignations from their positions as Foreman.

## COUNT VI

70. For his sixth cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows:

71. That I was forced to resign on September 1, 2000, because of discriminatory practice based upon race, black.

72. Paragraphs one through seventy-one are incorporated by reference as if set forth directly herein.

## PRIMA FACIE ALLEGATIONS

73. That I am black.

74. That I was well qualified for the position of Preventive Maintenance Technician.

75. That I was forced to resign on September 1, 2000, because of discriminatory practice based upon race, black.

76. That on August 29, 2000, just subsequent to my acceptance of the position. Illinois Power subjected me to different terms and conditions in that certain incentives that accompany the Preventive Maintenance Technician were removed or changed. I was told for Instance that I would not be allowed to take a company vehicle home daily. Because of the above-cited discriminatory practice based on my race, I had no alternative but to resign from the position on September 1, 2000.

77. That Patrick Doan, Larry Kraft and John Wilson all of whom are Caucasian, were not subject to discriminatory practice culminating in their resignations from their positions as Foreman.

78. That with respect to the positions described in paragraph 74 the Plaintiff Charles Green, by virtue of his training, background and experience was well qualified to hold those positions and it was consistent with his career goals and objectives.

79. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 in that he subjected to discriminatory practices.

80. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits.

**COUNT VII**

81. For his seventh cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows:

82. That I was subjected to different terms and conditions on or about August 15, 2000, because of retaliation.

83. That the Plaintiff, Charles Green, was at all time of his employment in good standings and that Illinois Power has never had any reason to discipline him for any reason involving violations of company policies and procedures including labor agreements, which includes performance and absenteeism.

84. That Illinois Power's policy is to interview the top five candidates for an open position.

85. Paragraphs one through eighty-four are incorporated by reference as if set forth directly herein.

## PRIMA FACIE ALLEGATIONS

86. That I had filed two other charges with the EEOC within recent past.

87. That in August 2000, I had applied for the position of Electric Training Specialist. On or about August 15, 2000, Illinois Power subjected me to different terms and conditions in that certain hiring practices for the Electric Training Specialist were removed or changed. I was told for instance that I would not be interviewed for the position.

88. That the different terms and conditions of August 15, 2000 were not implemented upon other comparatives that were interviewed in an identical position. Therefore the terms and conditions of the denial of company interview, followed my formal charges within such period of time as to raise the inference of retaliatory motivation.

## COUNT VIII

89. For his eighth cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows:

90. That I was subjected to different terms and conditions on August 29, 2000, because of race, black.

91. Paragraphs one through seventeen are incorporated by reference as if set forth directly herein.

## PRIMA FACIE ALLEGATIONS

92. That I am black.

93. That I was well qualified for the position of Preventive Maintenance Technician.

94. That on August 29, 2000, just subsequent to my acceptance of the position. Illinois Power subjected me to different terms and conditions in that certain incentives that accompany the Preventive Maintenance Technician were removed or changed. I was told for Instance that I would not be allowed to take a company vehicle home daily.

95. That George Aufmuth, who is Caucasian, applied for and accepted the Preventive Maintenance Manager Myron Kumler and Bill Hutchinson accepted the System Operations Supervisor position. Illinois Power did not implement changes to those positions subsequent to their acceptance.

## COUNT IX

96. For his nine cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows:

97. That I was forced to resign on September 1, 2000, because of discriminatory practice based upon race, black.

98. Paragraphs one through ninety-eight are incorporated by reference as if set forth directly herein.

## PRIMA FACIE ALLEGATIONS

99. That I am black.

100. That I was well qualified for the position of Preventive Maintenance Technician.

101. That I was forced to resign on September 1, 2000, because of discriminatory practice based upon race, black

102. That on August 29, 2000, just subsequent to my acceptance of the position. Illinois Power subjected me to different terms and conditions in that certain incentives that accompany the Preventive Maintenance Technician were removed or changed. I was told for Instance that I would not be allowed to take a company vehicle home daily. Because of the above-cited discriminatory practice based on my race, I had no alternative but to resign from the position on September 1, 2000.

103. That Myron Kumler, Bill Hutchinson and George Aufmuth, all of whom are Caucasian, were not subject to discriminatory practice culminating in their resignations from their positions as System Operations Supervisor for Myron and Bill and Preventive Maintenance Manager for George Aufmuth.

104. That with respect to the positions described in paragraph 93 the Plaintiff Charles Green, by virtue of his training, background and experience was well qualified to hold those positions and it was consistent with his career goals and objectives.

105. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 in that he subjected to discriminatory practices.

106. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits.

## COUNT X

107. For his tenth cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows:

108. That I was subjected to different terms and conditions on or about August 15, 2000, because of race, black.

109. Paragraphs one through one hundred-eight are incorporated by reference as if set forth directly herein.

## PRIMA FACIE ALLEGATIONS

110. That I am black.

111. That I was well qualified for the position of Manager Training Center.

112. That on August 15, 2000, Illinois Power subjected me to different terms and conditions in that certain hiring practices for the Manager Training Center were removed or changed. I was told for Instance that I would not be allowed a company interview for the position.

113. That Mike Crandall, who is Caucasian, applied for and was interview for the Manager Training Center. Illinois Power did not implement changes to the hiring process.

114. That with respect to the positions described in paragraph 111 the Plaintiff Charles Green, by virtue of his training, background and experience was well qualified to hold those positions and it was consistent with his career goals and objectives.

115. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 in that he subjected to discriminatory practices.

116. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits

## COUNT XI

117. For his eleventh cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows:

118. Paragraphs one through one hundred-seventeen are incorporated by reference as if set forth directly herein.

119. That on march 10, 2000 I was Intentionally subjected to racially derogatory remark. I complained and on march 15, 2000 management revealed the content of my complaint to my CO-workers.

120. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits

**COUNT XII**

121. For his twelfth cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows: That on June 12, 2000 I applied for a manager training center position and was denied an interview and the position.

122. Paragraphs one through one hundred-twenty one are incorporated by reference as if set forth directly herein.

**PRIMA FACIE ALLEGATIONS**

123. That I am black.

124. That I was well qualified for the position of Manager Training Center.

125. That in September 2000, Illinois Power subjected me to different terms and conditions in that certain hiring practices for the Manager Training Center were removed or changed. I was told for Instance that I would not be allowed a company interview for the position.

126. That Mike Crandall, who is Caucasian, applied for and was interview for the manager Training Center.

127. Illinois Power did not implement changes to the hiring process to a less qualified Mike Crandall.

128. That with respect to the positions described in paragraph 121 the Plaintiff Charles Green, by virtue of his training, background and experience was well qualified to hold those positions and it was consistent with his career goals and objectives.

129. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 in that he subjected to discriminatory practices.

130. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits.

## COUNT XIII

131. For his thirteenth cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows.

132. That I was subjected to different terms and conditions on or about September 2000, because of retaliation.

133. Paragraphs one through one hundred thirty two are incorporated by reference as if set forth directly herein.

**PRIMA FACIE ALLEGATIONS**