134.    That I had filed two other charges with the EEOC within recent past.

135.    That about September 2000, I had applied for the following positions: Analyst, Associate analyst and Process control Supervisor. Just subsequent to the closing date of the positions, Illinois Power subjected me to different terms and conditions in that certain policies and procedures were removed or changed. I was told for instance that I would not be allowed an interview.

136.    It is Illinois Power policy to interview the top five candidates.

137.    That the different terms and conditions were not implemented upon other comparatives that accepted position. Therefore denying me an interview followed my formal charges within such period of time as to raise the inference of retaliatory motivation.

**COUNT XIV**

138.    For his fourteenth cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows.

139.    That Illinois Power intentionally discriminated against Charles Green because of his race, black.

**PRIMA FACIE**

140.    That Illinois Power discriminated against me in the following respects.

141.    That I am black.

142.    That because of my skills and qualifications and status (United States Citizen) I am entitled to a fair opportunity in life.

143.    That I was subjected to a hostile work environment filled with ridicule because of my race, black.

144.    That I was humiliated, embarrassed, harassed and discriminated against by Illinois Power because of my race.

145.    That I was not given the equal opportunities that Illinois Power claims they have for all employees regardless of race.

146.    That these acts of discrimination are continuous.

147.    Paragraphs one through one hundred-forty six are incorporated by reference as if set forth directly herein.

148.    That Illinois Power's race discrimination constitutes a wanton and willful disregard of my civil rights as an American citizen.  They were deliberate acts, made with knowledge that there was a high probability of harm to me.  Illinois Power implemented the discrimination and harassment on me with reckless indifference to the consequences of their acts.

149.

**COUNT  XV**

150.    For his fifteenth cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows

151.    That Illinois Power intentionally subjected me to discriminatory practices including retaliation because of my race, black.

152.    Paragraphs one through one hundred-fifty one are incorporated by reference as if set forth directly herein.

**PRIMA FACIE**

153.    That Illinois Power discriminated against me in the following respects.

154.    That I am black.

155. That Because of my skills and qualifications and status (United States Citizen) I am entitled to a fair opportunity in life.

156. That I was subjected to a hostile work environment filled with ridicule because of my race, black.

157. That I was humiliated, embarrassed, harassed and discriminated against by Illinois Power because of my race.

158. That I was not given the equal opportunities that Illinois Power claims they have for all employees regardless of race.

159. That I was told that Illinois Power was an equal opportunity employer, but regardless of my skills and how much I improve on these skills, Illinois Power always seem to find some discriminatory way to disqualify me.

160. That these acts of discrimination are continuous.

161. Paragraphs one through one hundred-sixty are incorporated by reference as if set forth directly herein.

162. That Illinois Power's race discrimination constitutes a wanton and willful disregard of my civil rights as an American citizen. They were deliberate acts, made with knowledge that there was a high probability of harm to me. Illinois Power implemented these discriminatory practices and harassment on me with reckless indifference to the consequences of their acts.

**PATTERN AND PRACTICE**

**COUNT XVI**

163. For his sixteenth cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows:

164.   That I was subjected to different terms and conditions from 1992 to 1996, because of race, black.

165.   Paragraphs one through one hundred-sixty four are incorporated by reference as if set forth directly herein.

166.   That Illinois Power Caucasian employees do not have to go through or are not subjected to any discriminatory acts by Illinois Power.

## PRIMA FACIE ALLEGATIONS

167.   That I am black.

168.   That I was well qualified for the position of Electronics Technician.

169.   That from 1992 to 1996, just subsequent to Illinois Power posting the positions. Illinois Power subjected me to different terms and conditions in that certain policies and procedures that accompany the electronics technician were removed or changed. I was told for instance that Illinois Power was an equal opportunity employer.

170.   That Bill Berkhart, David Michael Cooper, David W. Ellis, Alex Christopher Thoms, Pat Althoff who are Caucasian, applied for and accepted the Electronics Technicians. Illinois Power made special consideration to place the above less qualified employees who are all Caucasians in the electronics technician position.

## COUNT XVII

171.   For his seventeenth cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows:

172.   That I was denied from 1992 to 1996 electronic technicians' positions, because of discriminatory practice based upon race, black.

