


E-FILED
                    Monday, 05 December, 2005  06:53:43 PM
                    Clerk, U.S. District Court, ILCD



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

FILED
OCT 24 2001

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

| | |
|---|---|
| CHARLES L. GREEN,          ) | |
|     Plaintiff,   ) | |
| v.                         ) | Case No. 01-2090 |
|                            ) | |
| ILLINOIS POWER COMPANY,    ) | |
| an Illinois corporation,   ) | |
|     Defendant.   ) | |

RECEIVED
OCT 2 5 2001
LEGAL SERVICES

## REPORT AND RECOMMENDATION

In April 2001, Plaintiff, Charles Green, filed a Complaint (#1) against Defendant Illinois Power Company (hereinafter "IP"). In August 2001, IP filed a Motion To Dismiss Counts XIV-XXV of Plaintiff's Complaint (#16). After reviewing the pleadings and memoranda presented by the parties, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that IP's Motion To Dismiss Counts XIV-XXV of Plaintiff's Complaint (#16) be **GRANTED** in part and **DENIED** in part.

Counts I through XIII are based on events that occurred between March 2000 and September 2000 and that are the subject of an EEOC charge that Plaintiff filed in November 2000. The November 2000 EEOC charge provides the basis of this Court's jurisdiction.

Defendant IP argues that the Court should dismiss Counts XIV through XXV because (1) some of the claims arise from events that allegedly took place between 1992 and 1998, thus the Court has no jurisdiction based on the 300-day filing rule; alternatively, (2) the events that took place between 1992 and 1998 are outside the scope of the November 2000 EEOC charge that provides the basis for this Court's jurisdiction; (3) the doctrine of claim preclusion bars Counts XVI, XVII, XX, XIV, XV, XVIII, and XIX through XXV; and (4) the doctrine of issue preclusion bars Counts XVI, XVII, and XX.

Exhibit 8

After reviewing the pleadings in this case and the record in Plaintiff's previously filed case (*see Green v. Illinois Power Company*, No. 97-2148), this Court agrees with Defendant as to Counts XVI through XXV. For the reasons outlined in Defendant's motion and more fully described in its Memorandum in Support of Motion To Dismiss (#17), the Court recommends dismissing those counts.

However, the claims in Counts XIV and XV are too vague as to the time period involved for the Court to conclude that they are time-barred or subject to preclusion based on Plaintiff's previous suit. Accordingly, the Court recommends denying Defendant's motion to dismiss those claims.

### Summary

For the reasons stated above, the Court recommends that IP's Motion To Dismiss Counts XVI-XXV of Plaintiff's Complaint (**#16**) be **GRANTED** as to Counts XVI through XXV and **DENIED** as to Counts XIV and XV. The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

ENTERED this 24th day of October, 2001.

_____
DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE

[H:\Inbox\rec\Green v IP.MTD#16.October 2001.wpd NLP:tc]