electronic technician position, Electric training Specialist, training administrator position and the manager training center position.

305. These acts by defendant has a disparate impact on blacks. The abusive conduct of the Defendant is in question and should all issues and claims outside the scope of this charge are actionable and shall be treated as one.

COUNT XIII

306. The cause of action in this case raises an issue of federal law. Equitable relief sought.

307. Plaintiff incorporates by reference the allegation set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

308. For his thirteenth cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

309. Illinois Power policies and procedures have placed emphasis on hiring qualified minorities Including blacks into underutilized positions.

310. However, when a black employee is qualified for a position and applies for it the rules changes when placing employees in positions.

311. For example I am a black employee who was qualified for a position therefore I applied for it.

312. I was more qualified for several underutilized positions than the Caucasian employees for example but not limited to Specialist substation Position but the Caucasian employee existed and was placed into this underutilized position as well as other underutilized positions as illustrated throughout these pleadings.

313. Plaintiff has made out a prima facie and defendant has not given a legitimate nondiscriminatory reason for their actions.

314. These acts by defendant have a disparate impact on blacks. Plaintiff has also given direct evidence. This court must infer that plaintiff was discriminated.

315. The abusive conduct of the Defendant is in question and all issues and claims outside the scope of this charge are actionable and shall be treated as one.

COUNT XIV

316. The cause of action in this case raises an issue of federal law. Equitable relief sought.

317. Plaintiff incorporates by reference the allegation set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

318. For his fourteenth cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

319. Defendants is engaged In a pre-selection of a job candidate in favor of white employees, in violation of its own procedures requiring fair consideration of qualified applicants, is undeniably relevant to the question of discriminatory intent, and operates to discredit the employer's proffered explanation for its employment decisions.

320. Improper selection procedures relevant to determination that employer's nondiscriminatory explanation is unworthy of belief.

321. For example but not limited to Defendant denied Plaintiff an interview for the Electric training specialist position the position was not filled however the defendant re-posted the position and cut-and-paste the job responsibilities into the Position

Description Questionnaire to favor a pre-selected candidate who happens to be Caucasian. See exhibit

322. All of Plaintiff's performance reviews have been satisfactory. If there were reasons to discipline Plaintiff these issues would have been discussed in the performance evaluation.

323. The hiring supervisor did not review Plaintiff performance evaluations and/or resume, failed to interview Plaintiff for the position.

324. Plaintiff did not apply for the position when posted the second time because Plaintiff application stays active for a minimum of one year.

325. Plaintiff feels that The court can reasonably find that Defendant's nondiscriminatory reasons (if there is one available) for choosing the Caucasian Employee over Plaintiff is unworthy of credence; and that the Defendant intentionally retaliated and discriminated against plaintiff with malice and reckless indifference for filing prior charges, exercising his first amendment rights (freedom of speech and Press) through their own open door and complaint procedures and for filing prior charges, grievances and complaints.

COUNT XV

326. The cause of action in this case raises an issue of federal law. Equitable relief sought.

327. Plaintiff incorporates by reference the allegation set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

328. For his fifteenth cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

48

329. Plaintiff has exercised his first amendment rights through defendants own open door policy and through electronic mail.

330. Plaintiff also filed prior grievances, complaints with the EEOC and charges of discrimination with the federal courts.

331. For filing these complaints, grievances and charges Plaintiff has been target for discrimination by defendants.

332. Where plaintiff has been retaliated against and denied opportunities for example but not limited to Counts I – Count XXXI.

333. Defendant took these first amendment rights away from me after I made them aware of this pre-selection of candidates being wrong when they placed Dan Morrison into the underutilized System Operations Specialist position.

334. Plaintiff was denied the opportunity to apply for the SOS position. In this position he was my supervisor.

335. Plaintiff was qualified for but not limited to the electric training position on experience alone and was more qualified than the employee who was selected since plaintiff has a higher education, since plaintiff was targeted for discrimination by defendant he was retaliated against and denied the positions.

