E-FILED
Monday, 05 December, 2005  06:56:16 PM
Clerk, U.S. District Court, ILCD

452. Plaintiff incorporates by reference the allegation set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

453. For his twenty nineth cause of action, against but not limited to Illinois Power, the Plaintiff, Charles Green, states as follows:

454. Defendant policies and procedures clearly indicates that Defendant's policies and procedures, federal and state laws involving employment activities will continue to be an on going part of managers and supervisors training.

455. Defendant's Affirmative action policies clearly states that the Affirmative Action policy is a formal order and should be carried out and followed by all employees.

456. The Constitutional rights of plaintiff as enumerated in the preceding paragraphs were clearly established at the time of the violations.

457. Defendant management and supervisors as well as plaintiff's coworkers knew, or in the exercise of their duties should have known, of Plaintiff's constitutional rights.

458. Plaintiff being subjected to intentional discrimination, harassment and retaliatory acts by defendant for the exercise of constitutional rights violates 42 U.S.C. §1983 in that it constitutes a deprivation of rights, privileges and immunities secured by the constitution.

459. Defendants are engaged in a continuous pattern and practice of discrimination against plaintiff for example but not limited to those acts of discrimination listed in Count 1- Count XXVIII.

460. These abusive discriminatory acts by Defendants has caused Plaintiff harm where he has suffered with stress causing pains throughout his body, Lack of sleep, loss of work, enjoyment of life, vacation time, sick leave, loss of family continuity, overtime,

pleasure, sleep, lack of concentration causing injuries on the job. Defendant and worrying about being injured or killed by other employees on the job.

461. Defendants have failed to give a nondiscriminatory reason for their conduct and/or negligence.

462. This pattern and practice of discrimination by Defendants against plaintiff are intentional discrimination and continuous in violation of Civil Rights Act of 1964, Title VII and the constitution, their own personnel policies and procedures, and their Affirmative Action Policies and plaintiff is entitled to compensatory and punitive damages, front pay, in addition to equitable relief available under prior law. 42 U.S.C. § 1981a(a), 42 U.S.C. § 1983, 706g. See Plaintiff's Supplemental pleadings, exhibit 1-34.

463. Punitive damages may be awarded since the plaintiff demonstrated that the defendant engaged in a discriminatory practice with malice and with reckless indifference to the federally protected rights of an aggrieved individual. 42 U.S.C. § 1981a(b)(1) and 42 U.S.C. § 1981a(b)(3).

464. Plaintiff is also entitled to relief do to negligence. 42 U.S.C. § 1983 and Civil Rights Act of 1991. See Exhibit 1-5. The abusive conduct of the Defendant is in question and claims outside the scope of this charge are actionable and shall be treated as one.

465. Plaintiff will need additional discovery time since some of the evidence is in the sole possession of the individual Defendants, Illinois Power and the IBEW.

That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of their own personnel policies and procedures Affirmative Action Policies, ICC order, Affiliate Rules, U.S.C 1983, 13th, 14th, 5th, 7th, 6th, 4th and 8th Amendment to the

66

U.S Constitution, 28 U.S.C. § 1367, 42 U.S.C. § 2000e-2, 706(g) That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C 1983, U.S. CONSTITUTION (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C. §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g, Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c), National Labor relations act, 49 Stat. 449, as amended 29U.S.C. 151 et seq,. FRCP 60 LANDRUM-GRIFFIN ACT 29 U.S.C. 411 (A). 42 U.S.C. 2000e-5(k) (1988 ed., Supp.III) and 42 U.S.C. sec. 1997e(e) and 48 Stat 1064, USC, Title 28, former § 723c (now § 2072)), 301 (b) of the Labor Management Relations Act, OSHA Act and Whistle Blowers Act. Title 18, Part I, Chapter 79, section 1621, 42 USCS § 1985, Title 18 U.S.C. § 4, 2, 241, 242, 245, 246, 1505, 1515, Title 42 USC § 1961. Definition, Title 42 USC § 1962, 1964, 1965 and 1986 in that he was subjected to discriminatory practices depriving plaintiff of his liberties.

466. That as a direct and proximate result of the discriminatory treatment described above the Plaintiff, Charles Green, suffered monetary damage through the loss of employment opportunities and advancements in employment consistent with his career goals and objectives together with mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life as well as lost salary and benefits.

## JOINDER OF CLAIMS

467. Plaintiff request that this court should enter a judgment to join all claims that are outside the scope of the grievance associated with this case.

