Westlaw.

125 Fed.Appx. 723                                                                                          Page 1

125 Fed.Appx. 723, 2005 WL 545638 (7th Cir.(Ill.))

**(Cite as: 125 Fed.Appx. 723, 2005 WL 545638 (7th Cir.(Ill.)))**

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

Please use FIND to look at the applicable circuit court rule before citing this opinion. Seventh Circuit Rule 53. (FIND CTA7 Rule 53.)

United States Court of Appeals,
Seventh Circuit.
Margaret COLLINS, Plaintiff-Appellant,
v.
State of ILLINOIS, et al., Defendants-Appellees.
No. 04-2234.

Submitted March 2, 2005. [FN*]

FN* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Decided March 4, 2005.

**Background:** State library employee initiated action against employer and union, alleging racial discrimination and harassment, and retaliation for litigating prior suit. The United States District Court for the Central District of Illinois, Richard Mills, J., granted motion to dismiss.

**Holdings:** The Court of Appeals held that:
(1) employee's filing of notice of appeal in two previous suits did not divest district court of jurisdiction; but
(2) claim and issue preclusion barred employee from relitigating issues she had litigated before.
Affirmed in part, and vacated and remanded in part.

West Headnotes

**[1] Federal Courts** ☞681.1
170Bk681.1 Most Cited Cases
In employment discrimination cases, employee's filing of notice of appeal in her two previous suits did not divest district court of jurisdiction over her independent lawsuit just because litigants or claims overlapped or were similar.

**[2] Judgment** ☞720
228k720 Most Cited Cases
Based on issue and claim preclusion, state library employee was barred from relitigating whether she suffered racial discrimination in her suspensions in certain year, written warning the following year, and transfer out of library development group the year after that, which she had litigated before. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.

**[3] Civil Rights** ☞1116(2)
78k1116(2) Most Cited Cases
Supervisors in their individual capacities were not "employers" within meaning of Title VII, and thus state library employee claiming racial discrimination was precluded from maintaining Title VII suit against them. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.

**[4] Labor and Employment** ☞976
231Hk976 Most Cited Cases
Union, as state or political subdivision, did not constitute "employer" within meaning of National Labor Relations Act (NLRA), and thus employee was precluded from litigating discrimination claims against them under NLRA. National Labor Relations Act, § 2(2), as amended, 29 U.S.C.A. §

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit 12

125 Fed.Appx. 723                                                                                                    Page 2

125 Fed.Appx. 723, 2005 WL 545638 (7th Cir.(Ill.))

**(Cite as: 125 Fed.Appx. 723, 2005 WL 545638 (7th Cir.(Ill.)))**

152(2).

*724 Appeal from the United States District Court for the Central District of Illinois. No. 03-3159. Richard Mills, Judge.

Margaret J. Collins, Springfield, IL, for Plaintiff-Appellant.

Mary E. Welsh, Office of the Attorney General, Chicago, IL, Mary L. Leahy, Springfield, IL, for Defendants-Appellees.

Before BAUER, RIPPLE, and ROVNER, Circuit Judges.

### ORDER

**\*\*1** Margaret Collins has been employed at the Illinois State Library in Springfield since the early 1970s. In the 1980s Collins won a jury verdict against the State of Illinois on a Title VII retaliation claim. *See Collins v. Illinois,* 830 F.2d 692 (7th Cir.1987). Then in June 1999 she filed an employment-discrimination suit against the Illinois Secretary of State, the state library, and several library employees, but *725 she lost the case at summary judgment. She filed another suit against the Secretary of State, the library, and several library employees in February 2002. She also attempted to add the Illinois Federation of Public Employees, Local 4408. The district court dismissed the complaint based on the doctrines of issue and claim preclusion and determined that Collins had failed to serve the union with process. Collins unsuccessfully appealed both cases to this court. *See Collins v. Norris,* 100 Fed.Appx. 553 (7th Cir. May 28, 2004) (unpublished order). While those consolidated appeals were still pending, Collins filed this action in the district court in December 2003 against the State of Illinois, its Secretary of State, the state library, two of her supervisors, the Illinois Federation of Teachers (IFT), the director of the union, and a union representative. The district court concluded that because the case involves similar factual allegations to those Collins was litigating in her two cases that were pending on appeal, it lacked jurisdiction over the new case. Collins now appeals.

