E-FILED
Monday, 12 December, 2005 01:41:23 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

FILED
DEC 12 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

| | |
|---|---|
| CHARLES LEE GREEN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) 05-2222 |
| | ) |
| V. | ) |
| | ) |
| ILLINOIS POWER COMPANY, Veta Rudolph Lieke, | ) |
| William "Bill" Pray, George Aufmuth, Myron Kumler, | ) |
| Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh | ) |
| International Brotherhood of Electrical Workers (IBEW) | ) |
| Local 51 And Travelers Insurance of Illinois | ) |
| | ) |
| Defendants | ) |

The cause of action in this case raises an issue of federal law. Equitable relief sought.

**PLAINTIFF REQUEST LEAVE OF COURT TO FILE PLAINTIFF'S REPLY TO THE IBEW'S MOTION TO DISMISS**

Plaintiff request leave of court to file his Reply to defendants motion to dismiss. Plaintiff reply as I understand was due on December 8, 2005 and to days date is December 9, 2005. It will be an in justice for this court not to allow Plaintiff's reply. Plaintiff is being represented Pro Se.

Respectfully submitted by,

[signature]

**Plaintiff**
Charles Green
Pro se
520 Monterey
Danville, Illinois 61832
217-446-1724
December 9, 2005

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES LEE GREEN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) 05-2222 |
| | ) |
| V. | ) |
| | ) |
| ILLINOIS POWER COMPANY, Veta Rudolph Lieke, | ) |
| William "Bill" Pray, George Aufmuth, Myron Kumler, | ) |
| Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh | ) |
| International Brotherhood of Electrical Workers (IBEW) | ) |
| Local 51 And Travelers Insurance of Illinois | ) |
| | ) |
| Defendants | ) |

The cause of action in this case raises an issue of federal law. Equitable relief sought.

CERTIFICATE OF SERVICE
PLAINTIFF REQUEST LEAVE OF COURT TO FILE PLAINTIFF'S REPLY TO THE IBEW'S MOTION TO DISMISS

Plaintiff CERTIFY that on December 9, 2005 Plaintiff served a copy of Request for leave of court to file his Reply to defendants motion to dismiss. Plaintiff's reply to defendants local 51 motion to dismiss and memorandum of law. The documents were mailed to Arthur J. Martin, 1221 Locust Street, second floor, St. Louis, Missouri 63103-2364

Respectfully submitted by,

*[signature]*

Plaintiff
Charles Green
Pro se
520 Monterey
Danville, Illinois 61832
217-446-1724
December 9, 2005

RECEIVED
DEC 12 2005
U.S. CLERK'S OFFICE
URBANA, IL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES LEE GREEN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) 05-2222 |
| | ) |
| V. | ) |
| | ) |
| ILLINOIS POWER COMPANY, Veta Rudolph Lieke, | ) |
| William "Bill" Pray, George Aufmuth, Myron Kumler, | ) |
| Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh | ) |
| International Brotherhood of Electrical Workers (IBEW) | ) |
| Local 51 And Travelers Insurance of Illinois | ) |
| | ) |
| Defendants | ) |

**The cause of action in this case raises an issue of federal law. Equitable relief sought.**

**PLAINTIFF'S REPLY TO THE IBEW'S MOTION TO DISMISS**

I.   INTRODUCTION.

A civil action is commenced by filing a complaint with the court. FRCP 3. Plaintiff filed his complaint on October 4, 2005. Plaintiff also mailed other forms such as waiver and certificate of service. Defendant now has filed an answer in the form of motion to dismiss. FRCP 8b, A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. Defendant has failed to admit or deny Plaintiff's claims. It is not Plaintiff or the courts responsibility to go through and figure out which part of the complaint Defendant is referring to. Therefore the court must take this in consideration and rule in favor of Plaintiff.

II.   RESPONSE.

Responding to No. 1.   Defendant claims that Plaintiff's complaint in this case is based in part upon allegations which have already been ruled on by this court. . FRCP 8b, A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which

the adverse party relies. It is not Plaintiff or the courts responsibility to go through and figure out which part of the complaint Defendant is referring to.

Responding to No. 2.    Defendant also claims that plaintiff's complaint is based on allegations that are time barred. Plaintiff's complaint is a timely filed complaint. FRCP 8b, A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. It is not Plaintiff or the courts responsibility to go through and figure out which part of the complaint Defendant is referring to.

Responding to No. 3    Defendant also claims that no timely EEOC charge was filed by Plaintiff regarding Local 51. . FRCP 8b, a party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. It is not Plaintiff or the courts responsibility to go through and figure out which part of the complaint Defendant is referring to. Plaintiff does not need to go through the EEOC to file for example but not limited to a complaint regarding Perjury, fraud, civil rights, breach of duty, FMLA, failure to represent, conspiracy and failure to call witnesses. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds FRCP 8d2. Even if Plaintif claims were time barred by 1991 Civil Rights Act, the same facts repeated today could be tried before a jury. 42 U. S. C. §1981a( c) (1994).

