

RECEIVED
DEC 12 2005
U.S. CLERK'S OFFICE
URBANA, IL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES LEE GREEN** )<br>)<br>**Plaintiff,** )<br>)<br>) **05-2222**<br>)<br>**V.** )<br>)<br>**ILLINOIS POWER COMPANY, Veta Rudolph Lieke,** )<br>**William "Bill" Pray, George Aufmuth, Myron Kumler,** )<br>**Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh** )<br>**International Brotherhood of Electrical Workers (IBEW)** )<br>**Local 51 And Travelers Insurance of Illinois** )<br>)<br>**Defendants** ) | |

The cause of action in this case raises an issue of federal law. Equitable relief sought.

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF REPLY TO THE IBEW'S MOTION TO DISMISS**

I

We review the grant of summary judgment de novo and apply the same legal standards as those utilized by the district court. Viernow v. Euripides Dev. Corp., 157 F.3d 785, 792 (10th Cir. 1998). Summary judgment is only permissible where "pleadings, depositions, . . . and admissions . . . , together with the affidavits, . . . show that there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P.    56(c). "The factual record and all reasonable inferences therefrom must be viewed in the light most favorable to the party opposing summary judgment."

FRCP 18 (a) Joinder of Claims. A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate

claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party. (b) Joinder of Remedies; Fraudulent Conveyances. Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to that plaintiff, without first having obtained a judgment establishing the claim for money.

In Wisconsin Department of Corrections v. Schacht, Some District Courts have found in § 1441(c) authority to remand an entire case, including federal question claims.[33]   Removal Jurisdiction and Supplemental Jurisdiction United States District Courts have "supplemental jurisdiction" over claims sharing a common nucleus of operative fact[37] with claims over which the District Courts have original jurisdiction.[38] Supplemental jurisdiction extends to cases that are in federal court by virtue of the removal statute. "That provision [Section 1367 (a)] applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one 'of which the District Courts .have original jurisdiction.'" [39]

Supplemental jurisdiction means, for example, that a plaintiff with a Title VII claim for race discrimination who also asserts a common law public policy tort claim premised on the race discrimination, and asserting the same factual conduct as the basis for both claims, may have both claims decided in federal court.

In Ladner v. Alexander & Alexander, Inc.,[77] the District Court, finding little direct authority, noted that the language of the FMLA-"may be maintained .in any federal

or state court of competent jurisdiction" is the same language found in the Fair Labor Standards Act.[78]

We review findings of fact under a clearly erroneous standard. To reverse, we must have a definite and firm conviction that a mistake has been made, giving due regard to the trial courts opportunity to judge the credibility of the witnesses.3 The union had refused to file proffered grievances based on racially discriminatory discharges and racial harassment, and refused to include assertions of racial discrimination in grievances that asserted other contract violations.14 The Court concluded that [a] union which intentionally avoids asserting discrimination claims, either so as not to antagonize the employer and thus improve its chances of success on other issues, or in deference to the perceived desires of its white membership, is liable under . . . Title VII.15 FRCP 26(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

Respectfully submitted by,

**Plaintiff**
Charles Green
Pro se
**520 Monterey**
**Danville, Illinois 61832**
**217-446-1724**
**December 9, 2005**