UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES LEE GREEN )<br>)<br>Plaintiff, )<br>)<br>)<br>) 05-2222<br>)<br>V. )<br>)<br>ILLINOIS POWER COMPANY, Veta Rudolph Lieke, )<br>William "Bill" Pray, George Aufmuth, Myron Kumler, )<br>Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh )<br>International Brotherhood of Electrical Workers (IBEW) )<br>Local 51 And Travelers Insurance of Illinois )<br>)<br>Defendants ) | **FILED**<br><br>DEC 1 6 2005<br><br>JOHN M. WATERS, Clerk<br>U.S. DISTRICT COURT<br>CENTRAL DISTRICT OF ILLINOIS<br>URBANA, IL |

The cause of action in this case raises an issue of federal law. Equitable relief sought.

**PLAINTIFF'S REPLY TO THE TRAVELERS MOTION TO DISMISS**

**I.    INTRODUCTION.**

A civil action is commenced by filing a complaint with the court. FRCP 3. Plaintiff filed his complaint on October 4, 2005. Plaintiff also mailed other forms such as waiver and certificate of service. Defendant now has filed an answer in the form of motion to dismiss. FRCP 8b, A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. Defendant has failed to admit or deny Plaintiff's claims. It is not Plaintiff or the courts responsibility to go through and figure out which part of the complaint Defendant is referring to. Therefore the court must take this in consideration and rule in favor of

Plaintiff. Plaintiff is being represented Pro Se.

II.    RESPONSE.

Responding to No. 1.    Defendant claims that Plaintiff's complaint Only involves one claim that is discrimination in employment. This is a perfect example how Travelers and the other named defendants operate for example but not limited to selective practices in favor of whites, neglecting the rights of blacks.    FRCP 8b, A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. It is not Plaintiff or the courts responsibility to go through and figure out which part of the complaint Defendant is referring to. Plaintiff does not have to be an employee of travelers to experience discrimination from travelers.

Responding to No. 2. Defendant also claims that plaintiff's complaint failed to includeany allegations against Travelers. Throughout Plaintiff complaint Plaintiff uses the terms Defendant and named Defendants.   This include travelers and all other defendants named in this complaint whether defendant is an employer or agent of plaintiff's employer Title VII applies..   FRCP 8b, A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. It is not Plaintiff or the courts responsibility to go through and figure out which part of the complaint Defendant is referring to. Defendant is not using plain terms in its response.

Responding to No. 3   Defendant also claims that Plaintiff failed to state a claim. Plaintiff has stated several claims for example but not limited to discrimination, civil rights, breach of duty, 1st, 5th, 6th, 7th, 13th, 14 amendment to the US constitution, conspiracy and

failure to process accident report and related forms properly. Defendant has been denying Plaintiff medical treatment for over ten years by denying his accident claims as work related but allow white employees claims as work related. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds FRCP 8d2. Even if Plaintiff claims were time barred by 1991 Civil Rights Act, the same facts repeated today could be tried before a jury. 42 U. S. C. §1981a( c) (1994).

Responding to No. 4 Defendant has apparently combined its memorandum of law with it's answer to Plaintiff's complaint not using plain language. Viernow v. Euripides Dev. Corp., 157 F.3d 785, 792 (10th Cir. 1998). Summary judgment is only permissible where "pleadings, depositions, . . . and admissions . . . , together with the affidavits, . . . show that there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The factual record and all reasonable inferences there from must be viewed in the light most favorable to the party opposing summary judgment." This also applies to a motion to dismiss Boag v. MacDougall, 454 U.S. 364 (1982). Therefore plaintiff should be allowed to present evidence to support his claims through FRCP26 and other methods.

Responding to No 5. Plaintiff is being represented Pro Se

III   CONCLUSION

Plaintiff is being represented Pro se. Even if Plaintiff claims were time barred by 1991 Civil Rights Act, the same facts repeated today could be tried before a jury. 42 U. S. C. §1981a( c) (1994). Plaintiff has key witnesses that will testify about the conduct of the defendants and their treatment regarding Plaintiff. This is very powerful evidence and

plaintiff should be allowed to present this evidence to the jury and court. Plaintiff request a trial by jury. Defendants own testimony and plaintiff's witnesses for example but not limited to Ezzy Sadaraphi, Ahmene Zachary, Dan Morrison, Bill Hutchison, Ebriam Nazarian and Mariam Ali. These witnesses along with recordings will show that defendant actions against plaintiff were but not limited to intentional, malicious and discriminatory. The evidence is insufficient for Plaintiff to assert claims for aiding and abetting discrimination Against Plaintiff.

JUDGMENT:

Wherefore, the Plaintiff, Charles Green, respectfully requests that this Court enter judgment in his favor and against Travelers and provide the following relief:

1.  Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 42 U.S.C. § 2000e-2 and issue a mandatory injunction against Travelers, to take affirmative steps to ensure that Travelers and all individuals working under it at Travelers to refrain from engaging in any actions with respect to the Plaintiff, Charles Green, which are prohibited under the terms of the aforesaid Act; (Civil Rights Act of 1964);

2.  Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of the 1st, 5th, 6th, 7th ,8th, 9th, 13th, and 14th Amendment and issue a mandatory injunction against Travelers, to take affirmative steps to ensure that Travelers and all individuals working under it at Travelers to refrain from engaging in any actions with respect to the Plaintiff, Charles Green, which are prohibited under the terms of the aforesaid United States Constitution;

3.  Enter a judgment against defendant and award Plaintiff, Charles Green, hedonic

damages for loss of enjoyment of life resulting from these wrongful acts to the maximum extent permitted by law;

4.  Enter a judgment against defendant and award Plaintiff, Charles Green, front pay to the maximum extent permitted by law;

5.  Enter a judgment against each named defendant and award Plaintiff, Charles Green, damages sufficient to compensate him for economic losses suffered as a result of the denial of career advancement opportunities as alleged in this complaint;

6.  Enter a judgment against each named defendant and award Plaintiff, Charles Green, compensatory, punitive damages and exemplary damages to the maximum extent permitted by law;

7.  Assess against Travelers the costs and expenses incurred by the Plaintiff, Charles Green, in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by him in prosecuting the above captioned cause; and

8.  Enter a judgment against each named defendant and Provide such other relief as the Court deems to be equitable and just.

9.  Enter a judgment against Travelers and each named defendant for Travelers company and award Charles Green, hedonic damages for loss of enjoyment of life resulting from these wrongful acts to the maximum extent permitted by law;

10. Enter a judgment against Travelers and each named defendants for Travelers and award Charles Green, front pay to the maximum extent permitted by law;

11. Enter a judgment against Travelers Company each named defendant and award Charles Green, compensatory, punitive damages and exemplary damages to the maximum extent permitted by law;

12. Assess against Travelers the costs and expenses incurred by , Charles Green, in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by him in prosecuting the above captioned cause; and

13. Enter a judgment against Travelers and each named witness for Travelers company and Provide such other relief as the Court deems to be equitable and just.

14. Charles Green also requests that this court enter a judgment against Travelers Company to punish to the full extent of the law each person and/or entity who knew of these fraudulent statements and aloud the witnesses to commit perjury.

Respectfully submitted by,

_____

Plaintiff
Charles Green
Pro se
520 Monterey
Danville, Illinois 61832
217-446-1724
December 14, 2005