E-FILED
Friday, 16 December, 2005 01:44:19 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

CHARLES LEE GREEN )
)
          Plaintiff, )
)
) 05-2222
)
V. )
)
ILLINOIS POWER COMPANY, Veta Rudolph Lieke, )
William "Bill" Pray, George Aufmuth, Myron Kumler, )
Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh )
International Brotherhood of Electrical Workers (IBEW) )
Local 51 And Travelers Insurance of Illinois )
)
          Defendants )

FILED
DEC 16 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

The cause of action in this case raises an issue of federal law. Equitable relief sought.

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF REPLY TO THE TRAVELER'S MOTION TO DISMISS**

1.    We review the grant of summary judgment de novo and apply the same legal standards as those utilized by the district court. Viernow v. Euripides Dev. Corp., 157 F.3d 785, 792 (10th Cir. 1998). Summary judgment is only permissible where "pleadings, depositions, . . . and admissions . . . , together with the affidavits, . . . show that there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The factual record and all reasonable inferences therefrom must be viewed in the light most favorable to the party opposing summary judgment."

2.    Boag v. MacDougall, 454 U.S. 364 (1982). The Court of Appeals' ground for dismissing the complaint was erroneous as a matter of law. Federal courts must construe

inartful pleading liberally in pro se actions, Haines v. Kerner, 404 U.S. 519, and, so construed, the complaint here states a cause of action.

3.  Construing petitioner's inartful pleading liberally, as Haines v. Kerner, 404 U.S. 519 (1972), instructs the federal courts to do in pro se actions, it states a cause of action. See Wolff v. McDonnell, 418 U.S. 539, 555-572 (1974). On the basis of the record before us, we cannot find a sufficient ground for affirming the dismissal of the complaint.*

4.  Twenty years ago, in McDonnell Douglas Corp. v Green, 411 US 792, 36 L Ed 2d 668, 93 S Ct 1817 (1973), this Court unanimously prescribed a "sensible, orderly way to evaluate the evidence" in a Title VII disparate-treatment case, giving both plaintiff and defendant fair opportunities to litigate "in light of common experience as it bears on the critical question of discrimination." Furnco Construction Corp. v Waters, 438 US 567, 577, 57 L Ed 2d 957, 98 S Ct 2943 (1978). We have repeatedly reaffirmed and refined the McDonnell Douglas framework, most notable in Texas Depart. Of Community Affairs v Burdine, 450 US 248, 67 L Ed 2d 207, 101 S Ct 1089 (1981), another unanimous opinion. See also United States Postal Service Bd. Of Governors v Aikens, 460 US 711, 75 L Ed 2d 403, 103 S Ct 1478 (1983); Furnco supra

5.  The portion of the 1866 Civil Rights Act codified in U.S.C.A- 1981 provides that "all person" shall have the same right to make and enforce contracts "as is enjoyed by white citizens". This Broad language reaches the employment "contract" but only proscribes "racial" discrimination.

6.  It is also unlawful for defendant to refuse to adopt known alternatives which have less discriminatory impact and serve equally well the employer's business purpose.

7.  Rowe v. Cleveland Pneumatic Co. (6th Cir. 1982). Impact of a subjective system

on a class.

8. FRCP 18 (a) Joinder of Claims. A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

9. (b) Joinder of Remedies; Fraudulent Conveyances. Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to that plaintiff, without first having obtained a judgment establishing the claim for money.

10. In Wisconsin Department of Corrections v. Schacht, Some District Courts have found in § 1441(c) authority to remand an entire case, including federal question claims.[33]  Removal Jurisdiction and Supplemental Jurisdiction United States District Courts have "supplemental jurisdiction" over claims sharing a common nucleus of operative fact[37] with claims over which the District Courts have original jurisdiction.[38]  Supplemental jurisdiction extends to cases that are in federal court by virtue of the removal statute. "That provision [Section 1367 (a)] applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one 'of which the District Courts .have original jurisdiction.'" [39]

11. Supplemental jurisdiction means, for example, that a plaintiff with a Title VII claim

for race discrimination who also asserts a common law public policy tort claim premised on the race discrimination, and asserting the same factual conduct as the basis for both claims, may have both claims decided in federal court.

12. In Ladner v. Alexander & Alexander, Inc.,[77] the District Court, finding little direct authority, noted that the language of the FMLA-"may be maintained .in any federal or state court of competent jurisdiction" is the same language found in the Fair Labor Standards Act.[78]

13. We review findings of fact under a clearly erroneous standard. To reverse, we must have a definite and firm conviction that a mistake has been made, giving due regard to the trial courts opportunity to judge the credibility of the witnesses.3 The union had refused to file proffered grievances based on racially discriminatory discharges and racial harassment, and refused to include assertions of racial discrimination in grievances that asserted other contract violations.14 The Court concluded that [a] union which intentionally avoids asserting discrimination claims, either so as not to antagonize the employer and thus improve its chances of success on other issues, or in deference to the perceived desires of its white membership, is liable under . . . Title VII.15 FRCP 26(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

14. That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C 1983, U.S. CONSTITUTION (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331 and 1332, 42

U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C. §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g, Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c), National Labor relations act, 49 Stat. 449, as amended 29U.S.C. 151 et seq,. FRCP 60 LANDRUM-GRIFFIN ACT 29 U.S.C. 411 (A). 42 U.S.C. 2000e-5(k) (1988 ed., Supp.III) and 42 U.S.C. sec. 1997e(e) and 48 Stat 1064, USC, Title 28, former § 723c (now § 2072)), 301 (b) of the Labor Management Relations Act, OSHA Act and Whistle Blowers Act. Title 18, Part I, Chapter 79, section 1621, 42 USCS § 1985, Title 18 U.S.C. § 4, 2, 241, 242, 245, 246, 1505, 1515, Title 42 USC § 1961. Definition, Title 42 USC § 1962, 1964, 1965 and 1986 in that he was subjected to discriminatory practices depriving plaintiff of his liberties.

