E-FILED
Monday, 19 December, 2005  02:18:58 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES LEE GREEN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) 05-2222 |
| | ) |
| V. | ) |
| | ) |
| ILLINOIS POWER COMPANY, Veta Rudolph Lueke, | ) |
| William "Bill" Pray, George Aufmuth, Myron Kumler, | ) |
| Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh | ) |
| International Brotherhood of Electrical Workers (IBEW) | ) |
| Local 51 And Travelers | ) |
| | ) |
| Defendants | ) |

**FILED**

DEC 1 9 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

**The cause of action in this case raises an issue of federal law. Equitable relief sought.**

**PLAINTIFF'S MOTIONS FOR SANCTIONS, MOTION TO STRIKE, AND RSPONSE TO DEFENDANTS ILLINOIS POWER COMPANY, Veta Rudolph Lueke, William "Bill" Pray, George Aufmuth, Myron Kumler, Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh MOTION FOR LEAVE TO FILE AN OVERSIZED INSTANTER**

I.      INTRODUCTION. Plaintiff is being represented pro se. Plaintiff request that this court strike Defendants motion for leave to file an oversized instanter, motion to strike, Motion to dismiss plaintiff's complaint and motion for sanctions. Defendants motion for leave to file an oversized instanter, motion to strike, Motion to dismiss plaintiff's complaint and motion for sanctions are all in violation of local rule 7.1 and FRCP Motions where each contain exhibits that should clearly detached from the motion with their own caption. Defendant's memorandum contains arguments that should clearly be in the defendants answer or motions; this is a violation of local rule 7.1 and FRCP Motions.  This court should also strike Defendants supporting memorandum because it should be double spaced pages 6-7 are partially single spaced. Defendant is request sanctions against plaintiff for not following nothing gives them the right to

do as they please. This is the basis of the complaint, Defendants feel that they are above the law and do as they please when ever they please regardless of the laws, policies procedures, directives and statutes. Plaintiff request that the court sanction Defendant for filing an oversized that clearly violates the local rules and Federal rules of civil procedures 8 and 12. has failed to return signed waiver for Myron Kumler failed to argue against the merit of the case but seek faults in for example typing skills of Plaintiff. Plaintiff request that this court strike Defendants motion for leave to file an oversized instanter, motion to strike, Motion to dismiss plaintiff's complaint and motion for sanctions. Defendants motion for leave to file an oversized instanter, motion to strike, Motion to dismiss plaintiff's complaint and motion for sanctions for the above reasons and the following:

1. Charles Green is a black employee employed by Illinois Power and was engaged in a protected activity; (2) he was denied benefits subsequent to or contemporaneous with such activity; and (3) a causal link exists between the protected activity and the denial of benefits.

2. A civil action is commenced by filing a complaint with the court. FRCP 3. Plaintiff filed his complaint on October 4, 2005. Plaintiff also mailed other forms such as waiver and certificate of service. Defendant now has filed an answer in the form of motion to dismiss, motion to strike, motion to file oversized brief and motion for sanctions. FRCP 8b, a party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. Defendant has failed to admit or deny Plaintiff's claims. It is not Plaintiff or the courts responsibility to go through and figure out which part of the complaint Defendant is referring to. Therefore the court must take this in consideration and rule in favor of Plaintiff. Plaintiff is being represented Pro Se.

3. Defendant ILLINOIS POWER COMPANY, Veta Rudolph Lieke, William "Bill" Pray, George Aufmuth, Myron Kumler, Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh Claims that Plaintiff failed to state a claim plaintiff has stated a claim(s) defendant has failed to acknowledge the claims for example but not limited to Intentional discrimination, continuous

discrimination, retaliation, violation of plaintiffs civil rights, malicious acts, attempt to do bodily harm or cause death, breach of duty, 1st, 5th, 6th, 7th, 13th, 14 amendment to the US constitution, conspiracy and failure to process accident report and related forms properly, failure to process FMLA forms, perjury, fraud, failure to provide medical treatment, failure to provide workers compensation, failure to allow plaintiff the opportunity to be station in Danville, force plaintiff to drive excessive miles to work, violation of affirmative action policies/laws, 18 USC Section 1514A. Civil action to protect against retaliation in fraud cases.

