UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES LEE GREEN )<br>)<br>Plaintiff, )<br>)<br>) 05-2222<br>)<br>V. )<br>)<br>ILLINOIS POWER COMPANY, Veta Rudolph Lueke, )<br>William "Bill" Pray, George Aufmuth, Myron Kumler, )<br>Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh )<br>International Brotherhood of Electrical Workers (IBEW) )<br>Local 51 And Travelers )<br>)<br>Defendants ) | **FILED**<br>DEC 1 9 2005<br>JOHN M. WATERS, Clerk<br>U.S. DISTRICT COURT<br>CENTRAL DISTRICT OF ILLINOIS<br>URBANA, IL |

The cause of action in this case raises an issue of federal law. Equitable relief sought.

**PLAINTIFF'S MOTION TO STRIKE, REQUEST FOR RESTRAINING ORDER AND REPLY TO DEFENDANTS ILLINOIS POWER COMPANY, Veta Rudolph Lueke, William "Bill" Pray, George Aufmuth, Myron Kumler, Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh MOTION TO DISMISS, MOTION TO STRIKE AND MOTION FOR SANCTIONS**

I.   INTRODUCTION.

a.   Charles Green is a black employee employed by Illinois Power and a member of the Ibew Local 51 collective bargaining unit and was engaged in a protected activity; (2) he was denied benefits subsequent to or contemporaneous with such activity; and (3) a causal link exists between the protected activity and the denial of benefits.

b.   A civil action is commenced by filing a complaint with the court. FRCP 3. Plaintiff filed his complaint on October 4, 2005. Plaintiff also mailed other forms such as waiver and certificate of service. Defendant now has filed an answer in the form of motion to dismiss, motion to strike, motion to file oversized brief and motion for sanctions. FRCP 8b, a party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. Defendant has failed to admit or deny Plaintiff's claims. It is

1

not Plaintiff or the courts responsibility to go through and figure out which part of the complaint Defendant is referring to. Therefore the court must take this in consideration and rule in favor of Plaintiff. Plaintiff is being represented Pro Se.

c.      Defendant ILLINOIS POWER COMPANY, Veta Rudolph Lieke, William "Bill" Pray, George Aufmuth, Myron Kumler, Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh Claims that Plaintiff failed to state a claim plaintiff has stated a claim(s) defendant has failed to acknowledge the claims for example but not limited to Intentional discrimination, continuous discrimination, retaliation, violation of plaintiffs civil rights, malicious acts, attempt to do bodily harm or cause death, breach of duty, 1st, 5th, 6th, 7th, 13th, 14 amendment to the US constitution, conspiracy and failure to process accident report and related forms properly, failure to process FMLA forms, perjury, fraud, failure to provide medical treatment, failure to provide workers compensation, failure to allow plaintiff the opportunity to be station in Danville, force plaintiff to drive excessive miles to work, violation of affirmative action policies/laws, **18 USC Section 1514A. Civil action to protect against retaliation in fraud cases**

d.      Defendant also states that plaintiff asserts claims that are time barred and previously determined. First let me remind the court that defendant states that plaintiff failed to state a claim now it states that the claims are time barred and previously determined. Defendant can't have it both ways. FRCP 8b, a party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. It is not Plaintiff or the courts responsibility to go through and figure out which part of the complaint Defendant is referring to. Which one of the above claims are time barred or has been determined. Even if Plaintiff claims were time barred by 1991 Civil Rights Act, the same facts repeated today could be tried before a jury. Defendant has issued an oversized brief containing cases that appear to have been determined as evidence. Plaintiff should be allowed by law to present evidence from any case that has been determined to prove his case for example but not limited to Rowe v.

2

Cleveland Pneumatic Co. (6th Cir. 1982), Mitchell v. City of Moore, 218 F.3d 1190, 1199(10th Cir. 2000), Romano v. Brown & Williamson Tobacco Corp., 665 A.2d 1139, 1142 (N.J.Super. Ct. App. Div. 1995); cf. Jalil v. Avdel Corp., 873 F.2d 701, 708 ( 3dCir. 1989) See Pierce v. Ortho Pharmaceutical Corp., 417 A.2d 505, 512 (N.J. 1980), 97-2148, 99-2126, 01-2090

