E-FILED
Monday, 19 December, 2005 02:27:16 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES LEE GREEN ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | **05-2222** |
| ) | |
| **V.** ) | |
| ) | |
| **ILLINOIS POWER COMPANY, Veta Rudolph Lieke,** ) | |
| **William "Bill" Pray, George Aufmuth, Myron Kumler,** ) | |
| **Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh** ) | |
| **International Brotherhood of Electrical Workers (IBEW)** ) | **FILED** |
| **Local 51 And Travelers** ) | |
| ) | |
| **Defendants** ) | DEC 1 9 2005 |

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

The cause of action in this case raises an issue of federal law. Equitable relief sought.

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
TO STRIKE, REQUEST FOR RESTRAINING ORDER AND REPLY TO DEFENDANTS
ILLINOIS POWER COMPANY, Veta Rudolph Lueke, William "Bill" Pray, George
Aufmuth, Myron Kumler, Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh
MOTION TO DISMISS, MOTION TO STRIKE AND MOTION FOR SANCTIONS**

1.      We review the grant of summary judgment de novo and apply the same legal

standards as those utilized by the district court. Viernow v. Euripides Dev. Corp., 157 F.3d 785,

792 (10th Cir. 1998). Summary judgment is only permissible where "pleadings, depositions, . . .

and admissions . . . , together with the affidavits, . . . show that there is no genuine issue as to any

material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c). "The factual record and all reasonable inferences therefrom must be viewed in the light

most favorable to the party opposing summary judgment."

2.      Boag v. MacDougall, 454 U.S. 364 (1982). The Court of Appeals' ground for

dismissing the complaint was erroneous as a matter of law. Federal courts must construe inartful

pleading liberally in pro se actions, Haines v. Kerner, 404 U.S. 519, and, so construed, the complaint here states a cause of action.

3.      Construing petitioner's inartful pleading liberally, as Haines v. Kerner, 404 U.S. 519 (1972), instructs the federal courts to do in pro se actions, it states a cause of action. See Wolff v. McDonnell, 418 U.S. 539, 555-572 (1974). On the basis of the record before us, we cannot find a sufficient ground for affirming the dismissal of the complaint.*

4.      Twenty years ago, in McDonnell Douglas Corp. v Green, 411 US 792, 36 L Ed 2d 668, 93 S Ct 1817 (1973), this Court unanimously prescribed a "sensible, orderly way to evaluate the evidence" in a Title VII disparate-treatment case, giving both plaintiff and defendant fair opportunities to litigate "in light of common experience as it bears on the critical question of discrimination." Furnco Construction Corp. v Waters, 438 US 567, 577, 57 L Ed 2d 957, 98 S Ct 2943 (1978). We have repeatedly reaffirmed and refined the McDonnell Douglas framework, most notable in Texas Depart. Of Community Affairs v Burdine, 450 US 248, 67 L Ed 2d 207, 101 S Ct 1089 (1981), another unanimous opinion. See also United States Postal Service Bd. Of Governors v Aikens, 460 US 711, 75 L Ed 2d 403, 103 S Ct 1478 (1983); Furnco supra

5.      The portion of the 1866 Civil Rights Act codified in U.S.C.A- 1981 provides that "all person" shall have the same right to make and enforce contracts "as is enjoyed by white citizens". This Broad language reaches the employment "contract" but only proscribes "racial" discrimination.

6.      It is also unlawful for defendant to refuse to adopt known alternatives which have less discriminatory impact and serve equally well the employer's business purpose.

7.      Rowe v. Cleveland Pneumatic Co. (6th Cir. 1982). Impact of a subjective system on a class.

8.      FRCP 18 (a) Joinder of Claims. A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

9.       (b) Joinder of Remedies; Fraudulent Conveyances. Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to that plaintiff, without first having obtained a judgment establishing the claim for money.

10.      In Wisconsin Department of Corrections v. Schacht, Some District Courts have found in § 1441(c) authority to remand an entire case, including federal question claims.[33]   Removal Jurisdiction and Supplemental Jurisdiction United States District Courts have "supplemental jurisdiction" over claims

sharing a common nucleus of operative fact[37] with claims over which the District Courts have original jurisdiction.[38]  Supplemental jurisdiction extends to cases that are in federal court by virtue of the removal statute. "That provision [Section 1367 (a)] applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one 'of which the District Courts .have original jurisdiction.'"  [39]

11.      Supplemental jurisdiction means, for example, that a plaintiff with a Title VII claim for race discrimination who also asserts a common law public policy tort claim premised on the race discrimination, and asserting the same factual conduct as the basis for both claims, may have both claims decided in federal court.

