E-FILED
Thursday, 29 December, 2005  10:29:35 AM
Clerk, U.S. District Court, ILCD

29426/01267/JMG/MAA

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES LEE GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-2222 |
| | ) |
| ILLINOIS POWER COMPANY, VETA | ) |
| RUDOLPH LIEKE, WILLIAM "BILL" | ) |
| PRAY, GEORGE AUFMUTH, MYRON | ) |
| KUMLER, KEN JUSTICE, ROD | ) |
| HILBURN, MIKE CRANDALL, FRANCIS | ) |
| WALSH, INTERNATIONAL | ) |
| BROTHERHOOD OF ELECTRICAL | ) |
| WORKERS (IBEW), and TRAVELERS | ) |
| INSURANCE OF ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

### REPLY IN SUPPORT OF MOTION TO DISMISS

NOW COMES defendant, Travelers Property Casualty Company of America, f/k/a Travelers Indemnity Company of Illinois (hereinafter referred to as "Travelers"), incorrectly sued as Travelers Insurance of Illinois, by its attorneys, Cassiday, Schade & Gloor, LLP, and for its Reply in Support of its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, states as follows:

### INTRODUCTION

On October 4, 2005, plaintiff filed a 64 page, 24 count complaint against Illinois Power Company, International Brotherhood of Electrical Workers (IBEW), other individual defendants, and Travelers. Other than being listed in the caption as a defendant, Travelers is not mentioned in any of the other 64 pages of the complaint. Further, there are no facts alleged in the complaint to set forth the basis for a claim against Travelers. Accordingly, Travelers maintains that

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint should be dismissed for failure to state a claim upon which relief can be granted. Plaintiff has filed a six page reply and an eight page memorandum in response to Traveler's motion to dismiss. Both of these filings fail to address the complaint's deficiencies.

## ARGUMENT

Although federal pleading allows for a generous reading of a complaint, the complaint must at least set out facts sufficient to outline the basis of the claim. <u>Panaras v. Liquid v. Carbonic Industries, Corp.</u>, 74 F.3d 786 (7th Cir. 1996). Even under a liberal notice pleading standard and even accepting the practice of construing a <u>pro se</u> litigant's complaint more liberally, plaintiff's complaint still fails to allege a cause of action against Travelers.

Having recognized that his complaint fails to even once mention Travelers, plaintiff maintains that there are allegations directed against Travelers because at times, plaintiff refers to defendants collectively as "defendants" and "named defendants". (See Plaintiff's Reply to the Travelers Motion to Dismiss at page 2). Plaintiff states that the reference to "defendants" and "named defendants" necessarily includes all named defendants, including Travelers. This response is clearly insufficient.

As set forth in Traveler's motion to dismiss, plaintiff has characterized this action as an "employment discrimination case," with allegations that defendants have engaged in an "intentional pattern and practice and continuing series of retaliatory, discriminatory and harassing conduct with malice and reckless indifference against plaintiff and creating a hostile environment for which plaintiff is to work because of his race and because having complained about unlawful discrimination and participated in formal proceedings to protest such unlawful discrimination." (See plaintiff's complaint at page 3, paragraph 3). It is further alleged that

"[d]efendants written and unwritten policies and practices regarding evaluation, compensation and promotion subject the named Plaintiff to ongoing disparate treatment." (plaintiff's complaint at page 6). It is unclear how Travelers is supposed to accept that these and other general allegations which allege discrimination in the work place are intended to be directed against Travelers, when Travelers has never had an employer-employee, or any other type of relationship, with plaintiff. Plaintiff has acknowledged that there was never an employer-employee relationship between Travelers and plaintiff. ("Plaintiff's Reply to the Travelers Motion to Dismiss" at page 2).

In a futile attempt to address this obvious deficiency, plaintiff maintains that plaintiff can assert such allegations against Travelers whether Travelers was actually an employer of plaintiff or rather, an agent of plaintiff's employer. ("Plaintiff's Reply to the Travelers Motion to Dismiss" at page 2). However, the complaint lacks any allegations to suggest that Travelers was an agent of any of the other defendants. Moreover, if plaintiff's theory against Travelers is based on agency or vicarious liability, wherein Travelers would only be liable based upon the conduct of the other named defendants, a theory for which there is no legal or factual basis, Travelers urges this court to dismiss plaintiff's complaint for all of the reasons set forth in the motions to dismiss filed by Illinois Power Company and IBEW.

In these motions, defendants set forth a six year history of being sued by plaintiff with factually and legally similar complaints, all of which have been dismissed by this Court with prejudice[1]. Specifically, in this Court's October 10, 2002 order, dismissing <u>Green v. Illinois Power Company</u>, 02 CV-2097, the fourth complaint filed by Plaintiff against Illinois Power, this Court ordered that any future complaints must: 1) include a "short and plain statement of the

---

[1] Travelers was not named as a defendant in any of these previous cases.

claims"; 2) be based on allegations that have not already been ruled on by this Court; and 3) "if brought pursuant to Title VII, be based upon allegations which have been included in a timely EEOC charge" and not be time barred. (A copy of this Court's October 10, 2002 order is attached to Illinois Power's Motion to Dismiss as Exhibit 11).

Plaintiff's complaint does not set forth a short and plain statement of the claims against Travelers or any other defendant. Rather, it contains 64 pages and 24 counts, all of which are difficult, if not impossible, to decipher. In addition, a comparison of the previous four <u>Green</u> complaints with the instant complaint makes clear that the facts alleged and relief sought in the current complaint are substantially the same as those previously before this court. (A copy of these complaints are attached as Exhibits to Illinois Powers's Motion to Dismiss).

WHEREFORE, Travelers Property Casualty Company of America, f/k/a, Travelers Indemnity Company of Illinois, respectfully requests that this Court grant its motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that said Complaint fails to state a claim upon which relief can be granted.

> Respectfully Submitted,
>
> CASSIDAY, SCHADE & GLOOR LLP
>
> By: ___s/ Melissa A. Anderson___
> One of the Attorneys for Travelers Property Casualty Company of America f/k/a Travelers Indemnity Company of Illinois, incorrectly sued as Travelers Insurance of Illinois

CASSIDAY, SCHADE & GLOOR LLP
20 North Wacker Drive, Suite 1040
Chicago, Illinois 60606
(312) 641-3100
6807021