# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES LEE GREEN, ) | |
| ) | |
| Plaintiff, ) | Case No: 05 CV 02222 |
| ) | |
| v. ) | The Honorable Michael P. McCuskey |
| ) | |
| ILLINOIS POWER COMPANY, et al, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS ILLINOIS POWER COMPANY, VETA RUDOLPH LUEKE, WILLIAM PRAY, GEORGE AUFMUTH, MYRON KUMLER, KEN JUSTICE, ROD HILBURN, MIKE CRANDALL AND FRANCIS WALSH'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE, REQUEST FOR RESTRAINING ORDER, AND MOTION FOR SANCTIONS**

In response to Defendant Illinois Power Company and the Individual Named Defendants' Motion to Dismiss Plaintiff's Complaint, Motion to Strike and Motion for Sanctions (collectively referred to as "Motion to Dismiss"), Plaintiff Charles Lee Green has filed a motion to strike, requested a restraining order and moved for sanctions.[1] Although Plaintiff is *pro se* and can be provided some latitude for inartful pleading, his motion goes beyond the bounds of this Court's legitimate consideration. Indeed, "[t]he essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." Hudson v. McHugh, 148 F.3d 859, 864 (7th Cir.1998).

Just like his Complaint, Plaintiff's instant motion and memorandum in support makes incoherent rambling references to previous litigations and claims, inapplicable U.S. Constitution provisions, criminal laws and other proceedings. Not only do Plaintiff's motions and

---

[1] The Individual Named Defendants are Veta Rudolph Lueke, William Pray, George Aufmuth, Myron Kumler, Ken Justice, Rod Hilburn, Mike Crandall and Francis Walsh.

memorandum in support contain statements that are wholly irrelevant, he also includes arguments that are just plain wrong. For the reasons stated below – as well as the reasons stated in Defendants' original pleadings – Plaintiff's requests to strike Defendants' motion and to restrain Defendant from contacting his witnesses are without merit; his motions should be denied and Defendants' Motion to Dismiss should be granted.

I.     **Plaintiff's Motions Are Filled With Inaccurate Statements of Law and Fact**

Plaintiff makes various unfounded arguments of procedural and substantive impropriety in his motions and memorandum in support (collectively referred to as "Plaintiff's Motions" and "Plaintiff's Memorandum," respectively). These arguments are clearly without merit and do not support Plaintiff's requested relief. This is but another example, as demonstrated in Defendants' Motion to Dismiss, why Plaintiff should be sanctioned for continuing to file frivolous pleadings that do not comply with this Court's October 7, 2002 Order or the Federal Rules of Civil Procedure.

    A.     **Defendants Have Not Violated Any Procedural Rules Cited By Plaintiff**

Plaintiff contends that Defendants' Motion to Dismiss violated four local and federal procedural rules.[2] An examination of these rules reveals only Plaintiff's misunderstanding of civil procedure, not that Defendants have violated any of the procedural rules.

First, Plaintiff argues that Defendants' Motion to Dismiss is procedurally improper under Fed. R. Civ. P. 8(b) because Defendants did not admit or deny Plaintiff's claims. If Defendants had filed an answer, Rule 8(b) requires that "[a] party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." However, Fed. R. Civ. P. 12(b) allows Defendants to move to dismiss

---

[2] Defendants do not substantively address Plaintiff's objection to their Motion for Leave to File an Oversized Brief Instanter since this Court granted Defendants' Motion on December 6, 2005. Thus the portion of Plaintiff's motion related to Defendants' oversized brief is moot.

2

Plaintiff's Complaint for failure to state a claim prior to filing a responsive pleading. Defendants filed a motion to dismiss under Rule 12(b)(6), therefore they are not required to file an answer unless this Court denies the motion or postpones resolution of the motion. Fed. R. Civ. P. 12(a)(4). A motion to dismiss does not include the requirement that a party admit or deny the allegations in a complaint. Therefore Plaintiff's Rule 8(b) argument is without merit.

Similarly without merit is Plaintiff's argument that the exhibits to Defendants' Motion to Dismiss violated Local Rule 7.1 because each exhibit did not have its own caption. Local Rule 7.1, which governs the procedures and content required for motions before this Court, does not mandate that each exhibit have its own case caption. Indeed, there is no dispute, and Plaintiff does not claim, that he was unable to match each exhibit to its reference in Defendants' Motion to Dismiss. Thus, this argument is also without foundation.

