

Not Reported in F.Supp.2d                                                                                                Page 1
Not Reported in F.Supp.2d, 2002 WL 31061198 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
James V. TALANO, M.D., Plaintiff,
v.
Robert O. BONOW, M.D., Defendant.
**No. 00 C 1208.**

Sept. 16, 2002.

Employee filed complaint against supervisor, alleging that supervisor tortiously interfered with contract between employee and hospital, and also tortious interference with prospective economic advantage. Supervisor filed motion for summary judgment, arguing that action was barred by the doctrines of res judicata and collateral estoppel. The District Court, Grady, J., held that res judicata and collateral estoppel applied to bar employee's claims against supervisor for tortious interference with contract, and tortious interference with prospective economic advantage.

Motion for summary judgment granted.

West Headnotes

[1] **Judgment 228** 585(2)

228 Judgment
    228XIII Merger and Bar of Causes of Action and Defenses
        228XIII(B) Causes of Action and Defenses Merged, Barred, or Concluded
            228k585 Identity of Cause of Action in General
                228k585(2) k. What Constitutes Identical Causes. Most Cited Cases

**Judgment 228** 627

228 Judgment
    228XIII Merger and Bar of Causes of Action and Defenses
        228XIII(C) Persons Who May Take Advantage of the Bar
            228k627 k. Parties of Record and Privies in General. Most Cited Cases
Res judicata applied to bar employee's claims against supervisor for tortious interference with contract and tortious interference with prospective economic advantage; previous litigation between employee and employer asserting Age Discrimination in Employment Act (ADEA) and contract claims was judged on the merits, both actions were based upon supervisor's supervisory actions regarding employee, leading to employee's resignation, supervisor, as employee of employer, was in privity with hospital for the purposes of claim preclusion, and employee had full and fair procedural opportunity to litigate against supervisor. Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq. (ADEA)

[2] **Judgment 228** 713(1)

228 Judgment
    228XIV Conclusiveness of Adjudication
        228XIV(C) Matters Concluded
            228k713 Scope and Extent of Estoppel in General
                228k713(1) k. In General. Most Cited Cases

**Judgment 228** 725(6)

228 Judgment
    228XIV Conclusiveness of Adjudication
        228XIV(C) Matters Concluded
            228k723 Essentials of Adjudication
            228k725 Facts Necessary to Sustain Judgment
                228k725(6) k. Rights and Liabilities Under Contracts. Most Cited Cases
Collateral estoppel applied to bar employee's claims against supervisor for tortious interference with contract and tortious interference with prospective economic advantage; enforceable contract existed between the employee and a third party, this determination was essential to final judgment, and employee was fully represented in previous litigation.

MEMORANDUM OPINION

GRADY, District J.
**\*1** Before the court is defendant's motion for summary judgment. For the reasons stated below, the motion is granted.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 31061198 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 2

## BACKGROUND

James V. Talano, M.D., brings this action against Robert O. Bonow, M.D., alleging that defendant "engaged in a campaign to cause" the removal of plaintiff from his position as Medical Director of the echocardiography unit at Northwestern Memorial Hospital (the "Hospital") and plaintiff's eventual resignation from his job as a cardiologist with the Northwestern Medical Faculty Foundation, Inc. ("NMFF").

The relevant facts are not in dispute. Plaintiff was employed by NMFF as a cardiologist until his resignation on May 1, 1996. Defendant has been the Chief of NMFF's Division of Cardiology since 1992 and was plaintiff's immediate supervisor before plaintiff resigned. On October 29, 1997, plaintiff filed a one-count complaint against NMFF alleging that he had been subjected to age discrimination based upon several acts by Dr. Bonow leading up to and resulting in plaintiff's resignation. We will refer to this action as "*Talano I*." On February 18, 1998, plaintiff amended his complaint to allege additional acts of age discrimination and to add a claim for breach of contract. On October 5, 1999, plaintiff moved for leave to file a second amended complaint joining an additional defendant, Dr. Bonow, and alleging a claim for intentional interference with contract against him. Then-Magistrate Judge Guzman denied that motion. See *Talano v. Northwestern Med. Faculty Found., Inc.,* No. 97 C 7618, 1999 WL 1080416 (N.D.Ill. Nov.23, 1999).

