

Not Reported in F.Supp.2d                                                                                     Page 1
Not Reported in F.Supp.2d, 2000 WL 1141597 (C.D.Ill.), 86 A.F.T.R.2d 2000-5363, 2001-1 USTC P 50,124
**(Cite as: Not Reported in F.Supp.2d)**


Briefs and Other Related Documents

United States District Court, C.D. Illinois.
Daniel Thomas MILLER, Plaintiff,
v.
UNITED STATES OF AMERICA, Defendant.
**No. 00-4009.**

June 5, 2000.

ORDER

MCDADE, Chief J.
**\*1** Before the Court are Magistrate Judge Gorman's Report and Recommendation [Doc. # 6], which addresses Defendant's Motion to Dismiss Complaint [Doc. # 4], and Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. # 9]. Magistrate Judge Gorman recommended that Defendant's motion be granted and that Plaintiff should be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure. Plaintiff has filed his objections and his response to Defendant's motion. The Court ADOPTS IN PART the magistrate judge's recommendation for the reasons that follow. Additionally, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

BACKGROUND

This is a tax refund case brought by Plaintiff, Daniel Thomas Miller, who is proceeding *pro se.* Plaintiff seeks a refund for the taxes he paid in the 1998 tax year. Plaintiff has previously brought similar actions in the Central District of Illinois, rock Island Division, see 98-CV-4021 and 98-CV-4117. Both of these prior actions were dismissed by Judge Michael Mihm as meritless. The only difference between the previous actions and the instant complaint is that the former related to prior tax years. Although Plaintiff's allegations are only marginally coherent, in essence, Plaintiff alleges that the federal income taxes withheld "were erroneously distrained by United Airlines." Compl., ¶ 6.

Magistrate Judge Gorman recommended that Plaintiff's Complaint be dismissed based upon the reasoning and analysis in Judge Michael Mihm's Order of August 4, 1999, filed in 98-CV-4021 and 98-CV-4117. Magistrate Judge Gorman further recommended that the Court sanction Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Plaintiff has filed his objections to the magistrate judge's report and recommendation. Plaintiff fails to raise any coherent or substantial legal argument. Plaintiff first objects that the Court has no authority to refer Defendant's motion to the magistrate judge. Second, Plaintiff argues that the "Croasmun Doctrine is at work" and that "the Court [in] adopting this Report and Recommendation [is] exercising the long forbidden practice of issuing 'Bills of Attainder.' " Third, Plaintiff argues that any defects in his original complaint are corrected in his First Amended Complaint. Fourth, citing excerpts from a 1942 congressional hearing, Plaintiff argues that he is a "nontaxpayer." Finally, Plaintiff argues that the Internal Revenue Service's alleged silence is fraud.

The same day that Plaintiff filed his objections, Plaintiff also filed a First Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Defendant has filed a motion to dismiss this complaint for the same reasoning stated in magistrate Judge Gorman's Report and Recommendation.

ANALYSIS

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir.1993). Rather, it should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f).

**\*2** For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. See Albright v.. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spaulding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir.1997); MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 63

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                     Page 2
Not Reported in F.Supp.2d, 2000 WL 1141597 (C.D.Ill.), 86 A.F.T.R.2d 2000-5363, 2001-1 USTC P 50,124
**(Cite as: Not Reported in F.Supp.2d)**

F.3d 967, 969 ( & th Cir.1995); *Early v. Bankers Life & Cas. Co.,* 959 F.2d 75 (7th Cir.1992).

If the plaintiff's claim as plead, however, is "without legal consequence," dismissal is proper. *Grzan v. Charter Hospital,* 104 F.3d 116, 119 (7th Cir.1997). One of the purposes of Rule 12(b)(6) is to eliminate actions that are fatally flawed in their legal premises and are destined to fail, thus sparing litigants the burdens of unnecessary pretrial and trial activity. *See Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.,* 988 F.2d 1157, 1160 (7th Cir.1993).

*I. Report and Recommendation*

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made. *See* Fed.R.Civ.P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.*

After sifting through Plaintiff's incoherent and varied allegations, it appears that the relief Plaintiff seeks is simply a refund of $37,819.38. *See* Compl., ¶ 11. This amount was apparently withheld from his wages earned at United Airlines in the 1998 tax year. The amount is based upon the Form W-2 issued to Plaintiff. *See* Compl., ¶ 6. Many of Plaintiff's allegations bear no reasonable relation to his claim for a refund such as his assertion that he has been placed on the "Illegal Tax Protestor List." *See* Compl., ¶ 14.

