E-FILED
Tuesday, 17 January, 2006  01:22:51 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES LEE GREEN | ) |
| Plaintiff, | ) ) ) ) ) 05-2222 ) |
| V. | ) ) |
| ILLINOIS POWER COMPANY, Veta Rudolph Lieke, William "Bill" Pray, George Aufmuth, Myron Kumler, Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh International Brotherhood of Electrical Workers (IBEW) Local 51 And Travelers Property casualty Company of America | ) ) ) ) ) ) |
| Defendants | ) ) |

RECEIVED
JAN 17 2006
U.S. CLERK'S OFFICE
URBANA, IL

**The cause of action in this case raises an issue of federal law. Equitable relief sought.**

**PLAINTIFF'S RESPONSE AND MOTION TO STRIKE PROPERTY CASUALTY COMPANY OF AMERICA TRAVELERS REPLY IN SUPPORT OF MOTION TO DISMISS**

I.    INTRODUCTION.

A civil action is commenced by filing a complaint with the court. FRCP 3. Plaintiff filed his complaint on October 4, 2005. Plaintiff also mailed other forms such as waiver and certificate of service. Defendant now has filed an answer in the form of motion to dismiss, motion to strike, motion to file oversized brief and motion for sanctions. FRCP 8b, A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. Defendant has failed to admit or deny Plaintiff's claims. It is not Plaintiff or the courts responsibility to

1

go through and figure out which part of the complaint Defendant is referring to. Therefore the court must take this in consideration and rule in favor of Plaintiff. Plaintiff is being represented Pro Se.

Plaintiff is not sure if he should respond to this request since it is not permitted by law and the court did not order one. Pursuant to federal rules of civil procedure 7.1-3 and Local Rule 7.1 no reply brief shall be filed Therefore plaintiff request that Defendant Travelers Property casualty Company of America, f/k/a travelers indemnity Company of Illinois and will be referred to throughout this pleading as defendant/defendants and (Travelers). The above caption has been changed to satisfy Travelers name change and or alias. Regardless of the name this lawsuit is against the company who employed Pamela Depatti and denied Plaintiff benefits. This is a perfect example of how the defendants operate. The defendants know the rules but make exceptions and disregard them to deny plaintiff due process and other opportunities governed by the US Constitution.

Defendant ILLINOIS POWER COMPANY, Veta Rudolph Lieke, William "Bill" Pray, George Aufmuth, Myron Kumler, Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh and Travelers collectively for example but not limited to has violated plaintiff rights and has failed to acknowledge these claims; Intentional discrimination, continuous discrimination, retaliation, violation of plaintiffs civil rights, malicious acts, attempt to do bodily harm or cause death, breach of duty, 1st, 5th, 6th, 7th, 13th, 14 amendment to the US constitution, conspiracy and failure to process accident report and related forms properly, failure to process FMLA forms, perjury, fraud, failure to provide medical

treatment, failure to provide workers compensation, failure to allow plaintiff the opportunity to be station in Danville, force plaintiff to drive excessive miles to work,

II.     RESPONSE.

1.     This is a perfect example how Travelers and the other named defendants operate for example but not limited to selective practices in favor of whites, neglecting the rights of blacks.    FRCP 8b, A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies.  It is not Plaintiff or the courts responsibility to go through and figure out which part of the complaint Defendant is referring to.  Plaintiff does not have to be an employee of travelers to experience discrimination from travelers.

2.     Defendant is now trying to get a second chance to file some illegal document. Plaintiff is trying t get a second chance on life and hopes that this court will grant him a second chance by ruling against all defendants and enter an order to compensate Plaintiff for the wrong committed by Defendants.  Pursuant to FRCP 15, If Defendant wanted to file an amended answer it should have done so within 10 days after Plaintiff filed his complaint.  Travelers has failed to do so therefore their request should be denied.

3     Plaintiff has stated several claims for example but not limited to discrimination, civil rights, breach of duty, 1st, 5th, 6th, 7th, 13th, 14 amendment to the US constitution, conspiracy and failure to process accident report and related forms properly.  Defendant has been denying Plaintiff medical treatment for over ten years by denying his accident claims as work related but allow white employees claims as work related.  A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds  FRCP 8d2. Even if Plaintiff

3

claims were time barred by 1991 Civil Rights Act, the same facts repeated today could be tried before a jury. 42 U. S. C. §1981a( c) (1994).

4.    Travelers has failed to argue against the issues raised by Plaintiff. Pursuant to FRCP 8d in ah a responsive pleading is required ...are admitted when not denied in the responsive pleadings. Therefore plaintiff requests that this court enter an order against Travelers and all named defendants and in favor of plaintiff. judgment is only permissible where "pleadings, depositions, . . . and admissions . . . , together with the affidavits, . . . show that there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The factual record and all reasonable inferences there from must be viewed in the light most favorable to the party opposing judgment."  This also applies to a motion to dismiss Boag v. MacDougall, 454 U.S. 364 (1982). Therefore plaintiff is the only one who has raised an inference that he is telling the truth this court should rule in favor of plaintiff.

