**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

|   |   |
|---|---|
| **CHARLES GREEN,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ILLINOIS POWER COMPANY, VETA** )<br>**RUDOLPH LIEKE, WILLIAM PRAY,** )<br>**GEORGE AUFMUTH, MYRON KUMLER,** )<br>**KEN JUSTICE, ROD HILBURN, MIKE** )<br>**CRANDALL, FRANCIS WALSH,** )<br>**INTERNATIONAL BROTHERHOOD OF** )<br>**ELECTRICAL WORKERS (IBEW), and** )<br>**TRAVELERS INSURANCE OF ILLINOIS,** )<br>)<br>**Defendants.** ) | Case No. 05-2222 |

**OPINION**

On October 4, 2005, Plaintiff Charles Green filed a sixty-four page complaint premised predominately on a claim of employment discrimination. Defendants Illinois Power Company, Veta Rudolph Lieke, William Pray, George Aufmuth, Myron Kumler, Ken Justice, Rod Hilburn, Mike Crandall, and Francis Walsh (Illinois Power Defendants) have filed a Motion to Dismiss, Motion to Strike, and Motion for Sanctions (#32). Motions to Dismiss have also been filed by the International Brotherhood of Electrical Workers (IBEW) (#25) and Traveler's Property Casualty Company of America (#29). For the reasons that follow, the Motion for Sanctions is GRANTED in part and DENIED in part and the Motions to Dismiss are GRANTED.

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim

showing that the pleader is entitled to relief." "Under Rule 8, a complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged, and if so what it is." Vicom, Inc. v. Harbridge Merchant Serv., Inc., 20 F.3d 771, 775 (7th Cir. 1994). "A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." Vicom, 20 F.3d at 775-76. "[A]lthough pro se pleadings must be liberally construed, even pro se complaints must contain factual allegations sufficient to show a violation or deprivation of a civil right." Terpening v. Irving, 222 F. Supp. 2d 1135, 1137 (C. D. Ill. 2002) (citation omitted).

This court is no stranger to Plaintiff Green's claims against Illinois Power and other related entities. In fact, Green has filed four previous cases against his employer beginning in 1997. Subsequent to having his initial case dismissed, Green repeatedly filed complaints involving claims which had previously been adjudicated, were time barred, or had not been exhausted administratively. Green's complaints were consistently quite lengthy and failed to concisely or coherently state claims for relief. When this court dismissed Green's fourth complaint for relief in 2002, this court admonished Green that "any future case he filed in this court must meet the following criteria: (1) it must be based upon allegations which have not already been ruled on by this court; (2) it must be based upon allegations which are not time-barred; (3) it must, if brought pursuant to Title VII, be based upon allegations which have been included in a timely EEOC charge; and (4) it must include a 'short and plain statement' of the claims as required by Rule 8(a) of the Federal Rules of Civil Procedure." Green v. Illinois Power, 02-2097 (C. D. Ill. Oct. 7, 2002). Green was further warned that if he "fails to comply with this court's warning, this court will strongly consider entering an order barring Green from filing any future lawsuits, letters, pleadings, or motions unless he first obtains leave of court to file a given document." Green, 02-2097 at *12.     Green's complaint in the instant

case fails to comply with these requirements. In Green's new complaint, he repeats a number of allegations which were litigated in his prior actions. In fact, the majority of the allegations contained in the newly filed complaint appear to be copied directly from Green's previous complaint. The allegations which differ from previously filed complaints fail to coherently state a cause of action. Furthermore, the new complaint is 64 pages long and contains nearly 500 paragraphs. This court declines to sort through the voluminous complaint in an attempt to decipher causes of action which have not already been litigated in Green's previous four cases or which could in some way be interpreted as stating a new cause of action. See Murray v. Avon Prod., Inc., 2004 WL 2921867 at *4 ("While the Court is obliged to read pro se pleadings generously, the Court cannot in effect become [plaintiff's] lawyer." (Citation omitted)).

The Illinois Power Defendants also move for sanctions against Green. Specifically, the Illinois Power Defendants seek attorney fees associated with filing their motion to dismiss and seek an order from this court barring Green from filing future documents without first obtaining leave of court. Because Green failed to abide by most, if not all, of this court's admonitions when filing his current complaint, this court determines that the sanction Green was warned about is appropriate. Accordingly, Green is barred from filing any future lawsuits, letters, pleadings, or motions unless he first obtains leave of this court to file a given document. See Pusch v. Soc. Sec. Adm., 811 F. Supp. 383, 387 (C. D. Ill. 1993). Furthermore, any motions for leave to file must either: (a) be prepared and filed by a licensed attorney or (b) if filed by Green pro se, must be accompanied by a memorandum of law in support of Green's claims. See Pusch, 811 F. Supp. at 387. The memorandum must include an affidavit certifying that the claims Green wishes to present are new and have never before been raised in any court and are not barred by the statute of limitations. See Pusch, 811 F. Supp. at 388. In light of this sanction, this court declines, in its discretion, to award attorney fees to the Illinois

Power Defendants at this time.

IT IS THEREFORE ORDERED:

(1) The Motion to Dismiss filed by IBEW (#25) is GRANTED.

(2) The Motion to Dismiss filed by Travelers Property Casualty Company of America (#29) is GRANTED.

(3) The Motion to Dismiss filed by the Illinois Power Defendants (#32-1) is GRANTED.

(4) The Motion for Sanctions filed by the Illinois Power Defendants (#32-2) is GRANTED in part and DENIED in part. Green is barred from filing any future lawsuits, letters, pleadings, or motions unless he first obtains leave of this court to file a given document. Furthermore, any motions for leave to file must either: (a) be prepared and filed by a licensed attorney or (b) if filed by Green pro se, must be accompanied by a memorandum of law in support of Green's claims. The memorandum must include an affidavit certifying that the claims Green wishes to present are new and have never before been raised in any court and are not barred by the statute of limitations. The court declines to award attorney fees at this time.

(5) The pending motions filed by Plaintiff Green (#44, #45, #54, #55, and #56) are denied as MOOT.

(6) This case is terminated.

ENTERED this 19th day of January, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE