UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

PEORIA DIVISION

FILED
FEB 0 2 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES LEE GREEN )<br>)<br>Plaintiff, )<br>)<br>) 05-2222<br>)<br>V. )<br>)<br>ILLINOIS POWER COMPANY, Veta Rudolph Lueke, )<br>William "Bill" Pray, George Aufmuth, Myron Kumler, )<br>Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh )<br>International Brotherhood of Electrical Workers (IBEW) )<br>Local 51 And Travelers )<br>)<br>Defendants ) | |

The cause of action in this case raises an issue of federal law. Equitable relief sought.

**PLAINTIFF'S MOTION FOR FOREIGN JUDGMENT, CHANGE OF VENUE, DUE PROCESS, JURY DEMAND, COUNSEL, LEAVE OF COURT, EXTENSION OF TIME, RECONSIDERATION, SANCTIONS, REOPEN CASE # O5-2222**

I.  INTRODUCTION AND MOTION FOR LEAVE OF COURT.

a.  Plaintiff request leave of court to file documents in this court. Plaintiff has been unable to obtain an attorney. Plaintiff has been barred from filing in the Urbana Division. Filing may be untimely. Plaintiff is being represented Pro se. Charles Green is a black employee employed by Illinois Power and a member of the Ibew Local 51collective bargaining unit and was engaged in a protected activity; (2) he was denied benefits subsequent to or contemporaneous with such activity; and (3) a causal link exists between the protected activity and the denial of benefits.

b.  A civil action is commenced by filing a complaint with the court. FRCP 3. Plaintiff filed his complaint on October 4, 2005 against the named defendants. Defendant has failed to file a Certificate of Interest . Plaintiff is being represented Pro se and has no parent company.

c.    Defendant ILLINOIS POWER COMPANY, Veta Rudolph Lieke, William "Bill" Pray, George Aufmuth, Myron Kumler, Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh Claims that Plaintiff failed to state a claim plaintiff has stated a claim(s) defendant has failed to acknowledge the claims for example but not limited to Intentional discrimination, continuous discrimination, retaliation, violation of plaintiffs civil rights, malicious acts, attempt to do bodily harm or cause death, breach of duty, 1st, 5th, 6th, 7th, 13th, 14 amendment to the US constitution, conspiracy and failure to process accident report and related forms properly, failure to process FMLA forms, perjury, fraud, failure to provide medical treatment, failure to provide workers compensation, failure to allow plaintiff the opportunity to be station in Danville, force plaintiff to drive excessive miles to work, violation of affirmative action policies/laws, **18 USC Section 1514A. Civil action to protect against retaliation in fraud cases**

d.    Plaintiff has presented claims and evidence that are relevant and true to support his lawsuit. Defendant has issued an oversized brief containing cases that appear to have been determined as evidence. In its oversized brief Defendant failed to meet its burden. That is to state a nondiscriminatory reason for its action. Once Defendant has reached its burden, Plaintiff should be allowed by law to present evidence from any case that has been determined to prove his case for example but not limited to Rowe v. Cleveland Pneumatic Co. (6th Cir. 1982), Mitchell v. City of Moore, 218 F.3d 1190, 1199(10th Cir. 2000), Romano v. Brown & Williamson Tobacco Corp., 665 A.2d 1139, 1142 (N.J.Super. Ct. App. Div. 1995); cf. Jalil v. Avdel Corp., 873 F.2d 701, 708 ( 3dCir. 1989) See Pierce v. Ortho Pharmaceutical Corp., 417 A.2d 505, 512 (N.J. 1980), 97-2148, 99-2126, 01-2090

e.    Defendant has stated that it has not violated any procedural rules. Defendant failed to for example but not limited to file a certificate of interest, failed to provide a word count in it oversized brief, failed to provide plaintiff with a waiver for Myron Kumler, failed to respond to the merits of the case, failed to comply with the rules governing discrimination, retaliation, fraud, perjury, civil rights,

2

f.  FRCP 8b, a party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. It is not Plaintiff or the courts responsibility to go through and figure out which part of the complaint Defendant is referring to. Defendant has not stated any grounds for its request.  Plaintiff is being represented Pro se.  Federal courts must construe in artful pleading liberally in pro se actions. Defendants request should be denied.