173.  Paragraphs one through one hundred seventy-two are incorporated by reference as if set forth directly herein.

## PRIMA FACIE ALLEGATIONS

174.  That I am black.

175.  That I was well qualified for the position of Electronics Technician.

176.  That I was denied the positions from 1992 to 1996, because of discriminatory practice based upon race, black.

177.  That from 1992 to 1996, just subsequent to Illinois Power posting the position. Illinois Power subjected me to different terms and conditions in that certain policies and procedures that accompany the Electronics Technician were removed or changed. I was told for Instance that I Illinois Power is an equal opportunity employer. Because of the above-cited discriminatory practice based on my race, I was denied the position.

178.  That Bill Berkhart, David Michael Cooper, David W. Ellis, Alex Christopher Thoms, Pat Althoff, all of whom are Caucasian and less qualified, were not subjected to discriminatory practice culminating in their being denied their positions as electronics technicians.

179.  That with respect to the positions described in paragraph 172 the Plaintiff Charles Green, by virtue of his training, background and experience was well qualified to hold those positions and it was consistent with his career goals and objectives.

180.  That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 in that he subjected to discriminatory practices.

181.  That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment

opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits.

## COUNT XIII

182.    For his eighteenth cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows:

183.    That Illinois Power is engaged in a pattern and practice of discrimination.

184.    That paragraphs one through eighty-three are hereby re-alleged as if set forth herein.

185.    That the Plaintiff, Charles Green, was at all time of his employment in good standings and that Illinois Power has never had any reason to discipline him for any reason involving violations of company policies and procedures including labor agreements, which includes performance and absenteeism.

186.    That on or about March 5, 1997 Illinois Power announced that there were immediate openings for the position of Shift Technician at its Vermilian, Illinois plants.

## PRIMA FACIE

187.    That I am Black.

188.    That the Plaintiff, Charles Green applied for the positions of Shift Technician at the Vermilian Power Plant, Oakwood Illinois plant.

189.    That the Plaintiff, Charles Green, was qualified for those positions. That despite his qualifications, the Plaintiff, Charles Green was refused the opportunity to exercise his seniority for the position.

190.    That the two people who were selected for the Station Shift Technician positions before Charles Green were all less qualified and Caucasian males. All of the successful applicants

for the Station Sift Technician positions were not employees of Illinois Power and did not have the experience or the qualifications for the position of the Plaintiff, Charles Green.

191.    That with respect to the positions described in paragraph 186 the Plaintiff Charles Green, by virtue of his training, background and experience was well qualified to hold those positions and it was consistent with his career goals and objectives.

192.    That notwithstanding the application made by the Plaintiff, Charles Green, for the positions described in paragraph 186 and his qualifications for those positions, he was not afforded an opportunity to exercise his seniority.   Rather the positions were given exclusively to Caucasian males most of whom were not Illinois Power employees and who by virtue of their training was less qualified for the positions than the Plaintiff, Charles Green.

193.    That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 in that he was passed over for positions for which he was well-qualified in favor of less qualified Caucasian males.

194.    That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits.

COUNT XIX

195.    For his nineteenth cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows:

196.    That the Plaintiff, Charles Green, was at all time of his employment in good standings
and that Illinois Power has never had any reason to discipline him for any reason involving
violations of company policies and procedures including labor agreements, which includes
performance and absenteeism.

197.    That on or about July 11, 1996 Illinois Power announced that there were immediate
openings for the position of Shift Technician at its Hennipin, Illinois plants.

198.    That the Plaintiff, Charles Green applied for the positions of Shift Technician at the
Hennipin, Illinois plant.

199.    That the Plaintiff, Charles Green, was qualified for those positions. That despite his
qualifications, the Plaintiff, Charles Green was refused the opportunity to take the POSS test,
which is required as a precondition for that position. Additionally, Charles Green was denied
the opportunity to interview for those positions.

200.    That the people who were selected for the Station Shift Technician positions were all
Caucasian males. Most of the successful applicants for the Station Sift Technician positions
were not employees of Illinois Power and did not have the experience or the qualifications
for the position of the Plaintiff, Charles Green.