COUNT XVI

336. The cause of action in this case raises an issue of federal law. Equitable relief sought.

337. Plaintiff incorporates by reference the allegation set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

338. For his sixteenth cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

339. Defendant acted unreasonable and failed to comply with title VII where but not limited to the conduct of the defendant is in question.

340. Plaintiff was subjected to disparate treatment, different terms and conditions which resulted into constructive demotion causing harm to plaintiff in that it violated his civil rights that are guaranteed to him under the 5TH, 13TH and 14TH amendment to the constitution the United States of America and because of these continuous violations plaintiff has been subjected to a hostile environment.

341. In that amendment, plaintiff as a black man is given the same rights as whites.

342. Other blacks have experienced these same hostile environments for example, one lady told me that she was given a job and had been working for some time but she did not have any duties. See Exhibit 1-5.

343. Plaintiff for example but not limited to Counts I – Count XXXVII was a recipient of a hostile environment in those defendants continuously subjected him to discriminatory acts.

COUNT XVII

344. The cause of action in this case raises an issue of federal law. Equitable relief sought.

345. Plaintiff incorporates by reference the allegation set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

346. For his seventeenth cause of action against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

50

347. Illinois Power Company Policies and procedures place emphasis on being an equal opportunity employer and being consistent in its hiring process.

348. However when a Black employee applies for an exact position that a Caucasian employee has applied for, certain incentives are changed or removed.

349. For example but not limited to, I applied and accepted a predictive maintenance technician position, AKA preventive maintenance technician.

350. Certain incentives for the predictive maintenance position were removed and/or changed. For example but not limited to I was told that I would not be able to drive the company vehicle to my residence daily resulting in to a constructive demotion.

351. Roy Northcutt a Caucasian employee in the exact same position located in the southern region was not subject to these changes after he had accepted the position.

352. Andy Jumper, another black employee was subjected to the same type of abuse, when he was told that he would not be allowed to drive his vehicle to his residence daily after receiving a position that was vacated by a white employee through retirement, who was before his retirement was allowed to drive the vehicle to his residence daily.

353. The abusive conduct of the Defendant is in question and all issues and claims outside the scope of this charge are actionable and shall be treated as one.

COUNT XVIII

354. The cause of action in this case raises an issue of federal law. Equitable relief sought.

355. Plaintiff incorporates by reference the allegation set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

356. For his eighteenth cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

357. Each of the positions listed in the preceding paragraphs was and is underutilized.

358. Illinois Power policies and procedures have placed emphasis on hiring qualified employees including minorities and blacks into underutilized positions from within the company before going outside the company.

359. I am a current minority employee (black). I filed an approved transfer request, for an underutilized position that I was qualified for. For example but not limited to, one of the positions was located at the wood river power station, titled shift technician.

360. Job Posting September 15, 1996. Illinois Power Company's policy and procedures are to honor transfer request before going outside the company.

361. I was denied an interview for the underutilized Shift technician position. I was not allowed to take the required POSS test for the position.

362. I was denied the Shift technician position. All of the positions were given to Caucasian employees. Illinois Power changed the rules and employees from outside the company filled some of the positions.

363. Current white employees are hired before going outside the company. See exhibit 10-11.

364. Blacks are forced into the less desirable jobs that require the MOSS test or to some lower position that does not require either test.

365. The abusive conduct of the Defendant is in question and is subject to equitable tolling and all issues and claims outside the scope of this charge are actionable and shall be treated as one.

52

366.

## COUNT XIX

367. The cause of action in this case raises an issue of federal law. Equitable relief sought.

368. Plaintiff incorporates by reference the allegation set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

369. For his nineteenth cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

370. Illinois Power policies and procedures have placed emphasis on administering policies and procedures consistently and fairly for all employees.

371. Policies are administered in favor of whites and the rules are changed when they administered to black employees.

372. For example but not limited to the absence policy or policy on tardiness was administered different for plaintiff than it was for white employees.