468. Plaintiff request that this court should enter a judgment to join all claims that are new because of continuing violation, fraud, abusive conduct and possible criminal charges by defendant.

469. Plaintiff request that this court should enter a judgment to join all issues that are new because of continuing violation, fraud, abusive conduct and possible criminal charges by defendant.

470. Plaintiff request that this court enter a judgment to join all claims that are in violation of both Title VII and/or the U. S. Constitution and are outside the scope of the grievance associated with this case.

471. Plaintiff request that this court enter a judgment to join all claims that are in violation of both Title VII and/or the U. S. Constitution.

472. Plaintiff request that this court enter a judgment to join all issues that are in violation of both Title VII and/or the U. S. Constitution.

473. The defendant failed to take affirmative steps to illustrate that it was truly an equal opportunity employer and to comply with its seniority system, affirmative action policies and Collective bargaining agreement to fill but not limited to the High tech, Underutilized Leadman position located in the Danville service area from 1997-1998; electronic technician position from 1992 –1996; shift technician position from 1996-1997 with black candidates during the time in which Plaintiff had an active bid sheet and or transfer request on file.

474. Defendant failure to follow their own personnel policies and procedures in filling the position listed in this Count deprived plaintiff of advancement opportunities within Illinois Power company for example but not limited to Manager training center.

REQUEST FOR JURY TRIAL:

475. Plaintiff request that all matters in this complaint that can be tried by a jury be tried by a jury.

REQUEST FOR COUNSEL:

476. Since Charles Green can not detect these little errors which seem to prejudice him and deprive him of his liberties and due process even when it is no fault of his, Charles Green also request counsel from this court.

MOTION TO RECONSIDER AND VACATE DECISION AND AWARD BY EDWARD P. ARCHER

477. Charles Green is requesting that this court reconsider and vacate the decision and award by Edward P. Archer for the following reasons:

478. In the arbitration proceeding all witness swore under oath to tell the truth.

479. Illinois Power Company's witness for example but not limited to George Aufmuth testified under oath before an Arbitrator at least one particular statement was false; and he knew at the time that the testimony was false.

480. A new hearing should be ordered, on the basis of the Illinois Power counsel's use of perjured testimony.

481. Illinois Power Company's counsel had to know the case included perjured testimony.

482. Illinois Power Company's counsel and witnesses knew, or should have known, of the perjury.

483. Because of the perjured testimony Charles Green has been deprived of due process and there is a very strong likelihood that the false testimony could have affected the judgment of the Arbitrator.

484. Plaintiff request that this court reconsider and vacate the arbitrators decision because of the perjured testimony by Illinois Power company's witness.

485. This court may also look at Illinois Power company's Motion for summary judgment and affidavits filed along with Illinois Power company's motion for summary judgment in case No. 97-2148 Charles Green v, Illinois Power company, AKA Illinova.

486. A court may vacate a decision for fraud or perjury. See FRCP 60. And Uniform arbitration Act § 12 which states upon application of a party, the court shall vacate an award where: the award was procured by corruption, fraud or other undue means.

487. Plaintiff request that this court also reconsider and vacate arbitrate decision because of new evidence

488. Plaintiff request that this court reconsider and vacate arbitration decision because Arbitrator failed to mention possible conflict of interest.

489. Plaintiff request that this court reconsider and vacate the arbitrators decision due to errors by the clerks office. See FRCP 60, FRCP 77 and FRCP 79.

ATTORNEY CLIENT PRIVILEGE

490. Plaintiff is being represented Pro se and claims attorney client privilege. Plaintiff has also requested that this court appoint him counsel.

491. MOTION TO REOPEN CASE NO. 97-2148 AND 99-2126.

70

492. Plaintiff request that this court reopen Case No 97-2148 and Case No. 99-2126 due to new evidence, because of Illinois Power Company's violation of the affirmative action policies, seniority system, breach of contract, fraud, pre-selection of candidates in favor of Caucasians and perjury.

**SANCTIONS:**

493. Charles Green also requests that this court sanction each person and/or entity that knew of these fraudulent statements and failed to report it to the proper authorities.

494. Charles Green also requests that this court sanction Illinois Power Company and each person and/or entity that knew of these fraudulent statements and aloud the witnesses to commit perjury.

495. Charles Green also requests that this court sanction to the full extent of the law against Illinois Power Company and each person and/or entity who have participated in these continuous violations of Title VII of the Civil Rights Act against Charles Green in favor of Caucasian employees.