In her 1999 suit Collins claimed that she had been subjected to many incidents of racial discrimination and harassment at work, and that she suffered unlawful retaliation for litigating her 1987 suit. Collins brought her claims under Title VII, 42 U.S.C. § 2000e to 2000e-17, and under 42 U.S.C. § § 1981 and 1983. Among her many allegations--which continued to expand to cover events occurring after the suit was filed--Collins complained that she was excluded from staff meetings, given negative performance evaluations, denied the opportunity to attend educational seminars, suspended twice in 1999, formally warned about substandard work performance in 2000, transferred in 2002 from the Library Development Group to the "operations" side of the library, and generally mistreated by her supervisors and coworkers. Many of her allegations were untimely, *see Collins,* 100 Fed.Appx. at 555-56, and for the only two timely events that counted as adverse employment actions she failed to identify similarly situated employees who received better treatment, *id.* Furthermore, Collins failed to produce evidence that would permit a reasonable trier of fact to conclude that her workplace was a hostile environment. *Id.* Collins's second suit in 2002 raised the same claims that the district court had considered in her 1999 suit, so the bulk of the suit was dismissed based on the doctrine of claim preclusion. *Id.* As for a new claim against the Illinois Federation of Public Employees for failing to pursue a grievance on her behalf, Collins failed to serve the union with process and the district court justifiably refused to give her more time because the claim was likely to be untimely. *Id.* at 556.

**\*\*2** In the case before us Collins's amended complaint again refers to incidents that she litigated before, including the suspensions in 1999, the written warning in 2000, and her transfer out of the Library Development Group in 2002. Collins, though, also includes other allegations that appear new. She alleges she was suspended for three days in December 2003 in retaliation for filing this suit; given a low score on a performance evaluation (she does not say when), also in retaliation for her complaints of discrimination; assigned duties inappropriate for her position; denied credit for

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

125 Fed.Appx. 723    Page 3

125 Fed.Appx. 723, 2005 WL 545638 (7th Cir.(Ill.))

**(Cite as: 125 Fed.Appx. 723, 2005 WL 545638 (7th Cir.(Ill.)))**

overtime she reported; placed on "proof status" at various times; denied promotional opportunities; punished more severely than other coworkers; and restricted in her use of technical staff. She also alleges that she was transferred from the Library Development Group to Library Operations in March 2003, which at this stage of the litigation we must assume *726 is different from the 2002 transfer that she litigated previously.

Other claims in the complaint are plainly new. Collins asserts that library director Jean Wilkins breached "IFT Contract 33.1-33.4" by failing to give her a copy of the grievance that prompted the 2002 internal transfer. She claims, too, that Jean Reader, her IFT union representative, violated provisions of a collective bargaining agreement between the IFT and the Secretary of State by representing "similarly situated white union members" in pursuit of their grievance against Collins. Collins further complains that Reader failed to provide her with a copy of that grievance and in general failed to represent her in her dealings with the library. Collins also names Gary Leach, the director of the IFT and complains that he lied to the EEOC in 2000 regarding Collins's 1999 suspension, refused to arbitrate Collins's written warning in 2000, and otherwise failed to represent her "in violation of the IFT and Secretary of State's non-discrimination clause" and the "National Labor Relations Act." Elsewhere Collins asserts that all of her claims against the defendants arise under Title VII and § 1981.

[1] The state defendants filed a motion to dismiss Collins's first amended complaint, arguing that her allegations about the denial of overtime credit and the three-day suspension were beyond the scope of her EEOC charge, that any of her claims arising out of the same transactions as claims she litigated before were barred by doctrines of claim and issue preclusion, and that her claims against the Secretary of State and the library employees had to be dismissed because these defendants are not Collins's employers for purposes of Title VII. The state defendants did not explain which claims they believe are barred by preclusion and did not even mention § 1981. The district court did not select any of these bases for dismissing the complaint and instead relied on an argument raised by the union defendants in their motion to dismiss: that the court lacked jurisdiction over this case because Collins had filed notices of appeal in her two previous suits and the filing of a notice of appeal divests a district court of jurisdiction.