Responding to No. 4 Defendant also states that the complaint is not a short and plain statement of plaintiff's claims. FRCP 8b, A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. It is not Plaintiff or the courts responsibility to go through and figure out which part of the complaint Defendant is referring to. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds FRCP 8d2.

5.    Defendant also claims that Plaintiff;s Motion for leave of court should be denied and Complaint should be dismissed. Defendant has not requested an extension of time to respond to this request by Plaintiff therefore the court should strike this request.

III    CONCLUSION

Plaintiff is being represented Pro se. Even if Plaintiff claims were time barred by 1991 Civil Rights Act, the same facts repeated today could be tried before a jury. 42 U. S. C. §1981a( c) (1994). Plaintiff has key witnesses that will testify about the conduct of the defendants and their treatment regarding Plaintiff. This is very powerful evidence and plaintiff should be allowed to present this evidence to the jury and court. Plaintiff request a trial by jury. Defendants own testimony and plaintiff's witnesses for example but not limited to Ezzy Sadaraphi, Ahmene Zachary, Dan Morrison, Bill Hutchison, Ebriam Nazarian and Mariam Ali. These witnesses along with recordings will show that defendant actions against plaintiff were but not limited to intentional, malicious and discriminatory.

Respectfully submitted by,

*[signature]*

**Plaintiff**
Charles Green
Pro se
**520 Monterey**
**Danville, Illinois 61832**
**217-446-1724**
**December 9, 2005**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES LEE GREEN | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| | ) 05-2222 |
| | ) |
| V. | ) |
| | ) |
| ILLINOIS POWER COMPANY, Veta Rudolph Lieke, | ) |
| William "Bill" Pray, George Aufmuth, Myron Kumler, | ) |
| Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh | ) |
| International Brotherhood of Electrical Workers (IBEW) | ) |
| Local 51 And Travelers Insurance of Illinois | ) |
| | ) |
|       Defendants | ) |

**The cause of action in this case raises an issue of federal law. Equitable relief sought.**

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF REPLY TO THE IBEW'S MOTION TO DISMISS**

I

We review the grant of summary judgment de novo and apply the same legal standards as those utilized by the district court. Viernow v. Euripides Dev. Corp., 157 F.3d 785, 792 (10th Cir. 1998). Summary judgment is only permissible where "pleadings, depositions, . . . and admissions . . . , together with the affidavits, . . . show that there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The factual record and all reasonable inferences therefrom must be viewed in the light most favorable to the party opposing summary judgment."

      FRCP 18 (a) Joinder of Claims. A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate

claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party. (b) Joinder of Remedies; Fraudulent Conveyances. Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to that plaintiff, without first having obtained a judgment establishing the claim for money.

In Wisconsin Department of Corrections v. Schacht, Some District Courts have found in § 1441(c) authority to remand an entire case, including federal question claims.[33]   Removal Jurisdiction and Supplemental Jurisdiction United States District Courts have "supplemental jurisdiction" over claims

sharing a common nucleus of operative fact[37] with claims over which the District Courts have original jurisdiction.[38]  Supplemental jurisdiction extends to cases that are in federal court by virtue of the removal statute. "That provision [Section 1367 (a)] applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one 'of which the District Courts .have original jurisdiction.'" [39]

Supplemental jurisdiction means, for example, that a plaintiff with a Title VII claim for race discrimination who also asserts a common law public policy tort claim premised on the race discrimination, and asserting the same factual conduct as the basis for both claims, may have both claims decided in federal court.

In Ladner v. Alexander & Alexander, Inc.,[77] the District Court, finding little direct authority, noted that the language of the FMLA-"may be maintained .in any federal

or state court of competent jurisdiction" is the same language found in the Fair Labor Standards Act.[78]

We review findings of fact under a clearly erroneous standard. To reverse, we must have a definite and firm conviction that a mistake has been made, giving due regard to the trial courts opportunity to judge the credibility of the witnesses.3 The union had refused to file proffered grievances based on racially discriminatory discharges and racial harassment, and refused to include assertions of racial discrimination in grievances that asserted other contract violations.14 The Court concluded that [a] union which intentionally avoids asserting discrimination claims, either so as not to antagonize the employer and thus improve its chances of success on other issues, or in deference to the perceived desires of its white membership, is liable under . . . Title VII.15 FRCP 26(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

Respectfully submitted by,

_____

**Plaintiff**
**Charles Green**
**Pro se**
**520 Monterey**
**Danville, Illinois 61832**
**217-446-1724**
**December 9, 2005**