15. The court could infer such pretext if the circumstances made the articulated reason unworthy of belief. Videl v. Illinois Human Rights Commission, 223 Ill. App. 3d 467, 585 N E.2d 133 (1991).

16. Stern v. IBM, 326 F.3d 1367, 1371 (11th Cir. 2003), quoting Geddes v. American Airlines, Inc., 321 F.3d 1349, 1352-53 (11th Cir.2003) (internal punctuation and citations omitted), and citing Behlen v. Merrill Lynch, 311 F.3d 1087, 1090 (11th Cir.2002) ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."); Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1211-12 (11th Cir.1999) (describing the doctrine of "complete" or "super preemption"); Whitt, 147 F.3d at 1329-30 (same)..

17. Title VII of the 1964 Civil Rights Act, 42 U. S. C. § 2000e et seq. (1994), is rather straightforward on its own terms (" It shall be anunlawful employment practice for an

employer . . . to discrimi-nate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin. . . ."),

18.  See Sempier, 45 F.3d at 728; Chipollini v. Spencer Gifts, Inc., 814 F.2d 893, 897 (3d Cir.), cert. dismissed, 483 U.S. 1052 (1987). Under the McDonnell Douglas framework, a plaintiff must first present a prima facie case by establishing that (1) he is Black, (2) he is qualified for the workers compensation benifits in question, (3) he suffered from an adverse employment decision, and (4) his white coworkers were not treated the same way in the same or similar situations. therefore there is a reasonable inference of discrimination. Sempier, 45 F.3d at 728; Chipollini, 814 F.2d at 897. Once a plaintiff has satisfied the prime facie standard, the burden shifts to defendant to articulate a "legitimate nondiscriminatory" reason for the adverse decision. Should the defendant successfully carry its burden, the plaintiff then "has the opportunity to demonstrate that the employer's stated reasons were not its true reasons but were a pretext for discrimination." Sempier, 45 F.3d at 728.

19.  Discrimination and retaliation under LAD a plaintiff must show: (1) Charles Green was engaged in a protected activity; (2) he was denied benifits subsequent to or contemporaneous with such activity; and (3) a causal link exists between the protected activity and the denial of benefits. Romano v. Brown & Williamson Tobacco Corp., 665 A.2d 1139, 1142 (N.J.Super. Ct. App. Div. 1995); cf. Jalil v. Avdel Corp., 873 F.2d 701, 708 ( 3dCir. 1989) See Pierce v. Ortho Pharmaceutical Corp., 417 A.2d 505, 512 (N.J. 1980).

20.  Mitchell v. City of Moore, 218 F.3d 1190, 1199(10th Cir. 2000) ("The district

court was not obligated to comb the record in order to make [the Defendant's] arguments for him.").

21.     Under Title VII, the ADA, and the ADEA, it is illegal to discriminate in any aspect of employment, including: hiring and firing; compensation, assignment, or classification of employees; transfer, promotion, layoff, or recall; job advertisements; recruitment; testing; use of company facilities; training and apprenticeship programs; fringe benefits; pay, retirement plans, and disability leave; or other terms and conditions of employment. Title VII prohibits not only intentional discrimination, but also practices that have the effect of discriminating against individuals because of their race, color, national origin, religion, or sex.

22. Charles Green has reason to believe that Travelers company and an agent director, employee, or officer authorized to act on behalf of the corporation acting in the scope of employment comspired to deny Charles Green various employment opportunities and benefits. See Title VII laws. See also US constitution amendment 1,5,6,7,13 and 14 02-2097, 03-1158, 01-2090 and 97-2148

23.     Title 28, Section 1331. Federal question The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

24.     Title 18, chapter 7, Section 1033. Crimes by or affecting persons engaged in the business of insurance whose activities affect interstate commerce (a)(1) Whoever is engaged in the business of insurance whose activities affect interstate commerce and knowingly, with the intent to deceive, makes any false material statement or report or willfully and materially overvalues any land, property or security

25. (A) in connection with any financial reports or documents presented to any insurance regulatory official or agency or an agent or examiner appointed by such official or agency to examine the affairs of such person, and (B) for the purpose of influencing the actions of such official or agency or such an appointed agent or examiner, shall be punished as provided in paragraph (2). (2) The punishment for an offense under paragraph (1) is a fine as established under this title or imprisonment for not more than 10 years, or both,

26. Title 28 Section 3901. Civil actions (a) Parties. - In an action under section 1346(g) of this title, the defendant shall be the employing office alleged to have committed the violation involved.

27. (b) Jury Trial. - In an action described in subsection (a), any party may demand a jury trial where a jury trial would be available in an action against a private defendant under the relevant law made applicable by chapter 5 of title 3. In any case in which a violation of section 411 of title 3 is alleged... see Section 1408. Civil action (a) Jurisdiction The district courts of the United States shall have jurisdiction over any civil action commenced under section 1404 of this title.

Respectfully submitted by,

*[signature]*

Plaintiff
Charles Green
Pro se
520 Monterey
Danville, Illinois 61832
217-446-1724
December 14, 2005