4..    Defendant also states that plaintiff asserts claims that are time barred and previously determined. First let me remind the court Defendant states that plaintiff failed to state a claim now it states that the claims are time barred and previously determined. Defendant can't have it both ways. FRCP 8b, a party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. It is not Plaintiff or the courts responsibility to go through and figure out which part of the complaint Defendant is referring to. Which one of the above claims are time barred or has been determined. Even if Plaintiff claims were time barred by 1991 Civil Rights Act, the same facts repeated today could be tried before a jury. Defendant has issued oversized brief containing cases that appear to have been determined as evidence. Plaintiff should be allowed by law to present evidence from any case that has been determined to prove his case for example but not limited to Rowe v. Cleveland Pneumatic Co. (6th Cir. 1982), Mitchell v. City of Moore, 218 F.3d 1190, 1199(10th Cir. 2000), Romano v. Brown & Williamson Tobacco Corp., 665 A.2d 1139, 1142 (N.J.Super. Ct. App. Div. 1995); cf. Jalil v. Avdel Corp., 873 F.2d 701, 708 ( 3dCir. 1989) See Pierce v. Ortho Pharmaceutical Corp., 417 A.2d 505, 512 (N.J. 1980), 97-2148, 99-2126, 01-2090

5.    Defendant also states that "seek relief under title VII but are outside the scope of a timely EEOC charge or asserted against Individual defendants or seek relief under statutes or other authorities which do not permit an action against the IPC Defendants, such dismissal be with prejudice." Plaintiff filed a timely EEOC charge and complaint in this court (05-2222). FRCP 8b,

a party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. It is not Plaintiff or the courts responsibility to go through and figure out which part of the complaint Defendant is referring to. Which one of the above claims asserted against Individual defendants or seek relief under statutes or other authorities which do not permit an action against the IPC Defendants, should be dismissed and with prejudice. Defendant can not show that the above claims are improper. Defendant has not shown that it has not committed the same acts again. Plaintiff should be allowed by law to present evidence from any case that has been determined to prove his case for example but not limited to Rowe v. Cleveland Pneumatic Co. (6th Cir. 1982), Mitchell v. City of Moore, 218 F.3d 1190, 1199(10th Cir. 2000), Romano v. Brown & Williamson Tobacco Corp., 665 A.2d 1139, 1142 (N.J.Super. Ct. App. Div. 1995); cf. Jalil v. Avdel Corp., 873 F.2d 701, 708 ( 3dCir. 1989) See Pierce v. Ortho Pharmaceutical Corp., 417 A.2d 505, 512 (N.J. 1980), 97-2148, 99-2126, 01-2090.

6.  Defendant moves to strike the motions set forth at the end of the complaint as procedurally defective and unwarranted. I am assuming Defendant stating that plaintiff can't request relief for example but not limited to punitive damages, FRCP 8b, a party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. It is not Plaintiff or the courts responsibility to go through and figure out which part of the complaint Defendant is referring to. Defendant has not stated any grounds for its request.   Plaintiff is being represented Pro se. Federal courts must construe in artful pleading liberally in pro se actions. Defendants request should be denied.