e.     Defendant also states that "seek relief under title VII but are outside the scope of a timely EEOC charge or asserted against Individual defendants or seek relief under statutes or other authorities which do not permit an action against the IPC Defendants, such dismissal be with prejudice." Plaintiff filed a timely EEOC charge and complaint in this court (05-2222). FRCP 8b, a party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. It is not Plaintiff or the courts responsibility to go through and figure out which part of the complaint Defendant is referring to. Which one of the above claims asserted against Individual defendants or seek relief under statutes or other authorities which do not permit an action against the IPC Defendants, should be dismissed and with prejudice. Defendant can not show that the above claims are improper. Defendant has not shown that it has not committed the same acts again. Plaintiff should be allowed by law to present evidence from any case that has been determined to prove his case for example but not limited to Rowe v. Cleveland Pneumatic Co. (6th Cir. 1982), Mitchell v. City of Moore, 218 F.3d 1190, 1199(10th Cir. 2000), Romano v. Brown & Williamson Tobacco Corp., 665 A.2d 1139, 1142 (N.J.Super. Ct. App. Div. 1995); cf. Jalil v. Avdel Corp., 873 F.2d 701, 708 ( 3dCir. 1989) See Pierce v. Ortho Pharmaceutical Corp., 417 A.2d 505, 512 (N.J. 1980), 97-2148, 99-2126, 01-2090

f.     Defendant moves to strike the motions set forth at the end of the complaint as procedurally defective and unwarranted. I am assuming that Defendant stating that plaintiff can't request relief for example but not limited to punitive damages, FRCP 8b, a party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. It is not Plaintiff or the courts responsibility to go

through and figure out which part of the complaint Defendant is referring to. Defendant has not stated any grounds for its request. Plaintiff is being represented Pro se. Federal courts must construe in artful pleading liberally in pro se actions. Defendants request should be denied.

f.    Defendant also moves that plaintiff be sanctioned for filing a complaint which directly violates this courts order dated October 7, 2002. Defendant is again in error. Plaintiff requested leave of court to file complaint. This court stated in it's response to the complaint that the request was not necessary and that the defendants received a copy. Defendant is aware of this because it received all plaintiff's filing that the court received. Since the Defendant knew of or should have known Defendant statements are in it self fraudulent, misguided, and misrepresentative and proves that defendant will do anything to cover up their illegal activities. Where Defendant commits Fraud and perjury is a violation against the court and causes the court to lie, and plaintiff is the recipient of injustice. Since defendant is wrong here then defendant and is trying to deceive the court this raises an inference that defendant committed the following acts which plaintiff complained about: for example but not limited to Intentional discrimination, continuous discrimination, retaliation, violation of plaintiffs civil rights, malicious acts, attempt to do bodily harm or cause death, breach of duty, 1st, 5th, 6th, 7th, 13th, 14 amendment to the US constitution, conspiracy and failure to process accident report and related forms properly, failure to process FMLA forms, perjury, fraud, failure to provide medical treatment, failure to provide workers compensation, failure to allow plaintiff the opportunity to be station in Danville, force plaintiff to drive excessive miles to work, violation of affirmative action policies/laws.

g.    Defendant also goes on to request fees and cost for responding to complaint. Plaintiff request but not limited to punitive damages and that this court rules in favor of Plaintiff and against Defendant.

**II.    RESPONSE.**

**RESPONDING TO NO. 1.**    See response 2-12. This is Plaintiff's fifth complaint against Illinois Power Company and has attempted to sue some of the individual named defendants in at

4

least one of the five cases for example violation of Title VII. Since plaintiff did not sue the individual named defendants this case is not the same as the previous cases. Defendant has used evidence from prior cases. Plaintiff and has a legal right to sue the individual defendants and use evidence in any case whether heard by this court or some other court for example but not limited to Rowe v. Cleveland Pneumatic Co. (6th Cir. 1982), Mitchell v. City of Moore, 218 F.3d 1190, 1199(10th Cir. 2000), Romano v. Brown & Williamson Tobacco Corp., 665 A.2d 1139, 1142 (N.J.Super. Ct. App. Div. 1995); cf. Jalil v. Avdel Corp., 873 F.2d 701, 708 ( 3dCir. 1989) See Pierce v. Ortho Pharmaceutical Corp., 417 A.2d 505, 512 (N.J. 1980), 97-2148, 99-2126, 01-2090