12.      In Ladner v. Alexander & Alexander, Inc.,[77] the District Court, finding little direct authority, noted that the language of the FMLA-"may be maintained .in any federal or state court of competent jurisdiction" is the same language found in the Fair Labor Standards Act.[78]

13.      We review findings of fact under a clearly erroneous standard.  To reverse, we must have a definite and firm conviction that a mistake has been made, giving due regard to the trial courts opportunity to judge the credibility of the witnesses.3 The union had refused to file proffered grievances based on racially discriminatory discharges and racial

harassment, and refused to include assertions of racial discrimination in grievances that asserted other contract violations.14 The Court concluded that [a] union which intentionally avoids asserting discrimination claims, either so as not to antagonize the employer and thus improve its chances of success on other issues, or in deference to the perceived desires of its white membership, is liable under . . . Title VII.15 FRCP 26(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

14.      That by virtue of the conduct described in the preceding paragraphs the Plaintiff, Charles Green, was the recipient of discriminatory treatment in employment because of his race in violation of 42 U.S.C. § 2000e-2 Affirmative Action Policies, U.S.C 1983, U.S. CONSTITUTION (AMENDMENT 1,5,6,7,8,9,13,14), 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. §1981, 28 U.S.C. § 1367, 42 U.S.C. §1981a, 42 U.S.C. §1981a(a), 42 U.S.C. §1981a(b)(1), 42 U.S.C. §1981a(b)(3), 42 U.S.C. §1983, 706g, Restatement (Second) of Torts § 908(2)(1979), 42 U.S.C. §1981a(c), National Labor relations act, 49 Stat. 449, as amended 29U.S.C. 151 et seq,. FRCP 60 LANDRUM-GRIFFIN ACT 29 U.S.C. 411 (A). 42 U.S.C. 2000e-5(k) (1988 ed., Supp.III) and 42 U.S.C. sec. 1997e(e) and 48 Stat 1064, USC, Title 28, former § 723c (now § 2072)), 301 (b) of the Labor Management Relations Act, OSHA Act and Whistle Blowers Act. Title 18, Part I, Chapter 79, section 1621, 42 USCS § 1985, Title 18 U.S.C. § 4, 2, 241, 242, 245, 246, 1505, 1515, Title 42 USC § 1961. Definition, Title 42 USC § 1962, 1964, 1965 and 1986 in that he was subjected to discriminatory practices depriving plaintiff of his liberties.

15.      The court could infer such pretext if the circumstances made the articulated reason unworthy of belief. Videl v. Illinois Human Rights Commission, 223 Ill. App. 3d 467, 585 N E.2d 133 (1991).

16.      Stern v. IBM, 326 F.3d 1367, 1371 (11th Cir. 2003), quoting Geddes v. American Airlines, Inc., 321 F.3d 1349, 1352-53 (11th Cir.2003) (internal punctuation and citations omitted), and citing Behlen v. Merrill Lynch, 311 F.3d 1087, 1090 (11th Cir.2002) ("Once an

4

area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."); Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1211-12 (11th Cir.1999) (describing the doctrine of "complete" or "super preemption"); Whitt, 147 F.3d at 1329-30 (same)..

17.     Title VII of the 1964 Civil Rights Act, 42 U. S. C. § 2000e et seq. (1994), is rather straightforward on its own terms (" It shall be anunlawful employment practice for an employer . . . to discrimi-nate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin. . . ."),

18.     See Sempier, 45 F.3d at 728; Chipollini v. Spencer Gifts, Inc., 814 F.2d 893, 897 (3d Cir.), cert. dismissed, 483 U.S. 1052 (1987). Under the McDonnell Douglas framework, a plaintiff must first present a prima facie case by establishing that (1) he is Black, (2) he is qualified for the workers compensation benifits in question, (3) he suffered from an adverse employment decision, and (4) his white coworkers were not treated the same way in the same or similar situations. therefore there is a reasonable inference of discrimination. Sempier, 45 F.3d at 728; Chipollini, 814 F.2d at 897. Once a plaintiff has satisfied the prime facie standard, the burden shifts to defendant to articulate a "legitimate nondiscriminatory" reason for the adverse decision. Should the defendant successfully carry its burden, the plaintiff then "has the opportunity to demonstrate that the employer's stated reasons were not its true reasons but were a pretext for discrimination." Sempier, 45 F.3d at 728.