Plaintiff asserts that Defendants' Motion to Dismiss is improper because it does not specifically state which portions of this Complaint are subject to dismissal. This argument is yet another red herring. Plaintiff's meandering and incomprehensible 64-page Complaint failed to meet the standard under Rule 8(a) of the Federal Rules of Civil Procedure that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, the entire Complaint should be dismissed. Defendants also provided this Court with charts (Exhibit 1 to the Memorandum in Support of their Motion to Dismiss and Exhibit A to their Motion) showing which claims have been previously litigated. Further, Defendants specifically stated which claims were outside Plaintiff's EEOC Charge. Finally, Defendants enumerated which constitutional amendments, statutes and other legal provisions cited by Plaintiff carry no right of action, no private right of action, no private right of action against non-state actors or no private right of action against individuals. In the face of this level of specificity in Defendants'

Motion to Dismiss, Plaintiff's contention that he is unaware of which claims are the subject of the motion is preposterous. As demonstrated by Defendants' Motion to Dismiss, the entire Complaint is subject to dismissal.

Finally, Plaintiff asserts that Defendants' memorandum in support of their motion is improper because pages 6-7 are not double spaced. The single spaced material on those pages is block quoted from Plaintiff's Complaint, and the spacing is appropriate under this Court's rules to indicate the quotation. Again, Plaintiff's argument of procedural impropriety is incorrect.

Albeit acting *pro se*, Plaintiff is an experienced litigant before this Court. He cannot and should not be permitted to cloak himself in a *pro se* mantle and then blithely fashion procedural rules to fit his whims. See, e.g., McMasters v. United States, 260 F.3d 814, 818 (7th Cir. 2001) ("proceeding *pro se* does not excuse … failure to comply with procedural rules"); Murray v. Avon Products, Inc., No. 03 C 7594, 2004 WL 2921867, at *4 (N.D. Ill. Dec. 16, 2004) (obligation to construe *pro se* pleadings liberally does not require court to become plaintiff's lawyer). Accordingly, Plaintiff's Motions should be denied and Defendants' Motion to Dismiss should be granted.

**B.     Defendants' Motion To Dismiss Has More Than Sufficient Basis In Law And Fact**

Plaintiff vaguely presents several "legal" or substantive arguments that are also wrong. First, Plaintiff argues that Defendants may repeat the alleged acts of which they were previously absolved. Such speculative accusations state no claim. Second, although Plaintiff sought and obtained leave of this Court to file his Complaint, the sufficiency and validity of the Complaint must still be tested. Indeed, even a cursory review reveals that the Complaint is not in compliance with this Court's October 7, 2002 Order. While this Court granted Plaintiff's Motion to file his Complaint, Plaintiff obviously made a misrepresentation that his Complaint was timely

filed and that it was based on the attached EEOC Charge. Indeed, the Complaint may have been filed within the timeframe required under his recent EEOC Charge, but the Complaint is laced with claims that had been previously litigated. As discussed in Defendants' Motion to Dismiss, these representations are false, vitiating the effect of the Court's permission. Therefore, Plaintiff's reliance on this Court's "permission" is misplaced.

Third, Plaintiff contends that he did not sue the Individual Named Defendants in his previous cases and therefore this case is not the same as his earlier cases. This is simply untrue for Defendants George Aufmuth and Rod Hilburn who Plaintiff attempted to name in his complaint filed in Green IV (by adding them to the caption of the case), which was subsequently dismissed by this Court. Moreover, the remaining Individual Defendants stand in privity with Defendant Illinois Power Company since their joinder clearly stems from their employment at Illinois Power Company. See Talano v. Bonow, No. 00 C 1208, 2002 WL 31061198, at *2 (N.D. Ill. Sept. 16, 2002) (claim preclusion barred suit against supervisor when employee had previously sued employer over same facts).[3] Plaintiff's defense to Defendants' claim preclusion argument is therefore without merit.