NMFF later moved for summary judgment. On August 3, 2000, Judge Nordberg granted that motion and entered judgment in favor of NMFF. See *Talano I,* No. 97 C 7618, 2000 WL 1100337 (N.D.Ill. Aug.4, 2000). Judge Nordberg denied Dr. Talano's motion for reconsideration. Dr. Talano appealed, and the Seventh Circuit dismissed the appeal from the August 3 order and affirmed the district court's denial of the motion for reconsideration. See *Talano I,* 273 F.3d 757 (7th Cir.2001).

On February 29, 2000, Dr. Talano filed the instant action, a one-count complaint against Dr. Bonow, alleging that Dr. Bonow tortiously interfered with the contract between Dr. Talano and NMFF. On February 1, 2002, plaintiff filed an Amended Complaint, adding a count for tortious interference with prospective economic advantage. Defendant now moves for summary judgment, arguing that the instant action is barred by the doctrines of res judicata and collateral estoppel.

## DISCUSSION

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering such a motion, the court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. See *Pitasi v. Gartner Group, Inc.,* 184 F.3d 709, 714 (7th Cir.1999). "Summary judgment should be denied if the dispute is 'genuine': 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Talanda v. KFC Nat'l Management Co.,* 140 F.3d 1090, 1095 (7th Cir.1998) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." *McGrath v. Gillis,* 44 F.3d 567, 569 (7th Cir.1995).

### A. *Res Judicata (Claim Preclusion)*

**\*2** The doctrine of res judicata, which is also known as claim preclusion, bars not only those issues that were actually decided in a prior suit, but also all issues that could have been raised in that action. See *Brzostowski v. Laidlaw Waste Sys., Inc.,* 49 F.3d 337, 338 (7th Cir.1995). To apply the doctrine, three elements must be present: (1) judgment on the merits in an earlier action; (2) identity of the cause of action between both suits; and (3) identity of the parties or their privies in the two suits. See *id.* Because the prior litigation was brought in federal court, federal rules of claim preclusion determine whether the present suit is barred. See *Barnett v. Stern,* 909 F.2d 973, 977 (7th Cir.1990).

[1] The first requirement, judgment on the merits, is easily met. In *Talano I,* Judge Nordberg granted NMFF's motion for summary judgment and accordingly entered judgment for NMFF. Plaintiff does not dispute that this constituted a judgment on the merits.

The second requirement is an identity of the cause of action in both suits. "A claim has 'identity' with a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2002 WL 31061198 (N.D.Ill.)  
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

previously litigated matter if it emerges from the same 'core of operative facts' as that earlier action. Two claims are one for the purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Brzostowski, 49 F.3d at 338-39* (quoting *Colonial Penn Life Ins. Co. v. Hallmark Ins. Adm'rs., Inc., 31 F.3d 445, 447 (7th Cir.1994)*). Although a single group of facts may give rise to different theories of recovery, under the federal doctrine of claim preclusion this is a single cause of action, for " '[o]nce a transaction has caused injury, all claims arising from that transaction must be brought in one suit or lost." ' *Shaver v. F.W. Woolworth Co., 840 F.2d 1361, 1365 (7th Cir.1988)* (quoting *Restatement (Second) of Judgments § 24 (1982)*). This rule prevents a plaintiff from splitting a cause of action by using several theories of recovery in separate lawsuits. *See id.*

The claims against defendant clearly arise from the same core of operative facts as that in *Talano I*. Both actions are based upon defendant's supervisory actions regarding plaintiff between early 1995 and February 1996, leading to plaintiff's resignation in May 1996. Plaintiff argues that there is no identity of *claims* in the sense that there are different theories of recovery in the two suits. But it is an established principle of claim preclusion that "[e]ven though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action." *Prochotsky v. Baker & McKenzie, 966 F.2d 333, 335 (7th Cir.1992)*. Where, as here, the two suits stem from the same core of operative facts-the same actions taken by the same person in the same time frame-there is a single cause of action.