Plaintiff's arguments that his earnings from United Airlines are not subject to federal income tax are without merit and have been routinely rejected by the courts. *See, e.g., McLaughlin v. CIR,* 832 F.2d 986, 986-87 (7th Cir.1987) (tax protestors such as plaintiff who claimed he was exempt from the payment of income tax are thorns in the side of the federal judiciary); *Bierman v. CIR,* 769 F.2d 707, 708 (11th Cir.1985) (rejecting commonly asserted arguments that tax assessments are illegal); *Madison v. United States,* 752 F.2d 607, 608-09 (11th Cir.1985) (argument that wage earners not subject to tax deemed frivolous and complaint should have been dismissed rather than summary judgment granted); *Nichols v. United States,* 575 F.Supp. 320, 322 (D.Minn.1983) (plaintiff's tax return incorrect on its face where W-2 showed substantial wages not reflected in return).

"The starting point for income taxation is that all sums paid to, or on behalf of, an employee are taxable income." *Howell v. United States,* 775 F.2d 887, 889 (7th Cir.1985). Plaintiff's 1998 W-2 shows that he received "[w]ages, tips, other compensation" from United Airlines, which is subject to federal income tax. Plaintiff has failed to make any meritorious argument that his 1998 earnings reflected in his W-2 statements should be tax exempt. His arguments to the contrary are mere rhetoric. Moreover, Plaintiff's arguments have previously been rejected as meritless by Judge Michael Mihm. Plaintiff's attempt to raise the same arguments in a different tax year are unavailing. Accordingly, Defendant's Motion to Dismiss is GRANTED.

**\*3** Magistrate Judge Gorman also recommended that Plaintiff be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure. The magistrate judge explained and described Plaintiff's conduct that constituted a Rule 11 violation by pointing out that in connection with the dismissal of the two previous cases asserting similar frivolous claims, the filing of the instant complaint is likewise frivolous. Judge Gorman reasoned that Plaintiff "offered absolutely so indication that the claim he raises in this complaint is 'warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law.'" Fed. R. Civ. Pro. 11(b)(2). Because Plaintiff has persisted in such frivolous litigation in violation of Rule 11, Plaintiff is ordered to appear before the Court on July 7, 2000, 1:00 p.m. at the Rock Island Federal Building, 211 Nineteenth St., to show cause why sanctions should not be imposed. Accordingly, the court ADOPTS Magistrate Judge Gorman's Report and Recommendation.

Plaintiff is warned that further frivolous law suits will not be tolerated by the federal courts and will be punished appropriately, including the possibility of restricting Plaintiff's access to the courts.

*II. Defendant's Motion to Dismiss First Amended Complaint*

On the same day that Plaintiff filed objections to Magistrate Judge Gorman's Report and Recommendation, Plaintiff also filed his First Amended Complaint [Doc. # 8]. In his Objections, Plaintiff stated that he did not seek leave of court to file such because he believes he falls under Rule 15(a) of the Federal Rules of Civil Procedure, which states that "[a] party may amend the party's pleading once as a matter of course at any time before a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                Page 3
Not Reported in F.Supp.2d, 2000 WL 1141597 (C.D.Ill.), 86 A.F.T.R.2d 2000-5363, 2001-1 USTC P 50,124
**(Cite as: Not Reported in F.Supp.2d)**

responsive pleading is served." Defendant does not contest that Plaintiff's First Amended Complaint does not come within Rule 15(a). Instead, Defendant has filed a motion to dismiss, arguing that the First Amended Complaint does not substantially differ from Plaintiff's original complaint, and thus it should be dismissed for the reasons stated in the magistrate judge's report and recommendation.

Once again, Plaintiff has filed a rather incoherent and rhetorical response. Plaintiff argues that *McLaughlin* "serves no purpose other than as a pinnacle for casting dispersions upon this Plaintiff. Further more, upon study, cases cited in *McLaughlin* are found to make statements that are not accurate." Pl.'s Resp., 2.

Although Plaintiff slightly changes the allegations of his complaint, Plaintiff still seeks relief on the same basic grounds, asserting that he is not a taxpayer and that he was not engaged in any taxable activity. As previously stated, Plaintiff's allegations and arguments are frivolous. Accordingly, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is GRANTED.

CONCLUSION

IT IS THEREFORE ORDERED that the Court ADOPTS IN PART Magistrate Judge Gorman's Report and Recommendation [Doc. # 6]. Defendant's Motion to Dismiss [Doc. # 4] is GRANTED.

*4 IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. # 9] is GRANTED.

CASE TERMINATED WITH PREJUDICE.

C.D.Ill.,2000.
Miller v. U.S.
Not Reported in F.Supp.2d, 2000 WL 1141597 (C.D.Ill.), 86 A.F.T.R.2d 2000-5363, 2001-1 USTC P 50,124

Briefs and Other Related Documents (Back to top)

• 4:00CV04009 (Docket) (Jan. 13, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.