5.    Plaintiff feels that Defendant has filed their signed request to further harass him. This is in violation of FRCP 11 and Defendant should be sanctioned.

6.    Defendant has failed to file a certificate of interest naming its parent company Plaintiff is being represented Pro Se and has no parent company.

7.    Travelers has failed to argue against the issues raised by Plaintiff. Pursuant to FRCP 55 ). Therefore plaintiff is the only one who has raised an inference that he is telling the truth this court should rule in favor of plaintiff.

8.    If this court does not rule in favor of plaintiff Then Plaintiff is entitled to a trial by jury pursuant to FRCP 38 and the 7th amendment to the US Constitution. Plaintiff Demand a trial by jury.

9. Plaintiff For the reasons listed through out these pleadings Plaintiff request that this court Strike Defendants motion to file a reply. Furthermore Plaintiff request that this court strike the appearance of their attorney Melissa A. Anderson. Melissa A Anderson is not the attorney for Travelers listed in its initial response therefore can not file any motions for Travelers.

10. Travelers claimed that it has never had any relationship with Plaintiff this is a fraudulent statement. Plaintiff has received several letters and phone calls from Defendant regarding his workers compensation claims where plaintiff has responded to those letters constitute a relationship. In such correspondence plaintiff has presented to travelers information regarding his accidents.

11. Plaintiff has also been present when his supervisor, for example but not limited to Bill Pray for example but not limited to contacted defendant to provide information to defendant and receive a claim number from defendant. Plaintiff has discussed this information with their employees for example but not limited to Pamela Depatti. Subsequent to corresponding with defendant, plaintiff receives a letter from Defendant denying workers compensation benefits. This has gone on for years.

12. Plaintiff was injured on the job and he claimed workers compensation. Plaintiff attempted to get medical treatment from several doctors and was denied treatment since his workers compensation was denied. As plaintiff continues to seek medical treatment and time goes by his medical conditions deteriorates and plaintiff receives additional stresses. For the above reasons Defendant is liable.

13. White employees in the same or similar situation for example Rick Collins, and Jim Vandergraf was not denied workers compensation and medical benefits.

14.     Defendant knew of Plaintiff's injuries and knew that Plaintiff's injuries happened on the job. Defendant was provided the on the job injuries information by both Plaintiff and his supervisors as well as Illinois power companies workers compensation representative for example but not limited to Francis Walsh. Defendant received the information in the form of accident reports, accident investigation reports phone conversations letters and etc.

15.     Defendant also reminds the court that it dismissed prior cases. The court is aware of this as well as plaintiff and claims that it has already been litigated but defendant failed to show where claims have been litigated against Travelers. Defendant can not show where any claim has be litigated against Travelers because it does not exist.

16.     Defendant is an agent or representative of Illinois Power Company responsible for making sure that Illinois Power companies employees get proper workers compensation benefits. This constitutes a relationship with Plaintiff since he is an employee of Illinois Power Company. Therefore by Travelers denying plaintiff workers compensation benefits violates his civil rights. Defendant is in violation of those rights governed by the US Constitution and the civil rights act of 1964 (title VII).

17.     Since Defendant is an agent or representative of Illinois Power Company responsible for making sure that Illinois Power companies employees get proper workers compensation benefits and they both knew of the plaintiff's injuries and that they did actually happen on the job Defendant is liable for aiding and abetting discrimination Against Plaintiff.

18.     Defendants actions were malicious, intentional, calculated, discriminatory and continuous and just plain wrong. Under Title VII, the ADA, and the ADEA, it is illegal

6

to discriminate in any aspect of employment, including: hiring and firing; compensation, assignment, or classification of employees; transfer, promotion, layoff, or recall; job advertisements; recruitment; testing; use of company facilities; training and apprenticeship programs; fringe benefits; pay, retirement plans, and disability leave; or other terms and conditions of employment.

19.     Title VII prohibits not only intentional discrimination, but also practices that have the effect of discriminating against individuals because of their race, color, national origin, religion, or sex.

20.     Charles Green has reason to believe that Travelers company and an agent director, employee, or officer authorized to act on behalf of the corporation acting in the scope of employment conspired to deny Charles Green various employment opportunities and benefits. See Title VII laws. See also US constitution amendment 1,5,6,7,13 and 14 02-2097, 03-1158, 01-2090 and 97-2148

MOTION TO STRIKE

21.     For the reasons throughout this pleading plaintiff request that this court Strike Defendant Reply In support Of Motion To Dismiss.  This Court has not granted Defendant the right to file a reply however, Defendant took it upon itself to burden plaintiff and go against the rules of the court and file one anyway.  This is the conduct of the defendant to ignore the rules and discriminate against black people.