g.  Defendant also moves that plaintiff be sanctioned for filing a complaint which directly violates this courts order dated October 7, 2002. Defendant is again in error. Plaintiff requested leave of court to file complaint.  This court stated in it's response to the complaint that the request was not necessary and that the defendants received a copy.  See section I, 1-12.

i.  Defendant also claims that Plaintiff should provide accurate information to the court. Plaintiff has provided accurate information to the court.  Defendant is the one who has committed fraud, and perjury this is a very accurate statement and these individuals should be jailed and fined.  Defendant had many opportunities to retract their statements but failed to do so.  It is obvious that if Defendant tell the truth it will have to admit to committing the following acts which plaintiff complained about: for example but not limited to Intentional discrimination, continuous discrimination,  retaliation, violation of plaintiffs civil rights, malicious acts, attempt to do bodily harm or cause death, breach of duty, 1st, 5th, 6th, 7th, 13th, 14 amendment to the US constitution, conspiracy and failure to process accident report and related forms properly, failure to process FMLA forms, perjury, fraud, failure to provide medical treatment, failure to provide workers compensation, failure to allow plaintiff the opportunity to be station in Danville, force plaintiff to drive excessive miles to work, violation of affirmative action policies/laws.  goes on to request fees and cost for responding to complaint.   Plaintiff request but not limited to punitive damages and that this court rules in favor of Plaintiff and against Defendant.

j.  Defendant states that plaintiff complaint is frivolous and groundless however since Defendant failed to argue against the merits of the case and failed to meet its burden it has

3

presented no evidence to support its frivolous and groundless claim.

k.      **DEFENDANTS ILLINOIS POWER COMPANY, Veta Rudolph Lueke, William "Bill" Pray, George Aufmuth, Myron Kumler, Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh RESPONSE TO PLAINTIFF'S MOTION TO STRIKE, REQUEST FOR RESTRAINING ORDER AND MOTION FOR SANCTIONS is a Reply to Plaintiff's response and is in violation of Local rule 7.1 and FRCP Motions.** Defendant is now trying to get a second chance to file some illegal document. Plaintiff is trying to get a second chance on life and hopes that this court will grant him a second chance by ruling against all defendants and enter an order to compensate Plaintiff for the wrong committed by Defendants. Pursuant to FRCP 15, If Defendant wanted to file an amended answer it should have done so within 10 days after Plaintiff filed his complaint. Defendant has failed to do so therefore their request should be denied.

l.      Defendants filing also appear to have been illegally faxed to the court or never faxed to the court this is in violation. Defendant filing only shows a stamped "E-FILED" which indicate that this another faulty document and should be stricken from the records.

**II.    Motion for foreign Judgment**

1.      See response 2-12. This is Plaintiff's fifth complaint against Illinois Power Company and has attempted to sue some of the individual named defendants in at least one of the five cases for example violation of Title VII. Since plaintiff did not sue the individual named defendants this case is not the same as the previous cases. Defendant has used evidence from prior cases. Plaintiff and has a legal right to sue the individual defendants and use evidence in any case whether heard by this court or some other court for example but not limited to Rowe v. Cleveland Pneumatic Co. (6th Cir. 1982), Mitchell v. City of Moore, 218 F.3d 1190, 1199(10th Cir. 2000), Romano v. Brown & Williamson Tobacco Corp., 665 A.2d 1139, 1142 (N.J.Super. Ct. App. Div. 1995); cf. Jalil v. Avdel Corp., 873 F.2d 701, 708 ( 3dCir. 1989) See Pierce v. Ortho Pharmaceutical Corp., 417 A.2d 505, 512 (N.J. 1980), 97-2148, 99-2126, 01-2090.