201.    That with respect to the positions described in paragraph 197 the Plaintiff Charles Green,
by virtue of his training, background and experience was well qualified to hold those
positions and it was consistent with his career goals and objectives.

202.    That notwithstanding the application made by the Plaintiff, Charles Green, for the
positions described in paragraph 197 and his qualifications for those positions, he was not
afforded an opportunity to take the POSS test, was not offered an opportunity to interview for
the positions and was not offered any of the positions. Rather the positions were given

28

exclusively to Caucasian males most of whom were not Illinois Power employees and who by virtue of their training was less qualified for the positions than the Plaintiff, Charles Green.

203.    That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 in that he was passed over for positions for which he was well-qualified in favor of less qualified Caucasian males.

204.    That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits.

**COUNT XX**

For his twentieth cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows:

205.    That I was subjected to different terms and conditions on or about in 1998, because of retaliation.

**PRIMA FACIE ALLEGATIONS**

206.    That I had filed two other charges of discrimination with the EEOC within recent past.

207.    That in 1998, I had applied for the position of Electronic Technician, just subsequent to my acceptance of the position, Illinois Power subjected me to different terms and conditions in that certain bumping rights that accompany all Local 51 positions were removed or

changed. I was told for instance that I would not be allowed bump into an open, unfilled Substation Electrician Leadman position for which I had seniority in.

208. That the different terms and conditions were not implemented upon other comparatives that have been in identical or similar situations. Therefore the terms and conditions of the denial of my bumping rights, followed my formal charges within such period of time as to raise the inference of retaliatory motivation.

## COUNT XXI

209. For his twenty first cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows:

210. That I was forced to take another position, because of discriminatory practice based upon race, black.

211. Paragraphs one through two hundred-ten are incorporated by reference as if set forth directly herein.

## PRIMA FACIE ALLEGATIONS

212. That I am black.

213. That I was well qualified for the position of Substation Electrician Leadman.

214. That I was forced to take another position, because of discriminatory practice based upon race, black.

215. That in 1998, just subsequent to my attempting to exercise my bumping rights, Illinois Power subjected me to different terms and conditions in that certain incentives that accompany all Local 51 positions were removed or changed. I was told for Instance that I would not be allowed to exercise my bumping rights into the substation Electrician Leadman

30

position. Because of the above-cited discriminatory practice based on my race, I had no alternative but to bump into another position with a lower classification.

216.    That Bill Berkhart , who is Caucasian and other Caucasians, was not subject to discriminatory practice he was allowed to exercise his bumping rights and bump into the position of his request.

217.    That with respect to the positions described in the preceding paragraphs the Plaintiff Charles Green, by virtue of his training, background and experience was well qualified to hold those positions and it was consistent with his career goals and objectives.

218.    That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 in that he subjected to discriminatory practices.

219.    That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary.

**COUNT XXII**

For his twenty second cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows:

220.    That I was subjected to different terms and conditions on or about April 10, 1995, because of race, black.

221.    Paragraphs one through two hundred twenty are incorporated by reference as if set forth directly herein

## PRIMA FACIE ALLEGATIONS

222.    That I am black.

223.    That I was well qualified for the position of Specialist Substation.

224.    That in April 1995, I had applied for the position of Specialist Substation.  Illinois Power subjected me to different terms and conditions in that certain policies and procedures that accompany the Specialist Substation were removed or changed.  I was told for instance that Illinois Power was an Equal Opportunity Employer.

**225.**    That the different terms and conditions of April 1995 were not implemented upon other comparatives that accepted identical positions. The employees who accepted the position were given special consideration.

## COUNT XXIII

226.    For his twenty third cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows:

227.    That I was not interviewed for the Specialist Substation in 1995, because of discriminatory practice based upon race, black.

228.    Paragraphs one through one hundred eighty four are incorporated by reference as if set forth directly herein

## PRIMA FACIE ALLEGATIONS

229.    That I am black.

230.    That I was well qualified for the position of Specialist Substation.

231.    That I lost promotional opportunities in April 1995, because of discriminatory practice based upon race, black.

232. That in April of 1995, just subsequent to Illinois Power posting the position. Illinois Power subjected me to different terms and conditions in that certain policies and procedures that accompany the Specialist Substation were removed or changed. I was told for Instance that the top five candidates would be interviewed. Because of the above-cited discriminatory practice based on my race, I was denied the Specialist Substation position. A less qualified Caucasian employee filled the position.