373. I applied for a position and Defendant claim that I had a high absence record therefore denied me other employment opportunities such as but not limited to promotions and transfers.

374. White employees in the same or similar situation are treated differently for example but not limited to Chris Thoms, Cheryl krutsinger, Eldrige Dolan (Dooney), Patrick Doan were not denied employment opportunities such as but not limited to promotions and transfers although their absence record were higher than plaintiff. See exhibit 12-14.

375. The abusive conduct of the Defendant is in question and is subject to equitable tolling and all issues and claims outside the scope of this charge are actionable and shall be treated as one.

COUNT XX

376. The cause of action in this case raises an issue of federal law. Equitable relief sought.

377. Plaintiff incorporates by reference the allegation set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

378. For his twentieth cause of action, against but not limited to Illinois Power, the Plaintiff. Charles Green, states as follows:

379. Illinois Power policies and procedures have placed emphasis on Fraud and misrepresentation.

380. I applied for a position and Defendant claim that I had a high absence record therefore denied me other employment opportunities such as but not limited to promotions and transfers.

381. White employees in the same or similar situation are treated differently for example but not limited to Chris Thoms, Cheryl krutsinger, Eldrige Dolan (Dooney), Patrick Doan were not denied employment opportunities such as but not limited to promotions and transfers although their absence record were higher than plaintiff. See exhibit 12-14.

382. Defendant fraudulent acts have caused plaintiff harm for example but not limited to Defendant claimed that for example but not limited to plaintiff had missed over 200

54

hours of work per year therefore he was denied employment opportunities. See exhibit 12-14

383.   Plaintiff has never missed over 200 hours in any given year. Therefore plaintiff was misrepresented and placed in a false light by defendant. See exhibit 12-14.

384.   The abusive conduct of the Defendant is in question and is subject to equitable tolling and all issues and claims outside the scope of this charge are actionable and shall be treated as one.

385.   The conduct of defendant has an adverse affect on black employees for example but not limited to I have raise the issue where Myron Kumler who is Caucasian was allowed flex time where he could come in late or leave early and I was denied these opportunities.

386.   Darrel Warren another black employee for example but not limited to was fired in the Spring of 2001 for being tardy and he was not given the flex time opportunities that are given to white employees. The abusive conduct and illegal administration of policies and procedures has a disparate impact on all blacks employees working at Illinois Power Company including contractors.

387.   Follows is a partial list of blacks that may have been affected and who plaintiff may call upon as witnesses: Lola Smith, John Watters, George May, Andy Jumper, Alyse Lott, Terry Geruord, Stanley Crosby, Stacy Geruord, Teresa Hicks, Jesse Price, Jesse Driver, Vernon Lowery, Darrel Warren, Lamarce Tart, David Curtis, Victor Morris, Linda Robinson, Bernard Brown, Hobbie Stewart, Steven Walker, Patrick Conley, Phillip Short, Finas Glen, Jeri Steel, Debrah M Jones, Carl Jason, Keith Anderson, Calvin Bush, Leon Michaels, Thelma Bonds, Larry Johnson, Arthur Hale, Freda Carney,

55

Olga Ramos, Glenda Jackson, Norma Royston, Andra Williams, Gene Russ, Georgia Jemson, Pat Moore, Bobby Richardson, and Neil Williams. Many of these Black employees I have met with personally and have heard their stories involving disparate treatment and related. See exhibit 1-6.

COUNT XXI

388. The cause of action in this case raises an issue of federal law. Equitable relief sought.

389. Plaintiff incorporates by reference the allegation set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

390. For his twenty first cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

391. Plaintiff has also been denied the opportunities to serve on a committee. Where historically those individuals usually white who are placed on committees for example but not limited to reengineering committees are placed into new positions within the company and usually head the engineering process in some capacity.