496. Charles Green also requests that this court sanction to the full extent of the law against Illinois Power Company and each person and/or entity who have participated in these continuous violations of the United States Constitution against Charles Green in favor of Caucasian employees.

497. Charles Green also requests that this court sanction to the full extent of the law against Illinois Power Company and each person and/or entity who have participated in these continuous violations of the seniority system against Charles Green in favor of Caucasian employees.

498.  Charles Green also requests that this court sanction to the full extent of the law against Illinois Power Company and each person and/or entity who have participated in these continuous violations of Illinois Power Company's Affirmative Action Policy against Charles Green in favor of Caucasian employees.

499.  Charles Green also requests that this court sanction to the full extent of the law against Illinois Power Company and each person and/or entity who have participated in these continuous violations of the Collective Bargaining Agreement between the IBEW and Illinois Power Company against Charles Green in favor of Caucasian employees.

500.  Charles Green also requests that this court sanction to the full extent of the law against Illinois Power Company and each person and/or entity who have participated in these continuous violations of the 1st, 5th, 6th, 7th, 13th, 14, amendment to the United States Constitution against Charles Green in favor of Caucasian employees depriving plaintiff of but not limited to his liberties, rights and due process.

501.  Charles Green also requests that this court sanction to the full extent of the law against Illinois Power Company and each person and/or entity who have participated in these continuous violations of the 1st, 5th, 6th, 7th, 13th, 14, amendment to the United States Constitution Illinois Power Company policies and procedures, Title VII against Charles Green in favor of Caucasian employees depriving plaintiff of but not limited to his liberties, rights and due process and tried to cover it up by making false statements.

**FACT:**

502.  Charles Green was Sanction in case No 99-2126.

503.  Case No. 99-2126 was a case involving but not limited to retaliation and discrimination.

72

504. This Case involves but not limited to perjury, fraud and/or false swearing.

505. Perjury, fraud and/or false swearing are greater crimes than Charles Green defending his honor by filing a complaint involving but not limited to discrimination.

506. Charles Green was Sanction in case No 99-2126 in a case where he attempted to correct what he felt were illegal activities.

507. **MOTION FOR CHANGE OF VENUE**

508. Plaintiff has filed several complaints in the District Court. Central District of Illinois, Urbana Illinois.

509. Plaintiff Complaint for example, Case No. 97-2148 was filed in the Urbana branch and was dismissed for example but not limited to because Magistrate stated that Plaintiff failed to comply with local rule 7.1(d).

510. Local rule 7.1(d) does not apply to pro se litigants.

511. Plaintiff feels that this case was dismissed in error.

512. Although Local rule 7.1 does not apply to pro se Litigants, plaintiff request a motion for extension of time to make sure the he complied with all rules. This request was denied.

513. Judgment in Case No 97-2148 was for Defendant although they failed to comply with the local rules.

514. Case No. 99-2126 involving Illinois Power Company, the International Brotherhood of Electrical Workers and Charles Green was Dismissed for but not limited to the following reasons:

73

a.  Case No. 99-2126 involving Illinois Power Company was dismissed based on the conclusion of case no 97-2148 where they claimed issue of preclusion and claim preclusion.

b.  Ineffective assistance of counsel due to threats.

c.  Case No. 99-2126 involving International Brotherhood of electrical Workers was dismissed based on ineffective assistance of counsel due to threats.

d.  Counsel failed to respond to discovery request.

e.  Plaintiff filed a motion for judicial recusal of magistrate in case No 01-2090 and he feels that this prejudiced him even more.

f.  This recusal request was cleverly ignored and the magistrate judge recused himself and made a comment in Case No 99-2126 that plaintiff made some horrible comments about his counsel. Plaintiff felt this these comments by the Magistrate were strategically stated, were irrelevant, out of order and prejudiced plaintiff.

g.  Plaintiff's Counsel requested to be removed from case and the court granted this motion. However, Plaintiff, Charles Green was never notified by counsel or the court.

h.  Since plaintiff was never notified that he was now being represented Pro se and needed to seek counsel or proceed pro se and respond to Order of the court time lapsed and case was dismissed.

i.  After Plaintiff realized that he was represented pro se Plaintiff immediately requested that the court reconsider order and plaintiff responded at the same

74

time to Defendant's discovery request. Plaintiff request was denied and case was dismissed.

j.   Plaintiff was not given time to seek new counsel.

k.   Plaintiff also requested that the court provide him with counsel in all cases, this was denied.