**3 That basis for dismissal is clearly incorrect. The state defendants concede in their jurisdictional statement, which the union defendants adopt, that the district court had jurisdiction over the case (though they did not inform the district court of its error when Collins moved for reconsideration). The district court relied on the principle that the filing of a notice of appeal confers jurisdiction in the court of appeals and divests the trial court of jurisdiction over a case, but opinions discussing that principle concern appeals within the same lawsuit. *See Brenner v. CFTC,* 338 F.3d 713, 722 (7th Cir.2003) ; *Kusay v. United States,* 62 F.3d 192, 193-94, (7th Cir.1995); *May v. Sheahan,* 226 F.3d 876, 879 (7th Cir.2000). We are aware of no decision holding that a notice of appeal filed in one lawsuit also divests a district court of jurisdiction over independent lawsuits just because the litigants or claims may overlap or be similar. In fact, the district court acknowledged in its order that Collins was suing some new defendants and was raising some new claims. A new lawsuit is a proper way for Collins to litigate those new claims, and the doctrines of claim and issue preclusion should have prevented her from relitigating the claims that were on appeal. *See Old Republic Ins. Co. v. Chuhak & Tecson, P.C.,* 84 F.3d 998, 1000-01 (7th Cir.1996) (doctrine of collateral estoppel requires only a final judgment from the court rendering judgment, not full exhaustion of appellate remedies); *see also* *727*Pharmacia and Upjohn Co. v. Mylan Pharm, Inc.,* 170 F.3d 1373, 1381 (6th Cir.1999) (" '[T]he law is well-settled that the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding' " (alteration by the court) (citing *Deposit Bank v. Bd. of Councilmen of City of Frankfort,* 191 U.S. 499, 24 S.Ct. 154, 48 L.Ed. 276, (1903))).

[2][3][4] We have considered whether there is an

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

125 Fed.Appx. 723                                                                                                                         Page 4

125 Fed.Appx. 723, 2005 WL 545638 (7th Cir.(Ill.))

**(Cite as: 125 Fed.Appx. 723, 2005 WL 545638 (7th Cir.(Ill.)))**

alternate ground for affirming the district court's dismissal. *See Ciarpaglini v. Saini,* 352 F.3d 328, 331 (7th Cir.2003) (court can affirm on any basis fairly supported by the record). Relying only on information contained in the amended complaint, *see* Fed.R.Civ.P. 12(b)(6) (if the court considers matters outside the pleading, the motion to dismiss is converted into a motion for summary judgment); *Deckard v. Gen. Motors Corp.,* 307 F.3d 556, 560 (7th Cir.2002), we are able to affirm only a small part of the district court's dismissal. First, Collins has litigated before and may not relitigate whether she suffered racial discrimination in the suspensions in 1999, the written warning in 2000, and the transfer out of the Library Development Group in 2002. *See Central States SE and SW Area Pension Funds,* 296 F.3d 624, 628 (7th Cir.2002) (describing claim preclusion); *Chicago Truck Drivers, Helpers and Warehouses Union (Indep.) Pension Fund v. Century Motor Freight, Inc.,* 125 F.3d 526, 530 (7th Cir.1997) (describing issue preclusion). Also, Collins may not maintain a Title VII suit against her supervisors in their individual capacities. *See Sattar v. Motorola, Inc.,* 138 F.3d 1164, 1168 (7th Cir.1998) (a supervisor acting in her individual capacity does not fall under Title VII 's definition of employer). Furthermore, Collins may not litigate any claims against the union defendants premised on the National Labor Relations Act because the Act exempts "any State or political subdivision thereof" from its definition of "employer." *See* 29 U.S.C. § 152(2); *Gomez v. Gov't of Virgin Islands,* 882 F.2d 733, 736 (3d Cir.1989); *Ayres v. Int'l Bhd. of Elec. Workers,* 666 F.2d 441, 442-444 (9th Cir.1982). Thus Collins is not covered by the act.