7.  Defendant also moves that plaintiff be sanctioned for filing a complaint which directly violates this courts order dated October 7, 2002. Defendant is again in error. Plaintiff requested leave of court to file complaint. This court stated in it's response to the complaint that the request was not necessary and that the defendants received a copy. Defendant is aware of this because it received all plaintiff's filing that the court received. Since the Defendant knew of or should have

4

known Defendant statements are in it self fraudulent, misguided, and misrepresentative and prove Defendant will do anything to cover up their illegal activities. Where Defendant commits Fraud and perjury is a violation against the court and causes the court to lie, and plaintiff is the recipient of injustice. Since defendant is wrong here then defendant and is trying to deceive the court this raises an inference Defendant committed the following acts which plaintiff complained about: for example but not limited to Intentional discrimination, continuous discrimination, retaliation, violation of plaintiffs civil rights, malicious acts, attempt to do bodily harm or cause death, breach of duty, 1st, 5th, 6th, 7th, 13th, 14 amendment to the US constitution, conspiracy and failure to process accident report and related forms properly, failure to process FMLA forms, perjury, fraud, failure to provide medical treatment, failure to provide workers compensation, failure to allow plaintiff the opportunity to be station in Danville, force plaintiff to drive excessive miles to work, violation of affirmative action policies/laws.

8.    Defendant also goes on to request fees and cost for responding to complaint.   Plaintiff request but not limited to punitive damages and that this court rules in favor of Plaintiff and against Defendant.

9.    Plaintiff is not sure how to respond to a memorandum of law that is filled with arguments and motions and other hidden elements to deceive the court and plaintiff.  This is totally an abuse of legal knowledge.  Plaintiff is being represented pro se and can't find any local rule or federal rule of civil procedure, statute that explains how to respond to a memorandum of law.  However Plaintiff will attempt to plead his case as best he can ignoring the witch craft and trickery of defendant who is clearly trying to deprive plaintiff of Due Process.  Plaintiff request Defendant and its attorney be sanctioned for filing such articles.

The district court should determine whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached (PWS, Inc. v. Ban (1991) 234 Cal.App.3d 223, 230.) Following proper procedure and observing, if not strictly enforcing, statutory rules of evidence will foster informed decision-making based on reliable evidence and

5

information... Plaintiff witness were in positions employed by Illinois Power Company and in some capacity Plaintiff's supervisor, their testimony to the illegal activities along with other evidence will are of importance and substantial and supports Plaintiff's claims.

10.     FOELKER v. OUTAGAMIE COUNTY, No. 04-1430 (7th Cir. January 07, 2005) Dismissal of plaintiff, Charles Green's suit, alleging a violation of his constitutional rights, should not be dismissed where a reasonable jury could conclude Defendant intentionally and maliciously allowed plaintiff to suffer from the effects of their actions. Since defendant has not given a non discriminatory reason for their actions plaintiff does not need to present any further evidence Defendant is liable and the court should rule in favor of Plaintiff and award damages.

11.     To State a claim Plaintiff, Charles Green only is required to allege enough to put the defendants on notice and enable them to file an answer. Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). Charles Green was injured on the job reported the incidents to his supervisor Bill Pray and filled out the necessary accident reports and FMLA forms. Bill Pray contacted Travelers and Francis Walsh and Mike Crandall and supplied them with the proper forms, Plaintiff was discriminated against and denied medical benefits associated with injuries Plaintiff complained to for example but not limited to Mike Crandall and Bill Pray. Plaintiff was discriminated against and retaliated against on subsequent injuries and Defendants conspired to deny Plaintiff FMLA, workers compensation, medical and failed to provide Plaintiff with a non discriminatory reason. White employees in the same or similar situation as Plaintiff for example but not limited to Rick Collins, Jim Vandergraf, and Jim Rosnett were not denied, for example medical benefits and FMLA. Plaintiff complaint is sufficient enough to state a claim of discrimination and retaliation and Plaintiff is entitled to damages.

12.     6th amendment to the US constitution. Plaintiff shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have

6

compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense. Judicial Proceedings before Trial .--Dicta in Powell v. Alabama. Noncriminal and Investigatory Proceedings .--Commitment proceedings which lead to the imposition of essentially criminal punishment are subject to the due process clause and require the assistance of counsel. Therefore Plaintiff may request counsel as a right and defendant is in error stating Plaintiff can not request counsel. Defendant applies the law improperly therefore plaintiff is entitled to attorney fees and cost. (Wikol, 360 F.3d at 611)

13. Deja Vu v. Metro. Gov't of Nashville, No. 03-6521 (6th Cir. August 31, 2005) Defendant request that the court provide it with attorney fees and cost. The Defendant may not be awarded attorney fees because defendant is not a prevailing party on the merits of the case... Defendant has even failed to argue on the merits of the case but concentrated on faults of plaintiff filings.