**RESPONDING TO No. 2.**    a.    See response 1 and 3-12. Plaintiff agrees that he filed his complaint on October 4, 2005. Defendant states that plaintiff's complaint is Primarily based on allegations made in plaintiff's four previous suits. Plaintiff's complaint is primarily based on his current EEOC charge. Because Plaintiff prior four suits involved discrimination just as this suit involves discrimination does not make it the same suit. Discrimination is discrimination regardless of when it happened.

b    This suit also include other issues. defendant has failed to acknowledge the claims for example but not limited to Intentional discrimination, continuous discrimination, retaliation, violation of plaintiffs civil rights, malicious acts, attempt to do bodily harm or cause death, breach of duty, 1st, 5th, 6th, 7th, 13th, 14 amendment to the US constitution, conspiracy and failure to process accident report and related forms properly, failure to process FMLA forms, perjury, fraud, failure to provide medical treatment, failure to provide workers compensation, failure to allow plaintiff the opportunity to be station in Danville, force plaintiff to drive excessive miles to work, violation of affirmative action policies/laws.

c    Defendant also stated "all of which terminated in Illinois Power Company's favor." This is primarily because of fraudulent testimonies by Defendant where its witnesses committed perjury and deceived the court in violation causing Plaintiff civil rights to be violated.

d   Plaintiff request a trial by jury. Defendants own testimony and plaintiff's witnesses for example but not limited to Ezzy Sadaraphi, Ahmene Zachary, Dan Morrison, Bill Hutchison, Ebriam Nazarian and Mariam Ali. These witnesses along with recordings will show that defendant actions against plaintiff were but not limited to continuous, retaliatory, intentional, malicious and discriminatory. The evidence is sufficient for Plaintiff to assert claims against defendant for aiding and abetting for example but not limited to discrimination Against Plaintiff.

e   FRCP 8b, A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. It is not Plaintiff or the courts responsibility to go through and figure out which part of the complaint Defendant is referring to. Defendant is not using plain terms in its response.

Responding to No. 3    See response 1-2 and 4-12. Defendant also claims that Plaintiff failed to state a claim. Plaintiff has stated several claims for example but not limited to discrimination, civil rights, breach of duty, 1st, 5th, 6th, 7th, 13th, 14 amendment to the US constitution, conspiracy and failure to process accident report and related forms properly. Defendant has been denying Plaintiff medical treatment for over ten years by denying his accident claims as work related but allow white employees claims as work related. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds FRCP 8d2. Even if Plaintiff claims were time barred by 1991 Civil Rights Act, the same facts repeated today could be tried before a jury. 42 U. S. C. §1981a( c) (1994).

**RESPONDING TO No. 4**

    a.   See response 1-3 and 5-12. Defendant claims that plaintiff's current complaint should be dismissed as it fails to meet the requirements delineated in this courts October 7, 2002 order. Defendant is again in error. Plaintiff requested leave of court to file complaint. This court stated in it's response to the complaint that the request was not necessary and that the defendants received a copy. Defendant is aware of this because it received all plaintiff's filing that the court received.

6

b.   Since the Defendant knew of or should have known Defendant statements are in it self fraudulent, misguided, and misrepresentative and proves that defendant will do anything to cover up their illegal activities. Where Defendant commits Fraud and perjury is a violation against the court and causes the court to lie, and plaintiff is the recipient of injustice.

c.   Since defendant is wrong here then defendant and is trying to deceive the court this raises an inference that defendant committed the following acts which plaintiff complained about: for example but not limited to Intentional discrimination, continuous discrimination, retaliation, violation of plaintiffs civil rights, malicious acts, attempt to do bodily harm or cause death, breach of duty, 1st, 5th, 6th, 7th, 13th, 14 amendment to the US constitution, conspiracy and failure to process accident report and related forms properly, failure to process FMLA forms, perjury, fraud, failure to provide medical treatment, failure to provide workers compensation, failure to allow plaintiff the opportunity to be station in Danville, force plaintiff to drive excessive miles to work, violation of affirmative action policies/laws.

d.   Viernow v. Euripides Dev. Corp., 157 F.3d 785, 792 (10th Cir. 1998). judgment is only permissible where "pleadings, depositions, . . . and admissions . . . , together with the affidavits, . . . show that there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

e.   "The factual record and all reasonable inferences there from must be viewed in the light most favorable to the party opposing summary judgment." This also applies to a motion to dismiss Boag v. MacDougall, 454 U.S. 364 (1982). Therefore plaintiff should be allowed to present evidence to support his claims through FRCP26 and other methods. See. 18 USC **Section 1505. Obstruction of**

7

**proceedings before departments, agencies, and committees**

 f. Plaintiff is being represented Pro Se. Defendants request should be denied and this court should rule in favor of Plaintiff on all counts and award damages.