19.     Discrimination and retaliation under LAD a plaintiff must show: (1) Charles Green was engaged in a protected activity; (2) he was denied benifits subsequent to or contemporaneous with such activity; and (3) a causal link exists between the protected activity and the denial of benefits. Romano v. Brown & Williamson Tobacco Corp., 665 A.2d 1139, 1142 (N.J.Super. Ct. App. Div. 1995); cf. Jalil v. Avdel Corp., 873 F.2d 701, 708 ( 3dCir. 1989) See Pierce v. Ortho

5

Pharmaceutical Corp., 417 A.2d 505, 512 (N.J. 1980).

20.    Mitchell v. City of Moore, 218 F.3d 1190, 1199(10th Cir. 2000) ("The district court was not obligated to comb the record in order to make [the Defendant's] arguments for him.").

21.    Under Title VII, the ADA, and the ADEA, it is illegal to discriminate in any aspect of employment, including: hiring and firing; compensation, assignment, or classification of employees; transfer, promotion, layoff, or recall; job advertisements; recruitment; testing; use of company facilities; training and apprenticeship programs; fringe benefits; pay, retirement plans, and disability leave; or other terms and conditions of employment.

22.    Title VII prohibits not only intentional discrimination, but also practices that have the effect of discriminating against individuals because of their race, color, national origin, religion, or sex.

23.    Charles Green has reason to believe that Travelers company and an agent director, employee, or officer authorized to act on behalf of the corporation acting in the scope of employment comspired to deny Charles Green various employment opportunities and benefits. See Title VII laws. See also US constitution amendment 1,5,6,7,13 and 14 02-2097, 03-1158, 01-2090 and 97-2148

24.    Title 28, Section 1331. Federal question The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

25.    title 18, chapter 7, Section 1033. Crimes by or affecting persons engaged in the business of insurance whose activities affect interstate commerce (a)(1) Whoever is engaged in the business of insurance whose activities affect interstate commerce and knowingly, with the intent to deceive, makes any false material statement or report or willfully and materially overvalues any land, property or security

26.    (A) in connection with any financial reports or documents presented to any insurance regulatory official or agency or an agent or examiner appointed by such official or agency to

6

examine the affairs of such person, and(B) for the purpose of influencing the actions of such official or agency or such an appointed agent or examiner, shall be punished as provided in paragraph (2).(2) The punishment for an offense under paragraph (1) is a fine as established under this title or imprisonment for not more than 10 years, or both,

27.     Title 28 Section 3901. Civil actions (a) Parties. - In an action under section 1346(g) of this title,the defendant shall be the employing office alleged to have committed the violation involved.

27.     (b) Jury Trial. - In an action described in subsection (a), any party may demand a jury trial where a jury trial would be available in an action against a private defendant under the relevant law made applicable by chapter 5 of title 3. In any case in which a violation of section 411 of title 3 is alleged... see Section 1408. Civil action (a) Jurisdiction The district courts of the United States shall have jurisdiction    over any civil action commenced under section 1404 of this title.

28.     28 U.S.C. 1367 a) Except as provided in subsections (b) and ( c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such originaljurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.  (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title,the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure,

29.     42 USC Section 2000e-2. Unlawful employment practices  (a) Employer practices It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his

7

compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin. (b) Employment agency practices It shall be an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color,religion, sex, or national origin.

30.      29 USC Section 412. Civil action for infringement of rights; jurisdiction Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located.

31.      29 USC Section 411. Bill of rights; constitution and bylaws of labor organizations (a)(1) Equal rights Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and    bylaws. (2) Freedom of speech and assembly Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the    labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: Provided, That nothing herein shall be construed to

impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.

32.    42 USC Section 1986. Action for neglect to prevent Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party   injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action;

33.    42 USC Section 1983. Civil action for deprivation of rights Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress..

34.    18 USC Section 1505. Obstruction of proceedings before departments, agencies, and committees Whoever, with intent to avoid, evade, prevent, or obstruct compliance, in whole or in part, with any civil investigative demand duly and properly made under the Antitrust Civil Process Act, willfully withholds, misrepresents, removes from any place, conceals, covers up, destroys, mutilates, alters, or by other means falsifies any documentary material, answers to written interrogatories, or oral testimony, which is the subject of such demand; or attempts to do so or solicits another to do so; or Whoever corruptly, or by threats or force, or by any threatening letter or communication influences, obstructs, or impedes or   endeavors to influence, obstruct, or impede the due and proper  administration of the law under which any pending proceeding is

9

being had before any department or agency of the United States, or the due and proper exercise of the power of inquiry under which any inquiry or investigation is being had by either House, or any committee of either House or any joint committee of the Congress -Shall be fined under this title or imprisoned not more than five years, or both.