Fourth, while Plaintiff attempts to address Defendants' observation that Plaintiff failed to make any factual allegations against Mike Crandall and Francis Walsh, Plaintiff fails to rectify this deficiency. He makes no specific factual allegations against these individuals, but merely asserts that these individuals are included in allegations when he has used the terms "named defendants" and "defendants." These allegations are faulty for reasons specified in Defendants' Motion to Dismiss.

Fifth, Plaintiff argues that it is inconsistent for Defendants to assert that his Complaint both fails to state a claim and contains counts that are subject to issue and claim preclusion and

---

[3] For the Court's convenience, Defendants have included copies of all unpublished cases with their brief.

5

are time-barred. It is neither inconsistent, nor procedurally or substantively improper, for Defendants to present the Court with the multiple reasons why Plaintiff's Complaint must fail. As this Court has held in the four times it previously dismissed or granted judgment against Plaintiff for his suits against Illinois Power Company, Plaintiff has either failed to state a claim under the facts alleged or has failed to sufficiently support his allegations as required to survive summary judgment. Therefore, by repeating these same claims from his previous complaints, Plaintiff has asserted claims that both fail to state a claim <u>and</u> have been adjudicated by this Court.

Also, Plaintiff contends that his claims are not time barred under 42 U.S.C. § 1981, even if they are time barred under Title VII. Section 1981 and Title VII do have different statutes of limitations. Under Section 1981, claims must be brought within two years. <u>See</u> <u>Walker v. Abbott Labs.</u>, 340 F.3d 471, 474 (7th Cir. 2003). Title VII, on the other hand, requires that claims be brought within 300 days of the last discriminatory act. <u>Id.</u> Even if Plaintiff has the benefit of the longer Section 1981 statute of limitations, the acts for which Plaintiff complains are still outside the applicable statute of limitations.

Finally, in another illogical argument, Plaintiff also seeks to refute Defendants' Motion to Strike his request for sanctions by noting that Defendant also asked for sanctions. As discussed in Defendants' Motion to Dismiss, Defendants moved to strike Plaintiff's request for sanctions, because it was contained in his Complaint and was unsupported by any viable legal argument that this Court has not previously rejected. <u>Compare</u> Green V Complaint, ¶¶427-435 <u>with</u> Green IV Complaint, ¶¶493-501 (Exhibit 10 to Defendants' Motion to Dismiss). Indeed, as the authority cited by Plaintiff states, a prevailing *defendant* may recover an attorney's fee in situations where a suit is "vexatious, frivolous, or brought to harass or embarrass the defendant,"

6

a standard clearly met here. Hensley v. Eckerhart, 461 U.S. 424, 429 n.2 (1983). Plaintiff's motions fail to support *his* request for sanctions with any facts or legal theories. Therefore, Plaintiff's motion to strike is improper, while Defendants' Motion to Strike is warranted and should be granted.

**II.     Plaintiff's Motions Are Replete With Irrelevant Arguments**

There are many examples of irrelevant arguments in Plaintiff's filings. For instance, Plaintiff cites authority and discusses the rules for venue, joinder of claims, and jurisdiction. See Plaintiff's Motions at 9; Plaintiff's Memorandum at 2-3, 6-7, 11. There is no fathomable reason why these citations are relevant to the issues at hand. Similarly, Plaintiff has cited irrelevant authority regarding offenses committed against the United States. See Plaintiff's Motions at 11. There is nothing in these authorities that has any bearing on the issues in Plaintiff's Complaint or motions to strike and for sanctions.

In addition, Plaintiff's filings show a basic lack of understanding of civil procedure. For example, Plaintiff argues that he should be allowed to present evidence to prove his case. Plaintiff misapprehends the nature of a motion to dismiss. A motion to dismiss takes "all the facts alleged by the plaintiff to be true, and constru[es] all inferences in favor of the plaintiff." Pleva v. Norquist, 195 F.3d 905, 911 (7th Cir. 1999). In other words, a motion to dismiss assumes that Plaintiff will be able to present evidence to support his claims and examines whether the allegations in a complaint are legally sufficient. Miller v. United States, No. 00-4009, 2000 WL 1141597, at *2 (C.D. Ill. June 5, 2000) (quoting Grzan v. Charter Hosp., 104 F.3d 116, 119 (7th Cir. 1997) ("If the plaintiff's claim as pled … is 'without legal consequence,' dismissal is proper.")). While Defendants are sure that Plaintiff will not be able to support the accusations in his Complaint, their Motion to Dismiss assumes that he would be able to do so.