The third requirement for claim preclusion is identity of the parties or those in privity with the parties. Employees of a defendant in a prior suit are in privity with the defendant for the purposes of claim preclusion. *See Henry v. Farmer City State Bank, 808 F.2d 1228, 1235 n. 6 (7th Cir.1986)* (holding that res judicata bars federal RICO claims against directors, officers, employees, and attorneys of bank even though the bank was the only actual party to the prior state court mortgage foreclosure proceedings); *Janusz v. Fasco Indus., No. 97 C 7976, 1999 WL 162793, at \*5 (N.D.Ill. Mar.12, 1999)* (same); *Zahran v. Frankenmuth Mut. Ins. Co., No. 94 C 4827, 1996 WL 182563, at \*3 (N.D.Ill. Apr.15, 1996)* (same). [FN1] Plaintiff fails to demonstrate that the above-cited cases, *Henry, Janusz,* and *Zahran,* are inapplicable. Moreover, the cases cited by plaintiff are inapposite because they involved the individual-

capacity/official-capacity distinction regarding claims against government employees under *42 U .S.C. § 1983*. Dr. Bonow is an employee of NMFF, the defendant in *Talano I,* and thus is in privity with NMFF for claim preclusion purposes. Therefore, the third requirement of claim preclusion is satisfied.

> FN1. Plaintiff contends that *Zahran* and *Janusz* are "non-precedential" because they are "unpublished" in a reporter. (Plaintiff's Memorandum at 6-7.) Plaintiff is incorrect, and may be confused by the Seventh Circuit's Rule 53, which concerns unpublished orders issued by the Seventh Circuit, but not those issued by this court.

*\*3* Plaintiff maintains that application of claim preclusion would be "stunningly unfair" because he was not given a "full and fair opportunity to litigate against Dr. Bonow" in *Talano I.* (Plaintiff's Memorandum at 2-4.) "The requirement that a party have a full and fair opportunity to litigate an issue before res judicata may apply," however, "relates to the procedural opportunity rather than to a judicial determination of the merits of the issue." *Lim v. Central DuPage Hosp., 972 F.2d 758, 763-64 (7th Cir.1992)*. We reject plaintiff's argument because he did have a full and fair procedural opportunity to litigate against defendant; he simply failed to take advantage of that opportunity in a timely manner, as Judge Guzman found:

In the case at bar, there is nothing to show why plaintiff had to wait so long to amend his complaint ... as to Dr. Bonow individually.... [P]laintiff should have had enough information to determine whether he wished to sue Dr. Bonow individually or whether he just wanted to sue NMFF.... [T]here is no reason why plaintiff could not have filed an individual claim against Dr. Bonow at any point in time prior to the cutoff of discovery, or at least, prior to the filing of NMFF's motion for summary judgment.... Based on plaintiff's insufficient explanation for his failure to add [Dr. Bonow as] a new defendant in a timely fashion and because of the undue delay and prejudice that would result, plaintiff's motion for leave to file second amended complaint and for joinder of additional defendant is denied.

*Talano I, 1999 WL 1080416, at \*2-3*. The mere fact that plaintiff's motion for leave to file a claim against Dr. Bonow was denied does not mean that plaintiff did not have a fair opportunity to litigate in *Talano I,* as it was due to plaintiff's own dilatory conduct that he was denied leave to file the claim.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                                 Page 4
Not Reported in F.Supp.2d, 2002 WL 31061198 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

Plaintiff also argues that defendant is judicially estopped from asserting the doctrine of claim preclusion because, in *Talano I,* (1) NMFF opposed Dr. Bonow's joinder; (2) NMFF admitted that it had a contract with Dr. Talano; and (3) NMFF asserted that it was independent from the Hospital and from Northwestern University Medical School (the "Medical School"). The doctrine of judicial estoppel "bars a litigant who has obtained a judgment on the basis of proving one set of facts from obtaining a second judgment by turning around and proving that the facts were actually the opposite of what he had proved in the prior case." *Reynolds v. City of Chicago,* 296 F.3d 524, 529 (7th Cir.2002). The doctrine is not applicable here. As for the first asserted ground, NMFF did not rely on proving any facts in opposing Dr. Bonow's joinder; it merely argued that Dr. Talano should have joined Dr. Bonow earlier in the litigation. As for the second and third asserted grounds, the judgment obtained by NMFF was not premised on any relationship between NMFF and the Hospital or Medical School or on the existence of a contract with Dr. Talano. In fact, Judge Nordberg held that Dr. Talano had not met his burden of showing that a binding contract existed. *See Talano I,* 2000 WL 1100337, at *7.