22.     Plaintiff has raised an inference and travelers has failed to reach its burden by providing a nondiscriminatory reason for its action.  Since defendant has failed to reach its burden we must conclude that plaintiff is telling the truth and this court should enter an order and rule in favor of plaintiff.

III     CONCLUSION

Plaintiff is being represented Pro se. Even if Plaintiff claims were time barred by 1991 Civil Rights Act, the same facts repeated today could be tried before a jury. 42 U. S. C. §1981a( c) (1994). Plaintiff has never filed a complaint against Travelers until now Therefore issues have not been ruled on. Because a case was dismissed against another person does not relieve travelers from its liability. Plaintiff has key witnesses that will testify about the conduct of the defendants and their treatment regarding Plaintiff. This is very powerful evidence and plaintiff should be allowed to present this evidence to the jury and court. Plaintiff request a trial by jury. Defendants own testimony and plaintiff's witnesses for example but not limited to Ezzy Sadaraphi, Ahmene Zachary, Dan Morrison, Bill Hutchison, Ebriam Nazarian, and Mariam Ali. These witnesses along with recordings will show that defendant actions against plaintiff were but not limited to intentional, malicious and discriminatory. The evidence is sufficient for Plaintiff to assert claims for aiding and abetting discrimination Against Plaintiff.

**JUDGMENT:**

Wherefore, the Plaintiff, Charles Green, respectfully requests that this Court enter judgment in his favor and against Travelers and provide the following relief:

(a) Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 42 U.S.C. § 2000e-2 and issue a mandatory injunction against Travelers, to take affirmative steps to ensure that Travelers and all individuals working under it at Travelers to refrain from engaging in any actions with respect to the Plaintiff, Charles Green, which are prohibited under the terms of the aforesaid Act; (Civil Rights Act of 1964);

(b) Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of the 1st, 5th, 6th, 7th, 8th, 9th, 13th, and 14th Amendment and issue a mandatory injunction against Travelers, to take affirmative steps to ensure that Travelers and all individuals working under it at Travelers to refrain from engaging in any actions with respect to the Plaintiff, Charles Green, which are prohibited under the terms of the aforesaid United States Constitution;

(c) Enter a judgment against defendant and award Plaintiff, Charles Green, hedonic damages for loss of enjoyment of life resulting from these wrongful acts to the maximum extent permitted by law;

(d) Enter a judgment against defendant and award Plaintiff, Charles Green, front pay to the maximum extent permitted by law;

(e) Enter a judgment against each named defendant and award Plaintiff, Charles Green, damages sufficient to compensate him for economic losses suffered as a result of the denial of career advancement opportunities as alleged in this complaint;

(f) Enter a judgment against each named defendant and award Plaintiff, Charles Green, compensatory, punitive damages and exemplary damages to the maximum extent permitted by law;

(g) Assess against Travelers the costs and expenses incurred by the Plaintiff, Charles Green, in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by him in prosecuting the above captioned cause; and

(h) Enter a judgment against each named defendant and Provide such other relief as the Court deems to be equitable and just.

(i) Enter a judgment against Travelers and each named defendant for Travelers company and award Charles Green, hedonic damages for loss of enjoyment of life resulting from these wrongful acts to the maximum extent permitted by law;

(j) Enter a judgment against Travelers and each named defendants for Travelers and award Charles Green, front pay to the maximum extent permitted by law;

(k) Enter a judgment against Travelers Company each named defendant and award Charles Green, compensatory, punitive damages and exemplary damages to the maximum extent permitted by law;

(l) Assess against Travelers the costs and expenses incurred by , Charles Green, in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by him in prosecuting the above captioned cause; and

(m) Enter a judgment against Travelers and each named Defendant and Provide such other relief as the Court deems to be equitable and just.

(n) Charles Green also requests that this court enter a judgment against Travelers Company to punish to the full extent of the law each person and/or entity who knew of these fraudulent statements and aloud the witnesses to commit perjury.

Respectfully submitted by,

_____

Plaintiff
Charles Green
Pro se
520 Monterey
Danville, Illinois 61832
217-446-1724
January 13, 2005

**Plaintiff,** Charles Green
Pro se
**520 Monterey**
**Danville, Illinois 61832**
**217-446-1724**
**January 6, 2005**


US District Court
Clerk
218 US Courthouse
201 S. Vine Street
Urbana Illinois 61802


Dear Clerk,

Enclosed for filing is **a copy of MEMORANDUM OF LAW, CERTIFICATE OF SERVICE REQUEST FOR LEAVE OF COURT AND PLAINTIFF'S RESPONSE AND MOTION TO STRIKE PROPERTY CASUALTY COMPANY OF AMERICA TRAVELERS REPLY IN SUPPORT OF MOTION TO DISMISS to Travelers Property casualty Company of America.**


Sincerely

Charles Green
Pro Se
**January 13, 2006**

1