2.      a. See response 1 and 3-12. Plaintiff agrees that he filed his complaint on October 4, 2005. Plaintiff's complaint is primarily based on his current EEOC charge. Because Plaintiff prior four suits involved discrimination just as this suit involves discrimination does not make it the same suit. Discrimination is discrimination regardless of when it happened.

b    This suit also include other issues. defendant has failed to acknowledge the claims for example but not limited to Intentional discrimination, continuous discrimination, retaliation, violation of plaintiffs civil rights, malicious acts, attempt to do bodily harm or cause death, breach of duty, 1st, 5th, 6th, 7th, 13th, 14 amendment to the US constitution, conspiracy and failure to process accident report and related forms properly, failure to process FMLA forms, perjury, fraud, failure to provide medical treatment, failure to provide workers compensation, failure to allow plaintiff the opportunity to be station in Danville, force plaintiff to drive excessive miles to work, violation of affirmative action policies/laws.

c    Defendant also stated "all of which terminated in Illinois Power Company's favor." This is primarily because of fraudulent testimonies by Defendant where its witnesses committed perjury and deceived the court in violation causing Plaintiff civil rights to be violated. Defendant never states that this court ruled in favor of the individually named defendants. Since plaintiff never filed a suit against those individual and defendant has not provided any evidence to that fact defendant can not state that the claims are frivolous and/or groundless.

3.      See response 1-2 and 4-12. Plaintiff has stated several claims for example but not limited to discrimination, civil rights, breach of duty, 1st, 5th, 6th, 7th, 13th, 14 amendment to the US constitution, conspiracy and failure to process accident report and related forms properly. Defendant has been denying Plaintiff medical treatment for over ten years by denying his accident claims as work related but allow white employees claims as work related. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds  FRCP 8d2. Even if Plaintiff claims were

time barred by 1991 Civil Rights Act, the same facts repeated today could be tried before a jury. 42 U. S. C. §1981a( c) (1994).

4.   a.   See response 1-3 and 5-12. Defendant claims that plaintiff's current complaint should be dismissed as it fails to meet the requirements delineated in this courts October 7, 2002 order. Defendant is again in error. Plaintiff requested leave of court to file complaint. This court stated in it's response to the complaint that the request was not necessary and that the defendants received a copy. Defendant is aware of this because it received all plaintiff's filing that the court received.

b.   Since the Defendant knew of or should have known Defendant statements are in it self fraudulent, misguided, and misrepresentative and proves that defendant will do anything to cover up their illegal activities. Where Defendant commits Fraud and perjury is a violation against the court and causes the court to lie, and plaintiff is the recipient of injustice.

c.   Defendant also knew that the truck plaintiff drove was defective, that Charles Green was injured on the job his arms/hands and knees mentally injured, that they failed to process FMLA claims, that they failed to place Charles Green back to the Danville service area, forced Charles Green to drive excessive miles  See exhibit 1-15. Since defendant is wrong here then defendant and is trying to deceive the court this raises an inference that defendant committed the following acts which plaintiff complained about: for example but not limited to Intentional discrimination, continuous discrimination, retaliation, violation of plaintiffs civil rights, malicious acts, attempt to do bodily harm or cause death, breach of duty, 1st, 5th, 6th, 7th, 13th, 14 amendment to the US constitution, conspiracy and failure to process accident report and related forms properly, failure to process FMLA forms, perjury, fraud, failure to provide medical treatment, failure to provide workers compensation, failure to allow plaintiff the opportunity to be station in Danville, force plaintiff to drive excessive miles to work, violation of affirmative action policies/laws.

d.  Viernow v. Euripides Dev. Corp., 157 F.3d 785, 792 (10th Cir. 1998). judgment is only permissible where "pleadings, depositions, . . . and admissions . . . , together with the affidavits, . . . show that there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

e.  "The factual record and all reasonable inferences there from must be viewed in the light most favorable to the party opposing summary judgment." This also applies to a motion to dismiss Boag v. MacDougall, 454 U.S. 364 (1982). Therefore plaintiff should be allowed to present evidence to support his claims through FRCP26 and other methods. See. 18 USC **Section 1505. Obstruction of proceedings before departments, agencies, and committees**

f.  Plaintiff is being represented Pro Se. Plaintiff request that this court must construe inartful pleading liberally. Defendants request to dismiss should be denied and this court should rule in favor of Plaintiff on all counts and award damages and dismiss Judge McCusky's order.