233. That with respect to the positions described in paragraph 227 the Plaintiff Charles Green, by virtue of his training, background and experience was well qualified to hold those positions and it was consistent with his career goals and objectives.

234. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 in that he subjected to discriminatory practices.

235. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits.

**COUNT XXIV**

236. For his twenty-fourth cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows:

237. That I was subjected to different terms and conditions on November 1994, because of race, black.

238.    Paragraphs one through two thirty-seven are incorporated by reference as if set forth directly herein.

## PRIMA FACIE ALLEGATIONS

239.    That I am black.

240.    That I was well qualified for the position of Information Networking Operations Specialist and Information Networking Customer Support Specialist.

241.    That on November 16, 1994 I applied for the positions listed in paragraph 240, just subsequent to my applying for the positions. Illinois Power subjected me to different terms and conditions in that certain incentives that accompany the specialist positions were removed or changed. For instance equal opportunities.

242.    That a less qualified Mike Driskell, who is Caucasian, applied for and accepted the Information networking specialist position. Illinois Power did not implement changes to the policies and procedures subsequent to his acceptance.

## COUNT XXV

243.    For his twenty-fifth cause of action against Illinois Power, the Plaintiff, Charles Green, states as follows:

244.    That I was subjected to different terms and conditions on from 1992 to 1996, because of race, black.

245.    I was denied various training opportunities that I requested that were offered by Illinois Power.  Some of the classes were computer software classes, electricity class, stress management, time management and etc.

246.    Paragraphs one through two forty-four are incorporated by reference as if set forth directly herein.

34

## PRIMA FACIE ALLEGATIONS

247.    That I am black.

248.    I requested training to enhance my skills and/or to make me more marketable for future

job openings.

249.    I was denied these training opportunities because of my race.

250.    I was told, for instance that I would not retain the information.

251.    I am entitled to the same training opportunities as my Caucasian coworkers.

## OTHER FACTS/COMMENTS

252.    The counts listed in the preceding paragraphs are just a fraction of the discriminatory acts

that I have encountered while working with Illinois Power Company.  I pray that this Court

assist me and put an end to this type of behaivor.

## RELIEF

253.    Wherefore, the Plaintiff, Charles Green, respectfully requests that this Court enter

judgment in his favor and against Illinois Power, and provide the following relief:

(a) Enter a declaratory judgment determining that the actions complained of in this complaint are

unlawful in violation of the provisions of 42 U.S.C. § 2000e-2 and issue a mandatory injunction

against Illinois Power, to take affirmative steps to ensure that Illinois Power and all individuals

working under it at Illinois Power to refrain from engaging in any actions with respect to the

Plaintiff, Charles Green, which are prohibited under the terms of the aforesaid Act; (Civil Rights

Act of 1964);

(b) Issue a mandatory injunction directing Illinois Power to appoint the Plaintiff, Charles Green,

a position of employment of Illinois Power of Technician or Specialist which at the time of trial

he would have held but for the discriminatory conduct complained of in this complaint with all employment duties, responsibilities, salaries, benefits and rights attendant to that position;

(c) Award the Plaintiff, Charles Green, damages sufficient to compensate him for economic losses suffered as a result of the denial of career advancement opportunities as alleged in this complaint;

(d) Award the Plaintiff, Charles Green, compensatory and exemplary damages to the maximum extent permitted by law;

(e) Assess against Illinois Power the costs and expenses incurred by the Plaintiff, Charles Green, in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by him in prosecuting the above captioned cause; and

(f) Provide such other relief as the Court deems to be equitable and just.

**JURY DEMAND**

The Plaintiff, Charles Green, respectfully requests that all issues raised in this court which may by law be properly tried before a Jury be tried by a Jury.

Respectfully submitted by,

_Charles L. Green_

Charles L. Green
520 Monterey
Danville, IL. 61832

Date submitted:
_April 17, 2001_