392. These are barriers, walls and or glass ceilings intentionally set up by Defendants.

393. These barriers exclude blacks from being promoted and part of the new organization.

394. For example but not limited to Dan Morrison requested that Plaintiff be placed on the Substation Performance Team Plaintiff's name was rejected however Roy Northcutt was placed on the team as well as George Aufmuth (who are both Caucasian) which resulted in promotions for them.

56

395. These acts by defendant have a disparate impact on blacks. Plaintiff has also given direct evidence. This court must infer that plaintiff was intentionally harassed, retaliated and discriminated against. See exhibit 1-6.

COUNT XXII

396. The cause of action in this case raises an issue of federal law. Equitable relief sought.

397. Plaintiff incorporates by reference the allegation set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

398. For his twenty second cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

399. Plaintiff has also been denied the opportunities to conduct training. For example but not limited to Neil Williams requested that I am allowed to conduct training at the training center and Myron Kumler denied me this opportunity.

400. White employees in the same or similar situation are allowed to participate in the training of apprentice without any conflict.

401. These opportunities also give employees who are conducting the training additional exposure, training and development. However blacks are denied these opportunities.

402. These acts by defendant have a disparate impact on blacks. Plaintiff has also given direct evidence. This court must infer that plaintiff was intentionally harassed, retaliated and discriminated against see exhibit 1-6.

COUNT XXIII

403. The cause of action in this case raises an issue of federal law. Equitable relief sought.

57

404. Plaintiff incorporates by reference the allegation set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

405. For his Twenty third cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

406. Defendant has discriminated against plaintiff in the terms and conditions of plaintiff's employment because of plaintiff's race, because plaintiff opposed unlawful discrimination by defendant, and because plaintiff participated in the administrative process of enforcing the prohibitions against employment discrimination, all in violation of Title II of the civil rights Act of 1964, as amended by the civil rights Act of 1991 and the U.S. Constitution..

407. By intentional placing plaintiff in fear of imminent physical harm. For example but not limited to after plaintiff stated that he would begin the process of correcting defendants error involving the predictive maintenance position, approximately one week later the winch line on his substation failed. The winch line has a breaking capacity of over fifty thousand pounds.

408. Plaintiff feels that in retaliation defendant caused the winch line to fail as a threat and to do bodily harm and/or even cause death.

409. Plaintiff has been told that one black employee has been killed while working with Illinois Power Company and plaintiff does not want to be the next one.

410. The abusive conduct of the Defendant is in question and is subject to equitable tolling and all issues and claims outside the scope of this charge are actionable and shall be treated as one.

411. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of their own personnel policies and procedures Affirmative Action Policies, U.S.C 1983, 13th, 14th, 5th, 7th, 6th, 4th and 8th Amendment to the U.S Constitution, 42 U.S.C. § 2000e-2, 706(g) in that he was subjected to discriminatory practices depriving plaintiff of his liberties.

412. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits.

COUNT XXIV

413. The cause of action in this case raises an issue of federal law. Equitable relief sought.

414. Plaintiff incorporates by reference the allegation set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

415. For his twenty fourth cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

416. By intentionally and recklessly disseminating or allowing to be disseminated allegations about plaintiff to individuals with no reason to know of such statements, and with the knowledge that the statements untruthfully suggest that plaintiff is a problem employee or that plaintiff is lazy, or that plaintiff demonstrated an inability to

adequately perform the duties of his position and is incompetent, Defendant tortuously placed plaintiff in false light, and defendant is liable under Law.

417. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of their own personnel policies and procedures Affirmative Action Policies, U.S.C 1983, 13th, 14th, 5th, 7th, 6th, 4th and 8th Amendment to the U.S Constitution, 28 U.S.C. § 1367, 42 U.S.C. § 2000e-2, 706(g) in that he was subjected to discriminatory practices depriving plaintiff of his liberties.

418. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits.