515. Case No. 01-2090 plaintiff feels this case is now following the same pattern.

516. Case No. 2090 plaintiff has made several motions that were denied or ignored.

517. Illinois Power Company has failed to comply with several local rules including local rule 7.1 and plaintiff brought this to the attention of the court however, nothing was done.

518. In my case for example, in case no 97-2148 my case was dismissed for failing to comply with local rules.

519. In my case for example, in case no 99-2126 my case was dismissed for failing to comply with order.

520. It is my understanding that a Pro Se Case shall not be dismissed unless the court find that he can not prove any of the issues raised.

521. It is my understanding that a Pro Se Case shall not be dismissed for non-willful mistakes. See FRCP 83 and FRCP 60.

522. For the reasons listed throughout this complaint plaintiff request a change of venue to the United States District Court Peoria Location, 1st Floor, Room 131, 100 N.E. Monroe Street, Peoria, IL 61602, Phone: (309) 671-7035.

**JUDGMENT:**

Wherefore, the Plaintiff, Charles Green, respectfully requests that this Court enter judgment in his favor and against Illinois Power and provide the following relief:

(a) Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 42 U.S.C. § 2000e-2 and issue a mandatory injunction against Illinois Power, to take affirmative steps to ensure that Illinois Power and all individuals working under it at Illinois Power to refrain from engaging in any actions with respect to the Plaintiff, Charles Green, which are prohibited under the terms of the aforesaid Act; (Civil Rights Act of 1964);

(b) Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of the 1st, 5th, 6th, 7th, 8th, 9th, 13th, and 14th Amendment and issue a mandatory injunction against Illinois Power, to take affirmative steps to ensure that Illinois Power and all individuals working under it at Illinois Power to refrain from engaging in any actions with respect to the Plaintiff, Charles Green, which are prohibited under the terms of the aforesaid United States Constitution;

(c) Enter a judgment against defendant and award Plaintiff, Charles Green, hedonic damages for loss of enjoyment of life resulting from these wrongful acts to the maximum extent permitted by law;

(d) Enter a judgment against defendant and award Plaintiff, Charles Green, front pay to the maximum extent permitted by law;

(e) Enter a judgment against each named defendant and award Plaintiff, Charles Green, damages sufficient to compensate him for economic losses suffered as a result of the denial of career advancement opportunities as alleged in this complaint;

(f) Enter a judgment against each named defendant and award Plaintiff, Charles Green, compensatory, punitive damages and exemplary damages to the maximum extent permitted by law;

(g) Assess against Illinois Power the costs and expenses incurred by the Plaintiff, Charles Green, in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by him in prosecuting the above captioned cause; and

(h) Enter a judgment against each named defendant and Provide such other relief as the Court deems to be equitable and just.

(i) Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 42 U.S.C. § 2000e-2 and issue a mandatory injunction against Illinois Power, to take affirmative steps to ensure that Illinois Power and all individuals working under it at Illinois Power to refrain from engaging in any actions with respect to , Charles Green, which are prohibited under the terms of the aforesaid Act; (Civil Rights Act of 1964);

(j) Enter a judgment against Illinois Power and each named witness for Illinois Power company and award Charles Green, hedonic damages for loss of enjoyment of life resulting from these wrongful acts to the maximum extent permitted by law;

(k) Enter a judgment against Illinois Power and each named witness for Illinois Power company and award Charles Green, front pay to the maximum extent permitted by law;

77

(l) Enter a judgment against Illinois Power and each named witness for Illinois Power company and award Charles Green, damages sufficient to compensate him for economic losses suffered as a result of the denial of career advancement opportunities as alleged in this complaint;

(m) Enter a judgment against Illinois Power Company each named witness and award Charles Green, compensatory, punitive damages and exemplary damages to the maximum extent permitted by law;

(n) Assess against Illinois Power the costs and expenses incurred by , Charles Green, in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by him in prosecuting the above captioned cause; and

(o) Enter a judgment against Illinois Power and each named witness for Illinois Power company and Provide such other relief as the Court deems to be equitable and just.

(p) Enter a judgment against Illinois Power and vacate arbitrators decision and Provide such other relief as the Court deems to be equitable and just.

(q) Charles Green also requests that this court enter a judgment against Illinois Power Company to punish to the full extent of the law each person and/or entity who knew of these fraudulent statements and aloud the witnesses to commit perjury.

Respectfully submitted by,

*[signature]*

Charles L. Green
Pro se
520 Monterey
Danville, IL. 61832
Date: April 24, 2002