**\*4** We see no reason to dismiss Collins's remaining claims at this stage of the litigation. Therefore we AFFIRM in part and VACATE and REMAND in part.

125 Fed.Appx. 723, 2005 WL 545638 (7th Cir.(Ill.))

**Briefs and Other Related Documents (Back to top)**

• 04-2234 (Docket) (May. 13, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                                                                    Page 1

Not Reported in F.Supp.2d, 2000 WL 1141597 (C.D.Ill.), 86 A.F.T.R.2d 2000-5363, 2001-1 USTC P 50,124

**(Cite as: 2000 WL 1141597 (C.D.Ill.))**

H

**Motions, Pleadings and Filings**

United States District Court, C.D. Illinois.
Daniel Thomas MILLER, Plaintiff,
v.
UNITED STATES OF AMERICA, Defendant.
**No. 00-4009.**

June 5, 2000.

*ORDER*

MCDADE, Chief J.

*1 Before the Court are Magistrate Judge Gorman's Report and Recommendation [Doc. # 6], which addresses Defendant's Motion to Dismiss Complaint [Doc. # 4], and Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. # 9]. Magistrate Judge Gorman recommended that Defendant's motion be granted and that Plaintiff should be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure. Plaintiff has filed his objections and his response to Defendant's motion. The Court ADOPTS IN PART the magistrate judge's recommendation for the reasons that follow. Additionally, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

*BACKGROUND*

This is a tax refund case brought by Plaintiff, Daniel Thomas Miller, who is proceeding *pro se*. Plaintiff seeks a refund for the taxes he paid in the 1998 tax year. Plaintiff has previously brought similar actions in the Central District of Illinois, rock Island Division, see 98-CV-4021 and 98-CV-4117. Both of these prior actions were dismissed by Judge Michael Mihm as meritless. The only difference between the previous actions and the instant complaint is that the former related to prior tax years. Although Plaintiff's allegations are only marginally coherent, in essence, Plaintiff alleges that the federal income taxes withheld "were erroneously distrained by United Airlines." Compl., ¶ 6.

Magistrate Judge Gorman recommended that Plaintiff's Complaint be dismissed based upon the reasoning and analysis in Judge Michael Mihm's Order of August 4, 1999, filed in 98-CV-4021 and 98-CV-4117. Magistrate Judge Gorman further recommended that the Court sanction Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Plaintiff has filed his objections to the magistrate judge's report and recommendation. Plaintiff fails to raise any coherent or substantial legal argument. Plaintiff first objects that the Court has no authority to refer Defendant's motion to the magistrate judge. Second, Plaintiff argues that the "Croasmun Doctrine is at work" and that "the Court [in] adopting this Report and Recommendation [is] exercising the long forbidden practice of issuing 'Bills of Attainder." ' Third, Plaintiff argues that any defects in his original complaint are corrected in his First Amended Complaint. Fourth, citing excerpts from a 1942 congressional hearing, Plaintiff argues that he is a "nontaxpayer." Finally, Plaintiff argues that the Internal Revenue Service's alleged silence is fraud.

The same day that Plaintiff filed his objections, Plaintiff also filed a First Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Defendant has filed a motion to dismiss this complaint for the same reasoning stated in magistrate Judge Gorman's Report and Recommendation.

*ANALYSIS*
A complaint should not be dismissed unless it

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 2

Not Reported in F.Supp.2d, 2000 WL 1141597 (C.D.Ill.), 86 A.F.T.R.2d 2000-5363, 2001-1 USTC P 50,124

**(Cite as: 2000 WL 1141597 (C.D.Ill.))**

appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41 (1957); *Gould v. Artisoft, Inc.,* 1 F.3d 544, 548 (7th Cir.1993). Rather, it should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f).

*2 For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See Albright v.. Oliver,* 510 U.S. 266, 268 (1994); *Hishon v. King & Spaulding,* 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest,* 110 F.3d 467 (7th Cir.1997); *MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.,* 63 F.3d 967, 969 ( & th Cir.1995); *Early v. Bankers Life & Cas. Co.,* 959 F.2d 75 (7th Cir.1992).