14. Even if Defendant was the prevailing party defendant may not be entitled to attorney fees and cost if "special circumstances would render such an award unjust" (Hensley v. eckerhart, 461 U.S. 424, 429 (1983)).

15. The workers compensation act requires injuries to have a casual connection to employment in order to be covered. SeeSisbro v. Indus. Comm'n, 797 N.E.2d 665 (2003). Where the employee has a preexisting condition, "[i]f there is an adequate basis for finding that an occupational activity aggravated or accelerated a preexisting condition, and thereby, caused the disability," the act covers the employee's injury. Id. At 768. Even where the claimant can be described as a "heart attack waiting to happen," he may be compensated if his job or occupational activity was a "causative factor" in hastening the actual heart attack. Twice over Clean, Inc. v. Indus. Comm'n 827 N.E.2d 409, 413-414 (Il. 2003).

15. Charles Green is a black employee employed by Illinois Power and a member of the IBEW Local 51collective bargaining unit and was engaged in a protected activity; (2) he was denied benefits subsequent to or contemporaneous with such activity; and (3) a causal link exists

7

between the protected activity and the denial of benefits. Plaintiff in 1995 filed a company complaint against his Supervisor Rod Hilburn. Subsequent to the complaint Plaintiff reinjured his right leg/knee while working at the Illinois Power Company West Tilton Substation. Plaintiff filed all the necessary documents concerning his leg. Plaintiff was discriminated against and retaliated against where defendants including Travelers denied his workers compensation claim. Myron kumler a white employee and plaintiff coworker claim that he injured his hand while working at the West Tilton substation he was not denied workers compensation. Subsequent to those events Plaintiff reinjured his leg on several occasions while working and he was again denied workers compensation. Defendant has never given Plaintiff a non discriminatory reason for their actions. This constitutes a continuous pattern of reckless, intentional discrimination and retaliation with malice.

16.    Charles Green was engaged in a protected activity; (2) he was denied benefits subsequent to or contemporaneous with such activity; and (3) a causal link exists between the protected activity and the denial of benefits. Subsequent to Plaintiff filing a company complaint Plaintiff filed grievances to Local 51 Plaintiff grievances were denied at a meeting in Danville Illinois Service area where George Aufmuth was present. I state this here because George Aufmuth stated in a subsequent case between Charles Green and Illinois Power and at an arbitration hearing that he did not know that plaintiff resided in Danville Illinois. And he was only aware that plaintiff live there after Myron Kumler told him approximately 5 years later after plaintiff had accepted the predictive maintenance technician position which plaintiff was qualified for however Defendants Illinois Power Company, George Aufmuth changed the rules in favor of white employees and Plaintiff was forced to resign from the predictive maintenance position and the position was awarded to another white employee. Defendant failed to give a non discriminatory reason for the decision by Defendant. The decision by defendants caused plaintiff harm This is clearly Intentional, calculated, continuous, , intentional infliction of emotional distress, and negligent infliction of emotional distress, breach of contract, promissory fraud,

negligent misrepresentation and Plaintiff request damages for loss of enjoyment of life resulting from these wrongful acts, punative damages, damages sufficient to compensate him for economic losses suffered as a result of the denial of career advancement opportunities and benefits as alleged in this complaint and exemplary damages to the maximum extent permitted by law;

17.     Charles Green is a black employee employed by Illinois Power and a member of the IBEW Local 51collective bargaining unit and was engaged in a protected activity; (2) he was denied benefits subsequent to or contemporaneous with such activity; and (3) a causal link exists between the protected activity and the denial of benefits.