**RESPONDING TO No 5.** a. Plaintiff is being represented Pro Se. See response 1-4.

 b. Defendant ILLINOIS POWER COMPANY, Veta Rudolph Lieke, William "Bill" Pray, George Aufmuth, Myron Kumler, Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh Claims that Plaintiff failed to state a claim plaintiff has stated a claim(s) defendant has failed to acknowledge the claims for example but not limited to Intentional discrimination, continuous discrimination, retaliation, violation of plaintiffs civil rights, malicious acts, attempt to do bodily harm or cause death, breach of duty, 1st, 5th, 6th, 7th, 13th, 14 amendment to the US constitution, conspiracy and failure to process accident report and related forms properly, failure to process FMLA forms, perjury, fraud, failure to provide medical treatment, failure to provide workers compensation, failure to allow plaintiff the opportunity to be station in Danville, force plaintiff to drive excessive miles to work, violation of affirmative action policies/laws,

 a. 18 USC Section 1513. Retaliating against a witness, victim, or an informant (a)(1) Whoever kills or attempts to kill another person with intent to retaliate against any person for –(A), (B), (C).

 b. Where Plaintiff has used terms in his complaint for example named defendants and defendants apply to Mike Crandall and Francis Walsh as well as the other defendants.

**RESPONDING TO No. 6**

 a. See response 1-5. Defendant is involved in a series of continuous violations of discrimination. How many different ways can discrimination, retaliation and other violations be stated and repeated? Defendant has used defenses that are taken verbatim from previous cases whether heard by this court or other courts.

b. Defendant also states that plaintiff asserts claims that are time barred and previously determined. First let me remind the court that defendant states that plaintiff failed to state a claim now it states that the claims are time barred and previously determined. Defendant can't have it both ways.

c. 18 USC Section 1965. Venue and process (a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.  (b) In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

d. FRCP 8b, a party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. It is not Plaintiff or the courts responsibility to go through and figure out which part of the complaint Defendant is referring to. Which one of the above claims are time barred or has been determined. Even if Plaintiff claims were time barred by 1991 Civil Rights Act, the same facts repeated today could be tried before a jury.

e. Defendant has issued an oversized brief containing cases that appear to have been determined as evidence. Plaintiff should be allowed by law to present evidence from any case that has been determined to prove his case for example but not limited to Rowe v. Cleveland Pneumatic Co. (6th Cir. 1982), Mitchell v. City of Moore, 218 F.3d 1190, 1199(10th Cir. 2000), Romano v. Brown & Williamson Tobacco Corp., 665 A.2d 1139, 1142 (N.J.Super. Ct. App. Div. 1995);

f. Plaintiff has never filed a suit against for example but not limited to Veta Rudolph Lieke, William "Bill" Pray, George Aufmuth, Myron Kumler, Ken Justice, Rod Hilburn, Mike

9

Crandall, Francis Walsh therefore there is no reason for this court to concern itself with issue preclusion or time barred. Plaintiff's claims occurred in a time that made it impossible for him to file in previous cases. Issue Preclussion does not apply when a third party is involved. See. **28 USC Section 1331. Federal question**.

g. Even if an issue exist Plaintiff is allowed to use as evidence to prove his case. All prior cases in all courts have been heard however lawyers, judges, and pro se litigants cite those cases daily to prove their cases therefore defendants request should be denied.

h. Responding to No. 7    See response 1-6. This suit also include other issues. defendant has failed to acknowledge the claims for example but not limited to Intentional discrimination, continuous discrimination, retaliation, violation of plaintiffs civil rights, malicious acts, attempt to do bodily harm or cause death, breach of duty, 1st, 5th, 6th, 7th, 13th, 14 amendment to the US constitution, conspiracy and failure to process accident report and related forms properly, failure to process FMLA forms, perjury, fraud, failure to provide medical treatment, failure to provide workers compensation, failure to allow plaintiff the opportunity to be station in Danville, force plaintiff to drive excessive miles to work, violation of affirmative action policies/laws. Many of these claims do not have to be filed with the EEOC therefore they may or may not be apart of the EEOC charge. However they may be used as evidence to support each other.