35.    18 USC Section 3162. Sanctions (a)(1) In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice. (2) The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence (3). In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal;

36.    18 USC Section 1035. False statements relating to health care matters    (a) Whoever, in any matter involving a health care benefit    program, knowingly and willfully -(1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; or    (2) makes any materially false, fictitious, or fraudulent    statements or representations, or makes or uses any materially    false writing or document knowing the same to contain any    materially false, fictitious, or fraudulent statement or entry, in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 5 years, or both.    (b) As used in this section, the term "health care benefit    program" has the meaning given such term in section 24(b) of this title. See also 47 USC Section 1001. Statements or entries generally.

37.    Butler-Rupp v. Lourdeaux (12/14/05 - No. A102706, A103925)

plaintiff claims on a negligent infliction of emotional distress claim in a landlord-tenant dispute involving contract and tort causes of action where plaintiff's injury was economic in nature and

10

resulted from defendants' failure to perform their contractual obligations.

38.     This court has subject matter jurisdiction whether it is a restated claim or first claim Stone v. Duke Energy Corp. (12/15/05 - No. 04-2562) Where plaintiff's action as to claims under the Sarbanes-Oxley Act of 2002 alleging that employer defendant violated whistle-blower provisions of the act.

39.     Handzel v. kane- Miller corporation 614 N.E. 2d, 206, 208 (ILL. App. 1993) Illinois Power Company and its supervisors and management and the named defendants and its agents owe Plaintiff Charles Green a duty of care and were negligent in providing these duties. For example but not limited to workers compensation benefits. Plaintiff suffered a loss due to their negligence. Therefore they are liable for damages. See also Dunlap v. Nestle USA, Inc. (12/12/05 - No. 03-1752)

40.     The district court should determine whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached (PWS, Inc. v. Ban (1991) 234 Cal.App.3d 223, 230.) Following proper procedure and observing, if not strictly enforcing, statutory rules of evidence will foster informed decision-making based on reliable evidence and information.. Plaintiff witness were in positions employed by Illinois Power Company and in some capacity Plaintiff's supervisor, their testimony to the illegal activities along with other evidence will are of importance and substantial and supports Plaintiff's claims.

41.     FOELKER v. OUTAGAMIE COUNTY, No. 04-1430 (7th Cir. January 07, 2005) Dismissal of plaintiff, Charles Green's suit, alleging a violation of his constitutional rights, should not be dismissed where a reasonable jury could conclude that defendant intentionally and maliciously allowed plaintiff to suffer from the effects of their actions. Since defendant has not given a non discriminatory reason for their actions plaintiff does not need to present any further evidence Defendant is liable and the court should rule infavor of Plaintiff and award damages.

42.     To State a claim Plaintiff, Charles Green only is required to allege enough to put the defendants on notice and enable them to file an answer. Higgs v. Carver, 286 F.3d 437, 439 (7th

11

Cir. 2002). Charles Green was injured on the job reported the incidents to his supervisor Bill Pray and filled out the necessary accident reports and FMLA forms. Bill Pray contacted Travelers and Francis Walsh and Mike Crandall and supplied them with the proper forms , Plaintiff was discriminated against and denied medical benefits associated with injuries Plaintiff complained to for example but not limited to Mike Crandall and Bill Pray. Plaintiff was discriminated against and retaliated against on subsequent injuries and Defendants conspired to deny Plaintiff FMLA, workers compensation, medical and failed to provide Plaintiff with a non discriminatory reason. White employees in the same or similar situation as Plaintiff for example but not limited to Rick Collins, Jim Vandergraf, and Jim Rosnett were not denied, for example medical benefits and FMLA. Plaintiff complaint is sufficient enough to state a claim of discrimination and retaliation and Plaintiff is entitled to damages.

43.      6th amendment to the US constitution. Plaintiff shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense. Judicial Proceedings Before Trial .--Dicta in Powell v. Alabama. Noncriminal and Investigatory Proceedings .--Commitment proceedings which lead to the imposition of essentially criminal punishment are subject to the due process clause and require the assistance of counsel.

44.      Myron kumler attempted to place plaintiff in a false light by claiming that he did not do any inspections for six months during the time that he was working with Cheryl Krutsinger (apprentice). Plaintiff sent copies of all inspections to his supervisor and kept all records in a file cabinet bundled with rubber bands at the East Fairchild substation. Myron knew this because he was plaintiff's leadman in Danville before he became supervisor. Those inspections were removed from the cabinet. However, after Myron became supervisor Plaintiff always kept a third

12

copy in another location in another substation.