Because Defendants' Motion to Dismiss is based solely on the legal deficiencies in Plaintiff's claims, whether Plaintiff can support his allegations with evidence is irrelevant, as is the standard of review for summary judgment and findings of fact. See Plaintiff's Memorandum at 1, 3. As indicated by the authorities cited by Plaintiff, evidentiary support is only relevant when facts are contested at summary judgment. See Plaintiff's Motions at 2-3, 6 (citing Rowe v. Cleveland Pneumatic Co., Numerical Control, Inc., 690 F.2d 88, 94-95 (6th Cir. 1982) (entry of judgment in favor of defendant reversed when court misapplied tests for discrimination); Mitchell v. City of Moore, Oklahoma, 218 F.3d 1190, 1199 (10th Cir. 2000) (plaintiff failed to present sufficient evidence to survive summary judgment on due process, free speech and association, privacy and equal protection claims); Romano v. Brown & Williamson Tobacco Corp., 665 A.2d 1139, 1143-45 (N.J. Super. Ct. App. Div. 1995) (plaintiff presented sufficient evidence to survive summary judgment on retaliation claim); Jalil v. Avdel Corp., 873 F.2d 701, 709 (3rd Cir. 1989) (plaintiff presented insufficient evidence to survive summary judgment on discrimination claim, although retaliation claim survived); Pierce v. Ortho Pharm. Corp., 417 A.2d 505, 513-14 (N.J. 1980) (summary judgment for defendant reinstated); and Foelker v. Outagamie County, 394 F.3d 510, 513-14 (7th Cir. 2005) (summary judgment for defendant reversed when plaintiff presented indirect evidence of 42 U.S.C. § 1983 violation)).

In the same vein, Plaintiff incorrectly chides Defendants for failing to present a nondiscriminatory reason for their actions. See Plaintiff's Motions at 13; Plaintiff's Memorandum at 2, 4-5. In their Motion to Dismiss, Defendants have not challenged Plaintiff's claims under the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) burden-shifting doctrine. Therefore, Defendants need not posit a legitimate, nondiscriminatory reason for their actions at this stage in the pleadings.

Because Plaintiff has completely failed to support his motions to strike and for sanctions by showing any procedural or substantive problems with Defendants' motion, Plaintiff's motions should be denied and Defendants' Motion to Dismiss granted.

### III.    Plaintiff's Request For A Restraining Order Is Unsupported By Facts Or Law

Plaintiff seeks a restraining order to prevent Defendants from contacting certain persons he names as "witnesses" to his claims. In support of his request, Plaintiff states that he "has reason to believe that Defendants are evil people and will do anything to deny Plaintiff his civil rights." Plaintiff's Motions at 14. Aside from this unfounded accusation, Plaintiff does not cite any facts or legal authority to support his request for a restraining order. Plaintiff has not and cannot recite an incident or event where Defendants attempted to contact these persons, much less intimidate them. A temporary restraining order or preliminary injunction is only warranted if Plaintiff can show that "(1) [he] has some likelihood of success on the merits of the underlying litigation; (2) that no adequate remedy at law exists; and (3) that [he] will suffer irreparable harm if the injunction is not granted." See Crue v. Aiken, 137 F. Supp. 2d 1076, 1083 (C.D. Ill. 2001). If a party makes this showing, "then the Court must balance the harm to the movant if the injunction is not issued against the harm to the defendant if it is issued improvidently and consider the interest of the public in whether the injunction is to be granted or denied." Id.

It is clear that a temporary restraining order or preliminary injunction is not warranted in this case because a party's contact with witnesses is primarily a discovery issue which can be addressed by the Court if and when a problem arises. Further, as demonstrated in Defendants' Motion to Dismiss, there is little likelihood that Plaintiff will prevail on the merits of the underlying litigation. In addition, Plaintiff has not shown that he lacks an adequate remedy at law or that he will suffer irreparable harm. Plaintiff's apparent belief that Defendants will tamper with his witnesses – when there is absolutely no evidence that this will occur – is simply

9

insufficient to support a request for a restraining order. Here, too, Plaintiff's *pro se* status may not permit him to fabricate a wholly unfounded claim. Plaintiff's request therefore must be denied.