B. *Collateral Estoppel (Issue Preclusion)*

*\*4* An alternative ground for granting defendant summary judgment on Count I of the Amended Complaint is collateral estoppel, also known as issue preclusion. In a defensive use of issue preclusion, a plaintiff is estopped from asserting a claim that the plaintiff had previously litigated and lost against another defendant. *See Parklane Hosiery v. Shore,* 439 U.S. 322, 329, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Defensive use of issue preclusion precludes a plaintiff from re-litigating identical issues merely by switching adversaries; it gives plaintiffs a strong incentive to join all potential defendants in the first action. *See id.* at 329-30. Unlike claim preclusion, there is no requirement that the party claiming issue preclusion have been a party or in privity with a party to the prior suit. "For collateral estoppel to apply, four elements must be met: (1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action." *Meyer v. Rigdon,* 36 F.3d 1375, 1379 (7th Cir.1994).

[2] In Count I, plaintiff asserts a claim against defendant for tortious interference with plaintiff's contract with NMFF. "Under Illinois law, the elements of a tortious interference with contract claim are as follows: (1) the existence of a valid and enforceable contract between the plaintiff and a third party; (2) the defendant's awareness of the contractual relationship; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the third party caused by the defendant's wrongful conduct; and (5) damages resulting from the breach." *Wheel Masters, Inc. v. Jiffy Metal Prods. Co.,* 955 F.2d 1126, 1129 (7th Cir.1992) (applying Illinois law). The first element of this claim was litigated and decided against plaintiff in *Talano I.* Judge Nordberg ruled that Dr. Talano failed to meet his burden of showing that a binding contract existed between Dr. Talano and NMFF. This determination was essential to the final judgment, and it appears that plaintiff was fully represented in *Talano I.* All of the requirements of collateral estoppel are satisfied.

Plaintiff contends that he is advancing a new argument that an oral contract existed between him and NMFF, an issue that Judge Nordberg never addressed. However, plaintiff did argue in *Talano I* that oral promises had been made to him and that those alleged oral promises should supplement the alleged written contract. Judge Nordberg considered and rejected that argument. *See Talano I,* 2000 WL 1100337, at *5-7. Plaintiff cannot attempt to relitigate the same issue he has already lost against NMFF simply by bringing it against Dr. Bonow. Claim preclusion bars Count I of the Amended Complaint.

CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted.

N.D.Ill.,2002.
Talano v. Bonow
Not Reported in F.Supp.2d, 2002 WL 31061198 (N.D.Ill.)

Briefs and Other Related Documents (Back to top)

• 2002 WL 32692717 (Trial Motion, Memorandum and Affidavit) Defendant's Reply Memorandum in Support of His Motion for Summary Judgment (May. 15, 2002)
• 2002 WL 32692720 (Trial Motion, Memorandum

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                    Page 5
Not Reported in F.Supp.2d, 2002 WL 31061198 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

and Affidavit) Defendant's Reply to Plaintiff's Local Rule 56.1 Statement of Additional Facts (May. 15, 2002)

• 2002 WL 32692711 (Trial Motion, Memorandum and Affidavit) Plaintiff's Response to Defendant's Local Rule 56.1 Statement of Material Facts in Support of His Motion for Summary Judgment (Apr. 18, 2002)

• 2002 WL 32692716 (Trial Motion, Memorandum and Affidavit) Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment (Apr. 18, 2002)

• 2002 WL 32692709 (Trial Motion, Memorandum and Affidavit) Memeorandum Re: First Amended Complaint (Feb. 12, 2002)

• 2002 WL 32692707 (Trial Pleading) Amended Complaint (Feb. 01, 2002)

• 2002 WL 32692701 (Trial Motion, Memorandum and Affidavit) Defendant's Memorandum of Law in Support of His Motion for Summary Judgment (Jan. 08, 2002)

• 1:00CV01208 (Docket) (Feb. 29, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.