5.  a.  Plaintiff is being represented Pro Se. See response 1-4.

b.  The named defendants claims that Plaintiff failed to state a claim plaintiff has stated a claim(s) defendant has failed to acknowledge the claims for example but not limited to Intentional discrimination, continuous discrimination, retaliation, violation of plaintiffs civil rights, malicious acts, attempt to do bodily harm or cause death, breach of duty, 1st, 5th, 6th, 7th, 13th, 14 amendment to the US constitution, conspiracy and failure to process accident report and related forms properly, failure to process FMLA forms, perjury, fraud, failure to provide medical treatment, failure to provide workers compensation, failure to allow plaintiff the opportunity to be station in Danville, force plaintiff to drive excessive miles to work, violation of affirmative action policies/laws, See section I, 1-12.

c.  18 USC Section 1513. Retaliating against a witness, victim, or an informant (a)(1) Whoever kills or attempts to kill another person with intent to retaliate against any person for –(A), (B), (C). See section I, 1-12.

d.  Where Plaintiff has used terms in his complaint for example named defendants and defendants apply to Mike Crandall and Francis Walsh as well as the other defendants.

**6  a.**    See response 1-5. Defendant is involved in a series of continuous violations of discrimination.

**b.**  18 USC Section 1965. Venue and process (a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs. (b) In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof. See section I, 1-12.

b.  Plaintiff has never filed a suit against for example but not limited to Veta Rudolph Lieke, William "Bill" Pray, George Aufmuth, Myron Kumler, Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh therefore there is no reason for this court to concern itself with issue preclusion or time barred.  Plaintiff's claims occurred in a time that made it impossible for him to file in previous cases. Issue Preclussion does not apply when a third party is involved.  See. **28 USC Section 1331. Federal question**.

c.  Even if an issue exist Plaintiff is allowed to use as evidence to prove his case. All prior cases in all courts have been heard however lawyers, judges, and pro se litigants cite those cases daily to prove their cases therefore defendants request should be denied.

7    See response 1-6. This suit also include other issues. defendant has failed to acknowledge the claims for example but not limited to Intentional discrimination, continuous discrimination, retaliation, violation of plaintiffs civil rights, malicious acts, attempt to do bodily harm or cause death, breach of duty, 1st, 5th, 6th, 7th, 13th, 14 amendment to the US constitution, conspiracy and failure to process accident report and related forms properly, failure to process FMLA forms,

8

perjury, fraud, failure to provide medical treatment, failure to provide workers compensation, failure to allow plaintiff the opportunity to be station in Danville, force plaintiff to drive excessive miles to work, violation of affirmative action policies/laws. Many of these claims do not have to be filed with the EEOC therefore they may or may not be apart of the EEOC charge. However they may be used as evidence to support each other. See section I, 1-12.

8 a. See response 1-7. The named defendants are witnesses to the illegal activities and they are also defendants in the complaint. Their testimony whether they tell the truth or not will prove that Plaintiff is worthy of relief. and plaintiff's witnesses for example but not limited to Ezzy Sadaraphi, Ahmene Zachary, Dan Morrison, Bill Hutchison, Ebriam Nazarian and Mariam Ali. These witnesses along with recordings will show that defendant actions against plaintiff were but not limited to intentional, malicious and discriminatory and the evidence is sufficient for Plaintiff to assert claims for aiding and abetting discrimination against Plaintiff. See section I, 1-12.

b.      Plaintiff was injured on the job and he claimed workers compensation. Plaintiff attempted to get medical treatment from several doctors and was denied treatment since his workers compensation was denied. As plaintiff continues to seek medical treatment and time goes by his medical conditions deteriorates and plaintiff receives additional stresses. For the above reasons Defendant is liable. The proper forms were given to Mike Crandall Francis Walsh for fmla and work womp. See section I, 1-12.

c.      White employees in the same or similar situation for example Rick Collins, and Jim Vandergraf was not denied workers compensation and medical benefits.

d.      Defendant knew of Plaintiff's injuries and knew that Plaintiff's injuries happened on the job. Defendant was provided the on the job injuries information by both Plaintiff and his supervisors as well as Illinois power companies workers compensation representative for example but not limited to Francis Walsh. Defendant received the information in the form of accident reports, accident investigation reports phone conversations letters and etc. See section I, 1-12.