COUNT XXV

419. The cause of action in this case raises an issue of federal law. Equitable relief sought.

420. Plaintiff incorporates by reference the allegation set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

421. For his twenty fifth cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

422. Once black employees reach a certain level for example but not limited to seniority or competence Defendant intentionally changes the rules and/or process in favor of white employees.

60

423. For example but not limited to, plaintiff applied for electric training specialist, electronic technician position where he had reached a certain level of competence.

424. For example but not limited to plaintiff receiving a two-year electronics technician degree and/or completing training classes.

425. Defendant intentionally changed the rules and/or the process in favor of white employees and plaintiff was denied the positions. For example but not limited to one of the electronics technician positions was given to Chris Thoms.

426. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of their own personnel policies and procedures Affirmative Action Policies, U.S.C 1983, 13th, 14th, 5th, 7th, 6th, 4th and 8th Amendment to the U.S Constitution, 28 U.S.C. § 1367, 42 U.S.C. § 2000e-2, 706(g) in that he was subjected to discriminatory practices depriving plaintiff of his liberties.

427. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits.

COUNT XXVI

428. The cause of action in this case raises an issue of federal law. Equitable relief sought.

429. Plaintiff incorporates by reference the allegation set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

430. For his twenty fsixth cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

431. I was told by Rod Hilburn that Defendant was ordered by the ICC to place employees back in the Danville are to provide better response time to allow for better customer service.

432. In the summer of 2001 Defendant intentionally but not limited to Isolated, discriminated, harassed and retaliated against plaintiff and did not for example but not limited to place plaintiff (a substation electrician) back in the Danville area.

433. However all other departments who affect external customer service were placed back in the Danville area.

COUNT XXVII

434. The cause of action in this case raises an issue of federal law.

435. Plaintiff incorporates by reference the allegation set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

436. For his twenty seventh cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

437. Occupational Safety and Health Administration (OSHA) in the winter of 2001 cited defendant.

438. In the summer of 2001 Defendant intentionally but not limited to Isolated, discriminated, harassed and retaliated against plaintiff for participating and/or filing a complaint with OSHA against defendant and did not for instance but not limited to place plaintiff (a substation electrician) back in the Danville area.

439. However all other departments who affect external customer service were placed back in the Danville area.

440. Plaintiff feels that Defendants action were intentionally because plaintiff participated and/or filed a complaint with OSHA.

441. Plaintiff also feels that he was placed in a false light and denied other opportunities by defendant because plaintiff for participated and/or filed a complaint with OSHA against defendant.

442. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of their own personnel policies and procedures Affirmative Action Policies, ICC order, Affiliate Rules, U.S.C 1983, 13th, 14th, 5th, 7th, 6th, 4th and 8th Amendment to the U.S Constitution, OSHA Act, Whistle blowers Act, 28 U.S.C. § 1367, 42 U.S.C. § 2000e-2, 706(g) in that he was subjected to discriminatory practices depriving plaintiff of his liberties.

443. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits.

COUNT XXVIII

444. The cause of action in this case raises an issue of federal law. Equitable relief sought.

445. Plaintiff incorporates by reference the allegation set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

446. For his twenty eighth cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

447. Rod Hilburn, for example but not limited to intentionally harassed, discriminated, and retaliated against plaintiff and/or participated in, for example but not limited to those violation listed in but not limited to Counts I – Counts XXVII.

448. This court should enter a judgment to join Rod Hilburn, 500 S. 27 Street, Decatur, Illinois in his individual capacity as defendant for his role in these violations.

449. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of their own personnel policies and procedures Affirmative Action Policies, U.S.C 1983, 13th, 14th, 5th, 7th, 6th, 4th and 8th Amendment to the U.S Constitution, 28 U.S.C. § 1367, 42 U.S.C. § 2000e-2, 706(g). in that he was subjected to discriminatory practices depriving plaintiff of his liberties.

450. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits.

COUNT XXIX

451. The cause of action in this case raises an issue of federal law. Equitable relief sought.