If the plaintiff's claim as plead, however, is "without legal consequence," dismissal is proper. *Grzan v. Charter Hospital,* 104 F.3d 116, 119 (7th Cir.1997). One of the purposes of Rule 12(b)(6) is to eliminate actions that are fatally flawed in their legal premises and are destined to fail, thus sparing litigants the burdens of unnecessary pretrial and trial activity. *See Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.,* 988 F.2d 1157, 1160 (7th Cir.1993).

*I. Report and Recommendation*

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made. *See* Fed.R.Civ.P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.*

After sifting through Plaintiff's incoherent and varied allegations, it appears that the relief Plaintiff seeks is simply a refund of $37,819.38. *See* Compl., ¶ 11. This amount was apparently withheld from his wages earned at United Airlines in the 1998 tax year. The amount is based upon the Form W-2 issued to Plaintiff. *See* Compl., ¶ 6. Many of Plaintiff's allegations bear no reasonable relation to his claim for a refund such as his assertion that he has been placed on the "Illegal Tax Protestor List." *See* Compl., ¶ 14.

Plaintiff's arguments that his earnings from United Airlines are not subject to federal income tax are without merit and have been routinely rejected by the courts. *See, e.g., McLaughlin v. CIR,* 832 F.2d 986, 986-87 (7th Cir.1987) (tax protestors such as plaintiff who claimed he was exempt from the payment of income tax are thorns in the side of the federal judiciary); *Bierman v. CIR,* 769 F.2d 707, 708 (11th Cir.1985) (rejecting commonly asserted arguments that tax assessments are illegal); *Madison v. United States,* 752 F.2d 607, 608-09 (11th Cir.1985) (argument that wage earners not subject to tax deemed frivolous and complaint should have been dismissed rather than summary judgment granted); *Nichols v. United States,* 575 F.Supp. 320, 322 (D.Minn.1983) (plaintiff's tax return incorrect on its face where W-2 showed substantial wages not reflected in return).

"The starting point for income taxation is that all sums paid to, or on behalf of, an employee are taxable income." *Howell v. United States,* 775 F.2d 887, 889 (7th Cir.1985). Plaintiff's 1998 W-2 shows that he received "[w]ages, tips, other compensation" from United Airlines, which is subject to federal income tax. Plaintiff has failed to make any meritorious argument that his 1998 earnings reflected in his W-2 statements should be tax exempt. His arguments to the contrary are mere rhetoric. Moreover, Plaintiff's arguments have previously been rejected as meritless by Judge Michael Mihm. Plaintiff's attempt to raise the same arguments in a different tax year are unavailing. Accordingly, Defendant's Motion to Dismiss is GRANTED.

*3 Magistrate Judge Gorman also recommended that Plaintiff be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure. The magistrate judge explained and described Plaintiff's conduct that constituted a Rule 11 violation by

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 3

Not Reported in F.Supp.2d, 2000 WL 1141597 (C.D.Ill.), 86 A.F.T.R.2d 2000-5363, 2001-1 USTC P 50,124

**(Cite as: 2000 WL 1141597 (C.D.Ill.))**

pointing out that in connection with the dismissal of the two previous cases asserting similar frivolous claims, the filing of the instant complaint is likewise frivolous. Judge Gorman reasoned that Plaintiff "offered absolutely so indication that the claim he raises in this complaint is 'warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law." ' Fed. R. Civ. Pro. 11(b)(2). Because Plaintiff has persisted in such frivolous litigation in violation of Rule 11, Plaintiff is ordered to appear before the Court on July 7, 2000, 1:00 p.m. at the Rock Island Federal Building, 211 Nineteenth St., to show cause why sanctions should not be imposed. Accordingly, the court ADOPTS Magistrate Judge Gorman's Report and Recommendation.

Plaintiff is warned that further frivolous law suits will not be tolerated by the federal courts and will be punished appropriately, including the possibility of restricting Plaintiff's access to the courts.