Defendants Myron kumler, Rod Hilburn, Veda Leuke, Ken Justice, George Aufmuth and Illinois Power Company conspired to deny plaintiff the predictive position by Changing the rules and requirements for the position. Plaintiff resided in an area (Danville Illinois) that qualified him for the position. Once plaintiff accepted the position he had approximately 15 months to relocate to Bloomington Illinois Area. Plaintiff would have been in the position for a year as a pilot and if Plaintiff decided to keep the position he would have an additional three months to move to Bloomington if necessary. Since Defendants changed the rules in favor of white employees he never had a chance to exercise these rights. Instead he was forced to resign before even attempting to move. White employees for example but not limited to Roy Northcut in the same and/or similar situation was not forced to move when he accepted the predictive maintenance position.

Defendants never gave plaintiff a non discriminatory reason for their decision instead Defendants claim that they did not know that plaintiff resided in Danville. Although Plaintiff personnel record shows that Plaintiff has resided in Danville since 1992 until the present.

18     Charles Green is a black employee employed by Illinois Power and a member of the IBEW Local 51collective bargaining unit and was engaged in a protected activity; (2) he was denied benefits subsequent to or contemporaneous with such activity; and (3) a causal link exists between the protected activity and the denial of benefits. Defendants do not stop here. Defendant

attempts to cover up their illegal activities by committing fraud and perjury stating Defendant did not know that Plaintiff resided in Danville. Plaintiff payroll Check is addressed to Danville, plaintiff grievances are addressed Danville, when plaintiff sign the Bid sheet for the predictive maintenance position it was addressed Danville.

Defendant hired plaintiff to work in the Danville area in 1992, when Plaintiff accepted the position it is entered in HRIS where the employee resides (Danville). It is the hiring supervisor responsibility to check to see if the employees who applied for the position is qualified for the position for example skills, residency, education, training, bid rights and etc. before offering the position to that employee. This was done because George Aufmuth stated under oath that he always follow policies which is another example of fraud and perjury against the court. This decision by George Aufmuth was supported by all other individual defendants. This is a crime against the court and Plaintiff where he was deprived of his civil rights. Defendant's decision raises an inference of discrimination and has not given a nondiscriminatory reason for their actions which has caused plaintiff harm. Plaintiff does not need to provide additional evidence until Defendant provides a non discriminatory reason for their actions.

19      Charles Green is a black employee employed by Illinois Power and a member of the IBEW Local 51 collective bargaining unit and was engaged in a protected activity; (2) he was denied benefits subsequent to or contemporaneous with such activity; and (3) a causal link exists between the protected activity and the denial of benefits. Defendant has not responded to the merits of this case instead it has decided to give the court a history lesson of their prior decisions involving Charles Green and Illinois Power Company. Defendant also continue to dismiss the complaint against Illinois Power company claiming preclusion however, once this court realize that Plaintiff is telling the truth about the individual Defendant and Defendants are lying then Illinois Power Company is lying and has committed fraud, Perjury, this court will also see Defendant actions were clearly Intentional, calculated, continuous, retaliatory, discriminatory, intentional infliction of emotional distress, and negligent infliction of emotional distress, breach

10

of contract, promissory fraud, negligent misrepresentation and Plaintiff is entitle to damages. Plaintiff has reached its burden of proof.

20  Defendants Illinois Power and George Aufmuth has also stated under oath that it always consult employee services before making a decision on filling a position This is where Veda leuke and Ken justice, employee services representatives and EEO officers therefore, there is no question Defendants knew of Plaintiffs residence, skills, training and education and qualifications for positions that he has applied for and was denied and the positions were given to less qualified white employees for example but not limited to Predictive maintenance technician position, relay technician, shift technician This is clearly Intentional, calculated, retaliatory, discriminatory continuous, , intentional infliction of emotional distress, and negligent infliction of emotional distress, breach of contract, promissory fraud, negligent misrepresentation and Plaintiff is entitle to damages.