**RESPONDING TO NO. 8** a. See response 1-7. The named defendants are witnesses to the illegal activities and they are also defendants in the complaint. Their testimony whether they tell the truth or not will prove that Plaintiff is worthy of relief. and plaintiff's witnesses for example but not limited to Ezzy Sadaraphi, Ahmene Zachary, Dan Morrison, Bill Hutchison, Ebriam Nazarian and Mariam Ali. These witnesses along with recordings will show that defendant actions against plaintiff were but not limited to intentional, malicious and

discriminatory and the evidence is sufficient for Plaintiff to assert claims for aiding and abetting discrimination against Plaintiff.

b. 18 USC Section 2. Principals (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal. (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

**RESPONDING TO NO 9.**

    a.    See response 1-8 and 9-12. Plaintiff is being represented Pro se. Plaintiff has a right to request counsel and relief from this court. Plaintiff requested that the court issue sanctions which is the same thing that the defendant is requesting against Plaintiff therefore how can Plaintiff be wrong if defendant is not wrong. To say that plaintiff is wrong for doing the same thing that the defendant is doing is discriminatory.

    b.    Defendant should be sanctioned for putting this court and plaintiff through these continuous violations. All Defendant needs to do is to follow the rules of this court the laws of the united states, title VII their own personnel policies and procedures, affirmative action policies and procedures and this would not burden the court or plaintiff.

    c.    FRCP 8b, a party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. It is not Plaintiff or the courts responsibility to go through and figure out which part of the complaint Defendant is referring to. Defendant has not stated any grounds for its request. Plaintiff is being represented Pro se. Federal courts must construe in artful pleading liberally in pro se actions. Defendants request should be denied.

**RESPONDING TO NO. 10**

a.        See response 1-9 and 11-12. FRCP 8b, A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. It is not Plaintiff or the courts responsibility to go through and figure out which part of the complaint Defendant is referring to. Defendant is not using plain terms in its response. Defendant continues to repeat itself over and over again in riddles to deceive the court and Plaintiff in an effort to deprive Plaintiff of his civil rights granted to him by the US constitution, Bill of rights also in violation of USC **42 USC Section 1983, 42 USC Section 1981. Equal rights under the law, 29 USC Section 411. Bill of rights .** Plaintiff is being represented pro se. defendants request should be denied.

**RESPONDING TO NO 11.** see response 1-10 and 12. Defendant has spent many hours trying to deprive plaintiff of his constitutional rights in the last 12 years. This court should correct these continuous problems and illegal activities committed by defendants by ruling in favor of Plaintiff and sanction Defendants for the continuous abuse. Defendant has enough attorneys if they cant figure out what they are being charged with then this court should realize the difficulties and the complications that a Pro se litigant faces. 29 USC Section 412. Civil action for infringement of rights; jurisdiction Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate.

**RESPONDING TO NO 12.** a. see response 1-11 Plaintiff should not be responsible for any cost in this case or prior cases because the Defendants has spent many hours trying to deprive plaintiff of his constitutional rights in the last 12 years. This court should correct these continuous problems and illegal activities committed by defendants by ruling in favor of Plaintiff and sanction the named Defendants for the continuous abuse and award plaintiff damages and justice will be served. This court may find Defendants and its attorneys liable for these crimes because they know that a violation has occurred and has not reported it to the proper authority.

And continues to conspire to deceive the court and Plaintiff to cover up the illegal activities are liable. See **42 USC Section 1988, 42 USC Section 1987, 42 USC Section 1985, 42 USC Section 1986**

**b.**     Charles Green is a black member of a labor organization IBEW Local 51, an employee employed by Illinois Power Company who has been in good standing through out his employment and was engaged in a protected activity; (2) he was denied benefits for example but not limited to being placed in the Danville area, Plaintiff was placed in a false light, forced to drive excessive miles in a defective truck, failed to maintain truck, denied medical treatment, failure to process FMLA forms, denied equal access, denied workers compensation by defendants subsequent to or contemporaneous with such activity; and (3) a causal link exists between the protected activity and the denial of benefits. Plaintiff was intentionally discriminated and retaliated against with malice and reckless indifference and whites in the same or similar situation were not treated this way. Defendants have not given a non discriminatory reason for their conduct.