45.     When Plaintiff presented this to Defendants they were in shock. Cheryl krutsinger was an apprentice working under plaintiff she filed a suit against Illinois Power Company and was fired. Cheryl was a good worker and a female the only female in the substation department. Plaintiff is the only Black in the substation department in the Champaign/Danville area. No white employee has been treated the way plaintiff has been treated there is an inference of discrimination and retaliation and defendants are liable and owe plaintiff for damages.

46. Plaintiff has reasons to believe that Defendant knew; who yelled out the word niggardly in a meeting of majority white employee (approximately 20 white and two Black employees) Plaintiff was one of the black employees; hung a noose in on of the Illinois power company substation training rooms, who painted the word Nigger on an Illinois power company dumpster(s) and who displayed the confederate flag in the hazel street substation and has conspired to cover up these illegal activities. And those employees are still working for Illinois Power Company. This raises an inference that Illinois power will do almost anything to protect their white employees and almost anything to deny Black employees their rights and that their actions are discriminatory and plaintiff was and is targeted for discrimination and Illinois Power conspired to deny Charles Green a trial by jury and due process, United States Constitution for example but not limited to Amendment 1,5,6,7,13 and 14. Title VII laws. See also 02-2097, 03-1158, 01-2090 and 97-2148.

47. JOB REPORTINGS:1.Plaintiff started working with Illinois power in 1991. There have always been two substation employees working in the Danville area. Illinois power failed to include Charles Green in the relocation back to Danville from the Champaign area. Since 1995 Charles Green has been given additional duties and responsibilities for example but not limited to, maintaining the following substations: Quaker oats, fiberteq, Alcoa, tilton energy center, vermilion power station, lynch road, krupp gerlach #2, new

13

circuit in the Georgetown sub, all additional line regulators installed by the electric department.

48. Illinois Commerce commission forced Illinois power to placed employees back in the Danville area to cover the work that needs to be done in the Danville area and for better response time Plaintiff was not placed back to Danville service area. All other departments were placed back. Their reason for not placing Charles Green back in the Danville area is unworthy of credence and the real reason is intentional retaliation and race discrimination with malice. See Title VII laws. See also 02-2097, 03-1158, 01-2090 and 97-2148

49. Charles Green is the only substation electrician that has a two year electrician degree within local 51.. See also 02-2097, 03-1158, 01-2090 and 97-2148

50. Once a person is hired into a position the hiring supervisor input the employment information about that employee into the HRIS, Human Resources Information system. This include name of employee, location he is from, where he is going, address and etc. III. MEDICAL TREATMENT: Charles Green is a black employee employed by Illinois Power and a member of the IBEW Local 51collective bargaining unit and was engaged in a protected activity; (2) he was denied benefits subsequent to or contemporaneous with such activity; and (3) a causal link exists between the protected activity and the denial of benefits. In 1995 Plaintiff complained to Illinois Power's management about the unequal treatment Plaintiff was getting. Shortly after the complaint Plaintiff injured my right knee while working at the west Tilton substation. Charles Green filed all the necessary documents with his supervisor. His work comp. Claim was denied. Charles Green later injured his knee again while working at the south west campus substation he informed his supervisor. Charles Green has injured his leg several other occasion but not as severe as these Charles Green again injured his leg while working at the Vermilion power station he informed his supervisor, workers compensation was denied. Knowing that Illinois

14

Power was going to continue to deny him medical treatment through workers

compensation and because of the many injuries to his leg while working his leg started

getting weaker he decided to seek medical treatment on his own and filed with the

insurance carrier Blue Cross/Blue Shield  Charles Green later had surgery.

19.  Charles Green injured his left leg while leaving the Illinois Power company's east

Fairchild substation and filed all necessary documents. White employees for example

Rick Collins and Jim Vandergraf claim to have received injuries on the job and was not

denied workers compensation therefore they received medical treatment through

workers compensation.

20.  Charles Green injured his arm and hands while driving Illinois power company truck.

Charles Green did everything he was supposed to do to let Illinois Power know of his

condition. The steering wheel vibrates due to old age and poor maintenance. Illinois

Power was aware of the trucks condition. Illinois Power was aware of what continuous

vibration does to a person body.

Charles Green was denied workers compensation. Although Defendants stated to

Plaintiff that they wanted to get to the root cause of the problem and to get Charles

Green well, Charles Green was denied medical treatment including therapy Workers

compensation was denied. Charles Green is a Black employee.

For the reasons in these pleadings Plaintiff is entitled to relief .

Respectfully submitted by,

Plaintiff
Charles Green
Pro se
520 Monterey
Danville, Illinois 61832
217-446-1724
December 19, 2005

15