## CONCLUSION

Plaintiff repeatedly states that he is *pro se* and that courts must construe inartful pleading liberally in *pro se* actions. Plaintiff does not seek, however, for this Court to merely construe inartful pleading liberally. Rather, Plaintiff seeks to use his *pro se* status as an excuse for presenting inaccurate and irrelevant arguments. As any other litigant, Plaintiff is required to make accurate representations to this Court. Moreover, Plaintiff cannot successfully defend his Complaint against Defendants' Motion to Dismiss with barely comprehensible filings that are replete with irrelevant material. This Court should not condone Plaintiff's improper behavior by granting his motions.

For the reasons stated in Defendants' Motion to Dismiss and above, Defendants' Motion to Dismiss Plaintiff's Complaint, Motion to Strike and Motion for Sanctions is proper and should be evaluated on its merits. There is nothing in Defendants' Motion to Dismiss that warrants the imposition of sanctions against Defendants. Also, Plaintiff's request for a restraining order is completely without merit. Accordingly, Plaintiff's Motion to Strike, Request for Restraining Order and Reply to Defendants Illinois Power Company, Veta Rudolph Lueke, William "Bill" Pray, George Aufmuth, Myron Kumler, Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh Motion to Dismiss, Motion to Strike and Motion for Sanctions should be denied and Defendants' underlying motions granted.

Dated: January 3, 2006                                  Respectfully submitted,


                                                        ILLINOIS POWER COMPANY, VETA
                                                        RUDOLPH LUEKE, WILLIAM "BILL" PRAY,
                                                        GEORGE AUFMUTH, MYRON KUMLER, KEN
                                                        JUSTICE, ROD HILBURN, MIKE CRANDALL,
                                                        FRANCIS WALSH


                                                        By:_____s/ Veronica L. Spicer_____
                                                                    One of Their Attorneys


OF COUNSEL:

Danuta Bembenista Panich, Bar No. 3121980
dpanich@mayerbrownrowe.com

Kim A. Leffert, Bar No. 6192947
kleffert@mayerbrownrowe.com

Veronica L. Spicer, Bar No. 6274243
vspicer@mayerbrownrowe.com

MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL  60606
(312) 782-0600
(312) 701-7711 – Facsimile

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 3, 2006, she filed the foregoing Defendants Illinois Power Company, Veta Rudolph Lueke, William Pray, George Aufmuth, Myron Kumler, Ken Justice, Rod Hilburn, Mike Crandall And Francis Walsh's Response To Plaintiff's Motion To Strike, Request For Restraining Order, and Motion For Sanctions and Appendix with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Arthur J. Martin, Esq.  
Schuchat, Cook and Werner  
1221 Locust St., 2nd Floor  
St. Louis, MO 63103-2364  
(314) 621-2626  

Bradford A. Burton  
Cassiday, Schade & Gloor, LLP  
20 N. Wacker Dr., Suite 1040  
Chicago, Illinois 60606-2903  
(312) 641-3100.

The undersigned also hereby certifies that she has mailed these documents by United States Postal Service to the following non CM/ECF participant:

Charles Lee Green  
520 Monterey  
Danville, IL 61832  
(217) 446-1724.

Dated:  January 3, 2006

Respectfully submitted,

ILLINOIS POWER COMPANY, VETA RUDOLPH LUEKE, WILLIAM "BILL" PRAY, GEORGE AUFMUTH, MYRON KUMLER, KEN JUSTICE, ROD HILBURN, MIKE CRANDALL, FRANCIS WALSH

By:            s/ Veronica L. Spicer            
           One of Their Attorneys

OF COUNSEL:  
Danuta Bembenista Panich, Bar No. 3121980  
dpanich@mayerbrownrowe.com

Kim A. Leffert, Bar No. 6192947
kleffert@mayerbrownrowe.com

Veronica L. Spicer, Bar No. 6274243
vspicer@mayerbrownrowe.com

MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL  60606
(312) 782-0600
(312) 701-7711 – Facsimile