9

9. Plaintiff corresponded with the named defendants of his concerns on many occasions. . Defendant continues to deny plaintiff those benefits that he complained about but protect those who are responsible for the violations. Plaintiff has attempted to resolve issues without federal intervention. Defendant should be sanctioned for putting this court and plaintiff through these continuous violations. All Defendant needs to do is to follow the rules of this court the laws of the united states, title VII their own personnel policies and procedures, affirmative action policies and procedures and this would not burden the court or plaintiff. See section I, 1-12.

10 a. See response 1-9 and 11-12. Defendants policy is to report any wrong doing eithin the company and plaintiff has done so however defendant retaliates against plaintiff for filing such complaint. Defendant continues to repeat itself over and over again in riddles to deceive the court and Plaintiff in an effort to deprive Plaintiff of his civil rights granted to him by the US constitution, Bill of rights also in violation of USC **42 USC Section 1983, 42 USC Section 1981. Equal rights under the law, 29 USC Section 411. Bill of rights**

11. see response 1-10 and 12. Defendant has spent many hours trying to deprive plaintiff of his constitutional rights in the last 12 years. This court should correct these continuous problems and illegal activities committed by defendants by ruling in favor of Plaintiff and sanction Defendants for the continuous abuse. 29 USC Section 412. Civil action for infringement of rights; jurisdiction Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate.

12. a. see response 1-11 This court should correct these continuous problems and illegal activities committed by defendants by ruling in favor of Plaintiff and sanction the named Defendants for the continuous abuse and award plaintiff damages and justice will be served. This court may find Defendants and its attorneys liable for these crimes because they know that a violation has occurred and has not reported it to the proper authority. And continues to conspire

to deceive the court and Plaintiff to cover up the illegal activities are liable. See **42 USC Section 1988, 42 USC Section 1987, 42 USC Section 1985, 42 USC Section 1986**

**b.** Charles Green is a black member of a labor organization IBEW Local 51, an employee employed by Illinois Power Company who has been in good standing through out his employment and was engaged in a protected activity; (2) he was denied benefits for example but not limited to being placed in the Danville area, Plaintiff was placed in a false light, forced to drive excessive miles in a defective truck, failed to maintain truck, denied medical treatment, failure to process FMLA forms, denied equal access, denied workers compensation by defendants subsequent to or contemporaneous with such activity; and (3) a causal link exists between the protected activity and the denial of benefits. Plaintiff was intentionally discriminated and retaliated against with malice and reckless indifference and whites in the same or similar situation were not treated this way. Defendants have not given a non discriminatory reason for their conduct.

**III      MOTION FOR FOREIGN JUDGMENT**

1. Plaintiff has been barred from filing documents in central district of Illinois, Urbana Illinois. Plaintiff believe that he has been prejudiced for filing a petition for recusal against Judge Mccusky. Plaintiff is being denied Due process, Jury trial, the right to bring evidence against those who has wrong him because of Judge McCusky's order to dismiss case 05-2222. Defendants have failed to comply with many of the rules of the court. Case was not dismissed on the merits of the case. Defendant and judge failed to present evidence why plaintiff complaint should be dismissed. Plaintiff was not given the opportunity to present evidence and witnesses. Some of the evidence is in the sole possession of defendants. See section I, 1-12. Plaintiff was not required to request leave of court however the Urbana division dismissed it stating plaintiff had to be represented by an attorney or attorney's signature, this is in error.

2. The defendant acted in bad faith in denying Plaintiff request for benefits under the Policy. Defendants failed to give a nondiscriminatory reason for their action and their personnel

11

decision were a pretext for unlawful discrimination in favor of white employee and black employees are adversely affected.