*II. Defendant's Motion to Dismiss First Amended Complaint*

On the same day that Plaintiff filed objections to Magistrate Judge Gorman's Report and Recommendation, Plaintiff also filed his First Amended Complaint [Doc. # 8]. In his Objections, Plaintiff stated that he did not seek leave of court to file such because he believes he falls under Rule 15(a) of the Federal Rules of Civil Procedure, which states that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Defendant does not contest that Plaintiff's First Amended Complaint does not come within Rule 15(a). Instead, Defendant has filed a motion to dismiss, arguing that the First Amended Complaint does not substantially differ from Plaintiff's original complaint, and thus it should be dismissed for the reasons stated in the magistrate judge's report and recommendation.

Once again, Plaintiff has filed a rather incoherent and rhetorical response. Plaintiff argues that *McLaughlin* "serves no purpose other than as a pinnacle for casting dispersions upon this Plaintiff.

Further more, upon study, cases cited in *McLaughlin* are found to make statements that are not accurate." Pl.'s Resp., 2.

Although Plaintiff slightly changes the allegations of his complaint, Plaintiff still seeks relief on the same basic grounds, asserting that he is not a taxpayer and that he was not engaged in any taxable activity. As previously stated, Plaintiff's allegations and arguments are frivolous. Accordingly, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is GRANTED.

*CONCLUSION*
IT IS THEREFORE ORDERED that the Court ADOPTS IN PART Magistrate Judge Gorman's Report and Recommendation [Doc. # 6]. Defendant's Motion to Dismiss [Doc. # 4] is GRANTED.

*4 IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. # 9] is GRANTED.

CASE TERMINATED WITH PREJUDICE.

Not Reported in F.Supp.2d, 2000 WL 1141597 (C.D.Ill.), 86 A.F.T.R.2d 2000-5363, 2001-1 USTC P 50,124

**Motions, Pleadings and Filings (Back to top)**

• 4:00CV04009 (Docket) (Jan. 13, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

106 F.3d 403 (Table)

Page 1

106 F.3d 403 (Table), 1997 WL 14789 (7th Cir.(Ind.))
**Unpublished Disposition**

(Cite as: 106 F.3d 403, 1997 WL 14789 (7th Cir.(Ind.)))

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA7 Rule 53 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Seventh Circuit.
Daniel J. DEVORE, Plaintiff-Appellant,
v.
COUNTY OF JEFFERSON, et al.,
Defandants-Appellees.
No. 96-1214.

Submitted Jan. 9, 1997. [FN*]

FN* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. *See* Fed.R.App. P. 34(a); Cir.R. 34(f).

Decided Jan. 09, 1997.

Appeal from the United States District Court for the Southern District of Indiana, New Albany Division, No. 94 C 25; Sarah Evans Barker, Chief Judge.

S.D.Ind.

AFFIRMED.

Before POSNER, Chief Judge, and CUMMINGS and PELL, Circuit Judges.

*ORDER*
**1 Daniel J. Devore appeals the dismissal of his claim against various defendants. The district court ruled that most of Devore's claims were barred by the doctrines of *res judicata* and/or *Rooker-Feldman*. The court dismissed Devore's other claims for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). The dispute arose out of Devore's attempt, in 1985, to have a one-half acre parcel rezoned so that he could use it as a junkyard. The Jefferson County Advisory Plan Commission denied his request. In 1991, a complaint was filed with the Plan Commission alleging that Devore was maintaining a junkyard on the property. On December 6, 1991, Jefferson County filed suit (in the Jennings County Court), seeking to enjoin Devore from using the property as a junkyard. On April 27, 1994, that court issued a permanent injunction enjoining Devore from using his property as a junkyard. Devore did not appeal this order. On September 13, 1995, Jefferson County filed a motion to enforce the injunction, claiming that Devore had continued to use his property as a junkyard. The record does not disclose the status of this proceeding.