21  At his point we have the EEO officers, employee services representatives, Plaintiff immediate supervisor, the hiring supervisor, employee's manager/supervisor Veta Rudolph Leuke, William "Bill" Pray, George Aufmuth, Myron Kumler, Ken Justice, Rod Hilburn and Illinois power Company conspiring to deny plaintiff equal opportunities as white employees in violation of the Us Constitution Bill of rights, Title VII of the Civil rights act of 1964, various statutes regarding perjury and fraud. Various statutes regarding aiding and a bedding, violations of affirmative action policies violations of Illinois Power Company's personnel policies and procedures violation of the collective bargaining agreement between the IBEW local 51 and Illinois power company.

22  In those situations where plaintiff was denied workers compensation, medical we include Mike Crandal, Francis Walsh safety and health manager and manager workers compensation. EEO officers, employee services representatives, Plaintiff immediate supervisor, the hiring supervisor, employee's manager/supervisor Veta Rudolph Leuke,

11

William "Bill" Pray, George Aufmuth, Myron Kumler, Ken Justice, Rod Hilburn and Illinois power Company conspiring to deny plaintiff equal opportunities as white employees in violation of the Us Constitution Bill of rights, Title VII of the Civil rights act of 1964, various statutes regarding perjury and fraud. Various statutes regarding aiding and a bedding, violations of affirmative action policies violations of Illinois Power Company's personnel policies and procedures violation of the collective bargaining agreement between the IBEW local 51 and Illinois power company.

23  See PLAINTIFF'S MOTION TO STRIKE, REQUEST FOR RESTRAINING ORDER AND REPLY TO DEFENDANTS ILLINOIS POWER COMPANY, Veta Rudolph Lueke, William "Bill" Pray, George Aufmuth, Myron Kumler, Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh MOTION TO DISMISS, MOTION TO STRIKE AND MOTION FOR SANCTIONS pages 1-15

24  See PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE, REQUEST FOR RESTRAINING ORDER AND REPLY TO DEFENDANTS ILLINOIS POWER COMPANY, Veta Rudolph Lueke, William "Bill" Pray, George Aufmuth, Myron Kumler, Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh MOTION TO DISMISS, MOTION TO STRIKE AND MOTION FOR SANCTIONS pages 1-15

25  Plaintiff states here that he has not filed his complaint to harass the court of Defendant or cause the court to waste its time hearing this case. Plaintiff is being represented Pro se and not by choice for example several of the attorneys that plaintiff contacted to represent him subsequently represented Defendants although they were not representing the defendant at the time Plaintiff contacted them. For the reasons listed throughout these pleadings the court should not entertain the idea of dismissing Plaintiff's complaint and especially with prejudice. Defendant's reason is groundless. Betty K Agencies, Ltd. v. M/V Monada (12/16/05 - No. 04-14208) court did not dismiss case since there was no

finding that plaintiff acted with willful or contumacious disregard for court rules, However Plaintiff feels that Sanctions should be issued against Defendants for their filings because he believes that the defendants conduct in their filing was willful to deceive the court and plaintiff with total disregard for the court.

26  According to Illinois law, a corporation may be prosecuted for a misdemeanor or for another act prohibited by a statute that specifically imposes criminal liability on a corporation. For a corporation to be responsible the action must be committed by an agent--a director, employee, or officer authorized to act on behalf of the corporation-- acting in the scope of employment. The corporation may be held responsible, as well, if a crime specifically was authorized, commanded, performed, or requested by the corporation's board of directors or a high managerial agent. A high managerial agent is an officer or agent who formulates corporate policy or manages and supervises employees.