**III     MOTION TO STRIKE**

Plaintiff request that the court strike defendants motion for the reasons listed in plaintiff responses 1-12. Defendants exhibits failed to meet the federal rules of civil procedure MOTIONS and local rule 7.1. defendant failed to present exhibits in proper form. Exhibits should have it's own caption. Defendant is attempting to deceive the court and plaintiff. Defendant failed to present evidence why plaintiff complaint should be dismissed and issues precluded especially where there are third parties involved. Defendant arguments have no merit and are groundless. The defendant acted in bad faith in denying Plaintiff request for benefits under the Policy. Defendants failed to give a non discriminatory reason for their action and their personnel decision were a pretext for unlawful discrimination in favor of white employee and black employees are adversely affected.

**IV     REQUEST FOR RESTRAINING ORDER**

13

Plaintiff request that the court issue a restraining order to prevent defendants from contacting whether direct or indirect through but not limited to it's agents, affiliates, relatives plaintiff's witnesses (Ezzy Sadaraphi, Ahmene Zachary, Dan Morrison, Bill Hutchison, Ebriam Nazarian, Pamela DePatti and Mariam Ali) for the reasons listed in plaintiff responses 1-12. 18 USC **Section 1514. Civil action to restrain harassment of a victim or witness** Plaintiff has reason to believe that Defendants are evil people and will do anything to deny Plaintiff his civil rights

### III    CONCLUSION

Plaintiff is being represented Pro se. Even if Plaintiff claims were time barred by 1991 Civil Rights Act, the same facts repeated today could be tried before a jury. 42 U. S. C. §1981a( c) (1994). Plaintiff has key witnesses that will testify about the conduct of the defendants and their treatment regarding Plaintiff. This is very powerful evidence and plaintiff should be allowed to present this evidence to the jury and court. Plaintiff request a trial by jury. Defendants own testimony and plaintiff's witnesses for example but not limited to Ezzy Sadaraphi, Ahmene Zachary, Dan Morrison, Bill Hutchison, Ebriam Nazarian and Mariam Ali. These witnesses along with recordings will show that defendant actions against plaintiff were but not limited to intentional, malicious and discriminatory. The evidence against defendants is sufficient for Plaintiff to assert claims for aiding and abetting illegal activities such as discrimination Against Plaintiff and fruaud and perjury against the court.

### JUDGMENT:

Wherefore, the Plaintiff, Charles Green, respectfully requests that this Court enter judgment in his favor and against The Defendants and provide the following relief:

(a) Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of the 1st, 5th, 6th, 7th, 8th, 9th, 13th, and 14th Amendment, 42 U.S.C, 18 U.S.C . and issue a mandatory injunction against The

Defendants, to take affirmative steps to ensure that The Defendants and all individuals working under it at The Defendants to refrain from engaging in any actions with respect to the Plaintiff, Charles Green, which are prohibited under the terms of the aforesaid United States Constitution and Act; (Civil Rights Act of 1964);

(b) Enter a judgment against each named defendant and award Plaintiff, Charles Green, compensatory, front pay, punitive damages, hedonic damages, intentional infliction of emotional distress, and negligent infliction of emotional distress, breach of contract, promissory fraud, negligent misrepresentation for loss of enjoyment of life resulting from these wrongful acts, damages sufficient to compensate him for economic losses suffered as a result of the denial of career advancement opportunities and benefits as alleged in this complaint and exemplary damages to the maximum extent permitted by law;

(c) Assess against The Defendants the costs and expenses incurred by , Charles Green, in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by him in prosecuting the above captioned cause; and

(d) Enter a judgment against The Defendants Provide such other relief as the Court deems to be equitable and just.

(e) Charles Green also requests that this court enter a judgment against The Defendants to punish to the full extent of the law each person and/or entity who knew of these fraudulent statements and aloud the witnesses to commit perjury.

Respectfully submitted by,

*[signature]*

Plaintiff
Charles Green
Pro se
520 Monterey
Danville, Illinois 61832
217-446-1724
December 19, 2005