3.   Plaintiff is entitled t a trial by jury.  Since this case will contain criminal issues as the defendant has stated plaintiff is entitled to counsel and Defendant has agreed that plaintiff is telling the truth by filing a motion to dismiss; Pursuant to Local Rule 32.1 IMPLEMENTING SENTENCING GUIDELINES this court has to schedule sentencing governed by the sentencing reform act. Of 1984, 18U.S.C § 3551, et seq. and enter judgment for plaintiff on all issues.  See section I, 1-12.  **For the reasons listed throughout these pleadings plaintiff request a change of venue and  that case # 05-2222 be reopened and scheduled for trial.**

### IV.    JURY DEMAND

4.   Plaintiff Motions and demands a trial by jury on all issues pursuant to FRCP 39.  the action should be designated on the docket as a jury action.  Plaintiff requests and demands a trial by jury on all issues pursuant to FRCP 38.  Right to a jury trial should be preserved this right is governed by the seventh amendment of the US Constitution and not by the named defendants.  **For the reasons listed throughout these pleadings plaintiff request that case # 05-2222 be reopened and scheduled for trial.**

### V.    MOTION FOR DUE PROCESS

5.   Plaintiff request that the court enter an order granting him due process pursuant to amendments 6, 7, 13, and 14  of the bill of rights within the US constitution and the constitution of the state of Illinois.  Defendant has allowed their witness to commit fraud and perjure themselves in prior cases these employees were compensated depriving plaintiff of rights.. **For the reasons listed throughout these pleadings plaintiff request that case # 05-2222 be reopened and scheduled for trial.**

### VI.    MOTION FOR RECONSIDERATION

**For the reasons listed throughout these pleadings plaintiff request that case # 05-2222 be reopened and scheduled for trial.**

VII.    MOTION TO REOPEN

For the reasons listed throughout these pleadings plaintiff request that case # 05-2222 be reopened and scheduled for trial.

VIII.   MOTION FOR SANCTIONS AND TO REMOVE SANCTIONS

Plaintiff request that this court remove all sanctions imposed on him and impose sanction on the named defendants for violating plaintiff's rights and failing to follow local rules and Federal Rules of Civil and criminal procedures and for those reasons listed throughout these pleadings.

IX.     MOTION FOR EXTENSION

Plaintiff has made many attempts to obtain an attorney to represent him but so far has been unsuccessful. Plaintiff request an additional thirty day to find an attorney before he has to file any other documents. Today's date is February 1, 2006 thirty days will be March 3, 2006.

X.      MOTION FOR COUNSEL

Plaintiff request that this court appoint counsel especially since this case may result in criminal activities. Plaintiff request if after the thirty day period plaintiff cannot find counsel through his search this court appoint him one.

XI.     CONCLUSION

Plaintiff is being represented Pro se. Even if Plaintiff claims were time barred by 1991 Civil Rights Act, the same facts repeated today could be tried before a jury. 42 U. S. C. §1981a( c) (1994). Plaintiff has key witnesses that will testify about the conduct of the defendants and their treatment regarding Plaintiff. This is very powerful evidence and plaintiff should be allowed to present this evidence to the jury and court. See section I, 1-12.

Plaintiff request a trial by jury. Defendants own testimony and plaintiff's witnesses for example but not limited to Ezzy Sadaraphi, Ahmene Zachary, Dan Morrison, Bill Hutchison, Ebriam Nazarian and Mariam Ali. These witnesses along with recordings will show that

13

defendant actions against plaintiff were but not limited to intentional, malicious and discriminatory. The evidence against defendants is sufficient for Plaintiff to assert claims for aiding and abetting illegal activities such as discrimination Against Plaintiff and fraud and perjury against the court. See section I, 1-12.

Defendants filing are in violation of Local Rule 5.2. and 5.3 Defendant failed to use the courts electronic filing system. Defendant failed to file a certificate of interest where it list its parent company or any company with 10 percent or more in interest, a list of corporate stock holders. Defendant is in violation of Local rule 11.3 CERTIFICATE OF INTEREST. Defendant is in violation of Local rule 7.1(B)(3) No reply to the response is permitted. Defendant's memorandum is in violation of Local rule 7.1(4)(b)(1) and (2); 7.1(4)(c); 7.1(4)(d) Defendant exceeds the word count and failed to provide a certificate on the type volume limitation and exceeds 7,000 words. See section I, 1-12.