Devore initiated the instant federal litigation by filing a complaint in the district court on February 23, 1994; he filed an amended complaint on June 22, 1994. Devore named 24 defendants. The district court has broken them down into three descriptive categories. (R. 68 at 3.) The first group of defendants consists of Jefferson County itself, the county plan commission and the zoning board, persons who are members of these entities and lawyers and law firms that represented these entities. The second group is made up of those persons who testified at hearings on Devore's zoning matters. The third group contains one defendant, Jennings County, which Devore names as a defendant on the ground that it was the venue for the state court case brought by Jefferson County against Devore.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

106 F.3d 403 (Table)

Page 2

106 F.3d 403 (Table), 1997 WL 14789 (7th Cir.(Ind.))
**Unpublished Disposition**

**(Cite as: 106 F.3d 403, 1997 WL 14789 (7th Cir.(Ind.)))**

It is not easy to determine from reading Devore's complaint whom he is suing for what. It has various quotes scattered throughout it from sources as diverse as Karl Marx and William Shakespeare. It reads more like a polemic on the right to free use of property than a short and plain statement showing that Devore is entitled to relief. Nevertheless, the district court, construing Devore's pleading liberally, was able to estimate what he was claiming.

The core of Devore's complaint is that the defendants' actions in enforcing the zoning ordinance amounted to taking of his property without just compensation and also violated a myriad of Devore's other constitutional rights. He additionally claimed that one of the defendants violated Indiana's voyeurism statute by taking photographs of his property over the top of his six-foot high privacy fence. In addition, Devore's complaint alleges that all the defendants were part of a conspiracy to limit his use of his property. The district court determined that to the extent Devore's complaint challenged the actions of the defendants in their seeking and obtaining an injunction against Devore's use of the property as a junkyard, that he was challenging the outcome of the state court action. The court, therefore, concluded that Devore's federal claims were barred by the *Rooker-Feldman* doctrine and/or *res judicata*. The court also determined that Devore had failed to state any other adequate federal claims.

\*\*2 On appeal, Devore has not made a cogent argument as to why we should reverse the district court's order. The closest Devore comes to taking issue with the substance of the district court's ruling is in his reply brief where he claims that *Rooker-Feldman* and *res judicata* do not apply to his case because he filed his federal claim prior to the state court's issuing of the injunction.

We conclude that Devore has not complied with Federal Rule of Appellate Procedure 28(a) because he has not made an argument as to why the district court was incorrect in its decision nor cited any authority in support of his position. Devore's filings in the district court and in this court amount to a series of barely comprehensible ramblings about the nature of government, property, liberty and other topics. While there are appropriate fora for airing one's general opinions and grievances, a federal court is not one of them. The function of federal courts is to decide specific cases, a task that is made quite difficult when a litigant chooses to proceed as Devore has here. As such, we affirm the order of the district court.

While Devore's modus operandi did not serve him well, in the end it may have cost him nothing for based upon what we can glean from the record, the district court reached the correct result. Although the district court cited both *res judicata* and *Rooker-Feldman* in its order, we believe that *Rooker-Feldman* alone was the proper doctrine for addressing Devore's claims that implicate the zoning decisions. Under the *Rooker-Feldman* doctrine, lower federal courts lack subject-matter jurisdiction to review state court adjudications. *Wright v. Tackett,* 39 F.3d 155, 157 (7th Cir.1994), *cert. denied,* 115 S.Ct. 1100 (1995). We recently noted that *Rooker-Feldman* is not so broad as to cover all cases in which a litigant brings a case in federal court that seeks to retry an issue already decided in state court. *Nesses v. Shepard,* 68 F.3d 1003, 1004 (7th Cir.1995). Rather, the *Rooker-Feldman* jurisdictional bar "ought to be confined to cases in which the defendant in the state court is seeking to undo a remedial order of some sort (ordinarily a criminal conviction or an injunction)." *Id.* From what we can glean from Devore's complaint, he is trying to have this court dissolve the injunction issued by the state court. He does not specifically ask for this relief. However, the essence of his complaint is that the state court's issuance of the injunction violated his constitutional rights. Therefore, to the extent that Devore's complaint argues that the issuance of the injunction was unconstitutional, the district court did not have subject-matter jurisdiction.

Devore makes some additional claims that do not necessarily implicate *Rooker-Feldman,* but which the district court nevertheless properly dismissed.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.