27  In addition to the corporation's liability, corporate officers and agents may be judged personally liable for their criminal conduct. Some businesspersons mistakenly believe that criminal liability is an "either/or" proposition. That is, they think that if their actions subject the business to criminal liability, they will be free of personal liability. This belief is incorrect, as many criminal statutes allow prosecutors to prosecute both the business and the individuals who run it. Individual and corporate liability are cumulative, not exclusive. Participation in business criminal activity does not, by itself, make a person criminally liable.  For these reasons Plaintiff has filed a complaint against the individuals.

28 Illinois power Company and its representing officer or entity knew, should have known or had an obligation to be aware of what was happening in the company. Charles Green has reason to believe that Illinois Power company and an agent director, employee, or officer authorized to act on behalf of the corporation acting in the scope of employment conspired to deny Charles Green various employment opportunities.

29 Conspiracy is the term for a broad category of crimes involving multiple actors coming together to engage in concerted criminal activity. A person or business generally is guilty of conspiracy to commit a crime if that person or business does one of the following: With the purpose of facilitating or promoting its commission, agrees with another person or business to engage in conduct that constitutes a crime or an attempt or solicitation of a crime Agrees to aid another person or business in planning, committing, or attempting to solicit a crime. See Title VII laws. 02-2097, 03-1158, 01-2090 and 97-2148

30 Federal perjury laws penalize anyone who willfully or knowingly makes false statements under oath. The sworn statements may be written or oral and need not be made in court; a person may perjure himself or herself in deposition or written testimony. A related law against subornation of perjury makes it illegal for anyone to procure another person to commit perjury.

31 Charles Green feels he has been targeted for discrimination and Illinois Power conspired to do bodily harm and/or to cause death to Charles Green. For example he believes Defendant cause the winch line of plaintiff substation truck to failed, plaintiff brakes went out and a ball of paper was found in brake line, plaintiff reported several accidents and defendant denied him medical treatment causing additional pain and suffering for months and years, defendant failed to repair a faulty truck after Plaintiff reported it on several occasions where for example steering was bad, alignment was bad, the truck vibrates, a pin broke in the steering mechanism, Trucks pulls to one side or the other causing Plaintiff to keep a tight grip on steering wheel to prevent an accident as a result plaintiff has carpal tunnel which Defendant denied although they knew the effects of continuous vibrations on a persons hands would cause damages to the body. See Title VII laws. See also 02-2097, 03-1158, 01-2090 and 97-2148.

19. Charles Green was engaged in a protected activity; (2) denied benefits subsequent to or contemporaneous with such activity; and (3) a causal link exists between the protected

14

activity and the denial of benefits. Subsequent to plaintiff charge of discrimination with the EEOC was dismissed (days after) which is the result of this case Defendants placed a confederate flag and Motor cycle and other personal vehicles in the Danville Illinois power company hazel street substation. Plaintiff maintains this substation. Plaintiff was not allowed to park his personal vehicle or company vehicle in substations instead forced to drive excessive miles. The flag was displayed like a table cloth with wires extending from underneath it as if it was rigged if moved therefore plaintiff did not remove it but reported it to his supervisor. The flag read "the south will rise again." Plaintiff took this as another threat by Defendant. Plaintiff has reason to believe that the employee who displayed the flag are white and are still working for Illinois Power Company. All employees on the Illinois Power Company Danville electric construction crew are white. Plaintiff recently performed switching for this crew last week at the Georgetown substation.

20. Defendant gave no nondiscriminatory reason for this conduct only that the employee on the Illinois power Company Danville electric construction crew will be back in a few days and they will have them remove the flag and motorcycle. These employees are still working with Illinois Power Company.

For the reasons in these pleadings Plaintiff is entitled to relief and move that this court strike all filings by defendant, sanction Defendant in case No. 05-2222, order defendant to restrain from contacting the named witnesses in this case and award damages to Plaintiff for example but not limited to punitive damages in an amount not less than $2,500,000. God bless America. Respectfully submitted by,

_____

Plaintiff, Charles Green, Pro se
520 Monterey
Danville, Illinois 61832
217-446-1724
December 19, 2005