Plaintiff complaint should not have been dismissed because The order dismissing the case was in error and discriminatory, a substantial amount of evidence is in the possession of Defendant and Plaintiff's witnesses. Plaintiff is entitled t a trial by jury. Since this case will contain criminal issues as the defendant has stated plaintiff is entitled to counsel and Defendant has agreed that plaintiff is telling the truth by filing a motion to dismiss; Pursuant to Local Rule 32.1 IMPLEMENTING SENTENCING GUIDELINES this court has to schedule sentencing governed by the sentencing reform act. Of 1984, 18U.S.C § 3551, et seq. and enter judgment for plaintiff on all issues. See section I, 1-12. Plaintiff is entitled to due process and jury trial. **For the reasons listed throughout these pleadings plaintiff request that case # 05-2222 be reopened and scheduled for trial.**

**JUDGMENT:**

Wherefore, the Plaintiff, Charles Green, respectfully requests that this Court enter judgment in his favor and against The Defendants and provide the following relief:

14

(a) Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of the 1st, 5th, 6th, 7th, 8th, 9th, 13th, and 14th Amendment, 42 U.S.C, 18 U.S.C . and issue a mandatory injunction against The Defendants, to take affirmative steps to ensure that The Defendants and all individuals working under it at The Defendants to refrain from engaging in any actions with respect to the Plaintiff, Charles Green, which are prohibited under the terms of the aforesaid United States Constitution and Act; (Civil Rights Act of 1964);

(b) Enter a judgment against each named defendant and award Plaintiff, Charles Green, compensatory, cost and expenses, front pay, punitive damages, hedonic damages, intentional infliction of emotional distress, and negligent infliction of emotional distress, breach of contract, promissory fraud, negligent misrepresentation for loss of enjoyment of life resulting from these wrongful acts, damages sufficient to compensate him for economic losses suffered as a result of the denial of career advancement opportunities and benefits as alleged in this complaint and exemplary damages to the maximum extent permitted by law;

(c) Enter a judgment against The Defendants Provide such other relief as the Court deems to be equitable and just.

(d) Charles Green also requests that this court enter a judgment against The Defendants to punish to the full extent of the law each person and/or entity who knew of these fraudulent statements and aloud the witnesses to commit perjury.

Respectfully submitted by,

_/s/ CLR_

Plaintiff, Charles Green, Pro se
520 Monterey
Danville, Illinois 61832
217-446-1724
February 1, 2006

15

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES LEE GREEN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) 05-2222 |
| V. | ) |
| | ) |
| ILLINOIS POWER COMPANY, Veta Rudolph Lieke, | ) |
| William "Bill" Pray, George Aufmuth, Myron Kumler, | ) |
| Ken Justice, Rod Hilburn, Mike Crandall, Francis Walsh | ) |
| International Brotherhood of Electrical Workers (IBEW) | ) |
| Local 51 And Travelers Property casualty Company of America | ) |
| | ) |
| Defendants | ) |

The cause of action in this case raises an issue of federal law. Equitable relief sought.

CERTIFICATE OF SERVICE

Plaintiff certify that he served a copy of CERTIFICATE OF SERVICE, PLAINTIFF'S MOTION FOR FOREIGN JUDGMENT, CHANGE OF VENUE, DUE PROCESS, JURY DEMAND, COUNSEL, LEAVE OF COURT, EXTENSION OF TIME, RECONSIDERATION, SANCTIONS, REOPEN CASE # O5-2222

to the following by US Mail on February 1, 2006.

The pleadings were sent to Cassidy, Schade & Gloor, LLP, Attorneys At Law, 20 N. wacker Dr., suite 1040, Chicago Illinois 60606-2903; **Mayer, Brown, Rowe & Maw LLP, 71 South Wacker Drive, Chicago, Illinois 60606 Arthur J Martin, 1221 Locust Street, second floor, St. Louis, MO 63103-2364**

Respectfully submitted by,

*[signature]*

**Plaintiff,** Charles Green
Pro se
**520 Monterey**
**Danville, Illinois 61832**
**217-446-1724**
**January 13, 2005**

1